IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LISA M. MONTGOMERY, ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | Case No. 4:12-cv-08001-GAF |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MOTION TO REASSIGN CASE PURSUANT TO 28 U.S.C. § 455(b)(5)(iv)

COMES NOW Lisa Marie Montgomery, by and through her undersigned counsel, and, pursuant to 28 U.S.C. § 455, and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, moves for an order disqualifying and recusing Hon. Gary A. Fenner from further participation in this case. The grounds for this motion and supporting legal authority are set forth as follows:

### I.  INTRODUCTION

On March 18, 2013 contemporaneous with this motion, Mrs. Montgomery filed a motion pursuant to 28 U.S.C. § 2255 for collateral relief, including vacating, setting aside, and/or correcting her sentence.  Doc. 32, incorporated by reference. Among the factual allegations set forth in her motion, Ms. Montgomery contends that through *ex parte* unrecorded communication with Judge Gary A. Fenner, trial counsel made Judge Fenner a material witness to many of the facts and circumstances that comprise the basis of various claims set forth by Mrs. Montgomery, including Mrs. Montgomery's claims of denial of right to counsel, fraud on the court, and her claims of ineffective assistance of counsel.  Accordingly, because Mrs. Montgomery's

1

investigation has uncovered varying accounts of trial counsels' actions and arguments[1], Judge Fenner is a material witness to facts that must be considered in evaluating Mrs. Montgomery's claims and, as such, Judge Fenner is disqualified, and must recuse himself, from making any rulings in these proceedings.

## II.  APPLICABLE LAW

**A.     Constitutional Authority**

The fair trial guarantees of the Due Process Clause of the Fifth Amendment encompass a litigant's right to have "a neutral and detached judge" preside over all judicial proceedings. *Ward v. Village of Monroe,* 409 U.S. 57, 62 (1972). In *In re Murchison,* 349 U.S. 133 (1959), the Supreme Court has stated:

> A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias. But our system of law has always endeavored to prevent even the probability of unfairness. . . . Such a stringent rule may sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way "justice must satisfy the appearance of justice."

*Id.* at 136 (citations omitted).

So important is this constitutional guarantee that its denial is not subject to the harmless error rule. *See, e.g.,* Tumey v. Ohio, 273 U.S. 510 (1927); Bracy v. Schomig, 286 F.3d 406, 414 (7th Cir. 2002) ("There is no harmless error analysis relevant to the issue of judicial bias.").

Where, as here, the Court is required to testify as to factual matters regarding Petitioner's claims, the Court must reassign the case.

---

[1] As described, below, and demonstrated by Attachments 1, 2, trial counsel Susan Hunt and David Owen have given differing versions of the events which led to the court's removal of counsel Judy Clarke. Federal Public Defender Ray Conrad, the other participant in the ex parte communications refused to answer undersigned counsel's questions regarding the conference. See Attachment 3. *Declaration of Janet Santana*.

B.   **Statutory Authority**

1.   *28 U.S.C. § 455(b)(1): disqualifying knowledge*

Section 455 (b)(1) of the Judicial Code provides:

> (b) [A judge] shall also disqualify himself in the following circumstances:
>
> (1) Where he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding . . .

2.   *28 U.S.C. § 455(b)(5)(iv): material witness*

Section 455(b)(5)(iv) of the Judicial Code states that a judge should disqualify himself when he "[i]s to the judge's knowledge likely to be a material witness in the proceeding."

C.   **The law requires heightened need for reliability in death penalty cases**

Death penalty cases are significantly different from ordinary felony cases because the "finality" of death and its "qualitative[] differen[ce] from a sentence of imprisonment, however long," magnifies the "need for reliability" and, accordingly, the need for reliable fact-determination procedures. Woodson v. North Carolina, 428 U.S. 280, 305(1976); *see also* Gardner v. Florida, 430 U.S. 349, 357-58 (1977) ("From the point of view of society, the action of the sovereign in taking the life of one of its citizens also differs dramatically from any other legitimate state action. It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion."); Spaziano v. Florida, 468 U.S. 447, 468 (1984) (Stevens, J., concurring in part and dissenting in part) ("because of its severity and irrevocability, the death penalty is qualitatively different from any other punishment and hence must be accompanied by unique safeguards"). The judge's role under federal law literally gives the power of life and death. Recusal issues are treated differently in capital cases. *See, e.g.,* Bracy v. Schomig, 286 F.3d 406, 418 (7th Cir.

2002) ("In evaluating [the trial judge's] rulings at the penalty phase of this proceeding, we are again mindful that death is indeed different.")

## III. ARGUMENT

Trial counsel for Mrs. Montgomery disqualified Judge Fenner from adjudicating Mrs. Montgomery's motion under 28 U.S.C. §2255 by committing fraud on the court and interfered with Mrs. Montgomery's right to counsel in *ex parte*, off-the-record conferences in chambers. Because of the actions of trial counsel, Judge Fenner is a material witness to events that occurred off the record and that are at issue in Mrs. Montgomery's Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence and for New Trial. These circumstances disqualify Judge Fenner from hearing this action and require him to recuse himself without taking further action in this case.

**A.  Trial Counsel's Actions in 2006 and Refusal to Cooperate with the Current Investigation Have Caused Judge Fenner to be a Material Witness in these Proceedings**

**1. Historical Backdrop of Timeline of Representation**

Upon Mrs. Montgomery's arraignment to the capital murder charges, the Office of the Federal Public Defender for the Western District of Missouri (hereafter FPD) was appointed to represent Mrs. Montgomery on December 28, 2004. Initially the FPD assigned Anita Burns as counsel for Mrs. Montgomery, and Susan Hunt, a private CJA counsel attorney, was appointed as learned counsel pursuant to 18 U.S.C. § 3005 & 3006(a). By April 25, 2005, Anita Burns had filed a motion to withdraw as counsel of record (D.E.41; 43) and David Owen, the First Assistant at the FPD assumed representation of Mrs. Montgomery.

In October of 2005, Susan Hunt and David Owen met with Judge Fenner to discuss adding Ms. Judy Clarke as counsel of record in this case. Attachment 2, *Declaration of David*

*Owen* at p.6. Mr. Owen did not have prior capital case experience (*Id*. at p.1) and Susan Hunt did not have significant experience with mental health issues in capital cases. Attachment 1, *Declaration of Susan Hunt* at p.4. Despite counsels' lack of experience, both Ms. Hunt and Mr. Owen recognized that the team needed assistance in handling the mental health and mitigation portion of the proceedings. *See generally*, Attachments 1 and 2. Ms. Hunt and Mr. Owen explained this need to Judge Fenner in October. Attachment 2, *Declaration of David Owen* at p.6.

On October 5, 2005, David Owen (FPD) moved the court for the admission of Judy Clarke *pro hac vice* as resource counsel to assist in the representation of Mrs. Montgomery. (D.E.63). The Court granted the motion, and on October 7, 2005, Ms. Clarke's appearance was entered in the case. (D.E. 63). Ms. Clarke represented Mrs. Montgomery until April 2006 when she was removed from the case by Judge Fenner. (D.E. 79).

> 2. **Trial Counsel Conferred with the Judge Off the Record, Giving the Judge Personal Knowledge Which Renders Him a Material Witness To the Proof Necessary for Mrs. Montgomery's Factual Basis for Her Claims for Relief Pursuant to 28 U.S.C.§ 2255.**

By April 2006, David Owen and Susan Hunt were unsure they wished to continue to work with Judy Clarke. By information and belief, on April 17, 2006, David Owen, *ex parte*, without the knowledge of either Ms. Hunt or Ms. Clarke asked Judge Maughmer for Judy Clarke to be removed from the case. Attachment 4, *Susan Hunt Letter*; *see also* Attachment 1, *Declaration of Susan Hunt*. Upon what allegations or basis Mr. Owen made this request is unknown as is whether Judge Maughmer discussed the request with Judge Fenner.

On April 19, Ms. Hunt, Mr. Owen and Ms. Clarke had a meeting to discuss Ms. Clarke's continued involvement in the case. After the meeting, Ms. Hunt and Mr. Owen agreed to meet the following day to discuss the matter further. Attachment 1, *Declaration of Susan Hunt* at p.8;

5

Attachment 2, *Declaration of David Owen* at p.8. The following morning on April 20, 2006, Mr. Owen discussed the matter with his boss, Ray Conrad, the Federal Public Defender. *Id*. According to Mr. Owen, Mr. Conrad called Judge Fenner, who summoned Mr. Conrad and Mr. Owen to chambers to discuss the situation. *Id*.

Mr. Conrad and Judge Fenner discussed the situation off the record and without a court reporter. *Id*. What Ray Conrad told Judge Fenner is not known: Mr. Owen only specifies that Mr. Conrad "explained the friction being experienced between Judy Clarke and her team and the other members of Lisa Montgomery's defense team," (*Id*.); Ms. Hunt was not present (Attachment 1, *Declaration of Susan Hunt*); and Ray Conrad refuses to be interviewed on the subject. Attachment 3, *Declaration of Janet Santana*. Mr. Owen says that Mr. Conrad suggested that the FPD withdraw from the case and Ms. Hunt and Ms. Clarke continue as counsel. Attachment 2, *Declaration of David Owen* at p.8. Based on whatever he was told about Judy Clarke,[2] Judge Fenner ultimately picked up the phone and ordered Corrections Corporation of America (CCA) to not allow Judy Clarke access to Mrs. Montgomery. *Id*.; D.E. 79; 80.

On April 21, 2006, Judge Fenner conducted a proceeding on the record wherein he advised Mrs. Montgomery that Ms. Clarke had been removed from the case. D.E. 81.

On April 25, 2006, Judge Fenner conducted an in-chambers conference with Susan Hunt, David Owen, and Ray Conrad. Attachment 5, *Transcript of in Chambers Proceedings*.[3] During that conference, Judge Fenner alluded to information he had previously been provided off the record:

---

[2] It appears to counsel that Judge Fenner was provided falsehoods about Ms.Clarke which prompted his action.
[3] Even within the transcript of the hearing, discussions were held off the record, to which current counsel are not privy. *Id*. at p. 15.

6

1) Judge Fenner stated that Ms. Clarke was "only appointed in an effort to see if she could assist in getting a plea worked out and that was what the situation was from the very beginning." *Id*. at p. 4;

2) Judge Fenner went on to say, "And if [Judy Clarke] was being obstructive toward the case being handled properly and there being good communication among all the attorneys and if she was presenting difficulty with the two of you who are the ones who are going to have to try the case, I don't really have any reservation about the judgment call that needs to be made in that kind of circumstance." *Id*. at p. 5.

3) And later, "I don't have any reservation about the fact that [Judy Clarke] needed to be taken off the case because her involvement was obstructive in getting a defense for Miss Montgomery put together." *Id*. at p. 13.

Such statements by the Court reflect some of the information the Court had previously been provided, ie. that Ms. Clarke was being "obstructive to the case being handled properly."

Another off-the-record conversation took place between the Court and David Owen and Ray Conrad between the (mostly) recorded and transcribed conference of April 25, 2006 and the next recorded and transcribed conference on May 3, 2006. The transcript of the May 3 conference opens with the Court noting for Ms. Hunt's benefit that the Court "visited" with Ray Conrad and David Owen "earlier in the week."[4] *Id*. p. 16. The Court remarks that the subject discussed at the earlier unrecorded conference was Ray Conrad and David Owen's concern about the defense team. *Id*. In the course of that conference, the Court alludes to earlier conversations with "the two of you" (either Hunt and Owen or Owen and Conrad, the record is unclear)

---

[4] The transcript later reflects that this visit occurred on "Monday" which would have been May 1, 2006. *See* Attachment 5, *Transcript of in Chambers Proceedings* at p.22.

wherein the Court was told that "Judy Clarke is a non productive member of the team, causing problems and we need to have her removed from the defense." *Id*. at 19.

Such allegations regarding Ms. Clarke, both the allegation that she was obstructing the team's progress in preparing a defense for Mrs. Montgomery and that she was "non productive" were blatant misrepresentations. That counsel of record made such misstatements to the Court in order to have Mrs. Clarke removed from the defense team is the subject of numerous claims in Mrs. Montgomery's Motion for Collateral Relief pursuant to 28 U.S.C. §2255. *See* Doc. 34 and accompanying exhibits, incorporated by reference.

### B. Recusal is Required Under 28 U.S.C. § 455(b) Due to Judge Fenner's Personal Knowledge of Disputed Facts and Status as a Material Witness

A judge is disqualified from proceedings and must recuse himself where the judge "is, to the judge's knowledge, likely to be a material witness of the proceeding," 28 U.S.C. § 455(b)(5)(iv), or where the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Trial counsel's repeated off the record conversations with Judge Fenner require his recusal under both sections.

The Eighth Circuit has expressly found that recusal under 28 U.S.C.§ 455 (b)(5)(iv) is mandatory. United State v. Tucker, 82 F.3d 1423, 1426 (8th Cir. 2006); U.S. v. Robinson, 429 F.3d 777 (8th Cir. 2006). The Eleventh Circuit has deemed 29 U.S.C. § 455(b) a "*per se* rule that lists certain circumstances requiring recusal." Summers v. Singletary, 119 F.3d 917 (11th Cir. 1997)("§ 455(b) establishes a *per se* rule that lists certain circumstances requiring recusal. Section 455(b) and its subparts apply to genuine conflicts of interest or actual bias. Where these circumstances exist, disqualification may not be waived."), citing U.S. v. State of Alabama, 828 F.2d 1532 (11th Cir. 1987).

8

## IV. REQUEST FOR EVIDENTIARY HEARING

Should Judge Fenner not disqualify himself because he is a material witness, Mrs. Montgomery requests that an evidentiary hearing on this Motion be conducted before another judge. Because Judge Fenner is a material witness to some of the factual matter alleged in this Motion, due process requires that at least the Motion to Reassign be referred to another judge for a hearing. Murchu v. United States, 926 F. 2d 50, 57 (1st Cir. 1991).

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, Mrs. Montgomery respectfully seeks an order recusing Judge Gary A. Fenner from any further participation in this matter, and requests this Court to enter such further order as is necessary to cause another Judge to be assigned to hear all issues that remain to be decided and for such other relief as this Court deems just and proper. Should Judge Fenner not disqualify himself, Mrs. Montgomery requests that an evidentiary hearing on this Motion be conducted before another judge prior to the determination of any other dispute or controversy regarding her case.

DATED: March 21, 2013

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*

9

KELLEY J. HENRY, Mo. Bar No. 38849
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

## CERTIFICATE OF GOOD FAITH

I hereby certify, pursuant to 28 U.S.C. § 144, that the foregoing motion and the supporting affidavit of Mrs. Montgomery have been submitted in good faith.

/s/ *Lisa G Nouri*

Dated: March 21, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2013, the above-captioned document was served electronically on Roseann Ketchmark and Cynthia Cordes, Assistant United States Attorneys representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Lisa G. Nouri*