IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| *Movant*, | ) | |
| | ) | |
| v. | ) | Case No. 12-08001-CV-SJ-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MOVANT'S SUPPLEMENTAL SUGGESTIONS IN SUPPORT OF HER MOTION TO REASSIGN CASE**

COMES NOW movant Lisa M. Montgomery, by and through undersigned counsel, in accordance with the Court's May 6, 2013 Order (Doc. #52) and submits the following Supplemental Suggestions in Support of her pending Motion to Reassign Case.

## I. INTRODUCTION

Mrs. Montgomery has requested that this case be re-assigned to a different judge pursuant to 28 U.S.C. §455(b)(1) and (b)(5)(iv) as well as the Fifth, Sixth, and Eighth Amendments. Mrs. Montgomery now has reason to believe this case should be re-assigned pursuant to 28 U.S.C. §455(a) and so moves this Court to reassign the proceedings on that basis in addition to the previously pled bases.

After Mrs. Montgomery filed her Reply brief on April 23, 2013, events transpired both in court and in the court-ordered deposition of Ray Conrad that cause Mrs. Montgomery to be even more convinced that re-assignment of this case is necessary – not only for the reasons previously stated and submitted to the Court, but also on the basis of the appearance of impropriety inherent in Judge Fenner's consideration of information that he acquired through off-the-record proceedings.

28 U.S.C. §455(a) mandates that a court disqualify itself when the court's impartiality might reasonably be questioned. The test for recusal under §455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned. *Liljeberg v. Health Servces Acquisition Corp*., 486 U.S. 847, 865 (1988); *In re Mason*, 916 F.2d 384 (7th Cir. 1990); *In re Kensington Int'l Ltd.,* 353 F.3d 211, 214 (3d Cir. 2003); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993). The Court's *ex parte* communications regarding matters which are at the heart of Mrs. Montgomery's Motion for Relief under 28 U.S.C. §2255 give the appearance of impropriety and require reassignment of this case.

Further, as previously pled, Judge Fenner must disqualify himself from further proceedings in this matter pursuant to 28 U.S.C. §455(b)(1). Judge Fenner is a material witness to facts necessary for the support of Mrs. Montgomery's claims. The self-evident nature of this proposition was confirmed by Judge Fenner's remarks on the record at the May 6, 2013 hearing. At that hearing, Judge Fenner sought to explain and recharacterize previous statements he had made on the record and to offer additional facts regarding unrecorded conversations with trial counsel. All of Judge Fenner's remarks at the May 6th hearing were related to matters that are the subject of a factual dispute in the collateral proceedings.

Supreme Court precedent governing the "extrajudicial source doctrine" strongly supports a finding that Judge Fenner's knowledge regarding that which was said *ex parte* and off-the record, not only makes him a material witness, but also disqualifies him as a fact finder because of his personal, extrajudicial knowledge of the case. Disqualification of Judge Fenner is required pursuant to 28 U.S.C. §455(b)(1), because Judge Fenner possesses information that was obtained off-the-record. Such knowledge is "extrajudicial" and therefore "personal."

Finally, though this Court has tacitly acknowledged that the Court's knowledge of the substance of the communications which occurred in chambers *ex parte* and off-the-record is central to Mrs. Montgomery's claim of fraud on the court (Tr. 5/6/13, p.5), the Court's knowledge of the substance of the *ex parte* communications is relevant to many of Mrs. Montgomery's other claims as well. See, Motion for Collateral Relief, pp. 16-51.

## II. **OFF-THE-RECORD COMMUNICATIONS AT ISSUE**

At issue in Mrs. Montgomery's motion to disqualify are six *ex parte* communications between defense counsel and District Court Judge Gary Fenner.[1] Though the substance of the communications remains unknown, the Court's actions in response to the communications and the Court's comments on-the-record reflect that the Court was provided information concerning Ms. Clarke and, subsequently, Ms. Hunt which would support Mrs. Montgomery's claims for relief in her 2255 Motion. Mrs. Montgomery has pled, upon information and belief, that six unrecorded communications occurred between Judge Fenner and defense counsel:

1) In October of 2005 Judge Fenner had a conversation with unknown defense counsel (not including Judy Clarke) regarding the appointment of Ms. Clarke. This conversation was later referenced on the record in the April 25, 2006 in-chambers conference, when Judge Fenner commented on defense counsels' familiarity with his initial hesitance to appoint Ms. Clarke. (Attachment 5 to Motion to Reassign, Transcript of Proceedings, pp. 4-5, 13). .

[1] One additional *ex parte* unrecorded communication occurred on April 17, 2006 between David Owen and Magistrate Judge Maughmer. Thus, to the extent that Judge Maughmer is asked to participate in the judicial decision-making in this matter by the assigned federal district court judge, he is likewise disqualified. Counsel for Mrs. Montgomery are not on notice that Judge Maughmer has taken part in any of the Court's decisions on this matter, but he has, according to Judge Maughmer, discussed the matter with Judge Fenner. Judge Fenner's conversations with Judge Maughmer appear to be related to what actually occurred during the unrecorded contacts with trial counsel. As such, Judge Fenner's actions indicate that he has obtained factual information about the claims in Mrs.Montgomery's case from Judge Maughmer further evidencing the inherent conflict with the District Judge adjudicating Mrs. Montgomery's case.

2) April 20, 2006: David Owen claims that Ray Conrad called Judge Fenner to alert the Judge that David Owen had a problem working with Judy Clarke. The substance of what Ray Conrad said to the Judge on that call remains unknown. *See* Attachment 2 to Motion to Reassign, p. 8. Ray Conrad has no memory of making that phone call, but says that it is possible that he did phone the judge. (Depo. Tr. 5/20/13, p. 17). Judge Fenner is the only other known witness to whatever statements were made during the telephone call.

3) Later on April 20, 2006: a conference was held in Judge Fenner's chambers. This was an unrecorded conference with the Judge, though accounts vary as to who was present. David Owen has declared that he, Ray Conrad and Judge Fenner met on April 20th. (Attachment 2 to Motion to Reassign, Declaration of David Owen). Mr. Owen has never mentioned Judge Maughmer being present. Judge Maughmer has stated that he was present for that meeting and Judge Fenner has confirmed his presence. Ray Conrad denies being present or participating in any way in this meeting. (Depo. Tr. 5/20/13, p. 16).

4) There is a possible third ex parte contact on April 20, 2006: upon information and belief, after Susan Hunt was informed that David Owen and Ray Conrad had met with Judge Fenner and had Judy Clarke removed from the case, Susan Hunt and David Owen returned to Judge Fenner's chambers for further discussion of Ms. Clarke's removal. Memories of this meeting also vary among the witnesses. The substance of what was discussed at that meeting concerning counsel for Mrs. Montgomery is unknown.

5) On April 25, 2006: Judge Fenner again met with David Owen and Susan Hunt. Though the meeting was conducted primarily on-the-record, near the end

of the transcript, during a discussion concerning Ms. Clarke, the Court went off-the-record and matters were discussed that were not transcribed. (Attachment 5 to Motion to Reassign, Transcript of Proceedings, p. 15). The importance of the off-the-record discussion is underscored by Mr. Owen's insistence upon going back on-the-record, that the transcript be sealed. Just prior to the proceedings being held off the record, Ms. Hunt stated, "She had a different relationship with Judy [Clarke] that was good, but that is what happened. She was expecting her that day and then all of a sudden she was told her visit was cancelled." *Id.* The proceedings abruptly went off the record and then Mr. Owen stated, "We do need to have this under seal. I am being serious about that." *Id.*

6) May 1, 2006: Ray Conrad and David Owen returned to chambers to discuss Mr. Owen's inability to work with Susan Hunt. (Attachment 5 to Motion to Reassign, Transcript of Proceedings, p. 16). This conversation between Ray Conrad, David Owen, and Judge Fenner was off-the-record. Ray Conrad denies being present for this meeting as well. (Depo. Tr. 5/20/13, p. 20-22.) Meanwhile, Judge Maughmer remembers being present for this meeting, although Mr. Owen never mentioned this fact to current counsel for Mrs. Montgomery.

Several of Mrs. Montgomery's claims for relief center on, or require proof regarding, the substance of these six off-the-record discussions, including her claims of denial of right to counsel, fraud on the court, and her claims of ineffective assistance of counsel, including her counsel's conflict of interest. *See* Motion for Collateral Relief, pp. 16-51. Accordingly, on March 18, 2013, Mrs. Montgomery, contemporaneous with the filing of her motion for collateral

relief under 28 U.S.C. §2255, filed a motion to reassign her case pursuant to 28 U.S.C. §455(b)(1) and (b)(5)(iv).

## III. SUPPLEMENTAL FACTS DISCOVERED SINCE THE FILING OF THE MOTION TO REASSIGN FURTHER SUPPORT MRS. MONTGOMERY'S POSITION REGARDING REASSIGNMENT AND FURTHER SUPPORT THE COURT'S DISQUALIFICATION UNDER 28 U.S.C. § 445(a).

Following the filing of Mrs. Montgomery's Motion to Reassign, on May 2, 2013, Judge Fenner issued an Order of Notice (Doc. #48) informing the parties that Judge Maughmer was present at the off-the-record April 20, 2006 meeting between Ray Conrad, David Owen, and Judge Fenner. This was the first notice Mrs. Montgomery had received that Judge Maughmer was present and therefore an additional witness. The Order of Notice informed the parties that Judge Maughmer would make himself available for an interview prior to the May 2, 2013 Oral Argument setting on the Motion to Reassign (Doc. #48).

Arrangements were made to interview Judge Maughmer on the morning of May 6, prior to the oral argument set for that afternoon. Counsel for Mrs. Montgomery specifically requested that this interview be recorded, and Judge Fenner entered an Order on May 2, 2013, authorizing the recording of the interview (Doc. #49).

On May 6, 2013, counsel for Mrs. Montgomery appeared at Judge Maughmer's courtroom for the scheduled interview only to be escorted to Judge Maughmer's chambers and told that the interview would not be recorded. Judge Maughmer indicated at that time that he had spoken to Judge Fenner and that Judge Fenner agreed that the interview not be recorded, notwithstanding the fact that Judge Fenner had issued a written order that the interview was to be recorded. In brief, Judge Maughmer explained that David Owen came to Judge Maughmer's

office and alerted Judge Maughmer to "friction" within the defense team and to the fact that Owen's relationship with Judy Clarke was "not good." This meeting occurred in Judge Maughmer's chambers and only David Owen was present. Judge Maughmer did not recall the date of this meeting.

Judge Maughmer further stated that he was present at the meeting in Judge Fenner's chambers on April 20, 2006 at Judge Fenner's invitation. Judge Maughmer believes that Judge Fenner contacted him, asking him to attend the meeting. Judge Maughmer understood the purpose of this meeting to be discussing the legal representation of Mrs. Montgomery. According to Judge Maughmer, Ray Conrad, David Owen, and Judge Fenner were the only others present during the meeting. Lead counsel, Susan Hunt was not present. Judge Maughmer stated that during the meeting, Ray Conrad "took the laboring oar." Judge Maughmer recalls the meeting lasted about fifteen to twenty minutes during which time Mr. Conrad did most of the talking. Mr. Conrad said there was a breakdown in communication and in the relationship between his office and Judy Clarke. Judge Maughmer said he was unable to recall any specific allegations about Judy Clarke, just whatever was said made clear that there was "friction" between David Owen and Judy Clarke. Judge Maughmer stated that he did not recall the source of the "friction," but said that it was conveyed that Mr. Conrad and Mr. Owen viewed the strife as significant.

According to Judge Maughmer, Susan Hunt was not present, and he does not recall anyone suggesting obtaining her input on the situation. Judge Maughmer stated that there was no discussion of getting input from Judy Clarke or Lisa Montgomery.

With regard to the meeting on April 20, 2006, Judge Maughmer recalled that Ray Conrad did "virtually all of the talking." Judge Maughmer does not remember David Owen saying

anything of substance. This is consistent with David Owen's recollection of the meeting. (Attachment 2 to Motion to Reassign, Declaration of David Owen, p.8). Judge Maughmer also stated that he was present for the off the record discussions between Judge Fenner, Ray Conrad, and David Owen regarding David Owen's difficulties in getting along with lead counsel Susan Hunt. Judge Maughmer does not have notes or calendar notations regarding any of these meetings.

At the oral argument on May 6, 2013, Judge Fenner opened the proceeding by "clarifying" comments he made on the record which Mrs. Montgomery has cited. (Tr. 5/6/13, p. 3). Judge Fenner informed the parties that he "would like to comment on" a "couple of matters." (Tr. 5/6/13, p. 3). Judge Fenner explained that his comment in subsequent recorded proceedings that Judy Clarke was "nonproductive" had been "misunderstood or taken out of context in the scope of the entire matter, and those choice of words were my words." (Tr. 5/6/13, p. 3). [3] Judge Fenner stated, "They were not the words of Mr. Owen or Mr. Conrad, and what I meant when I said that, was that the defense team was not able to be productive because of the conflict that existed between counsel, and I think that's rather obvious in the record."[4] (Tr. 5/6/13, p. 3). Judge Fenner continued:

> Further my comment that Ms. Clarke was only appointed in an effort to see if she could assist in getting a plea worked out was really a misstatement on my part, an awkward way of conveying that assistance with negotiating the plea was one of

[3] Later in the proceeding Judge Fenner stated that the fact of the matter was that Judy Clarke (as well as all of the lawyers on the case) was being unproductive. This statement indicates that the Court has prejudged Mrs. Montgomery claim and, as such, warrants his disqualification. (Tr. 5/6/13. P. 29).

[4] Again, the judge's statement that the team was not able to be productive, which he characterizes as being rather obvious in the record, is a statement prejudging Mrs. Montgomery's claim. Counsel for Mrs. Montgomery have averred that, in fact, Ms. Clarke was being very productive, despite the obstacles put in place by unqualified federal public defender staff. That there is no evidence of her productivity in the record is a function of the fact that no record was created at the time and that Ms. Clarke, lead counsel Susan Hunt, and Lisa Montgomery were not provided an opportunity to demonstrate the progress that had been made in preparing the case for trial. Ms. Hunt subsequently stated on the record that the case was on track for the scheduled trial date and would remain so if Ms. Clarke were allowed to continue on the case. No one disputed her representation. (Attachment 5 to Motion to Reassign, Transcript of Proceedings, p. 7).

> the considerations that was addressed to me in adding Ms. Clarke to the defense team; however, no one conveyed to me Ms. Clarke should only be involved to assist with the plea, and her appointment in the case was not limited and no one at any time suggested to me that it should be.

(Tr. 5/6/13, p. 3).

Counsel was not permitted to cross-examine Judge Fenner regarding his comments and clarifications. Indeed, the record reflects that the Court, upon concluding his remarks, directed counsel to introduce co-counsel and turned to other matters. After Ms. Nouri introduced her co-counsel and expressed that she was nervous about the issue of asking a judge to re-assign the case and had no intent of offending anyone, Judge Fenner interrupted her and expressed surprise that it has been alleged in the 2255 motion itself that Mr. Conrad and Mr. Owen committed a fraud on the court (Tr. 5/6/13, p. 5). Judge Fenner stated: "I don't see any basis to accuse Mr. Conrad and Mr. Owen of that type of unethical conduct." (Tr. 5/6/13, p. 5).

Ms. Nouri explained that the claim had been raised upon information and belief because the only witness to the conversation who would speak to Mrs. Montgomery's legal team was David Owen (Tr. 5/6/13, p. 5). Mr. Conrad refused to be interviewed about the matter (Tr. 5/6/13, p. 6). Ms. Nouri stated that there was an issue as to what had been said to cause the judge to remove Ms. Clarke from the case (Tr. 5/6/13, p. 6). As Ms. Nouri explained, "In any event, I don't know, to this day I do not know what was represented to you by Ray Conrad at that conference to push you to remove Judy Clarke from the case. I don't know." (Tr. 5/6/13, p. 6).

Judge Fenner responded that, "Nobody pushed me to do anything." (Tr. 5/6/13, p. 7). He claimed it was a "case management decision." (Tr. 5/6/13, p. 7).

Ms. Nouri went on to explain that Mr. Conrad and Mr. Owen had made Judge Fenner a material witness to the facts surrounding the removal of Judy Clarke by engaging in off-the-record discussions with Judge Fenner (Tr. 5/6/13, p. 7-8). Judge Fenner responded, "I told you

what my recollection of it was." (Tr. 5/6/13, p. 8). Ms. Nouri noted that there were at least six, if not seven, off-the-record conversations pertaining to the removal of Ms. Clarke (Tr. 5/6/13, p. 8). As Ms. Nouri identified the conversations at issue, Judge Fenner commented regarding his recollections of the conversations, though counsel was not in a position to question him in depth (Tr. 5/6/13, p. 10-12).

Within hours of the oral argument on May 6, 2013, Judge Fenner issued an Order authorizing the deposition of Ray Conrad (Doc. #52). By agreement, this deposition was scheduled for May 20, 2013. During the deposition, Mr. Conrad said that David Owen came into his office on the morning of April 20, 2006 to discuss Mrs. Montgomery's case (Depo. Tr. 5/20/13, p. 8). According to Mr. Conrad, David Owen told him that Judy Clarke had "attacked Susan Hunt and Susan Hunt is now prepared to have Judy off the case, have her removed from the case, we are in agreement with that." (Depo. Tr. 5/20/13, p. 8). Mr. Conrad stated in his deposition that he told Mr. Owen to "Tell the judge." (Depo. Tr. 5/20/13, p. 12). Mr. Conrad went on to say, "I think he went to the judge, talked to the judge and I remained in my office. I simply do not recall going to the judge's office on the 20th." (Depo. Tr. 5/20/13, p. 16). He later clarified, "I simply don't think I was present." (Depo. Tr. 5/20/13, p. 21). Mr. Conrad stated that it was "possible" he called Judge Fenner to let him know that Mr. Owen would be coming over, but he cannot say for certain (Depo. Tr. 5/20/13, p. 17).

Mr. Conrad likewise denied any memory of being present for the May 1, 2006 in chambers discussions regarding Mr. Owens' difficulties with Ms. Hunt even after being told that the transcript shows that Judge Fenner indicated that Mr. Conrad had been present on May 1. (Depo. Tr. 5/20/13, p. 22).

## IV. DISCUSSION

### A. Disqualification pursuant to 28 U.S.C. §455(a)

### 1. Appearance of Impropriety: *Ex Parte* Communications

28 U.S.C. §455(a) provides that a judge **shall** disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." (*emphasis added*). Judge Fenner's six *ex parte,* off-the-record communications which occurred "in secret and without adversarial input" are reason to disqualify him on the basis of the appearance of potential bias. *See In re Edgar*, 93 F.3d 256 (7th Cir. 1996).

In this case, Judge Fenner had six *ex parte,* off-the-record discussions with one or more members of the Federal Public Defender's Office concerning perceived problems with learned counsel Judy Clarke and, subsequently, with learned counsel Susan Hunt. The result of those *ex parte*, off-the-record conversations was that each woman was removed as counsel of record[5] – despite each of the removed attorneys' expertise in capital litigation and Assistant Federal Defender David Owen's complete dearth of such experience.[6] The substance of those *ex parte* conversations, what was said to cause the Court to remove Ms. Clarke and ultimately Ms. Hunt, is at the heart of Mrs. Montgomery's claims of denial of right to counsel, fraud on the court, and ineffective assistance of counsel.

Just like the *ex parte* communications at issue in *In re Edgar*, the *ex parte* communications at issue here were not inadvertent or casual: they were "calculated, material, and wholly unnecessary." The Seventh Circuit found the communications in *Edgar* to merit

[5] Ms. Clarke was removed as counsel of record without any hearing or process. Ms. Hunt was asked to submit a motion to withdraw and did so at Judge Fenner's request.

[6] The Assistant Federal Defender appointed to this case, David Owen, had no capital experience. In contrast, Ms. Hunt qualified as learned counsel in federal capital cases and Ms. Clarke was one of, if not the, preeminent capital defense attorney in the country.

disqualification under §455(a**)**, because inherent in such communications is an "unacceptable potential for compromising impartiality." *Id.* at 260. Such potential exists here as well.

**2. Appearance of Impropriety: Prejudgment**

Further, Judge Fenner's impartiality might be questioned in this case, where he has already expressed on the record his belief that the removal of Ms. Clarke was a mere "case management decision." (Tr. 5/6/13, p. 7, 21). The nature of the Court's decision to remove Ms. Clarke is at the heart of Mrs. Montgomery's claims of denial of right to counsel, fraud on the court, and ineffective assistance of counsel. (Motion for Collateral Relief p. 16-51). As the case and the proof have not been submitted to the Court, Judge Fenner's on-the-record pre-determination that his decision to remove Ms. Clarke was purely a "case management decision" evidences a prejudgment which could appear to an impartial observer to be bias. *See Liljeberg*, 486 U.S. at 865 (1988).

In the May 6, 2013 hearing, Judge Fenner also expressed dismay[7] that Mrs. Montgomery's attorneys would accuse Mr. Conrad and Mr. Owen of committing fraud on the court by making untrue allegations pertaining to Judy Clarke (Tr. 5/6/13, p. 5).[8] Judge Fenner expressed this "surprise" and stated that he "do[es]n't see any basis to accuse Mr. Conrad and Mr. Owen of that type of unethical conduct" despite the record cited by Mrs. Montgomery showing Mr. Owen and Mr. Conrad made such allegations in other forums. (Motion for Collateral Relief pp. 16-51). Judge Fenner's statements evidence his pre-determination of this

[7] The written record does not capture the tone of Judge Fenner's comments to Ms. Nouri. However, it is fair to say that his tone, as well as his words, evidenced hostility towards current counsel for Mrs. Montgomery for raising such a claim.

[8] Counsel's allegations of fraud on the Court were pled upon information and belief, based upon the record available to counsel at the time of filing Mrs. Montgomery's Motion under 28 U.S.C. § 2255 (f) as well as the necessity of including all possible claims on Mrs. Montgomery's behalf.

issue. Because a reasonable person would, accordingly, question his impartiality to render an opinion in this case, Judge Fenner must recuse himself. *Id*.

**3. The Judicial Canons Also Counsel in Favor of Disqualification**

> Attuned to that concern, the Code of Conduct for United States Judges cautions that a judge should "neither initiate nor consider ex parte communications on the merits, or procedures affecting the merits, of a pending or impending proceeding." Code of Conduct for U.S. Judges Canon 3 § A(4) (2003). The rule is designed to prevent all of the evils of *ex parte* communications: "bias, prejudice, coercion, and exploitation." Jeffrey M. Shaman et al., Judicial Conduct and Ethics § 5.03 (3d ed. 2000). The Code provides for only two narrow exceptions. First, "[a] judge may . . . obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond." Code of Conduct for U.S. Judges Canon 3 § A(4) (2003). Second, "[a] judge may, with consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters." *Id*.

<u>In re Kensington Int'l, Ltd</u>., 368 F.3d 289, 310 (3d Cir. Del. 2004)

**B. Disqualification pursuant to 28 U.S.C. §455(b)(5)(iv)**

Previously, Mrs. Montgomery argued that Judge Fenner is a material witness to the events that transpired on April 20, 2006, leading to the removal of Judy Clarke from the defense team. Subsequent events have strengthened Mrs. Montgomery's argument. Judge Fenner is a material witness because other possible witnesses either do not recall the substance of the *ex parte* off-the-record conversations or contradict each other or, in Mr. Conrad's case, despite a pretty clear memory on a lot of other matters, deny being present when everyone else says he was the one who did all of the talking.

At the time this claim was initially made, Mrs. Montgomery understood the participants in the *ex parte*, off-the-record conversations to be Judge Fenner, Ray Conrad, and David Owen. After filing her Reply brief, Mrs. Montgomery learned for the first time that Judge Maughmer was also present at the April 20, 2006 in chambers meeting. Judge Maughmer's memory of the

*ex parte* hearing was superficial, though he stated that Ray Conrad took the "laboring oar" and spoke for about 15-20 minutes. Despite recalling that Mr. Conrad spoke at length, Judge Maughmer was unable to recall any specific statements made by Mr. Conrad in support of his request that the Court to remove Ms. Clarke as counsel. Accordingly, Judge Maughmer is not able to add any information as to the allegations made by Ray Conrad and/or David Owen which led the Court to remove Ms. Clarke.

During the oral argument, Judge Fenner made statements to "clarify" comments he had made in recorded conversations surrounding the removal of Judy Clarke and later Susan Hunt (Tr. 5/6/13, p. 3). He also volunteered certain information about his recollection of the events surrounding the removal of Judy Clarke in response to arguments by Mrs. Montgomery's attorneys. Notably, this information was not presented in a setting that allowed Mrs. Montgomery's attorneys to question Judge Fenner about his memory of the statements that were made to cause the removal of Ms. Clarke. Further, Judge Fenner's determination that these matters "deserve clarification" (Tr. 5/6/13, p. 3) proves the materiality of Judge Fenner's needed testimony. Judge Fenner is correct: these matters do deserve clarification, but that clarification must occur in a setting where Mrs. Montgomery's attorneys have a meaningful opportunity to examine Judge Fenner about his recollections of exactly what was said during the *ex* parte, off-the-record conversations, particularly the key conversation in chambers on April 20, 2006 that led to the immediate removal of Judy Clarke.

To further clarify these matters, the Court entered an Order permitting Mrs. Montgomery to depose Mr. Ray Conrad (Doc. #52). Far from clarifying anything, Mr. Conrad claimed not to have been present at the off-the-record in chambers meeting regarding the removal of Judy Clarke from the defense team. In addition, Mr. Conrad contradicted David Owen's declaration

with regard to lead counsel Susan Hunt's position on Judy Clarke remaining with the defense team. Mr. Conrad's testimony not only did not obviate the need for Judge Fenner's testimony, it created additional factual issues which Judge Fenner's testimony is necessary to resolve. Judge Fenner is now a material witness as to who was present at the six *ex parte* off the record, in chambers meetings, in addition to being a material witness as to what was said.

As to the April 20th meeting, it is clear that in the span of fifteen to twenty minutes, something significant was said to cause Judge Fenner to remove Judy Clarke from the defense team and bar her visit with her client at CCA. (United States v. Montgomery, Case No. 05-CR-06002, Doc. # 79). The significant nature of what had to have been said is further demonstrated by Judge Fenner's extraordinary step of issuing an additional order barring telephone communication between Ms. Clarke and Mrs. Montgomery. (United States v. Montgomery, Case No. 05-CR-06002, Doc. #80). David Owen cannot recall what was said during the meeting. Judge Maughmer cannot recall what was said during the meeting. Ray Conrad denies even being present at the meeting. Judge Fenner is the only remaining witness as to what was said during the meeting on April 20, 2006 who has not been interviewed by Mrs. Montgomery's 2255 attorneys. As a result, Judge Fenner is a material witness in the proceeding pursuant to 28 U.S.C. § 455(b)(5)(iv) and must be disqualified.

**C. Disqualification pursuant to 28 U.S.C. §455(b)(1)**

Not only is Judge Fenner a material witness as to what was said in six of the seven *ex parte*, off-the-record discussions relating to Mrs. Montgomery's claims, his consideration of those claims would be tainted by his personal, extrajudicial knowledge of those events. Though Judge Fenner learned whatever he learned in the *ex parte* conversations while at work in the Federal Courthouse, those factors do not end the (b)(1) inquiry. In *Liteky v. United States*, the

Supreme Court rejected the proposition that only information learned outside of a judge's legal duties can lead to disqualification. *Liteky v. United States*, 510 U.S. 540, 554 (1994) (clarifying the "extrajudicial source doctrine" of §455(b)(1) as it also applies to §455 (a): "The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for bias or prejudice recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice").

Based upon the Supreme Court's articulation of the "extrajudicial source" doctrine in *Lieky*, the Seventh Circuit disqualified a trial court under §455(b)(1) based upon information the trial court learned in his official capacity:

> The point of distinguishing between "personal knowledge" and knowledge gained in a judicial capacity is that information from the latter source **enters the record** and may be controverted or tested by the tools of the adversary process. **Knowledge received in other ways, which can be neither accurately stated nor fully tested, is "extrajudicial."**

*In re Edgar*, 93 F.3d 256 (7th Cir. 1996)(*emphasis added*).

In this matter, Judge Fenner learned material information off-the-record which cannot be "controverted or tested by the tools of the adversary process" so long as Judge Fenner remains the trier of fact in this case. Indeed, without Judge Fenner to testify as to what was presented in those off-the-record discussions, Mrs. Montgomery cannot fully present her entitlement to relief on her meritorious claims of denial of right to counsel, fraud on the court, and her claims of ineffective assistance of counsel as he will be unavailable as a necessarily, material witness (*see* discussion of §455(b)(5)(iv), *supra*).

Further, the extra-judicial, "personal" knowledge gained by Judge Fenner in the six off-the-record chambers conferences disqualify him as the trier of fact under §455(b)(1). As established by Judge Fenner's prescient determination that Mrs. Montgomery's claims of fraud

on the court and interference with right to counsel are without merit , Judge Fenner cannot acquit himself of his personal knowledge of the matters at issue in Mrs. Montgomery's motion. Because Judge Fenner's determinations cannot help but be tainted by his personal, extrajudicial knowledge of comments and discussions made in chambers off-the-record, he must recuse himself and reassign this case under §455(a), but given Judge Fenner's extrajudicial information, reassignment pursuant to §455(b)(1) is mandatory whether any bias or appearance of impropriety exists or not.

**D. Mrs. Montgomery's meritorious claims cannot be determined by a Court compromised by the appearance of impropriety.**

Mrs. Montgomery's meritorious claims of deprivation of the right to counsel, fraud on the court, conflict of interest, and ineffective assistance of counsel for relief cannot be determined by Judge Fenner. Judge Fenner is a necessary and material witness to several of Mrs. Montogmery's claims and has personal, "extrajudicial" knowledge regarding several others. Though Judge Fenner attempted to limit this issue by referring to it as relating solely to Mrs. Montgomery's claim of fraud on the court, the issue pervades many of Mrs. Montgomery's claims.

Judge Fenner's decision to remove Judy Clarke without affording either Mrs. Montgomery or Ms. Clarke or Ms. Hunt any process or opportunity to be heard is central to Mrs. Montgomery's Motion for Collateral Relief. Mrs. Montgomery has raised a claim that the removal of Judy Clarke deprived Mrs. Montgomery of the effective assistance of counsel under *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (Motion for Collateral Relief, at p.16 and following). Judge Fenner, presumably based on whatever personal, extrajudicial information he learned off-the-record in his April 20, 2006 conversation with Ray Conrad and/or David

Owen, entered an order removing Ms. Clarke as counsel for Mrs. Montgomery – despite Mrs. Montgomery's satisfaction with Ms. Clarke. If representations were made to Judge Fenner that were consistent with the position taken by David Owen and Ray Conrad in subsequent written documentation, they are demonstrably false. The position taken by the Office of the Federal Public Defender in subsequent available documentation was that Ms. Clarke was an unproductive member of the defense team (*See* Motion for Collateral Relief, at p.16 and following). Notably, this is the word used by Judge Fenner in a subsequent transcribed meeting. Yet, at the Oral Argument on May 6, 2013, Judge Fenner sought to characterize the removal of Ms. Clarke as a mere "case management decision" based upon a representation by either Ray Conrad or David Owen that Mr. Owen no longer wanted to work with her.[9]

So either Ms. Clarke was removed based upon demonstrably untrue allegations that she was unproductive, some other allegations that neither David Owen nor Judge Maughmer can remember and which Ray Conrad denies making, or she was removed simply because Ray Conrad or David Owen asked that she be removed without any input from lead and learned counsel Susan Hunt or Mrs. Montgomery. Based upon these facts, any reasonable thoughtful observer would find that review of this claim by Judge Fenner "carries an unacceptable potential for compromising impartiality." *In re Edgar*, *supra*.

Judge Fenner is a direct, material, and necessary witness to the substance of Mrs. Montgomery's claims of fraud on the court and conflict of interest (Motion for Collateral Relief, at p.45 -52). In contrast with the limited memories of David Owen, Ray Conrad and Judge Maughmer, Judge Fenner has indicated on the record that he recalls the meeting in his chambers where he learned of Mr. Owens' problems with Ms. Clarke. (Tr. 5/6/13, p. 7). However as the

[9] To be clear, Mrs. Montgomery does not concede that it would be proper for the Court to have removed Ms. Clarke as a "case management decision."

trier of fact, he is beyond the scope of the service of process and the information he recalls is not currently available to Mrs. Montgomery either through interview or discovery. Further, as the trial court, he cannot be called as a witness regarding the substance of the accusations leveled by Mr. Owen and/or Mr. Conrad about Ms. Clarke. Mrs. Montgomery is entitled to demonstrate her claim through the presentation of witnesses, including Judge Fenner. *Wolff v. McDonnell*, 418 U.S. 539 (1974) ("Ordinarily, the right to present evidence is basic to a fair hearing").

Finally, Judge Fenner cannot appropriately judge the merit of Mrs. Montgomery's claim that her trial team was ineffective for failing to appeal Judge Fenner's order removing Judy Clarke. Not only has Judge Fenner prejudged the merits of this claim by finding his own actions to be merely a "case management decision" (Tr. 5/6/13, p. 7), his personal, "extrajudicial" knowledge, learned in the six off-the-record discussions with David Owen and/or Ray Conrad, compromises his impartiality with regard to this claim as well. *Id*.

Judge Fenner's choice to remove Ms. Clarke as counsel without according Mrs. Montgomery, Ms. Clarke or lead counsel Susan Hunt any type of hearing or process in the decision is at the heart of many of Mrs. Montgomery's claims to entitlement to relief. Judge Fenner's actions were predicated on information and assertions made to him off-the-record in an "extrajudicial" setting. What was said and how those assertions affected Judge Fenner's decisions are Judge Fenner's "personal" knowledge – knowledge about which he is material witness as all other participants in those discussions either claim a lack of memory of the substance of the assertions or deny even being present. Judge Fenner is disqualified from participation in Mrs. Montgomery's case, because a rational person, knowing all the facts averred above, would "harbor doubts about the judge's impartiality." *In re Kensington Int'l Lmtd.*, *supra* (citing *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d

1026, 1042(3rd Cir. 1997). Judge Fenner further is disqualified because he is both a material witness and because he has personal knowledge of matters at the heart of Mrs. Montgomery's claims.

## V. CONCLUSION

For all of these reasons, Mrs. Montgomery respectfully requests that the above-captioned case be re-assigned to a different judge for all further proceedings on her 28 U.S.C. §2255 motion.

Respectfully submitted,


/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*


## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2013, the above-captioned document was served electronically on Roseann Ketchmark and Cynthia Cordes, Assistant United States Attorneys representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Christine M. Blegen*