**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-08001-CV-W-GAF** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Presently before the Court is Movant Lisa M. Montgomery's ("Movant") Motion to Reassign Case, requesting the Court reassign the above-captioned case to a different judge. (Doc. # 41). Respondent United States of America (the "Government") opposes.[1] (Doc. # 42). On May 6, 2013, the Court held a hearing concerning Movant's Motion to Reassign. (Docs. ## 51, 53). For the reasons set forth below, Movant's Motion is DENIED.

## DISCUSSION

### I. FACTS

In October 2007, following a jury trial, Movant was found guilty of the offense of kidnapping resulting in death. (Doc. # 32, p. 3). After hearing additional evidence, the jury recommended Movant be sentenced to death. (*Id.*). On April 4, 2008, the Court sentenced Movant and ordered she be sentenced to death. (*Id.*).

Throughout Movant's trial, and during the pre-trial proceedings, I was the judge conducting the proceedings. Movant now seeks reassignment of her current § 2255 Motion to another judge. Movant alleges reassignment is necessary because: 1) I am no longer neutral and

[1] Movant had until June 24, 2013, to file any reply to the Government's opposition. (Doc. # 52). As of the date of this Order, Movant has failed to timely file a reply. (*See* Docket Sheet).

detached, 2) there is an appearance of impartiality, 3) I have personal knowledge about disputed facts, and 4) I am a material witness in this case. (Doc. # 41). Movant's allegations stem from several ex parte conversations conducted with Movant's original defense team and also my removal of attorneys Judy Clarkee ("Clarkee") and Susan Hunt ("Hunt") from Movant's original defense team. (*Id.*). Specifically, Movant points to six (6) ex parte conversations: 1) a conversation in October 2005 concerning the Court's initial hesitation to admit Clarkee to Movant's original defense team; 2) an April 20, 2006, conversation wherein Ray Conrad ("Conrad") stated attorney David Owen ("Owen") had a problem with Clarkee 3) an April 20, 2006, conference in chambers concerning Clarkee; 4) an April 20, 2006, conference in chambers involving Hunt and Owen; 5) an April 25, 2006, conversation at the end of an on-the-record conference; and 6) a May 1, 2006, conference in chambers concerning problems between Owen and Hunt. (Doc. # 54, pp. 3-5).

## II. LEGAL STANDARD

Section 455 of Title 28 states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > * * *
> >
> > (5) He or his spouse . . .
> >
> > > (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

A judge "is presumed to be impartial." *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir. 1976) (citation omitted). Accordingly, "unless facts are presented alleging 'personal' as opposed to 'judicial' bias, the judge need not recuse himself." *Id.* (citations omitted).

## III. ANALYSIS

Movant argues this case should be reassigned under 28 U.S.C. § 455(a), (b)(1), and (b)(5)(iv), and the Fifth, Sixth, and Eighth Amendments. (Doc. # 41). The Court will respond to each of Movant's arguments in turn.

### A. 28 U.S.C. § 455(a)

According to Movant, I must disqualify myself under § 455(a) because "of impropriety inherent in [my] consideration of information that [I] acquired through off-the-record proceedings." (Doc. # 54, p. 1). Movant argues I demonstrated my prejudice with three (3) comments at the May 6, 2013, hearing: 1) my comment that Clarkee was "unproductive," 2) my comment that my removal of Clarkee was a mere "case management decision," and 3) my comments concerning the basis for Movant's claim for fraud on the court. (*Id.*). The "purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988) (citation omitted). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3rd Cir. 2003) (citation omitted); *see Liljeberg*, 486 U.S. at 865 ("[I]t is critically important [when determining whether disqualification is appropriate under § 455(a)] to identify the facts that might reasonably cause an objective observer to question [the judge's] impartiality.").

After considering all the facts, the Court determines a reasonable person could not conclude my impartiality might reasonably be questioned. First, the Record demonstrates Movant's original defense team had come to an impasse. Evidence introduced by both Movant and the Government establish that Owen, Hunt, and Clarke would not continue working together, which was recognized by Conrad. My comments concerning the productivity of the defense team, taken in that context, indicate no bias or prejudice. Second, my use of the phrase "case management decision" does not indicate any bias or prejudice. The decision to remove Clarke was a case management decision, regardless of my justifications. Accordingly, whether the representations made to me by Hunt, Owen, Conrad, or anyone else were true, my decision to remove Clarke was a case management decision and any comments to that effect do not demonstrate bias or prejudice. Third, it is common for a judge to comment on or question the basis for a party's legal theories, including the comments I made concerning Movant's claim of fraud on the court. But, exploration of a party's legal theory does not indicate prejudice on behalf of the judge. Accordingly, for these reasons, disqualification under § 455(a) is not warranted.

Additionally, the Court had discretion to remove Clarke from the defense team. In death penalty cases, a court has discretion to substitute an attorney in "the interests of justice." *Martel v. Clair*, -- U.S. --, 132 S. Ct. 1276, 1281 (2012) (holding that courts "should employ the same 'interests of justice' standard that they apply in non-capital cases" in capital cases); *United States v. Espino*, 317 F.3d 788, 799 (8th Cir. 2003) ("'[S]ubstitution of counsel is a matter committed to the sound discretion of the trial court.'" (quoting *Meyer v. Sargent*, 854 F.2d 1110, 1114 (8th Cir. 1988))). Clarke's status as pro hac vice counsel additionally supports discretion of the district court. Under Local Rule 83.5(*l*), an attorney admitted pro hac vice must be sponsored by local

counsel. In this case, Clarke's sponsoring attorney was Owen. (*United States v. Montgomery*, 05-06002-CR-SJ-GAF-1, Doc. # 63). At the time Clarke was removed from the case, Owen and his office had clearly removed their support for Clarke. Accordingly, she was left without local counsel to sponsor her. Further, after the Court removed Clarke, neither Movant nor Clarke sought reconsideration of that decision, nor did any other local counsel move to sponsor Clarke under Rule 83.5(*l*).

Movant also alleges her Fifth Amendment right for a neutral and detached judge is violated unless I recuse myself. Any "[p]etitioner is entitled to a neutral and detached judge in the first instance." *Ward v. Village of Monroeville, Ohio*, 409 U.S. 57, 61-62 (1972). However, for the same reasons disqualification is inappropriate under § 455(a), recusal is inappropriate under the Fifth Amendment.[2]

**B. 28 U.S.C. § 455 (b)(1)**

Movant asserts I must also disqualify myself under § 455(b)(1). Under that section, "mere[] prior knowledge by the judge of facts concerning a party is not in itself sufficient to require disqualification." *Patrick*, 542 F.2d at 390 (citing *United States v. Seiffert*, 501 F.2d 974, 978 (5th Cir. 1974)). "Moreover, facts learned by a judge in his judicial capacity cannot be the basis for disqualification." *Id.* (citing *United States v. Bernstein*, 533 F.2d 775, 785 (2nd Cir. 1976)).

Notwithstanding Movant's argument, the ex parte discussions were not extrajudicial and therefore cannot be a basis for my disqualification under § 455(b)(1). *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (citation omitted) ("Bias sufficient to disqualify a

[2] Although Movant mentioned the Sixth and Eighth Amendments in her Motion, she did not discuss her theories. Accordingly, the Court will similarly limit its discussion to § 455 and the Fifth Amendment.

judge under . . . 455(b)(1) must stem from extrajudicial sources . . . ."). The ex parte discussions were not extrajudicial because they took place during the course of a judicial proceeding. *See id.* at 969 (determining that knowledge gained in chambers from attorneys was not extrajudicial because it was acquired during the course of a judicial proceeding); *United States v. Sims*, 845 F.2d 1564, 1570 (11th Cir. 1988) (holding that movant failed to demonstrate bias when the knowledge learned by the judge was acquired during an *in camera* hearing).

Movant argues the information discussed during the ex parte hearings was extrajudicial, as determined by the Seventh Circuit in *Edgar v. K.L.*, 93 F.3d 256 (7th Cir. 1996). Contrary to Movant's argument, *Edgar* supports the Court's decision. As explained in *Edgar*, the discussions in this case do not implicate § 455(b)(1) because "§ 455 is principally concerned with knowledge that is 'extrajudicial' in the sense that the judge acquires it outside a courthouse." *Id.* at 259 (citing *Liteky v. United States*, 510 U.S. 540 (1994)). Additionally, although the court in *Edgar* determined § 455 was implicated by the judge's behavior, the circumstances in *Edgar* are distinguishable from this case. In this case, the ex parte conversations have been summarized in on-the-record proceedings and the parties interviewed the individuals involved in the discussions, including Owen, Hunt, Conrad, and Judge Maughmer. *Cf. id.* ("Off-the-record briefings in chambers, by contrast, leave no trace in the record – and in this case the judge has forbidden any attempt at reconstruction.").

Additionally, § 455(b)(1) requires disqualification only if a judge has personal knowledge of disputed evidentiary facts. In this case, the substance of the ex parte conversations is not in dispute. All the parties Movant has interviewed – Hunt, Owen, Conrad, and Judge Maughmer – and myself, have stated the conversations concerned the relationships between Owen, Clarke, and Hunt and their inability to work together as a team. Movant has not disclosed any evidence

that indicates a dispute about that fact, nor has Movant stated any contradictory facts she thinks she would uncover in any further interview or deposition. Accordingly, the substance of the ex parte conversations is not in dispute and disqualification under § 455(b)(1) is not warranted.

**C. 28 U.S.C. § 455(b)(5)(iv)**

Movant additionally alleges I should be disqualified under § 455(b)(5)(iv). However, § 455(b)(5)(iv) does not apply because, to my knowledge, I will not be a material witness in this case. First, as described above, the substance of the ex parte discussions is not in dispute. Accordingly, my testimony would be only duplicative and cumulative. Additionally, at the May 6, 2013, hearing, I described my recollection of the ex parte discussions. Movant's counsel were given an opportunity to inquire as to my recollections at that time. Further, I provided Movant an opportunity to interview Conrad and Judge Maughmer concerning the substance of the ex parte discussions, and Movant has already discussed those matters with Owen and Hunt. For all these reasons, disqualification under § 455(b)(5)(iv) is not appropriate.

**D. Evidentiary Hearing with a Different Judge**

Movant argues I am disqualified from deciding this Motion and should instead allow another judge to hear and decide this Motion, after an evidentiary hearing. Movant's requests are denied. The evidentiary record is developed concerning this issue, especially considering Owen and Hunt were consulted, I have ordered Conrad and Judge Maughmer to be interviewed, and a hearing on this matter was held. Accordingly, any further evidentiary record is unnecessary.

Additionally, determining whether disqualification is necessary under § 455 '"is a matter confined to the consideration and discretion of the judge himself.'" *Patrick*, 542 F.2d at 390 (quoting *Shadid v. Okla. City*, 494 F.2d 1267, 1268 (10th Cir. 1974)). Specifically, courts

"harbor serious reservations about assigning a § 455 disqualification motion to a different judge," particularly at a later stage in the proceedings. *Kensington*, 353 F.3d at 223 n.12 (citing *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994) (additional citations omitted)). Therefore, I am qualified to determine this Motion and assignment to another judge is inappropriate.

## CONCLUSION

Disqualification, recusal, and reassignment is not appropriate under 28 U.S.C. § 455 or the Fifth Amendment because there is no reasonable appearance of impartiality, I have no personal knowledge about disputed facts in this case, and I will not be a material witness in the proceedings. Accordingly, for these reasons and the reasons set forth above, Movant's Motion is DENIED.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 25, 2013