**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-8001-CV-W-GAF** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER SUPPLEMENTING ORDER DENYING MOTION TO REASSIGN ADDRESSING *EX PARTE* CONVERSATIONS**

*Ex parte* communications in death penalty cases are necessary when they relate to budget issues and matters of trial strategy relating to experts and composition of the defense team. While it is certainly my practice to make a record, that can be sealed, on any conversation of substance, in this case an issue of case management arose that I deemed in need of immediate attention and a record was not made. It is the lack of a record that Movant contends supports her allegation of fraud.

Movant's complaint of six (6) *ex parte* conversations include *de minimis* contacts which have no bearing on the essence of Movant's complaint of me being a "material witness" to the propriety of *pro hac vice* Federal Defender Judy Clarke's removal. Further, the record has been fully developed.

Movant complains of a conversation between me and defense counsel in October 2005, wherein counsel inquired about adding Federal Defender Clarke to the defense team. In that conversation, I expressed reluctance to defense counsel in bringing in counsel from California, but deferred to their judgment and granted the request. Movant fails to show any prejudice from

the conversation regarding defense counsel's initial approach suggesting they would like to add Ms. Clarke.

Movant also complains of a telephone call I received from Ray Conrad, Federal Public Defender for the Western District of Missouri, on April 20, 2006, wherein I was advised by Mr. Conrad that his first assistant, David Owen, who was defense counsel for Movant at trial, had difficulties with their *pro hac vice* sponsored co-counsel, Ms. Judy Clarke. Mr. Conrad has no specific recollection of making this phone call, but I remember receiving the call. The issue was not further discussed on the phone call and Mr. Conrad and Mr. Owen came to chambers to discuss the issues they felt needed to be addressed. Shortly after the phone call, Mr. Conrad and Mr. Owen arrived at chambers and discussed with me the difficulties they were having with Ms. Clarke. This conversation in chambers between me, Mr. Conrad and Mr. Owen, which again Mr. Conrad does not recall, is the conversation which counsel argues as the essence of the allegation that Mr. Conrad and Mr. Owen, long standing federal defenders, perpetrated a fraud on the court. Even after hearing from everyone who was part of the conversation in chambers on April 20, 2006, and in spite of the fact that the record refutes the allegation of fraud, Movant insists that this allegation will somehow be supported if I can be questioned as a material witness on matters that I have already addressed, in a hearing on May 6, 2013. My explanation and clarification of the reasons Ms. Clarke was removed have not been disputed by anyone in any material aspect which supports Movant's claim of fraud. My explanation in the hearing on May 6, 2013, was as follows:

> There was a comment that I made about Ms. Clarke being nonproductive, and I think that comment is misunderstood or taken out of context in the scope of the entire matter, and those choice of words were my words. They were not the

> words of Mr. Owen or Mr. Conrad, and what I meant when I said that, was that the defense team was not able to be productive because of the conflict that existed between counsel, and I think that's rather obvious in the record.
>
> Further my comment that Ms. Clarke was only appointed in an effort to see if she could assist in getting a plea worked out was really a misstatement on my part, an awkward way of conveying that assistance with negotiating the plea was one of the considerations that was addressed to me in adding Ms. Clarke to the defense team; however, no one conveyed to me Ms. Clarke should only be involved to assist with the plea, and her appointment in the case was not limited and no one at any time suggested to me that it should be. (Transcript of Proceedings May 6, 2013 p.3)

Counsel for Movant had the opportunity to inquire of me regarding my explanation of the language they claimed as evidence of fraudulent behavior, but chose not to do so.

Movant also complains of a possible conference in chambers on April 20, 2006, between me and her trial counsel, Susan Hunt and David Owen. While I have no specific recollection of when I talked with Ms. Hunt, I do recall that at some point, shortly after I met with Mr. Conrad and Mr. Owen regarding their complaints of Ms. Clarke, Ms. Hunt expressed agreement with the removal of Ms. Clarke only to change her mind in that regard just a few days later. The fact that Ms. Hunt at some point concurred in the removal of Ms. Clarke only to shortly thereafter change her position is also reflected in Ms. Hunt's statement herein.

My decision to remove Judy Clarke was based on the complaint from Mr. Owen and Mr. Conrad that they could not continue to work with her. I was familiar with the local Federal

Defenders and not familiar with Ms. Clarke. The situation left me with the choice of the office of the local federal defender continuing to represent Movant or *pro hac vice* counsel from California for whom support by local counsel had been withdrawn.

Movant next complains of a notation at the end of an on the record conference on April 25, 2006, that a conversation was had off the record. From this, counsel assumes or implies that something improper took place. I have no recollection of what might have been discussed and no one else has expressed a recollection. Nonetheless, it seems that Movant assumes that the court allowed something improper and prejudicial to take place. That is not a fair or appropriate assumption.

Finally, counsel reference a conference in chambers concerning problems between Mr. Conrad and Mr. Owen regarding Mr. Owen's inability to continue to work with Susan Hunt. My recollection of that meeting is that Mr. Owen and Mr. Conrad came to see me expressing issues with Susan Hunt and I told them I wanted to meet with the three of them and scheduled a conference on May 3, 2006. The May 3, 2006, conference was conducted and recorded.

Without any evidence to support their claim of fraud, counsel persists in an effort to have this case reassigned. I was surprised and quite disappointed at the lack of ability to cooperate in a professional manner among trial counsel. Nonetheless, decisions had to be made to address and handle the conflicts I determined to be irreconcilable. In my judgment, it was a dysfunctional situation which needed to be resolved quickly to allow Movant's defense to proceed.

Movant has a full record of the matters that transpired. What was discussed, what was not discussed, and the reasons for the decisions I made. My recollection, as well as that of everyone else involved in the disappointing and difficult conflict among trial counsel has been stated on

the record and reflects trial counsel's inability to work together in a productive fashion on Movant's behalf. The conversations which took place are either matters of record or have otherwise been fully reviewed and fail to support Movant's allegation of fraud by her trial counsel herein.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 10, 2013