**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY**, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civil No. 12-08001-CV-W-GAF |
| v. | ) | Crim. No. 05-06002-01-CR-W-GAF |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S MOTION TO COMPEL DEFENSE COUNSEL TO PROVIDE AN AFFIDAVIT**

The respondent, the United States of America, respectfully requests that this Court issue an order commanding defense counsel in the underlying criminal matter, Fred Duchardt, John O'Connor and David Owen, to provide affidavits to the Government. The Government provides the following suggestions in support of the motion:

## II. Argument and Authorities

1. A jury convicted the movant, Lisa M. Montgomery, of the offense of kidnapping resulting in death, and she was sentenced to death. Montgomery appealed her sentence, and the Eighth Circuit affirmed. On October 1, 2013, Montgomery filed an amended motion, under 28 U.S.C. § 2255, alleging that she received ineffective assistance of counsel in countless respects, both at trial and at sentencing.

2. On October 1, 2013, Fred Duchardt was contacted by the United States Attorney's Office to advise him that he would be asked to prepare an affidavit in the near future to respond to the allegations in Montgomery's § 2255 claims. On October 2, 2013,

Mr. Duchardt sent an e-mail to undersigned counsel explaining that it took him over 300 uncompensated hours to prepare his affidavit in another capital case, and that he did not want to prepare an affidavit in this case. He made the alternative suggestion of giving his testimony at a hearing, or deposition, or through an informal discussion, and adamantly stressed his refusal to prepare an affidavit saying, "I shall strongly resist ever being forced to such thankless slave labor again."

3. Undersigned counsel has engaged senior attorneys and supervisors in the United States Attorney's Office to evaluate the alternative suggestions given by Mr. Duchardt. After almost two months of unsuccessfully seeking an effective solution to obtain defense counsel's response to the allegation, the Government is now requesting and order compelling Mr. Duchardt, Mr. O'Connor, and Mr. Owen to prepare affidavits in response to Montgomery's claims of ineffectiveness.

4. The Rules Governing Section 2255 Cases, Rule 8, notes that the district court must review the record "*and any materials submitted under Rule 7*," to determine if an evidentiary hearing should be held. (Emphasis added.) Rule 7, Rules Governing Section 2255 Cases, cross-references the Advisory Committee Notes, Rule 7, Rules Governing Section 2254 Cases. That section emphasizes expanding the record, in part through affidavits, is an important step in the process of determining whether an evidentiary hearing is required. *See Raines v. United States*, 423 F.2d 526, 529-30 (4th Cir. 1970).

5. The United States is sympathetic to defense counsel's complaint that it is very time-consuming to prepare an affidavit that responds to a 238-page § 2255 motion that consists mainly of ineffective assistance of counsel claims. Because Mr. Duchardt and Mr. O'Connor are self-employed, and would be financially harmed by expending the time needed to properly prepare an affidavit in this case, responding to the numerous claims of ineffectiveness, the Government would suggest and recommend that Mr. Duchardt and Mr. O'Connor be reimbursed, if possible, with CJA funds for their time in preparing their affidavits.

6. Therefore, the Government respectfully requests that this Court issue an order commanding Mr. Duchardt, Mr. O'Connor, and Mr. Owen to provide affidavits to the Government in response to the claims raised by Montgomery. The Government requests that the order further require that Mr. Duchardt and Mr. O'Connor to provide any and all documentary evidence and attorney notes which are relevant to the claims Montgomery raises in her § 2255 motion, and to redact any portions of the documentary evidence and notes which are not responsive to her claims.

## II. Conclusion

Accordingly, for all of the reasons previously outlined, the Government respectfully requests that this Court issue an order commanding defense counsel in the underlying criminal matter, Fred Duchardt, John O'Connor, and David Owen to provide complete affidavits, documents, evidence and notes to the Government, by Friday, December 21, 2013. The Government further requests that this Court provide CJA funding for the time Mr. Duchardt and Mr. O'Connor spend on preparing the affidavits.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By */s/ Roseann A. Ketchmark*

ROSEANN A. KETCHMARK
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 25, 2013, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Roseann A. Ketchmark*
Roseann A. Ketchmark
Assistant United States Attorney