IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY,<br><br>*Movant*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 12-08001-CV-SJ-GAF |

MOVANT'S RESPONSE TO THE GOVERNMENT'S
MOTION TO COMPEL DEFENSE COUNSEL TO PROVIDE AFFIDAVITS

Comes now movant Lisa M. Montgomery, by and through undersigned counsel, and submits the following response to the Government's pending Motion to Compel Defense Counsel to Provide an Affidavit (Doc. #75).

I. Factual Issues

In the pending motion, the Government states that it contacted Mr. Fred Duchardt on October 1, 2013 and advised him "that he would be asked to prepare an affidavit in the near future to respond to the allegations in Montgomery's §2255 claims." According to the Government, Mr. Duchardt responded by e-mail and advised the Government that he had spent "over 300 uncompensated hours" preparing an affidavit in another capital case and "that he did not want to prepare an affidavit in this case." Mr. Duchardt suggested giving his testimony "at a hearing, or deposition, or through an informal discussion." Counsel for Mrs. Montgomery have no objection to Mr. Duchardt's testimony being given at a hearing or deposition subject to an appropriate protective order and limitations.

The Government represents, however, that it finds Mr. Duchardt's suggestions not to represent an "effective solution." (Doc. #75, p. 2). The Government then asks the Court to

compel not only Mr. Duchardt, but John O'Connor and David Owen to provide affidavits. It is not clear from the Government's motion if either Mr. O'Connor or Mr. Owen have even been asked to provide affidavits or their positions on this matter.

The Government goes on to suggest compensating Mr. Duchardt and Mr. O'Connor with CJA funds "for their time in preparing affidavits." As Mr. Owen is also self-employed, it is not clear why the Government would not seek to compensate him for his time. Regardless, the Government cites no authority for such compensation.

Finally, the Government asks that Mr. Duchardt and Mr. O'Connor, but not Mr. Owen, be required to provide "any and all documentary evidence and attorney notes which are relevant to the claims Montgomery raises in her §2255 motion, and to redact any portions of the documentary evidence and notes which are not responsive to her claims." Because there is no legal authority for the novel discovery request made by the Government, the motion should be denied.

Movant would note that the request of the Government establishes the existence of fact disputes which may only be resolved through an evidentiary hearing where counsel for both sides are present and the Court may contemporaneously resolve any disputes over the scope of the testimony of Movant's former counsel. The Court should bear in mind that former trial counsel remain under a duty of loyalty to Mrs. Montgomery and her filing of a Motion for relief under 28 U.S.C. 2255 is not a wholesale waiver of the attorney/client and work-product privileges.

## II. Argument and Legal Analysis

First, the Government cites no authority for the proposition that trial counsel can be required to provide an affidavit. That is because there is literally no authority for the proposition that

prior counsel, or any non-party, may be compelled to provide pre-hearing affidavits. Although Mrs. Montgomery may impliedly waive portions of the attorney-client privilege by raising claims of ineffective assistance of counsel, not a single case holds that a finding of the waiver then *requires* that trial counsel provide affidavits prior to their testimony at a hearing.

Second, if the Government desires pre-hearing discovery, it should be required to comply with the established rules of discovery as codified in the Rules Governing Section 2255 Proceedings and the Federal Rules of Civil Procedure. Alleging ineffective assistance of counsel does not constitute a total waiver of the attorney-client privilege. The scope of any waiver must be narrowly tailored to insure that only information germane to the specific ineffective assistance of counsel claims is disclosed. As this narrow waiver rule is not self-enforcing, testimony of trial counsel should be obtained through either a hearing or a deposition so that the former client has an opportunity to object to potential testimony that exceeds the scope of the waiver. In fact, other courts have taken care to insure that there is no inadvertent disclosure of privileged information. *See, e.g., Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001). Either a hearing or a deposition allow the Government to obtain information, but in a more cost-effective manner where Mrs. Montgomery's rights can be protected.

Furthermore, the Government's request for affidavits from prior counsel is, in actuality, a request for discovery. Such requests are governed by Rules 6 and 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Neither those rules nor any case law support the proposition that a non-party to an action can or should be compelled to provide an affidavit.

Rule 6 of the 2255 Rules states that a party cannot obtain discovery absent a showing of "good cause." Rule 6(a), 2255 Rules. Here, the Government has not even attempted to make a

showing of good cause for its request. Indeed, it would be difficult for the Government to make a showing of good cause given that there is no authority to support its request. The Government is asking for the right to compel witnesses to provide it with sworn statements prior to a court proceeding. Such a request, in addition to being without authority, risks setting a dangerous precedent. While the Government can compel a witness to be present at a court proceeding, it has no right to compel witnesses to provide statements to its attorneys or agents prior to a court proceeding. Witnesses are free to decide whether or not they want to speak with the Government. The Government has no authority to coerce a witness to provide it with a sworn statement.

In contrast, a deposition at least provides some procedural safeguards. Counsel for Mrs. Montgomery would be present and could object to any disclosure of privileged communications *before* the information is disclosed. The Government has not established good cause for rejecting Mr. Duchardt's proposal of a deposition or for why it should be allowed to circumvent the ordinary manner in which discovery is conducted.

The Government's motion also fails to acknowledge or discuss the constraints imposed by the Rules of Professional Conduct and the 2010 American Bar Association ("ABA") ethics opinion that addresses precisely this question. *See* ABA Formal Opinion 10-456. "Even if information sought by the prosecution is relevant and not privileged, it does not follow that trial counsel may disclose such information outside the context of a formal proceeding, thereby eliminating the former client's opportunity to object and obtain a judicial ruling. Absent a relevant exception, a lawyer may disclose client information protected by Rule 1.6 only with the client's 'informed consent.'" *Id*. at p. 2. The Opinion also recognizes, "Permitting disclosure of client confidential information outside court-supervised proceedings undermines important

interests protected by the confidentiality rule. Because the extent of trial counsel's disclosure to the prosecution would be unsupervised by the court, there would be a risk that trial counsel would disclose information that could not ultimately be disclosed in the adjudicative proceeding." *Id*. at p. 3. In addition, "allowing criminal defense lawyers voluntarily to assist law enforcement authorities by providing them with protected client information might potentially chill some future defendants from fully confiding in their lawyers." *Id*. at p. 5. Finally, the Opinion concludes that, "Against this background, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable." *Id*.

If the Court is inclined to compel prior counsel to provide affidavits, the Court must narrowly tailor the scope of the affidavits and should schedule a hearing for purposes of crafting an appropriate protective order. In addition, prior counsel is obligated to provide present counsel with an opportunity to raise all appropriate objections. *See* Lawrence J. Fox, Making the Last Chance Meaningful: Predecessor Counsel's Ethical Duty to the Capital Defendant, 31 Hofstra L. Rev. 1181, 1187-88 (2003). Therefore, if prior counsel are to be directed to provide affidavits, they should first be provided to current counsel for review before being disclosed to the Government. Otherwise there will be no check on what prior counsel might disclose in their written affidavits and, more importantly, there will be no remedy if the disclosures are improper and exceed the scope of the waiver.

With regard to the Government's request for portions of trial counsel's files, the Government neglects to discuss Rule 7 of the 2255 Rules. Rule 7 provides that the court may direct *the parties* to expand the record. Nothing in the rule authorizes this Court to compel *non-parties* to produce information. The motion also seeks information protected by the attorney-client

privilege and the work product doctrine. Any information to be disclosed would have to be directly relevant to a specific claim of ineffective assistance of counsel. Again, the Government has failed to show "good cause" for such disclosure. If such information is to be disclosed, undersigned counsel request an opportunity to review the material before it is disclosed to the Government.

Finally, the Government's request that the court order trial counsel to be compensated from CJA funds is without support and contrary to law. Undersigned counsel have confirmed with the Defender Services Office of the Administrative Office of the Courts ("DSO") that former counsel are not entitled to reimbursement for testimony provided in post-conviction proceedings. DSO has consistently refused to provide funding for testimony and time expended by prior trial counsel in post-conviction matters. In fact, trial counsel are fact witnesses in this matter and not entitled to compensation. Were this Court to rule otherwise, it would open the door to compensation to all CJA lawyers who are subject to 2255 lititgation. Such a precedent would be fiscally irresponsible and contrary to public policy. Former trial counsel would have a financial incentive to provide testimony and evidence favorable to the government and would thus create an intolerable conflict of interest.

## III. Conclusion

For all of the reasons stated above, counsel for Mrs. Montgomery ask the Court to deny the Government's motion to compel affidavits. Should the Court consider any other remedy other than simply denying the Government's motion, Ms. Montgomery requests a hearing on the motion.

Respectfully submitted,

/s/ *Lisa G. Nouri*

LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*

CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*

KELLEY J. HENRY, Mo. Bar No. 38849
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2013, the above-captioned document was served electronically on Roseann Ketchmark, Assistant United States Attorney representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Christine M. Blegen*