IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| *Movant*, | ) | |
| | ) | |
| v. | ) | Case No. 12-08001-CV-SJ-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

MOVANT'S RESPONSE TO MR. DUCHARDT'S AND MR. O'CONNOR'S REQUEST FOR RECONSIDERATION AND MODIFICATION OF ORDER DIRECTING THAT DEFENSE COUNSEL PROVIDE AFFIDAVITS AND MOTION FOR PROTECTIVE ORDER

COMES NOW movant Lisa M. Montgomery, by and through undersigned counsel, and submits the following response to the Request for Reconsideration (Doc. #78) filed by Mr. Duchardt on December 27, 2013.

In an Order entered on December 10, 2013, this Court ordered Mr. Duchardt, Mr. O'Connor and Mr. Owen "to provide affidavits to the Government in response to the claims raised by Movant in her §2255 motion." Mr. Duchardt has raised multiple concerns about preparing such an affidavit.[1]

Undersigned counsel agrees with Mr. Duchardt that either (1) having the Government prepare written questions to be answered by Mrs. Montgomery's trial attorneys after they have been reviewed for any attorney-client or work product privilege objections or (2) having the Government pose questions to former counsel in a deposition setting with at least one of Mrs.

[1] Undersigned counsel is well aware that there is precedent in this District and in the United States Court of Appeals for the Eighth Circuit for the use of affidavits by former counsel for the habeas movant. Undersigned counsel stands by the assertion that there is no direct authority for *compelling* the preparation of such pre-hearing affidvits. Rule 7 merely recognizes that affidavits "***may*** be submitted and considered as part of the record."

Montgomery's current attorneys present to interpose any appropriate objections would be more efficient and cost-effective than asking former counsel to prepare affidavits of unspecified scope. Given the record in this case, it does seem unduly burdensome to task former counsel with preparing an affidavit of an unspecified nature. It also places former counsel in the somewhat unethical position of doing the Government's work for them while at the same time acting as Mrs. Montgomery's counsel in deciding on their own what is and is not waived by virtue of the claims raised in the §2255 motion.

The Government has filed a Response to Mr. Duchardt's Request for Reconsideration and attached to the Response as Exhibit A is a list of questions the Government would like for Mr. Duchardt and Mr. O'Connor to address. If the Court is inclined to Order former counsel to respond to these written questions, counsel for Mrs. Montgomery would ask to have through Thursday, January 16th at 5:00 p.m. to file any objections to the proposed questions. This request is made due to the fact that lead counsel Lisa Nouri is currently in trial and expects to be in trial through at least January 10th.

With regard to the matter of compensation, the Government had requested payment of Mr. Duchardt and Mr. O'Connor through CJA funds. Undersigned counsel correctly noted that there was no authority for payment of former counsel through CJA funds. Mr. Duchardt now states that he seeks payment from the United States Attorney's Office as an expert witness. Mr. Duchardt is not an expert witness in this case. He is a fact witness.

Should the Court deny Mr. Duchardt's Request for Reconsideration, undersigned counsel asks that the Court enter a Protective Order requiring that the affidavits of former counsel be first provided to current counsel for Mrs. Montgomery for review prior to their disclosure to the Government. This will afford Mrs. Montgomery's current counsel an opportunity to make a

determination as to whether certain claims should be withdrawn in order to protect the attorney-client privilege or, in the alternative, to object if the affidavit violates the privilege because it addresses matters not raised in Mrs. Montgomery's Amended Motion.

In sum, Mrs. Montgomery renews her request that the discovery of former counsel's position on the claims raised in her Amended Motion be conducted via deposition or, in the alternative, through written interrogatories to be answered by former counsel. If the Court is inclined to treat the list of questions provided by the Government as Exhibit A to its Response as the written interrogatories, then counsel for Mrs. Montgomery would ask to have through January 16th at 5:00 p.m. to file any objections to the proposed questions. In the alternative, should the Court deny Mr. Duchardt's Request for Reconsideration, undersigned counsel asks that the Court enter a Protective Order requiring that the affidavits of former counsel be first provided to current counsel for Mrs. Montgomery for review prior to their disclosure to the Government.

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No.
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9th, 2014, the above-captioned document was served electronically on Roseann Ketchmark, Assistant United States Attorney representing the government in this matter, through the Court's CM/ECF filing system and on Fred Duchardt via email.

/s/ *Christine M. Blegen*