IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY<br>Movant | ) | |
| v. | ) | Case Number 12-8001-CV-W-GAF<br>Criminal Case # 05-6002-CR-SJ-GAF |
| UNITED STATES<br>Respondent | ) | |

***REPLY TO RESPONSES BY MOVANT AND RESPONDENT TO REQUEST FOR RECONSIDERATION AND MODIFICATION OF ORDER DIRECTING THAT DEFENSE COUNSEL PROVIDE AFFIDAVITS***

Comes now Frederick A. Duchardt, Jr., on behalf of himself and John O'Connor, and does hereby reply to the responses by Movant and Respondent to the request that this Honorable Court reconsider and modify its December 10, 2013 Order directing that Mr. O'Connor and Mr. Duchardt "provide affidavits to the government in response to the claims raised by Movant in her 2255 motion." (Doc. 77).

1. Undersigned counsel began his motion by doing what the parties had not, citing to the overwhelming authority confirming that this Court possesses the discretion to order all forms of discovery in a habeas proceeding, including preparation of affidavits by the former counsel for the movant (Doc. 78, p. 4-6). Naturally, the government, in its response, takes no issues with these legal premises. On the other hand, current Counsel for Mrs. Montgomery dutifully

stands by her "assertion that there is no direct authority for compelling the preparation of such pre-hearing affidavits" (Doc. 80, p. 1, fn. 1). Counsel's trouble is that she cannot find anyone else to stand with her.

2. Undersigned counsel went on in his motion to explain that preparation of the sort of all-encompassing response to Mrs. Montgomery's petition requested by the government puts former counsel into the position of having to do the work of the government, a Herculean task, requiring overwhelming factual and legal research and writing (Doc. 78, p. 10-11). Undersigned counsel suggested that, instead, the government develop and pose particularized inquiry to undersigned counsel and Mr. O'Connor, preferably in an oral question-and-answer session, or at least by formulating specific written questions for specific written response (Doc. 78, p. 10).

3. The government responds that it has already propounded "a list of 81 questions" (Doc. 79, p. 2, fn. 1, Attachment A). Fortunately, the government seems to imply in this response what it did not say in its original communication to undersigned counsel and to Mr. O'Connor, that answering of the 81 questions would completely satisfy the government's needs for information. If, indeed, the government's current position is that it only wishes answers to the 81 questions it has propounded, that is a major step in the direction suggested by undersigned counsel. However, undersigned counsel finds it unlikely that that is truly the

government's position. Many of 81 questions could be answered with a simple yes or no, and the list does not include follow-up question to elicit explanations which the government surely would want after succinct yes or no answers. Thus, undersigned counsel would respectfully suggest that the government take another look at its list to make sure it is really to its satisfaction. Undersigned counsel would also reiterate that an oral question and answer session would be the best way of handling things since such a format would allow necessary formulation of follow-up questions based upon answers obtained.

4. For Mrs. Montgomery's part, her Counsel requests a week to interpose objections to the government's 81 questions prior to the formulation of answers by undersigned counsel and Mr. O'Connor (Doc. 80, p. 3). This is precisely the preparatory process which undersigned counsel suggested in his motion, and undersigned counsel continues with his request for that process (Doc. 78, p. 15).

5. The key request in the motion of undersigned counsel was for an order by the Court that Movant be required to provide explicit waivers of her attorney-client and work product privileges to permit undersigned counsel and Mr. O'Connor to answer whatever discovery is ordered (Doc. 78, p. 8). Undersigned counsel explained that, though the filing of the petition in this case certainly implied a waiver of those privileges, Mrs. Montgomery's current Counsel had, to that point in time, deliberately muddied the water, implying that she would exercise Mrs.

Montgomery's right to hold undersigned counsel and Mr. O'Connor fast to the privileges, even if that might cost Mrs. Montgomery full consideration of her petition (Doc. 78, p. 7-8). ***Bittaker v. Woodford***, 331 F.3d 715, 718-720 (9th Cir. 2003).

6. In her response to the motion by undersigned counsel, as if on cue, current Counsel for Mrs. Montgomery has brought the problem to a head by claiming that undersigned counsel and Mr. O'Connor are in a "somewhat unethical position" by carrying forward with answers to discovery (Doc. 80, p. 2). Of course, undersigned counsel and Mr. O'Connor would be breaching ethics only if Mrs. Montgomery, through her Counsel, is not waiving but instead standing by her privileges, even at the cost of defaulting her claims. Under these circumstances, whatever waiver might otherwise be implied by the law appears to have been countermanded by current Counsel for Mrs. Montgomery.

7. As noted by undersigned counsel in his original motion, certain Courts have chosen to end the sorts of cat-and-mouse games being played here by putting the movant to a stark choice: either make an explicit waiver of the privileges to permit former counsel to answer discovery regarding petition claims or suffer default of those claims (Doc. 78, p. 8). ***Bittaker v. Woodford***, supra; ***Jones v. United States***, 2013 WL 2950071, *4 (D.S.D. 2013). Undersigned counsel respectfully continues with his request that this Court follow the lead of these other

Courts and order that current Counsel for Mrs. Montgomery provide such explicit waivers prior to having undersigned counsel and Mr. O'Connor make any answer to discovery. Undersigned counsel also continues with his suggestion that the waiver correspond to a set of questions agreed upon by the parties (Doc. 78, p. 8). Now that the parties appear to be on the road toward formulating a set of questions, it would seem appropriate for this Court to wait for that process to conclude, and then direct that current Counsel for Mrs. Montgomery, should they wish to continue to pursue Movant's petition, provide explicit waivers regarding the answers to those questions.

8. In his motion, undersigned counsel also noted that this Court had not put a deadline for production of discovery, and suggested that he and Mr. O'Connor be given until June 16, 2014 to complete the tasks assigned to them (Doc. 78, p. 14). Undersigned counsel explained that the June 16 deadline was appropriate, not only because the discovery production task is a large one, but also because he and Mr. O'Connor have heavy trial schedules they are handling through the spring of 2014 (Doc. 78, p. 13-14). The government voices opposition to what it describes as a "protracted extension", but does not explain how such an extension would prejudice either of the parties in this case. The government also does not explain how undersigned counsel and Mr. O'Connor can complete the monumental tasks desired by the government any sooner without causing prejudice to the clients of

undersigned counsel and Mr. O'Connor whose trials are upcoming. Put simply, there is every good reason to grant, and no good reason to deny, the request that undersigned counsel and Mr. O'Connor be given until June 16, 2014 to complete whatever discovery work which might ultimately be assigned to them.

9. Undersigned counsel additionally explained in his motion that the sort of all-encompassing affidavit originally requested by the government called for the sort of expert work which would justify requiring the government to pay for the efforts pursuant to F.R.Civ.P. 26(b)(4)(E)(i) (Doc. 78, p. 12). Only current Counsel for Mrs. Montgomery responds to this point, standing again upon no authority, but only her assertions; this time the assertions are that former counsel should be considered only to be fact witnesses and not expert witnesses (Doc. 80, p. 2). The trouble with this assertion is that it does not account the mixed law and fact nature of questions about ineffectiveness of counsel. ***New v. United States***, 562 F.3d 949, 952 (8th Cir. 2011). What is more, the assertion flies in the face of the concession, made by current Counsel for Mrs. Montgomery, that preparation of an all-encompassing affidavit, as requested by the government, necessarily calls upon both the factual recollection and legal expertise of former counsel (Doc. 80, p. 2). Certainly, the parties can, should they so choose, fashion their discovery requests to seek only facts and not expert opinions requiring additional independent research. It may well be that, because of the motion by undersigned

counsel, the discovery process is now moving toward, and may eventually become, one which seeks only facts. If that becomes the case, that will be a good thing.

WHEREFORE, in light of the foregoing, and in light of the premises set forth in his original motion on the subject (Doc. 78), Frederick A. Duchardt, Jr., on behalf of himself and John O'Connor, prays that this Honorable Court set aside its Order of December 10, 2013 regarding affidavit preparation (Doc. 77). It is further prayed that this Court direct that Mrs. Montgomery and her Counsel make explicit, written election regarding whether and to what extent Mrs. Montgomery will waive her attorney-client and work product privileges with respect to the accusations of ineffectiveness which she raises in her petition. It is also prayed that, to the extent that a waiver is filed by and on behalf of Mrs. Montgomery, the Court direct that discovery from Mr. Duchardt and Mr. O'Connor be obtained by way of deposition to be conducted by Counsel for the government, subject to objection by Counsel for Mrs. Montgomery. In the alternative, it is prayed that, to the extent this Court believes that affidavits should be prepared as the means of discovery, that such affidavits be limited to answering of written questions propounded by Counsel for the government, with those written questions culled in advance by proper objections interposed by Counsel for Mrs. Montgomery. It is additionally prayed that Mr. Duchardt and Mr. O'Connor be given until June 16, 2014 to complete their responses to the discovery sought by the government. It is

finally prayed that this Court order that the United States Attorney's Office for the Western District of Missouri pay for the time expended by Mr. Duchardt and Mr. O'Connor in responding to the government's discovery request.

Respectfully submitted

//s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.
Mo.Bar Enrollment Number 28868
P.O. Box 216
Trimble MO 64492
Phone: 816-213-0782
Fax: 816-635-5155
e-mail: fduchardt@yahoo.com

***CERTIFICATE OF SERVICE***

I hereby certify that a copy of the foregoing was provided to the following

Roseann Ketchmark
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E. 9th St., Fifth Floor
Kansas City, MO 64106
Roseann.ketchmark@usdoj.gov

Christine Blegen
230 SW Main St., Suite 217
Lees Summit MO 64063
Christine@blegenlawfirm.com

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.