IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| *Movant*, | ) | |
| | ) | |
| v. | ) | Case No. 12-08001-CV-SJ-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

MOVANT'S SUPPLEMENTAL RESPONSE TO MR. DUCHARDT'S AND MR. O'CONNOR'S REQUEST FOR RECONSIDERATION AND MODIFICATION OF ORDER DIRECTING THAT DEFENSE COUNSEL PROVIDE AFFIDAVITS; THE GOVERNMENT'S REPLY THERETO; AND IN FURTHER SUPPORT OF MOVANT'S THUSFAR UNOPPOSED MOTION FOR PROTECTIVE ORDER

COMES NOW movant Lisa M. Montgomery, by and through undersigned counsel, and submits the following supplemental response to Mr. Duchardt's Request for Reconsideration (Doc. #78) filed by Mr. Duchardt[1] on December 27, 2013, the Government's Response thereto, and Mr. Duchardt's further Reply.

In an Order entered on December 10, 2013, this Court ordered Mr. Duchardt, Mr. O'Connor and Mr. Owen "to provide affidavits to the Government in response to the claims raised by Movant in her §2255 motion." Mr. Duchardt has raised multiple concerns about preparing such an affidavit. Movant objected to, and continues to object to, this novel form of discovery from a non-party fact witness which appears to occur only in the Western District of Missouri. In response, the Government filed a motion opposing Mr. Duchardt's request for relief

[1] Mr. Duchardt represents that he is filing on behalf of himself and Mr. John O'Connor. Movant has no reason to dispute this fact. Movant would note that Mr. Duchardt has added himself as a party to this case. Movant disputes Mr. Duchardt's claimed status as a party. He plainly is not. He is a non-party fact witness. We address his motion in that context. His motion should be viewed as a non-party motion to quash.

and attached eighty questions which it would like to have answered in the form of an affidavit. Many of the questions are directed to matters which appear appropriate for discovery, but not for an affidavit. Many call for speculation and hearsay.[2] Further, the responses called for may result in answers which are not subject to the limited attorney/client waiver engendered by Movant's 2255 motion.

Following Mr. Duchardt's Request for Reconsideration,, Movant's counsel reached out to Assistant United States Attorney Roseann Ketchmark in an effort to resolve the pending dispute over the requsted Affidavits. Movant's counsel suggested that the Government turn the list of questions into interrogatories which Movant's counsel would review for objections. Then, the interrogatories could be presented to Mr. Duchardt and Mr. O'Connor for written responses. Ms. Ketchmark explained that the list of questions did not define the scope of her inquiry[3] and declined Movant's suggestion.

All of this back and forth lends support for Mr. Duchardt's request for relief and Movant's request for a protective order. It also makes plain the wisdom of the ABA ethical opinion that any determination of the scope of the waiver is to be made in a judicial proceeding where current counsel may interpose objection.

The inherent problem with the Government's request for affidavits is that it places a heavy burden on Mr. Duchardt and Mr. O'Connor, particularly as the proposed list of questions is apparently not exhaustive, and it turns Mr. Duchardt and Mr. O'Connor into agents of the

---

[2] To be fair to the Government, these questions are not interrogatories and were represented to be a working memo of counsel's thoughts provided to Mr. Duchardt and Mr. O'Connor to provide some scope for the requested affidavits.

[3] As such, it would seem to be a waste of movant's counsels' time as well as the Court's time for movant's counsel to address each of the questions, many of which are not in proper form; however, counsel for Movant remain willing to do so if that is the Court's preferred method for resolving the pending dispute..

Government, which is clearly unethical.[4] Trial counsel have a duty of loyalty to their former client and are obligated to zealously protect the attorney/client privilege. Movant has not made a wholesale waiver of the attorney/client privilege. Nor will she make such a waiver as no such wholesale waiver is required in a 2255 proceeding.

Movant understands that the Government has a right to seek discovery. Movant respects that the Government is trying to do so in what they believe is an efficient means and one that has been utilized in the past in this District. Yet, the rules of civil discovery apply to this case as discussed by Movant in her previous response.. The Government is permitted to file requests for production, serve interrogatories, or request depositions. The whole point of the discovery procedures set forth for 2255 proceedings is to afford the opposing party an opportunity to review any such discovery requests and make timely objections before any privileged information is disclosed . Here, the vague instruction to draft an affidavit that includes responses to approximately eighty specified questions as well as apparently other unspecified information is unworkable. Movant may not have any objections to the content of the affidavit once she sees it,but Movant cannot interpose hypothetical objections.

Movant stands by her position that a deposition would be a much more effective method of obtaining the information sought by the Government and it is an approved method for doing so under the civil rules of discovery applicable to 2255 motions. In the alternative, Movant would suggest that the Government be required to turn its list of questions into interrogatories to be reviewed by Movant's counsel and then answered by former counsel. If the Court decides to stand by its original Order and direct Mr. Duchardt and Mr. O'Connor to provide affidavits, then

[4] It is unethical to pay fact witnesses for their time. Here there is a request for former trial counsel to be paid to provide testimony in an affidavit to oppose Movant's motion. Such payment would be unethical and could create an appearance of bias.

counsel would note that the Government has not objected to Movant's request that the Court enter a Protective Order requiring that the affidavits of former counsel be first provided to current counsel for Mrs. Montgomery for review prior to their disclosure to the Government and the CourtThis will afford Mrs. Montgomery's current counsel an opportunity to make a determination as to whether certain claims should be withdrawn in order to protect the attorney-client privilege or, in the alternative, to object if the affidavit violates the privilege because it addresses matters not raised in Mrs. Montgomery's Amended Motion.

Accordingly, Mrs. Montgomery renews her request that the discovery of former counsel's position on the claims raised in her Amended Motion be conducted via deposition or, in the alternative, through written interrogatories to be answered by former counsel. In the alternative, should the Court deny Mr. Duchardt's Request for Reconsideration, undersigned counsel asks that the Court enter a Protective Order requiring that the affidavits of former counsel be first provided to current counsel for Mrs. Montgomery for review prior to their disclosure to the Government.

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No.
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2014, the above-captioned document was served electronically on Roseann Ketchmark, Assistant United States Attorney representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Christine M. Blegen*