**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-08001-CV-W-GAF** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Now before the Court is Frederick A. Duchardt ("Mr. Duchardt") and John O'Connor's ("Mr. O'Connor") Motion for Reconsideration. (Doc. # 78). Movant Lisa M. Montgomery ("Movant") does not oppose the Motion, while Respondent United States of America (the "Government") opposes. (Docs. ## 79, 80).

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"). (Doc. # 71). In her § 2255 Motion, Movant makes allegations of ineffective assistance of counsel against her former attorneys, Mr. Duchardt, Mr. O'Connor, and David Owen ("Mr. Owen"). (*Id.*). The Government filed a Motion to Compel Mr. Duchardt, Mr. O'Connor, and Mr. Owen to provide affidavits to the Government in response to Movant's § 2255 Motion. (Doc. # 75). On December 10, 2013, the Court granted the Government's request and compelled Mr. Duchardt, Mr. O'Connor, and Mr. Owen to provide affidavits. (Doc. # 77).

Mr. Duchardt and Mr. O'Connor seek reconsideration of the Court's Order compelling production of affidavits. (Doc. # 78). Rather than submitting affidavits, Mr. Duchardt and Mr. O'Connor contend that a different means of discovery is more suitable in light of the time and effort needed to respond to Movant's § 2255 Motion and Movant's attorney-client privilege.

(*Id*.). Specifically, Mr. Duchardt and Mr. O'Connor request an explicit, written waiver of Movant's attorney-client privilege to discern "whether and to what extent [Movant] will waive her attorney-client . . . privilege[] with respect to the accusations of ineffectiveness which she raises in her [§ 2255 Motion]." (*Id*. at 14).

It is well recognized among federal courts that when habeas petitioners allege claims of ineffective assistance of counsel, those petitioners impliedly waive their attorney-client privilege with respect to communications with their attorneys to the extent necessary to address those allegations. *See United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967); *United States v. Stone*, 824 F. Supp. 2d 176, 186-87 (D. Me. 2011); *Walking Eagle v. United States*, No. CIV. 11-5016, 2011 WL 2881596, at *5 (D.S.D. July 15, 2011); *Dible v. United States*, Nos. C09-4065-LRR, CR08-4060-LRR, 2010 WL 2652202, at *2 (N.D. Iowa June 28, 2010); *Nelson v. United States*, No. 4:04-CV-8005-FJG, 2010 WL 3398791, at *1 (W.D. Mo. Aug. 24, 2010); *Purkey v. United States*, Civil No. 06-8001-CV-W-FJG, 2009 WL 3160774, at *3 (W.D. Mo. Sept. 29, 2009); *Hayes v. United States*, No. 4:09CV531 CDP, 2009 WL 2071244, at *1 (E.D. Mo. July 13, 2009); *United States v. Lossia*, No. 04-80422, 2008 WL 192274, at *2 (E.D. Mich. Jan. 23, 2008); *Stobaugh v. United States*, Civil No. 06-3317-CV-S-RED, 2007 WL 628420, at *1 n.1 (W.D. Mo. Feb. 27, 2007).

Further, there is ample support among federal courts for compelling former attorneys to produce affidavits in response to a habeas petitioner's ineffective assistance of counsel allegations. *See Pinson*, 584 F.3d at 979 (holding it was not an abuse of discretion for the district

court to order a movant's former attorney "to provide an affidavit addressing the issues raised in [the movant's] § 2255 Motion"); *Jones v. United States*, No. CIV. 13-5008, 2013 WL 2950071, at *4 (D.S.D. June 14, 2013); *Walking Eagle*, 2011 WL 2881596, at *5; *Dible*, 2010 WL 2652202, at *2; *Nelson*, 2010 WL 3398791, at *2; *Clock v. United States*, Civil No. 09-cv-379-JD, 2010 WL 890445, at *2 (D.N.H. Mar. 8, 2010); *Purkey*, 2009 WL 3160774, at *3.

The Court recognizes the time and effort Mr. Duchardt and Mr. O'Connor will expend to produce such affidavits with no means of compensation. While such a result may be unfortunate, it is deemed part of their responsibility as former counsel under such circumstances. The Court greatly appreciates Mr. Duchardt and Mr. O'Connor's willingness to make themselves available for CJA appointments in these most difficult cases. Accordingly, after due consideration, it is

**ORDERED** Mr. Duchardt and Mr. O'Connor's Motion for Reconsideration is DENIED.

**IT IS FURTHER ORDERED** that Movant impliedly waives her attorney-client privilege to the extent necessary to address all allegations of Movant's claims of ineffective assistance of counsel in her § 2255 Motion.

**IT IS FURTHER ORDERED** that Mr. Duchardt and Mr. O'Connor have until June 1, 2014, to submit their affidavits addressing Movant's allegations of ineffective assistance of counsel raised in her § 2255 Motion.

**IT IS LASTLY ORDERED** the Government has until June 30, 2014, to submit its response to Movant's § 2255 Motion.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 17, 2014