IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| *Defendant/Movant,* | ) | |
| v. | ) | Case No. 12-CV-8001-SJ-GAF |
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff/Respondent.* | ) | |

MOTION FOR RECONSIDERATION OF COURT'S RULING
ORALLY GRANTING REQUEST BY FREDERICK A. DUCHARDT, JR. AND JOHN
O'CONNOR FOR ORDERS DIRECTING RETURN OF FILES

COMES NOW Movant Lisa M. Montgomery, by and through counsel, seeking reconsideration of the Court's oral ruling granting the request filed by Mr. Duchardt on behalf of himself and Mr. John O'Connor for orders directing the return of their files (Doc. #86).

## PROCEDURAL BACKGROUND

1. Lisa Montgomery was convicted of first degree murder and sentenced to death. She was represented at trial by Mr. John O'Connor, Mr. Frederick Duchardt, and Mr. David Owen. Mr. O'Connor terminated his representation of Mrs. Montgomery at the conclusion of the district court proceedings. Mr. Duchardt continued his representation of Mrs. Montgomery through proceedings on certiorari to the United States Supreme Court. Thereafter his services as counsel for Mrs. Montgomery were terminated. Though Mr.O'Connor and Mr. Duchardt have a continuing duty of loyalty to Mrs. Montgomery, neither is counsel of record in this case and neither represent her interests in the current matter.

2. Soon after appointment as counsel for Mrs. Montgomery, undersigned counsel, Lisa Nouri and Christine Blegen sought to obtain all of Mrs. Montgomery's case file in order to prepare the 2255 motion and to maintain a proper chain of custody. Mrs. Montgomery signed

releases authorizing the transfer of her files to her new counsel. Attachment A, Montgomery Release for Duchardt File and Attachment B, Montgomery Release for O'Connor File.

3. Undersigned counsel, Kelley Henry, with the Federal Public Defender of the Middle District of Tennessee (MDTN-FPD) was appointed as co-counsel on September 21, 2012 (Doc. #13). Ms. Henry immediately assigned a team from MDTN-FPD to the case including attorney, Amy Harwell, and paralegal Janet Santana. Henry, Harwell, and Santana traveled to Kansas City to meet with the local team. The file was reviewed and prepared for transfer to the MDTN-FPD offices for scanning and storage. Mrs. Montgomery's file is housed in Nashville, Tennessee.

4. Mrs. Montgomery timely filed a motion for relief from judgment under 28 U.S.C. § 2255 on March 19, 2013. (Doc. #32). Mrs. Montgomery timely amended her motion on October 1, 2013 (Doc. #71). Portions of the filing are under seal pursuant to the Order of this Court (Doc. #38). At least one supporting document is under seal pursuant to the Order of a different Court.

5. On November 25, 2013, the Government requested that the Court order trial counsel for Mrs. Montgomery to prepare affidavits in response to the Motion filed by Mrs. Montgomery (Doc. #75). Mrs. Montgomery opposed the motion (Doc. #76). This Court granted the motion (Doc. #77). Mr. Duchardt filed a motion for reconsideration on behalf of himself and Mr. O'Connor (Doc. #78). Trial counsel, David Owen, did not join in the motion. Mrs. Montgomery agreed with the motion in part (Doc. #80). The Court overruled the motion to reconsider and ordered trial counsel to prepare affidavits in response to the allegations raised by the motion by June 1, 2014. (Doc. #84).

6. On Friday, May 30, 2014, Mr. Duchardt filed a motion for extension of time until June 30, 2014 to prepare his affidavit (Doc. #85). The Motion states that it is filed on behalf of witnesses Duchardt and O'Connor. Mr. Owen is not included in the motion.

7. After filing his motion for extension of time, at 5:52 p.m., Mr. Duchardt sent an email to undersigned counsel, Christine Blegen, and AUSA Ketchmark. Attachment C. The email states:

> Good evening Ladies
>
> I trust you have received my request for extension of time, until June 30, 2014, for the filing of affidavits on behalf of me and John O'Connor. I am reviewing the materials which I have, and I think that, unquestionably, I do not have all of the items filed on behalf of Mrs. Montgomery. Particularly, all I have are the original and amended petitions (Doc. 32, 71). There appear to be a bevy of supporting documents which seem to have been filed under seal, and which I have not been supplied. I would appreciate receiving all filings so I can get this daunting task completed by June 30. Please let me know immediately if you both can accommodate this request or if I need to ask Judge Fenner for help in this regard. I look forward to hearing from both of you at your earliest conveniences.
>
> Fred.
>
> Id.

8. Ten minutes later, Ms. Blegen responded, "Fred - I am certain we can accommodate your request and provide necessary documents. Let me confer with Lisa's other attorneys on the best means of providing these materials to you." Id.

9. On Saturday, May 31, 2014 at 5:48 a.m., Mr. Duchardt sent the following email to Ms. Blegen and Ms. Ketchmark, which was copied to Ms. Nouri, Ms. Henry, and Mr. O'Connor.

> Good morning Roseann and Christine
>
> I am in the midst of the petition, and it is clear that I shall need my own, intact files to assist with my preparation of the affidavit. At the request of current Counsel for Lisa, I provided those intact files in 2012. I shall need those back immediately, intact, in order to assist with my analysis of the claims. I suspect

that John will need the same return of his files. Please let me know how soon those can be delivered back to me at my office, and to John at his office.

Fred

Attachment D.

10. Less than ninety minutes later, at 7:15 a.m., Ms. Blegen responded to Mr. Duchardt's email, "Fred - Our 2255 team will discuss your request and determine the most appropriate way to make the files available for review and get back to both you and John on Monday morning." Id.

11. At 10:19 a.m. on that same date, Mr. Duchardt filed the instant request with the Court demanding that orders be entered directing the return of his original file and Mr. O'Connor's original file.

12. Later in the day on Saturday, May 31, at 2:45 p.m., undersigned counsel, Lisa Nouri, emailed the Court the following message:

> Ms. Sova:
>
> We do not object to the motion for extension of time filed on Friday evening.
>
> We disagree with several statements made in the motion filed on Saturday morning and request an opportunity to respond until Tuesday at 5 p.m.
>
> Thanks and have a pleasant rest of your weekend.
>
> Lisa Nouri

Attachment E. Ms. Sova responded on Monday, June 2, 2014 at 8:17 a.m., that "I will pass this along to Judge." Id.

13. Later in the morning, on Monday, June 2, 2014, the Court's courtroom deputy emailed counsel Nouri and Blegen, but not Henry, indicating that, "Judge Fenner would like to

set up a telephone conference today re: Mr. Duchardt and Mr. O'Connor's request for extension of time to file affidavits (Doc. 85). Please let me know your availability today as soon as possible." Attachment F. Undersigned counsel, Henry, had been preparing a written response to Mr. Duchardt's request with the intention of filing it no later than 5:00 p.m. on Tuesday, June 3, 2014 as requested in the email sent by Ms. Nouri on Saturday. Ms. Henry was conducting interviews for an investigator in her unit from 8:00 a.m. Monday morning until 11:40 a.m. As the request for a conference call noted only a discussion of the request for an extension of time, which was not opposed by either party, it did not seem necessary to delay the call for Ms. Henry to participate.[1]

14. Ms. Nouri appeared via conference call at the Court's request to discuss the uncontroversial motion for extension of time. During that call, the Court raised Mr. Duchardt's request for the return of both his and Mr. O'Connor's original files. Mr. O'Connor did not participate in the conference call. At the conclusion of the conference call, the Court indicated that it was ordering the production of Mrs. Montgomery's original files to be delivered to the offices of Mr. Duchardt and Mr. O'Connor no later than Friday, June 6, 2014. For the reasons that follow, counsel for Mrs. Montgomery urge the Court to reconsider this ruling and propose a reasonable accommodation that will serve the Court and counsel while maintaining the integrity of Mrs. Montgomery's files and comply with Missouri law.

**<u>MOVANT'S POSITION ON THE MOTION</u>**

15. Movant is committed to assisting this Court in the adjudication of her motion in a fair, reasonable, and expeditious manner. Though Mrs. Montgomery opposed the motion to compel affidavits, and she does not waive her objections, she recognizes that the Court has

---

[1] Ms. Nouri had already informed the Court via email that there was no objection to the request for additional time. Ms. Ketchmark filed a response (Doc. #87) stating that the Government had no objection to the request for additional time.

granted the Government's motion and is willing to assist trial counsel, who are now witnesses in the instant case, in any reasonable way. Movant would note that Mr. Duchardt and Mr. O'Connor have been subject to this Court's order since December 10, 2013, and waited until two days prior to their filing deadline to make their requests for sealed documents and the return of their files. Mr. Duchardt and Mr. O'Connor have been directed to provide affidavits at the request of the Government, not Mrs. Montgomery, and in fact, over the objection of Mrs. Montgomery. It is perplexing that Mr. Duchardt has suggested that counsel for Mrs. Montgomery had an affirmative obligation to *sua sponte* provide him with copies of the sealed documents. The Government has a disc containing copies of all the sealed documents in the case. It is not clear whether Mr. Duchardt made a request of the Government, on behalf of both himself and Mr. O'Connor, to review the sealed documents prior to sending his email on Friday evening, May 30, 2014. He certainly made no such request to counsel for Mrs. Montgomery prior to the email. Thus, any delay is not attributable to counsel for Movant.

16. With respect to documents which are under seal, Movant does not oppose this court entering an order permitting the transmittal of those documents to Mr. Duchardt for the preparation of his affidavit. In fact, after receipt of Mr. Duchardt's email on Friday evening, counsel for Mrs. Montgomery had conferred, as Ms. Blegen indicated they would, and planned to provide a copy of the sealed documents on a disc via Fed Ex on Monday. Due to the nature of Mr. Duchardt's request for our client's files filed on Saturday, and the turn of events during the conference call, counsel has not had time to copy and send the disc; however, this will be done on Tuesday, June 3, 2014. Mr. O'Connor did not request these documents be provided to him.

17. With respect to Mr. Duchardt's request for the return of his original paper file and that of Mr. O'Connor's paper files, Mrs. Montgomery opposes the request, in part.[2]

18. A complete copy of all trial counsel's files were scanned at the expense of the MDTN-FPD which is co-counsel in this case.[3] The files are maintained at the offices of the MDTN-FPD in Nashville. The MDTN-FPD is willing to make the complete files of Mr. Duchardt and Mr. O'Connor available to each respectively, in a secure electronic format at no expense to either counsel or the court. An index of these files will be provided. ***The files can be saved or printed***. The electronic format is easily searchable and undersigned counsel believes that the files can be made available as early as Thursday, June 5, 2014, but no later than Friday, June 6, 2014.[4]

19. In addition, if this option is not sufficient, the MDTN-FPD is willing to pay travel expenses for Mr. O'Connor and Mr. Duchardt to Nashville, to allow them to review the original files in the offices of the MDTN-FPD. Finally, should Mr. O'Connor or Mr. Duchardt wish to review the files, but find that they cannot travel to Nashville, then the MDTN-FPD will make arrangements to transport the files to the offices of Ms. Blegen or Ms. Nouri for the witnesses' review. The latter request is extremely burdensome on the MDTN-FPD as transporting the files to Kansas City requires the files to be driven to Kansas City by staff, for staff to remain with the files, and for staff to return the files to Nashville.

---

[2] Counsel would note that Mr. Duchardt has repeatedly maintained that "everything he needed for preparation for trial was there electronically." See Doc. #71, Exhibit 19, p. 3. Mr. Duchardt represented to Ms. Nouri, "Every time I needed something, it was in the electronic copy of the files." Both of these comments refer to the electronic file created by the Kansas City Federal Public Defender's Office. Hence, Mr. Duchardt is apparently very computer savvy and appears to prefer to review and access documents electronically.

[3] Janet Santana and Tracy Pennebaker, paralegals for the MDTN-FPD, indexed the contents of each box. Once the boxes were indexed, each box was scanned into the office's software program, Summation, for coding and further organization. The software program allows the MDTN-FPD to maintain an electronic copy of the boxes as they were received in hard copy.

[4] Ms. Santana's father-in-law passed away over the weekend and the funeral is Tuesday, June 3, 2014. As Ms. Santana is the paralegal responsible for maintaining the file, her assistance is required in assuring that the complete copy of the file is uploaded.

## LEGAL ARGUMENT

20. Pursuant to Missouri law, the files in question are the property of Lisa Montgomery.

> On its face, Rule 4–1.16(d) requires lawyers whose representation of a client has terminated to protect that client's interest by returning any papers to which the client is entitled. A client is entitled to his or her files because "[t]he client's files belong to the client, not to the attorney representing the client." In re Cupples, 952 S.W.2d 226, 234 (Mo. banc 1997).

McVeigh v. Fleming, 410 S.W.3d 287, 289 (Mo. Ct. App. 2013). In McVeigh, the Court went on to hold that a trial court order that the client share the cost of duplication of the file in order for counsel to retain his own copy was error. The Court held, "the trial court erred in ordering McVeigh to pay Fleming 4 cents per page in duplication costs because **a client's file is property that belongs to the client**, a lawyer must return the client's property once representation has been terminated, and a lawyer must bear the cost of copying the file." Id. at 290. See also, Welman v. Parker, 328 S.W.3d 451, 456 (Mo. Ct. App. 2010)(same). This principle is echoed in many other jurisdictions. See In Re McCann, 2013 WL 6081455 (Tex. Crim. App. 2013); In Re: Hotels Nevada, LLC., 458 B.R. 560 (D.Nev. Bankr 2011); Putnam County v. Adams, 638 S.E. 2d 404 (Ga.App. 2006); Apa v. Qwest Corp, 402 F.Supp.2d 1247 (D. Colo. 2005); Eddy v. Fields, 18 Cal. Rptr. 3d 487 (Cal. App.2.Dist. 2004); Averill v. Cox, 761 A.2d 1083 (N.H. 2000).

21. The files created by Mr. Duchardt and Mr. O'Connor are the property of Mrs. Montgomery. Movant's counsel are in possession of Mrs. Montgomery's files with her permission. Mrs. Montgomery executed releases, Attachments A and B, directing both Mr. Duchardt and Mr. O'Connor to transfer her files to 2255 counsel in this case. There is no legal basis for requiring current counsel to return the files to Mr. Duchardt and Mr. O'Connor. Current counsel has a duty to maintain the integrity of the files and cannot discharge that duty if

compelled to relinquish the files. The Government's witnesses, Mr. Duchardt and Mr. O'Connor, no longer represent Mrs. Montgomery, they are no longer acting as agents of Mrs. Montgomery, and they do not share in the same fiduciary duty as undersigned.[5] Movant is willing to work with the Government's witnesses, Mr. Duchardt and Mr. O'Connor, by making their files available to them in an electronic format. Apparently, concern was expressed during the telephone conference about an ability to print documents from the electronic format. Undersigned counsel have verified that Mr. Duchardt and Mr. O'Connor will be able to save and print any documents they choose from the electronic version of their files.

The Court's order was entered prior to counsel for Mrs. Montgomery being afforded a meaningful opportunity to respond to Mr. Duchardt's motion. Mr. Duchardt's motion was filed on a Saturday. Normally, counsel would have had until June 19, 2014 to respond to the motion pursuant to the Court's rules. Counsel for movant, mindful of the Court's desire to keep this case moving forward, only requested two business days to respond to the request. Ms. Henry was in the midst of drafting this response when previously scheduled matters demanded her attention on Monday morning. When the Court requested a conference to discuss the requested extension of time by Mr. Duchardt, on behalf of both himself and Mr. O'Connor, counsel for Movant were not put on notice that the return of the files would be discussed. Ms. Nouri identified some of the concerns of Movant's counsel, and advised the Court that there is case law applicable to this issue; however, an oral ruling was made before this case law could be provided to the Court.

**CONCLUSION**

The urgency of the matter pending before this Court is not the fault of Movant. Movant is responsive and willing to provide Mr. Duchardt and Mr. O'Connor access to the sealed

[5] Mr. Duchardt appears to be insinuating that counsel have mismanaged the storage of the file. While counsel vigorously denies such aspersions, defending against such accusations would only be complicated by forcing Mrs. Montgomery to relinquish what is, in fact and law, her property to Mr. Duchardt and Mr. O'Connor.

documents and their file materials so that they can prepare the affidavits that were requested by the Government and Ordered by the Court. However, the Court's Order that Mrs. Montgomery's original files be produced and relinquished to Mr. Duchardt and Mr. O'Connor is contrary to Missouri law and the ethical obligations of current counsel to maintain the integrity of the trial files necessary to prove her 2255 claims.

Accordingly, Movant respectfully asks the Court to reconsider its oral ruling during the telephone conference Monday morning for the reasons outlined above.

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2014, the above-captioned document was served electronically on Roseann Ketchmark, Assistant United States Attorney representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Lisa G. Nouri*