IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY<br>Movant | ) | |
| v. | ) | Case Number 12-8001-CV-W-GAF<br>Criminal Case # 05-6002-CR-SJ-GAF |
| UNITED STATES<br>Respondent | ) | |

***<u>REQUEST FOR DETAILED CLARIFICATION OF ORDER REGARDING IMPLIED WAIVER OF PRIVILEGES (DOC. 84, P. 3)</u>***

Comes now Frederick A. Duchardt, Jr. and does hereby request from this Court certain detailed clarifications regarding its determination about the implied waiver of privileges which have occurred in this case. The grounds for this request will be set forth in the subsequent numbered subparagraphs.

1. This Court has issued the broad mandate that undersigned counsel and John O'Connor, by June 30, 2014, prepare and file "affidavits addressing Movant's allegations of ineffective assistance of counsel raised in her Section 2255 Motion" (Doc. 84, 91).

2. In an effort to facilitate the assigned task, this Court has found and ordered that "Movant impliedly waives her attorney-client privilege to the extent necessary to address all allegations of Movant's claims of ineffective assistance of counsel in her Section 2255 Motion" (Doc. 84, p. 3).

3. Undersigned counsel and Mr. O'Connor have embarked upon the assigned task. At this point in time, there are certain Petition allegations which have been identified by undersigned counsel and Mr. O'Connor for each of which proper answer necessitates consultation with other members of the defense team who worked with undersigned counsel and Mr. O'Connor to provide representation for Mrs. Montgomery. Those with whom consultation is necessary are current Federal Public Defender Office employees Stephanie Elliott, and Troy Schnack, former Federal Public Defender Office employee Ron Ninemire, and retained expert Robert Fucetola, Ph.D. Answer of certain of the allegations also necessitates obtaining of records in the possession of the Federal Public Defender Office.

4. One of the issues identified concerns complaints expressed by Dani Waller, who was employed to act as a mitigation specialist in the case. According to allegations in the petition, Ms. Waller currently claims that "she was allowed to do only minimal work on the case" (Doc. 71, p. 64), she found other members of the defense team "obstructive to the work [she] was allowed to conduct" (Doc. 71, p. 69, fn. 16), she detected "witness fatigue" in certain defense witnesses (Doc. 71, p. 140), she felt she was "iced out of the case" (Doc. 71, p. 92), and she generally found her experience in working on the case to be "frustrating" (Doc. 71, p. 71, 140). Undersigned counsel and Mr. O'Connor know for certain that, though they

perceived that Ms. Waller put forth her best efforts, she did not develop any information worthy of use at time of trial. They also know that they personally placed no restrictions upon Ms. Waller, and heard from her no expressions of anything other than admiration for the way in which the case for the defense was being orchestrated. That having been said, undersigned counsel and Mr. O'Connor realize that they were directing the defense, and therefore would be responsible for knowing if others had placed any roadblocks in the way of Ms. Waller, or if Ms. Waller expressed to other team members any disgruntlement over the conduct of the defense. It is the recollection of undersigned counsel and Mr. O'Connor, and it is admitted by Ms. Waller (Doc. 71, p. 69, fn. 16), that Ms. Waller worked very closely with Ron Ninemire. Thus, undersigned counsel and Mr. O'Connor wish to inquire of Mr. Ninemire if anything untoward had happened with respect to Ms. Waller's work or attitude. Also, because contract and payment for Ms. Waller's services were handled by the Federal Public Defender's Office, that documentation would provide indication of whether Ms. Waller was unduly restricted by way of some sort of unfair limitation of funding for her work. Therefore, in order to answer these claims, it would be necessary for undersigned counsel and Mr. O'Connor to discuss the matter with Mr. Ninemire and to have the records regarding contract and payment for Ms. Waller's services.

5. Another of the issues identified concerns complaints by Dr. George

Woods, M.D. regarding his perception that necessary neuropsychological testing of Mrs. Montgomery was not conducted, and that Dr. Robert Fucetola, Ph.D., the expert actually employed to conduct neuropsychological testing, "recognized the limitations of his battery" (Doc. 71, p. 132). Undersigned counsel never detected in his consultations with Dr. Fucetola or his review of Dr. Fucetola's reports any belief that additional neuropsychological testing was in order, particularly in light of the fact that extensive brain imaging followed up the neuropsychological testing. However, in light of Dr. Woods' professed expertise and opinions, it would be prudent for undersigned counsel to directly inquire of Dr. Fucetola if there were any significant "limitations" in the overall testing of Ms. Montgomery which was actually conducted. It is therefore the intention of undersigned counsel to put these questions to Dr. Fucetola.

6. Yet another of the issues identified concerns alleged failure to provide "proper materials" to Dr. William Logan, M.D. making it such that Dr. Logan "could not properly diagnose Mrs. Montgomery" (Doc. 71, p. 61). It is further reported that Dr. Logan himself complains about wanting "much more information" than what he was provided (Doc. 71, p. 87), specifically complaining about not receiving information about "Mrs. Montgomery's computer use" and particularly "deletions in her internet history" for which he felt "unprepared" upon cross-examination (Doc. 71, p. 88). Letters which undersigned counsel authored to

Dr. Logan refer to Dr. Logan being provided all of the raw data pertaining to the case. As well, undersigned counsel recalls that summaries of computer usage were not completed by Public Defender Office computer expert Troy Schnack until near to the time of trial, but that once those summaries of the computer usage were completed, they were provided to experts, including Dr. Logan. The recollection of undersigned counsel seems to be supported by the fact that Dr. Ramachandran showed his familiarity with the raw data, including the raw computer data, in answering the same sorts of questions for which Dr. Logan felt he was "unprepared" (Doc. 71, p. 88). Additional support for this recollection may be available through Stephanie Elliott and Troy Schnack. Mr. Schnack actually prepared the usage summaries and Mrs. Elliott assisted with providing copies of materials to team members, including experts. It would be the intention of undersigned counsel to inquire of Mr. Schnack and Mrs. Elliott regarding these matters.

7. Work on affidavits is ongoing, and it is anticipated that additional issues will be identified requiring, in the future, consultation with members of the defense team and resort to other records.

8. In light of this Court's determination that Mrs. Montgomery's privileges have been waived "to the extent necessary to address ALL (emphasis added) allegations of Movant's claims of ineffective assistance of counsel in her Section

2255 Motion", undersigned counsel sought cooperation from current Counsel for Mrs. Montgomery with respect to the requests for team contact and records revelation. Yesterday, current Counsel for Mrs. Montgomery responded to the requests as follows.

> Over our objection you and John have been ordered to produce an affidavit which is to be based on your own personal recollections of your involvement in the case. Nothing in the Court's order authorizes you to interview witnesses or conduct an independent investigation. Our position is that if you were to engage in such interviews it would constitute tampering with the witnesses' memory. To be clear, this applies to all witnesses, including the expert witnesses. We do not waive Lisa's privilege with respect to Dr. Fucetola or any other expert witness.

9. Undersigned counsel has also communicated to Federal Public Defender Laine Cardarella that, in light of this Court's broad determination upon the issue of waiver, it would be his intention to interview her current and former staff and have from her certain records maintained by her office. Mrs. Cardarella has communicated to undersigned counsel that she perceives the Court's order to not apply to her and her staff, and that she therefore will not comply with any requests of the sort posed by undersigned counsel without a particularized Court order directed to her and her staff.

10. Undersigned counsel is admittedly at a loss to reconcile what seems to be the clear, broad wording of the Court's order with the narrow interpretations of that order ventured by current Counsel for Mrs. Montgomery and the Federal Public Defender. Nevertheless, impeded the objections which have been raised,

undersigned counsel requests that this Court issue a followup order clarifying matters. First, undersigned counsel requests that this Court particularly clarify that its broad finding of waiver includes the matters mentioned in subparagraphs 4, 5, and 6 above. Second, undersigned counsel requests that this Court order that current Counsel for Mrs. Montgomery make available Dr. Robert Fucetola, Ph.D. for the sort of interview outlined in subparagraph 5, and that current Counsel for Mrs. Montgomery and Federal Public Defender Laine Cardarella make available for interview current and former Public Defender staff and produce certain Public Defender records, all as delineated under subparagraphs 4 and 6 of this motion. Third, undersigned counsel requests that this Court broadly confirm that the Court's order is just as broad as the plain English meaning of its wording would imply, and not as narrow as interpreted by current Counsel for Mrs. Montgomery. The latter clarification is requested because of the high likelihood that additional requests of the sort made here will come as preparation of the affidavits continues.

WHEREFORE, it is prayed that this Honorable Court make certain detailed clarifications regarding its determination about the implied waiver of privileges which have occurred in this case.

Respectfully submitted

//s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.
Mo.Bar Enrollment Number 28868
P.O. Box 216
Trimble MO 64492
Phone: 816-213-0782
Fax: 816-635-5155
e-mail: fduchardt@yahoo.com

## ***CERTIFICATE OF SERVICE***

I hereby certify that a copy of the foregoing was provided to the following

Roseann Ketchmark
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 E. 9th St., Fifth Floor
Kansas City, MO 64106
Roseann.ketchmark@usdoj.gov

Christine Blegen
230 SW Main St., Suite 217
Lees Summit MO 64063
Christine@blegenlawfirm.com

/s/Frederick A. Duchardt, Jr.
FREDERICK A. DUCHARDT, JR.