IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| *Movant,* | ) | |
| | ) | |
| v. | ) | Case No. 12-8001-CV-W-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent.* | ) | |

<u>MOVANT'S SUGGESTIONS IN OPPOSITION TO FREDERICK A. DUCHARDT, JR.'S REQUEST FOR DETAILED CLARIFICATION OF ORDER REGARDING IMPLIED WAIVER OF PRIVILEGES AND MOTION FOR PROTECTIVE ORDER</u>

COMES NOW Movant, Lisa M. Montgomery, by and through undersigned counsel, and submits the following Suggestions in Opposition to Frederick A. Duchardt, Jr.'s "Request for Detailed Clarification of Order Regarding Implied Waiver of Privileges" (Doc. #96).[1] As an initial matter, Movant filed a Motion for Extension of Time (Doc. No. 98) asking to have until 5:00 p.m. on Tuesday, June 17, 2014 to file Suggestions in Opposition to Mr. Duchardt's Request. Pursuant to the Local Rules, Mrs. Montgomery would ordinarily have through June 25, 2014 to respond. Based upon the Court's e-mail on Friday, June 13, 2014, directing that any response be filed by 8:00 a.m. on Monday, June 16, 2014, and the absence of a ruling on the Motion for Extension of Time, Movant is filing these Suggestions in Opposition in compliance with the Court's e-mailed directive; however, Movant anticipates having an affidavit that further supports her position by Tuesday, June 17, 2014, and would

[1] It should be noted that Mr. Duchardt purports to be filing motions on behalf of himself and Mr. John O'Connor. It is unclear if Mr. Duchardt is acting as Mr. O'Connor's attorney. Such an attorney/client relationship would be wholly improper as discussed more fully below.

renew her request for an extension of time and leave to file a brief supplement to these Suggestions in Opposition by 5:00 p.m. on Tuesday, June 17, 2014.

## I. Background

1. On November 25, 2013, the Government sought an Order from this Court compelling Mr. Duchardt and Mr. O'Connor to provide affidavits to assist the Government in responding to Mrs. Montgomery's pending 2255 Petition after both Mr. Duchardt and Mr. O'Connor initially declined to provide such affidavits (*See* Doc. No. 75). The Court granted the Government's motion, over Mrs. Montgomery's objection (Doc. No. 76), on December 10, 2013 (Doc. No. 77).

2. On December 27, 2013, Mr. Duchardt filed a Request for Reconsideration of the Court's December 10, 2013 Order (Doc. No. 78). After renewing his request to be deposed in lieu of being required to prepare an affidavit, Mr. Duchardt stated:

> In the alternative, it is prayed that, to the extent this Court believes that affidavits should be prepared as the means of discovery, ***that such affidavits be limited to answering of written questions propounded by Counsel for the government***, with those written questions culled in advance by proper objections interposed by Counsel for Mrs. Montgomery.

(Emphasis added).

3. In response to Mr. Duchardt's Request for Reconsideration, the Government acknowledged that it had emailed Mr. Duchardt and Mr. O'Connor a list of 81 questions (Doc. No. 79, Fn. 1).

4. Mr. Duchardt filed a Reply brief on January 10, 2014 (Doc. No. 81). In that brief, Mr. Duchardt complained that "preparation of the sort of all-encompassing response to Mrs. Montgomery's petition requested by the government puts former counsel into the position of having to do the work of the government, a Herculean task, requiring

overwhelming factual and legal research and writing" (citing Doc. No. 78, his own prior filing). Mr. Duchardt went on to state that if "the government's current position is that it only wishes answers to the 81 questions it has propounded, that is a major step in the direction" he had suggested as many "of the questions could be answered with a simple yes or no . . . ." (Doc. No. 81, p. 2-3). In fact, Mr. Duchardt asked the Court to order that the "affidavits be limited to answering of written questions propounded by Counsel for the government" (Doc. No. 81, p. 7). Finally, Mr. Duchardt requested a finding that Mrs. Montgomery had explicitly waived her attorney-client and work product privileges (Doc. No. 81, p. 3, 7).

5. The Court issued an Order on January 17, 2014 (Doc. No. 84, p. 3) denying Mr. Duchardt's Motion for Reconsideration and finding that Mrs. Montgomery had "impliedly waive[d] her attorney-client privilege ***to the extent necessary*** to address all allegations of Movant's claims of ineffective assistance of counsel in her §2255 Motion." (Emphasis added).

## II. Mr. Duchardt's Current Request

After initially seeking to limit the scope of his affidavit, Mr. Duchardt has returned to the Court seeking "certain detailed clarifications regarding [the Court's] determination about the implied waiver of privileges which have occurred in this case." (Doc. No. 96). In sum, Mr. Duchardt, now in the role of a witness in the 2255 proceedings, is seeking a Court ruling that would allow him to interview other witnesses in the case in an effort to attack Mrs. Montgomery's 2255 Petition. Notably, Mr. Duchardt does not claim a failed memory on his part, or on the part of Mr. O'Connor. Rather, as discussed more fully below, Mr. Duchardt seeks to interview witnesses in an effort to affirmatively attack Mrs. Montgomery's 2255 claims.

Mr. Duchardt's motion is itself in direct opposition to the ethical and legal obligations of a client's former counsel, even where claims of ineffective assistance of counsel have been raised in a habeas petition. In a 2255 proceeding, when a former client raises claims of ineffective assistance of counsel, the client "ordinarily waives the attorney-client privilege with regard to some otherwise privileged information;" however, "that information is still protected by Model Rule 1.6(a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies." *See* American Bar Association Formal Opinion 10-456 (July 14, 2010). Further, "[u]nder Rule 1.6(b)(5), a lawyer may disclose information protected by the rule ***only if the lawyer 'reasonably believes [it is] necessary' to do so in the lawyer's self-defense.*** The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel." *Id*. (Emphasis added).

American Bar Association Formal Opinion 10-456 states "if a lawyer is called *as a witness* in a deposition, hearing, or other formal judicial proceeding, the lawyer may disclose information protected by Rule 1.6(a) only if the court requires the lawyer to do so *after adjudicating any claims of privilege or other objections raised by the client or former client*." (P. 2, emphasis added). In addition, the "criminal defendant may be able to make non-frivolous objection to the trial lawyer's disclosures even though the ineffective assistance of counsel claim ordinarily waives the attorney-client privilege and work product protection with regard to otherwise privileged communications and protected work product relevant to the claim." *Id.* This is the reason that counsel for Mrs. Montgomery supported Mr. Duchardt's request that his testimony be taken in a deposition with counsel for both parties present.

The ABA has recognized that "[w]hen a former client calls the lawyer's representation into question by making an ineffective assistance of counsel claim, the first two clauses of Rule 1.6(b)(5) [the "self-defense exception"] do not apply. The lawyer may not respond in order 'to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client,' because *the legal controversy is not between the client and the lawyer.*" *Id.* p. 4 (emphasis added). Rather, where ineffective assistance of counsel claims are raised, an attorney "may respond to the allegations only insofar as the lawyer reasonably believes it is *necessary* to do so." *Id.* p. 4 (emphasis in original). "It is not enough that the lawyer genuinely believes the particular disclosure is necessary; the lawyer's belief must be objectively reasonable." *Id.*

In fact, the "Comment explaining Rule 1.6(b)(5) cautions lawyers to take steps to limit 'access to the information to the tribunal or other persons having a need to know it' and to seek 'appropriate protective orders or other arrangements . . . to the fullest extent practicable.'" *Id.* "Judicial decisions addressing the necessity for disclosure under the self-defense exception to the attorney-client privilege recognize that when there is a legitimate need for the lawyer to present a defense, the lawyer may not disclose all the information relating to the representation, but only particular information that reasonably must be disclosed to avoid adverse legal consequences." *Id.* In other words, former counsel are obligated to seek to limit any perceived waiver of the attorney-client privilege, not to actively seek to broaden the waiver as Mr. Duchardt has done in his current request. Mr. Duchardt has an on-going duty of loyalty to Mrs. Montgomery and should disclose only information that is necessary to respond to the allegations of ineffective assistance of counsel against him in the Amended Petition.[2]

[2] Mr. Duchardt's affidavit should not discuss claims that do not pertain to his representation of Mrs. Montgomery nor should he be filing a joint response on behalf of himself and Mr. O'Connor as each was directed to provide an affidavit.

Based upon Mr. Duchardt's current request to the Court, counsel for Mrs. Montgomery have become concerned about the scope of the affidavit Mr. Duchardt intends to provide to the Government in these proceedings. In keeping with the ABA Guidelines, this Court has found that Mrs. Montgomery waived her attorney-client privilege "to the extent necessary to address all allegations of Movant's claims of ineffective assistance of counsel." (Doc. No. 84, p. 3). Counsel for Mrs. Montgomery interpret that ruling as directing Mr. Duchardt and Mr. O'Connor to separately and individually draft affidavits responding to the allegations of ineffective assistance directed at each of them. The Order does not suggest that either Mr. Duchardt or Mr. O'Connor should take on the "preparation of [an] all-encompassing response to Mrs. Montgomery's petition . . . that [would] put former counsel into the position of having to do the work of the government, a Herculean task, requiring overwhelming factual and legal research and writing" (quoting Doc. No. 78 submitted by Mr. Duchardt). Yet, Mr. Duchardt has returned to the Court seeking a ruling that Mrs. Montgomery has waived her privileges to such an extent that Mr. Duchardt, now in the role of a witness in the case, should be able to interview other witnesses relevant to the claims raised in the Amended Petition filed by Mrs. Montgomery.

To address Mr. Duchardt's motion specifically, he claims that the allegations in the Amended Petition "necessitate[] consultation with other members of the defense team." (Doc. No. 96, p. 2). Yet, in paragraph 4 of his Request, Mr. Duchardt is able to provide both his and Mr. O'Connor's memories pertaining to their working relationship with mitigation specialist Dani Waller.[3] Mr. Duchardt goes on to request that he and Mr. O'Connor be permitted to interview former Federal Public Defender employee Ron Ninemire about Mr. Ninemire's

[3] Again, it is unclear why Mr. Duchardt purports to be acting on behalf of himself and Mr. O'Connor or why they appear to be collaborating on their affidavits. Mr. Duchardt and Mr. O'Connor took on different roles in the representation of Mrs. Montgomery at trial. Each of these attorneys should be working on an independent affidavit.

working relationship with Ms. Waller and whether Mr. Ninemire "placed any roadblocks in the way of Ms. Waller". Similarly, Mr. Duchardt seeks access to the Federal Public Defender's records and Ms. Waller's contract and payment records.

As Mr. Duchardt is able to give his own memories, as well as Mr. O'Connor's, pertaining to their working relationship with Ms. Waller at the beginning of paragraph 4, it is unclear why any such interview or record review is necessary. It is not relevant to any claim of ineffective assistance of counsel against either Mr. Duchardt or Mr. O'Connor for Mr. Duchardt to now determine whether Mr. Ninemire "placed any roadblocks in the way of Ms. Waller" or "if anything untoward . . . happened with respect to Ms. Waller's work or attitude" (Doc. No. 96, p. 3). Mr. Ninemire is a witness in this proceeding. If he is to be interviewed about his working relationship with Ms. Waller, such an interview should be conducted by the parties to the litigation, not another witness.

More problematic is the matter of how Mr. Duchardt intends to present Mr. Ninemire's testimony, as well as that of the other witnesses identified in his Request, if the Court allows him to begin conducting interviews of material witnesses in this 2255 proceeding. If Mr. Duchardt merely includes his version of the interview in his affidavit, it will be hearsay. Is Mr. Duchardt intending to obtain witness declarations and attach them to his affidavit? This approach runs directly contrary to Rule 1.6(b)(5) and the ABA Guidelines. Rather than limiting the information to be disclosed, Mr. Duchardt, a witness, is seeking to expand the record in this case by conducting interviews of other witnesses and, presumably, presenting their testimony to the Court.

Similarly, it is not relevant to any claim of ineffective assistance of counsel for Mr. Duchardt to review Ms. Waller's contract or payment records. Mr. Duchardt is not alleging in

his Request that there were matters he asked Ms. Waller to investigate or tasks he asked her to perform that she refused to do based upon her contract or a limitation on her work hours. Mr. Duchardt appears to be attempting to find hindsight justifications for his failure to utilize Ms. Waller's services as a mitigation specialist rather than simply responding to the allegations in the Amended Petition based upon his own memories.

The information identified as subjects for investigation in Mr. Duchardt's Request bears no relevance to what Mr. Duchardt knew at the time of trial and, therefore, could have had no impact on his decision-making or trial strategy as Mrs. Montgomery's attorney. Mr. Duchardt has been asked to draft an affidavit based upon his personal knowledge. He has not been asked to interview witnesses to see if they corroborate or dispute his recollection of events. Nor for that matter has he been asked to engage in any legal research and writing. If there are factual disputes between members of the defense team, who are now witnesses for the purpose of the habeas litigation, then the existence of such factual disputes supports Mrs. Mongomery's request for a hearing.

Next, in paragraph 5, with regard to Dr. Robert Fucetola, Mr. Duchardt is again able to give his version of his interactions with Dr. Fucetola during the pendency of the criminal case (Doc. 96, p. 4). Yet, based upon an affidavit submitted by one of Mrs. Montgomery's expert witnesses, Mr. Duchardt wants to interview Dr. Fucetola about his testing of Mrs. Montgomery at the time of trial. Again, Mr. Duchardt does not claim a failed memory with respect to Dr. Fucetola's testing or their interactions at the time of trial. Mr. Duchardt is in possession of Dr. Fucetola's report. By definition, anything Mr. Duchardt could learn now would not be relevant to what Mr. Duchardt knew at the time of trial. Furthermore, Dr. Fucetola has a separate ethical obligation to Mrs. Montgomery via-á-vis his role as a physician. If any additional testimony is

needed from Dr. Fucetola in order for the Court to resolve a claim of ineffective assistance of counsel, it should be obtained at an evidentiary hearing or, at a minimum, by one of the parties in the case, not by Mr. Duchardt in an *ex parte* interview.

In paragraph 6, Mr. Duchardt is able to provide his memories regarding the information provided to Dr. William Logan, M.D. as well as his own memories as to when "summaries of computer usage were" completed by Troy Schnack, an employee of the Federal Public Defender's Office, and provided to the defense experts. Mr. Duchardt believes that additional support for his version of the facts may be available through Stephanie Elliott, another employee of the Federal Public Defender's Office, and Mr. Schnack. Again, Mr. Duchardt is not the appropriate person to be interviewing these witnesses. The very tone of Mr. Duchardt's Request indicates that he is not seeking to provide only the information reasonably necessary to respond to the allegations of ineffective assistance of counsel, but rather that he intends to take on the Herculean task of doing the Government's work. This approach is contrary to Rule 1.65 and the ABA Guidelines discussed above.

In paragraph 7, Mr. Duchardt states that since work on his affidavit is on-going, he anticipates that additional issues will be identified that will require him to "consult" with other members of the defense team. Again, it is improper for Mr. Duchardt to be interviewing other witnesses in the case to rally support for his version of the facts relating to his defense of Mrs. Montgomery.

In addition, Mr. Duchardt's request ignores the fact that even if this Court finds that Mrs. Montgomery has waived her privileges to such an extent that a third party witness, Mr. Duchardt, should be allowed to interview other witnesses and somehow present their testimony to this Court, the order could not obligate those witnesses to submit to voluntary interviews by Mr.

Duchardt. Each of the witnesses identified by Mr. Duchardt, as well as other witnesses, has the right to decline an interview. These particular witnesses identified in the current Request have their own ethical duty of confidentiality to Mrs. Montgomery. The duty to keep client confidences is broader than the limited evidentiary privilege. The attorney-client privilege protects communications between attorney and client from disclosure in a legal proceeding. While an attorney may divulge certain communications in a court proceeding, the extent of the disclosures must be limited. Here, Mr. Duchardt is seeking extrajudicial, *ex parte*, inerviews with witnesses who have an ethical duty to resist disclosures of client confidences. The Court is without authority to order them to breach their ethical duty.

As Mr. Duchardt has sought the Court's intervention and clarification, counsel for Mrs. Montgomery would also ask the Court to clarify that Mr. Duchardt is not being directed to respond to "ALL allegations" (Mr. Duchardt's emphasis at page 5) in the Amended Petition, as he seems to believe, but only to the allegations pertaining to ***his*** representation of Mrs. Montgomery. While he may be permitted to defend himself against the allegations of ineffective assistance of counsel directed at him, the self-defense exception set forth in Rule 1.6(b)(5) does not empower Mr. Duchardt in any other manner. He should not be conducting interviews to resolve what he perceives as disputed facts in this case. Every fact set forth in Mrs. Montgomery's Amended Petition was supported by a citation to the record in the case or a witness declaration. If Mr. Duchardt has a different recollection of the events that transpired during the representation, then he should disclose them to the extent reasonably necessary to defend himself with respect to the claims of ineffective assistance of counsel and no more. Attempts to augment his own memory, or that of others, only hinders the adjudication of Mrs. Montgomery's Amended Petition as this Court will be placed in the position of trying to parse

what Mr. Duchardt knew at the time of trial from what was learned later in Mr. Duchardt's independent investigation.

Mr. Duchardt has been directed to provide an affidavit, over Mrs. Montgomery's objection, responding to the allegations of ineffective assistance of counsel in the Amended Petition that pertain only to his representation of Mrs. Montgomery. According to the Government, David Owen was able to complete this task by January 8, 2014, in 21 pages and without the need to interview witnesses or conduct an independent investigation (Doc. No. 79, ¶ 5). Mr. Duchardt and Mr. O'Connor have had over six months to provide affidavits. After seeking another extension of time based upon their existing workloads, Mr. Duchardt now wants to launch an independent investigation, and apparently provide an affidavit that includes legal research and writing, rather than simply providing an affidavit outlining his version of events in representing Mrs. Montgomery at trial and on appeal.

Mr. Duchardt has already been the subject of criticism for the extensive "adversarial briefing" he filed in the 2255 proceeding pertaining to Wesley Ira Purkey. *See* Motivation Matters: Guideline 10.13 and Other Mechanisms for Preventing Lawyers From Surrendering to Self-Interest in Responding to Allegations of Ineffective Assistance in Death Penalty Cases, Tigran W. Eldred, 42 Hofstra L. Rev. 473 (Winter 2013). "Instead of filing a limited affidavit, narrowly tailored to the allegations in the petition for habeas corpus, the lawyer filed an extensive 117-page affidavit that, according to Purkey, far exceeded the allegations in dispute. Even more remarkably, twenty-five pages of the affidavit were dedicated to legal analysis, including extensive citation of legal authority arguing why the lawyer's conduct was not constitutionally defective." *Id*. at p. 1. Such an action is not in keeping with the continuing obligations Mr. Duchardt owes to Lisa Montgomery. *See Id.*

In light of Mr. Duchardt's current Request, counsel for Mrs. Montgomery move for a Protective Order directing Mr. Duchardt to refrain from interviewing witnesses in this case and to provide his affidavit to counsel for Mrs. Montgomery prior to disclosing it to the Government. For the reasons stated above, Mr. Duchardt should not be permitted to conduct interviews and include hearsay in his affidavit or to attach witness statements to his affidavit. In addition, given that Mrs. Montgomery's action in filing a 2255 action has not waived the attorney-client privilege except to the limited extent necessary for Mr. Duchardt and Mr. O'Connor to respond to the allegations of ineffective assistance of counsel against them, counsel for Mrs. Montgomery request an opportunity to review the affidavits of Mr. Duchardt and Mr. O'Connor and interpose objections prior to the affidavits being disclosed to the Government. "Permitting disclosure of client confidential information outside court-supervised proceedings undermines important interests protected by the confidentiality rule. Because the extent of trial counsel's disclosure to the prosecution would be unsupervised by the court, there would be a risk that trial counsel would disclose information that could not ultimately be disclosed in the adjudicative proceeding. Disclosure of such information might prejudice the defendant in the event of a retrial." ABA Formal Opinion 10-456, p. 5. Therefore, counsel for Mrs. Montgomery ask the Court to Order Mr. Duchardt and Mr. O'Connor to provide their affidavits to counsel for Mrs. Montgomery prior to disclosure to the Government.

Finally, on Friday, June 13, 2014, Mr. Duchardt sent an email to counsel for Mrs. Montgomery and counsel for the Government requesting a copy of David Owen's affidavit. Counsel assumes Mr. Duchardt is referring to the affidavit that was provided to the Government on January 8, 2014. Undersigned counsel objects to Mr. Duchardt reviewing the affidavit of

David Owen prior to preparing his own affidavit. Each witness statement should be based on the witness' own memories.

Along those lines, undersigned counsel are increasingly concerned that Mr. Duchardt appears to be litigating on behalf of both himself and Mr. O'Connor. Mr. Duchardt has filed pleadings purporting to be filing on behalf of both himself and Mr. O'Connor, yet Mr. O'Connor's name does not appear in the signature block of any of these pleadings. While Mr. Duchardt is identified as an "interested party" on the Court's Docket Sheet, Mr. O'Connor is not and therefore does not receive ECF notices when documents are filed in this case. It appears that Mr. Duchardt does email Mr. O'Connor courtesy copies of the filings, but Mr. O'Connor was not included on the telephone conference request from the Court or on the actual telephone conference pertaining to Mr. Duchardt's motion for the return of his files (and Mr. O'Connor's files). As it is clear from the record that Mr. Duchardt and Mr. O'Connor took on different roles in the defense of Mrs. Montgomery, each should be preparing his own affidavit responding to the allegations of ineffective assistance of counsel in the Amended Petition as did Mr. Owen back in January. In an abundance of caution, due to Mr. Duchardt's apparent litigation on behalf of Mr. O'Connor, counsel for Mrs. Montgomery request a Court Order clarifying that each attorney should be drafting his own affidavit in response to the Amended Petition.

Accordingly, for the reasons stated above, Movant Lisa Montgomery respectfully requests that the Court deny Mr. Duchardt's "Request" (Doc. No. 96). It is further requested that the Court enter a Protective Order prohibiting Mr. Duchardt from interviewing witnesses in this case for the purpose of investigating to discover facts not known to him at the time of trial or substantiating his own position on disputed facts in this case. It is further requested that in light of the Court's Order that Mr. Duchardt and Mr. O'Connor are to provide affidavits to the

Government, over Mrs. Montgomery's objection, the Court enter an Order clarifying that Mr. Duchardt and Mr. O'Connor are each to prepare their own affidavits, based on their own memories and recollection of events, to the extent permitted by Rule 1.6(b)(5) and the ABA Guidelines.

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2014, the above-captioned document was served electronically on Roseann Ketchmark, Assistant United States Attorney, representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Christine M. Blegen*