# Cynthia's notes

5-6-13 Interview w/ Judge Maughmer

- off the record, no transcript
- Lisa leads interview

- How did you become aware there was a problem?
  - D.O. stopped by & alerted him to problems w/ Judy Clarke
  - Ø remember details just general terms
  - stopped by Chambers
  - no notes re: meeting
  - judge Ø remember if it was (Mon April 17) — Lisa's date (showed blank calendar)
  - "friction, problems" between FPD & Clark
  - Conrad Ø present
  - Ø remember if he told judge Fen

April 20 - 3 days later

- Judge Fenn invited him
- typically arrive before other folks do

- but Ø remember if he arrived early
- Fen said he was there to discuss "representation team"
- Ø remember if asked opinion by J. Fen
- Ray spoke primarily on FPD's behalf
  - David present
  ↳ break ↓ of relationship between Client & FPD

↳ Ø rem details, general description of friction
  ↳ Ø discuss source; just that there was friction
  ↳ "team Ø going to work"
    - not about competence, abusive, but Ø rem details

↳ J. Fen. Ø say much of anything
  ↳ Ø remember, but doubts the decision was made then & there
  ↳ would not expect that it was

↳ typical meeting, Fen & Ray discuss

- they agreed there was an irrevocable breakdown

↳ not in anyone's interest to move forward w/ current team

↳ as matter of practice local lawyers are kept (in all cases)

↳ different funding time than today — not an issue then

↳ Susan ∅ there

↳ the issue ∅ motive Susan FPD v. Judy Clarke

- no input from Δ, Clarke or Hunt

↳ Mauger — "it was an issue for court to determine"

↳ ∅ remember David saying anything, Kay spoke, Ted

↳ Fen. reaction → ∅ recall

↳ ∅ rem if Fen told them to work it out or not

- no complaints from USAO/AUSAS
- Maugh. Ø have any opinion on J.C.
- no emails from FPDs office re JC
- aware when J. Fenn appted her
  - ↳ I think FPDs office made request b/c of her specific skills
  - ↳ J. Fen had reservations about bringing in counsel from out of area
    - ↳ typical response from judges in district

Relates Hyatt case — J. Wright wanted all local counsel

- not common, but not atypical for district court judges to have ex parte meeting w/ counsel
  - ↳ novelty
- Maugh. knew Anita ~~was~~ w/drew but only heard through grapevine

2006 - May 1 — } Ø recall & Ø
- May 3 — } appeal on his schedule

- was present for meeting where Hunt & Owen in conflict
  ↳ Ø remember if he was a part of decision

↳ He & Fen thought status of representation was a "mess" & they were "disappointed"
  ↳ Ø recall if $ being an issue was ever factored in
  ↳ although early on in case, FPD was appt'ed b/c of resources
    ↳ but not discussed @ time of new appointment

- J. Fen called told him about ECF filing
  ↳ Haughwout remembered he was there & suggested he help

- Ø spoken to Ray, Susan, David or anyone else
- Ø talked to any other judges except Larsen & Hays that he would be accepted
- Lisa wants to talk w/ Ray & David again
- Ø remember how J. Fenner called CLA
- Ray blackballs Susan from getting any future appointment; judges make it difficult to get any appt
- "never" saw such a mess of attorneys → disappointed
- 15-20 min — April 20th
- Ø remember any after Apr. 20 ever speaking w/ S. Hunt

[illegible]

- S.H. disappointed w/ situation
  - ↳ felt badly about circumstance
  - ↳ no memory of S.
  - ↳ based on conversation w/ Susan before & after
- Ø know she was in town TC — on April 20th
- not present for hearing on 21st
- Ø remember April 25th hearing

- present also on May 3

*Amy Harwell, Nash, TN    *Kelly Henry Cap. Habeas Unit

Motion to Reassign - Hearing

- J. Fenner -
  - Comment about J. Carrie being unproductive
  - Fen words, not Owen
  - Fen meant that defense team ∅ be productive b/c of J. Clark
  - misstatement: "only appted for plea"; this was only one of the arguments & her role was not limited
- Surprised alleged FPD & Owen committed a fraud on the court; unethical conduct
- obvious on record - defense team ∅ not work together
- no one pushed Fen to do anything
  - → team ∅ able to work together
  - → FPDs office ∅ work w/ Clarke

~~#6~~ off the record ex parte ??
meetings

- Rt to counsel, not Rt to particular counsel

- Oct. 2005 – discussion to admit J. Clark on case
  - J. Fenn reluctant to appoint J. Clark
    - → Fen resp: wants to appt local counsel – this is a case of point

- Apr. 17 – D. Owen went & spoke to J. Maughmer

- Apr. 26 – phone call from Ray Conrad to judge
  - → Fen resp: wanted to talk to him about problems in the case

- Apr. 20 – meeting w/ judge Maughmer, Conrad & Owen

- J. Fen: "wanted to resolve dissatisfaction"

- Apr. 25th – Owen, Hunt, Fenner
Conrad after JC was
taken off the case
- Apr. 25th – transcript meeting
part where transcript
goes "off the record"

Fen: – personality issues
– not functioning as a team, FPDs
office, by J.G.
deeply offended

May 1 – Ray Conrad & Owen comes
back to him Re: Hunt
complaining

May 3 – transcript

Fen: no one suggested I do
anything off the record that
was on the record

↳ no one sought to
✱ exclude someone; all
✱ recognized that there
was a problem & they
needed to [illegible]

Fen: hasn't spoken to Ray about it
but probably offended by you

Lisa - 15 min is a long time to talk
about break down in
Communication

Fen: - the govt is paying you to do
all of this, what is
the good faith basis of all
of this

Lisa - wants to know if D.O.
was instigator of all of
this

Fen - not a question of how
well FPDs office

Gonzales v. Lopez - Client's
right to counsel
- Lisa - maintained case should be
reassigned
"it's obvious it's not"

Fen - "my only concern was the
dysfunctional relationship
between counsel"

Fer: "accusing people of unethical behavior" — you have no facts to support your accusation

[illegible]

Lisa — D.O. blamed Ray Conrad

Roseann Re: J. Maughmer

- Apr. 20 meeting lasting 15-20 min
- nothing inconsistent w/ transcripts
- funding ∅ an issue
- local counsel — preference in courthouse
- Maughmer believes he was also present on May 3
- FPDs wanted J. Clark brought in in the first place
- before Apr. 20th (17th) mentioned there were problems (no details)
- invited Fen. to chambers on Apr. 20th
- communication in relationships
- comfort level
- not atypical for lawyers to come in & seek guidance
- he notified being in that meeting

Kelly –

– She counseled Lisa

– 2255 statute of limitations
March 19th of this year

– fraud — Owen lied to Fenn
→ expert contracts

– if the court was lead to believe that was the only option – not true

↳ Fen: Ø feel only option

– Fen – "What do you think about accusing attorneys of unethical behavior

↳ they were all unproductive

– evidence that J. Clark was productive

Weili

Maughmer — Cannons of Ethics
↳ not on the record

Judge — my decision

Both { · Craig's List
 { · Backpage

- 5 ads — KCPD draft, circulate to me FBI
- record
- non descript Screenname
- emails, phone # in, recorded telephone
- Redbridge & Oak — 435 & Holmes
  ~~Hotel~~ — Apt. (video) =
  ~~Hotel~~ ~~[illegible]~~,
  ~~[illegible]~~
- Video
- one female victim, w/ one pimp
  → KCPD informants in nothing less than a swimsuits
- black eye, casino
- Becky & Greg → on calls
- May 28th — Tues — Thurs.
  ↓ 11am → early FRI Morn.
- ads by Thurs. 5/9 no sure down
- pictures — week and half