IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| *Defendant/Movant,* | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-8001-SJ-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff/Respondent.* | ) | |

**MOVANT'S COURT-ORDERED RESPONSE TO DISCOVERY REQUESTS MADE BY A NON-PARTY**

Lisa M. Montgomery, through undersigned counsel, in compliance with the Court's Order of June 23, 2014, ordering a response to the discovery requests of Frederick Duchardt, who is not a party to this case, states the following:

## I. PROCEDURAL HISTORY

Mrs. Montgomery's Response to the Court Order and to Mr. Duchardt's emailed discovery requests must be understood against the backdrop of the procedural history outlined below and within the contours of the pending writ proceeding. In Re: Lisa Montgomery, No. 14-2437. A copy of the Emergency Motion to Stay is attached as Exhibit A to this Motion.

Mrs. Montgomery timely filed her Motion to Set Aside or Correct the Judgment under 28 USC §2255. Prior to filing an answer, the Government requested that all trial counsel provide affidavits in response to the allegations of ineffective assistance of counsel (Doc. 75). Mrs. Montgomery opposed the procedure suggested by the Government (Doc. 76). The Court granted the Government's motion (Doc. 77). Mr. Duchardt[1] filed a Motion to Reconsider (Doc. 78).

[1] Mr. Duchardt purports to be acting on his behalf, as well as on behalf of attorney John O'Connor. It thus appears that Mr. Duchardt has established an attorney/client relationship with Mr. O'Connor. However, as Mr. O'Connor

Mrs. Montgomery filed a response agreeing in part with Mr. Duchardt, that the most efficient and appropriate way for the Government to obtain the information they seek while still protecting the attorney/client privilege and duty of confidentiality is through a deposition (Doc. 80). The Government opposed the motion to reconsider (Doc. 79). Mr. Duchardt filed a further reply to both Mrs. Montgomery and the Government (Doc. 81). Mrs. Montgomery filed a Supplemental Response (Doc. 83). The Court denied the motion to reconsider (Doc. 84, p. 3), and ordered that Mrs. Montgomery had, "impliedly waive[d] her attorney client privilege ***to the extent*** necessary to address all allegations of Movant's claims of ineffective assistance of counsel in her §2255 Motion." (Emphasis supplied). The Court's order gave Mr. Duchardt (and Mr. O'Connor) until June 1, 2014 to submit their affidavits to the Court. Id. Mr. Duchardt had requested to have until June 16, 2014 (Doc. 78).

On May 31, 2014, the day before his affidavit was due,[2] Mr. Duchardt sought, and later received over Lisa Montgomery's objection, the return of the file he created during his representation of Mrs. Montgomery (Doc. 86).[3] Despite being on notice of the requirement that he prepare an affidavit since December 10, 2013, Mr. Duchardt, then, began a series of email communications[4] with the Court and counsel regarding certain requests for documents and other relief. Some of those emails have been introduced into the record in conjunction with litigation on other matters and will not be repeated here.

At the same time he was seeking the return of his file, Mr. Duchardt contacted other witnesses in the case and requested that they submit to his questioning, ostensibly in order for him to use their answers/memories in his affidavit. *See* Exhibit B (email correspondence between

---

has never emailed the court or witnesses in this matter and has remained largely silent, this Response will refer only to Mr. Duchardt.

[2] Mr. Duchardt sought an extension on the previous day (Doc. 85).

[3] A complete, thorough, and indexed electronic copy of Mr. Duchardt's file was maintained by undersigned counsel.

[4] Mr. Duchart's emails often come in the early morning hours, after business hours, and/or on weekends.

Frederick Duchardt and Federal Public Defender, Laine Cardarella). The email correspondence from Mr. Duchardt describes the Court's January 17, 2014 in the broadest of terms saying:

> It would be well for me also to explain my reasoning behind wanting to discuss certain matters with you[r] staff. While I am the predominant target of the claims set forth in the petition and amended petition filed on Lisa's behalf, that large target on my back consistent with my overarching role in trial and appeal in the case, **no one is spared from invective**, including everyone who I mentioned in my original e-mail to you. If this only involved legitimate claims, supported by legitimate facts, I would be more than happy to concede those[,] for Lisa's sake. Unfortunately, there are host of hearsay attributions to many of the Federal Public Defender staff, hearsay attributions which are contrary to information I believe I have received from those very people. Those hearsay attributions, which I believe to be false, are then the critical foundation for claims which I believe to be specious. Those are the matters I want to address with your staff in proper manner. **Basically, I want to find out if they believe my recollections are correct, and more importantly what they believe the actual facts of these matters are.**

Id, (emphasis supplied). Ms. Cardarella simply replied to Mr. Duchardt that her policy is that no one in her office "respond to a 2255 without a court order." Id.

Mr. Duchardt next requested that undersigned counsel intercede on his behalf to encourage the witnesses to submit to his request for interviews. Undersigned counsel declined, stating, "Over our objection, you and John have been ordered to produce an affidavit which is to be based on your own personal recollections of your involvement in the case. Nothing in the Court's order authorizes you to interview witnesses or conduct an independent investigation." Exhibit C.

Thereafter, in the afternoon of Wednesday, June 11, 2014, Mr. Duchardt filed a motion asking this Court to declare that Mrs. Montgomery's waiver should be construed broadly (Doc. 96). Mr. Duchardt also outlined his requests for certain documents to be produced. Id. Mr. Duchardt's motion foreshadowed that further document requests would be forthcoming. Id. Two days later, on Friday, June 13, 2014, undersigned counsel received an email from the Court's

Judicial Assistant directing any response to the Motion be filed no later than 8:00 AM on Monday, June 16, 2014. Exhibit D.[5]

Mrs. Montgomery responded to the Motion and requested additional relief (Doc. 99). Specifically, Mrs. Montgomery recited the recent spate of requests from Mr. Duchardt and expressed her concern that Mr. Duchardt was going beyond the task of responding to the claims of ineffective assistance of counsel. Mrs. Montgomery observed that the information that Mr. Duchardt was seeking was not relevant to the question at bar, to wit: what did Mr. Duchardt know at the time of trial/appeal and why did Mr. Duchardt do (or not do) certain things based on his knowledge at the time.[6] Mrs. Montgomery pointed out that Mr. Duchardt's motion never invoked a failed memory. Nor did Mr. Duchardt's motion explain how this new information he was seeking to obtain related to what he knew at the time of trial/appeal or why he did what he did. Mrs. Montgomery renewed her objection to Mr. Duchart's affidavit on the grounds that it appeared Mr. Duchardt was drafting something akin to an adversarial briefing, rather than a factual affidavit of his memory of events (Doc 99).

Thus, Mrs. Montgomery requested the Court issue a protective order, to-wit:

1. To direct Mr. Duchardt to refrain from interviewing witnesses;
2. To direct Mr. Duchardt to not include hearsay statements in his affidavit or to attach witness statements to his affidavit;
3. To order Mr. Duchardt to first present his affidavit to undersigned counsel before providing it to the Government or the Court so that appropriate objections may be lodged;

[5] Mrs. Montgomery requested an additional two business days to respond (Doc. 98). That request was denied (Doc. 100).
[6] It is not Mr. Duchardt's job to answer the legal questions of whether his performance was deficient or whether Mrs. Montgomery was prejudiced by unprofessional error.

4. Objecting to Mr. Duchardt's request that he be provided with a copy of David Owen's affidavit because each witness' statement should be based on their own memories and asking that it not be provided;

5. Requesting an order clarifying that Mr. O'Connor and Mr. Duchardt should be preparing their own affidavits based on their own memories.

Id.

A few hours after Mrs. Montgomery's response and motion for protective order was filed, the Court entered its Order, overruling undersigned's objections, denying the Motion for Protective Order, and ordering specified witnesses to "consult with and cooperate with" Mr. Duchardt and to "provide **any records or documentation** relevant to the claims raised against trial counsel." (Doc. 100)(emphasis supplied).

As required by FRAP 8, Mrs. Montgomery immediately sought a stay of the Court's order from this Court (Doc. 101). In the motion, Mrs. Montgomery noted that it was her intent to seek a writ of mandamus/prohibition and that should the stay motion be denied, she would seek relief in the United States Court of Appeals for the Eighth Circuit. Id. The motion was denied on June 17, 2014 (Doc. 103).[7]

A few hours later, at 1:52 p.m., Mr. Duchardt, emailed undersigned counsel claiming that the Court's order directed "all members of the defense team and all experts to confer with John and me." Exhibit F.[8] Mr. Duchardt indicated that he would begin interviewing witnesses the following day, June 18, 2014. Id. Mr. Duchardt then requested undersigned counsel to request

[7] On June 17, 2014 at 10:31 AM, Mr. Duchardt emailed the Court's Judicial Assistant to offer his response to the stay motion. Exhibit E. Ten Minutes later, the Judicial Assistant responded to Mr. Duchardt that the Stay Motion had been just been denied. Id.

[8] The email was copied to the Court's Judicial Assistant and Law Clerk, Laine Cardarella, Dr. Robert Fucetola, various members of the U.S. Attorney's Office, and Janet Santana. For purposes of record, Janet Santana is a paralegal with the Federal Public Defender's Office in the Middle District of Tennessee and a current member of the Montgomery §2255 team. It is unclear why she was included on the list of email recipients.

an extension of time on his behalf and to provide (presumably to him) a timetable for the seeking of an interlocutory appeal. Id. Mr. Duchardt requested a response back that afternoon. Id.

Thirty-five minutes later, undersigned counsel responded by correcting Mr. Duchardt's interpretation of the Court's order, indicating that the emergency motion for stay would be filed with the Eighth Circuit no later than 9:00 AM on June 18, and that Mrs. Montgomery would not be requesting an extension on behalf of Mr. Duchardt:

> We are mindful of the predicament you find yourself in, but we must prioritize our ethical obligations to our client. While we would have no objection to a motion to modify the filing deadlines for the filing of affidavits, since they are being prepared on behalf of the Government and over our strenuous objection, it is not our place to request a continuance. I do apologize to the court officers who are copied here if this communication is improper, but felt as though it was important to respond.

Id. Mr. Duchardt responded:

> In light of your decision to not seek a continuance form Judge Fenner, John and I shall soldier forward with our preparation in keeping with Judge Fenner's deadlines. As a courtesy to you, I shall hold off my interview of the team members named in the order until Friday of this week to see if the 8th Circuit sees fit to grant your stay application.

Id.

Mrs. Montgomery filed her motion for an emergency stay in order to seek a writ of prohibition/mandamus on June 18, 2014 (Doc.101).

On June 19, 2014 at 6:48 AM, Mr. Duchardt emailed the Court requesting a copy of Docket Number 80 from the underlying criminal case, which is the Order entered by the Court directing that Mrs. Montgomery be forbidden from making any telephone calls to Judy Clarke, who had been removed as counsel without Mrs. Montgomery's input or consent. Exhibit G. Mr. Duchardt claimed that he had seen the order before, but that he could not find his copy. Id. Before undersigned could respond, at 8:56 AM, the Court's Judicial Assistant emailed Mr.

Duchardt that "Judge Fenner has entered an Order allowing you to have a copy of Doc. 80 in the underlying criminal case. I have attached the document. Id.

On June 20, 2014, at 6:17 AM, Mr. Duchardt began sending the first of three emails. The first requested a transcript of the parties' interview of Judge Maughmer regarding his memories of the in-chambers, off-the-record, *ex parte* meeting that resulted in the removal of former counsel for Lisa Montgomery, Judy Clarke. Exhibit H. The second, sent at 6:42 AM, requested a transcript of the May 6, 2013 hearing which dealt with Mrs. Montgomery's Motion to Recuse this Court because the Court was a material witness. Mr. Duchardt seeks this transcript in order to obtain this Court's factual recollections of the removal of Ms. Clarke. Exhibit I. The third email, sent at 7:12 AM, requests a copy of transcripts of three hearings, all related to the removal of Judy Clarke.[9] Mr. Duchardt's email states that "Judge Fenner allowed me to have those at the time. However, I can't seem to find my copies provided at that point." Exhibit J. At 7:54 AM, the Court's Judicial Assistant emailed Mr. Duchardt, "I'll check with Judge Fenner on these three requests and let you know." Id.

At 8:28 AM, the United States Court of Appeals for the Eighth Circuit issued an order granting Mrs. Montgomery's emergency request for a stay and directed her to file her Petition for Writ of Mandamus/Prohibition no later than June 27, 2014 at 5:00 PM. Undersigned counsel immediately informed the Court's Judicial Assistant that in light of the stay, "we object to Mr. Duchardt and Mr. O'Connor being provided with any additional records at this time." Exhibit K. The Court's Judicial Assistant responded, "I will pass this on to Judge Fenner." Id. An hour later, the following email was received:

[9] The hearings in question were on April 21, 2006; April 25, 2006; and May 3, 2006. All pre-date Mr. Duchardt's appointment as counsel in this case.

Counsel:

> I have discussed Mr. Duchardt's requests for the transcripts with Judge Fenner. Judge Fenner doesn't believe there is a transcript of an interview with Judge Maughmer. In regard to the other 2 transcript requests, they are available on ECF and a matter of public record. Judge Fenner doesn't believe that his Order (Doc. #100) pertains to transcripts being provided to Mr. Duchardt, therefore, he does not believe the Stay Order is applicable to transcripts which are a matter of public record.

Exhibit L. Eighteen minutes later, undersigned counsel wrote back to the Judicial Assistant to clarify:

> We agree that there is no transcript of the Judge Maughmer interview. We agree that the May 6, 2013 hearing was on the record and not under seal. The remaining subjects of Mr. Duchardt's email request to the Court are under seal. A member of the public cannot obtain them from the clerks office upon request.
>
> We are concerned that these requests are occurring via email correspondence. We request an opportunity to respond on the record. Our Writ proceedings in the Eighth Circuit include the court's denial of our motion for protective order. These matters are directly relevant to the writ proceeding.

Id. The following response was received: "I have forwarded your email to Judge Fenner. Judge Fenner says that Mr. Duchardt can have access to the matters not under seal and Judge Fenner will review the request for matters under seal and respond later." Id.

On June 23, 2014, at 1:51 p.m., the Court entered an Order (Doc. 109) reciting Mr. Duchardt's request and stating: 1) That there is no transcript of the Maughmer interview; 2) that the hearing on May 6, 2013 "is a matter of public record and available to Mr. Duchardt"; 3) that the 2006 hearings were ordered sealed; 4) that "there has been no transcript prepared for the April 21, 2006 hearing regarding the removal of Judy Clarke; and 5) that the April 25, 2006 and May 3, 2006 hearings were transcribed but "have not been filed with the court." The Court went on to say that the April 25 and May 3 transcripts had previously been provided to the Court "by the Government in the appeal to the Eighth Circuit of the conviction and sentence herein." Id.

> None of these requests were addressed in the court's Order of June 16, 2014 (Doc. #100), the effect of which order has been stayed by the Eighth Circuit herein. Id. Finally, the Court ordered that any objections to Mr. Duchardt being provided a copy of the transcripts of the hearings on April 25, 2006 and May 3, 2006, or **any of the other requests by Mr. Duchardt addressed herein** are to be filed with the court on or before June 25, 2014, at or before 11:00 a.m.

Id.[10]

The Government filed a response (Doc. 110) in which they: 1) agree that there is no transcript of the Judge Maughmer interview;[11] 2) state that they have no objection to the 2006 transcripts being provided to Mr. Duchardt; and 3) move that the April 21, 2006 hearing be transcribed and unsealed and that the other 2006 transcripts be unsealed.

It is in the context of this procedural history that Mrs. Montgomery responds.

## II. MRS. MONTGOMERY'S POSITION

Mrs. Montgomery's position remains unchanged and will be the subject of the Petition for Writ of Mandamus/Prohibition to be filed with the Court of Appeals.

### A. Mr. Duchardt Lacks Standing to Request Discovery. The Rules Governing Section 2255 Cases Do Not Permit Discovery Motions by Non-Parties. Nor do the Rules of Civil or Criminal Procedure.

This is not a legal malpractice case. This is not a proceeding before the Board of Professional Responsibility. This is a *quasi-criminal*, *quasi-civil* lawsuit brought to vindicate the constitutional rights of Mrs. Montgomery.

Article III of the United States Constitution limits the jurisdiction of all federal courts to actual cases and controversies which may be brought under the United States Code or the United

[10] The response ordered was less than 48 hours from the time of the Order and seven days fewer than the local rules provide for response to a properly filed motion. Mr. Duchardt had already sought, and received, a continuance to August 29, 2014 in which to file his affidavit.

[11] The AUSA's hand-written notes of the interview, and one AUSA's notes regarding the hearing before the Court later in the day are appended as exhibits to the Response. The reason for the inclusion of the notes is curious; certainly they do not constitute a transcript.

States Constitution. Warth v. Seldin, 422 U.S. 490 (1975). Federal courts do not have jurisdiction to settle "generalized grievances," and the fact that a non-party may suffer (or benefit) from some action collaterally does not give that party standing. Id. at 499. The party seeking access to the Court "must allege a distinct and palpable injury to himself." Id. at 501. Mr. Duchardt and Mr. O'Connor do not stand to suffer a distinct or palpable injury in this case. Should their representation be found to be constitutionally ineffective, such a finding is not *res judicata* in a legal malpractice case. Nor does such a finding automatically result in sanction by the bar. As non-parties, a finding that any attorney rendered ineffective assistance cannot be used against the non-party in subsequent action under principles of non-party preclusion. Taylor v. Sturgell, 533 U.S. 880 (2008).

Mere abstract injury does not create access to the federal courts. Schlesinger v. Reservists Cmte to Stop the War, 416 U.S. 208 (1974); Oshea v. Littleton, 414 U.S. 488 (1974). Standing to access the courts is fundamentally what is lacking in the discovery requests made by Mr. Duchardt.

> This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . ..' Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). See Data Processing Service v. Camp, 397 U.S. 150, 151—154, 90 S.Ct., 827, 829—830, 25 L.Ed.2d 184 (1970).

Warth, 422 U.S. at 498-99 (internal footnote omitted).

It is axiomatic that only litigants in a lawsuit may request discovery. FRCP 26 by its terms applies only to parties. FRCP 45 permits discovery to be obtained from a third party by a

party. The only rights provided to third parties by Rule 45 is the right to move to quash or modify a subpoena. FRCP 45(d). The rule does not confer standing to a non-party to file motions seeking production of documents or to take depositions or compel witness interviews.[12]

Mr. Duchardt's email requests to the Court are properly construed as Discovery Requests by this Court. Mr. Duchardt cites no authority for his requests. There is none. Mr. Duchardt has no standing to request discovery. Consequently, this Court has no jurisdiction to grant him discovery.

B. Mr. Duchardt and Mr. O'Connor Should Be Confined to the Content of their Files in Preparing their Affidavits.

Mrs. Montgomery also objects to this Court facilitating Mr. Duchardt's and Mr. O'Connor's augmentation of their memories with facts that they did not know at the time that they represented Mrs. Montgomery. This central point of dispute is directly relevant to the matter pending in the Court of Appeals.

1. Judge Maughmer Interview

Mrs. Montgomery requested leave to have the interview with Judge Maughmer transcribed (Doc. 49). This Court granted the Motion. (Doc. 49). Upon arrival for the interview, Judge Maughmer advised that the interview would not be transcribed upon this Court's verbal order that it not be. Transcript of Proceedings, May 6, 2013, at 31-32. There is no transcript of the Maughmer interview. The notes of the AUSA do not constitute a transcript. Undersigned counsel has already taken issue with the AUSA's recollection of the interview just hours after it was conducted. Id.

[12] Discovery under the rules of criminal procedure is even more limited.

2. May 6, 2013 Hearing On the Recusal Motion

The May hearing is not relevant to Mr. Duchardt's affidavit. While the Court is correct that the hearing is a matter of public record, it is not relevant to Mr. Duchardt's testimony regarding any of the claims of ineffective assistance of counsel or Mr. Duchardt's declaration. Consequently, he is not entitled to be furnished with a copy from the Court in discovery. Further, Mr. Duchardt claims to be in need of the transcript because he is curious about the Court's factual memory of the removal of Judy Clarke. Unless Mr. Duchardt had discussions with the Court about Ms. Clarke's removal, the Court's recollections about the in-chambers meeting with witnesses Owen, Conrad, and Maughmer, which occurred prior to Duchardt's representation of Lisa Montgomery, the Court's recollections in 2013, to the extent that any were expressed, are irrelevant. Mr. Duchardt should be ordered to narrowly confine his affidavit to the allegations that pertain to his representation. Mr. Duchardt's request gives the appearance that he intends to address claims in Mrs. Montgomery's motion that do not pertain to his representation in his affidavit. This request is squarely within the matters currently on appeal from this Court's denial of Mrs. Montgomery's requested protective order.

3. April 21, 2006, April 25, 2006, and May 3, 2006 Hearings

The April 21, 2006 hearing was transcribed at the request of undersigned counsel. The hearing transcript is cited in Movant's 2255 Motion. Mr. Duchardt claims to have had access to this transcript previously, though it is unclear when or how that would have been so. It appears from the Court's Order and the Government's Response that he did not. The transcript is irrelevant to Mr. Duchardt's need to prepare his affidavit.

Contrary to the Court's recollection (Doc. 109), the April 25, 2006 and May 3, 2006 transcripts have been filed with the Court. They are attachments to the Motion to Recuse (Doc.

41). Mr. Duchardt claims that he reviewed these transcripts previously. If that is true, then Mr. Duchardt currently has possession of the transcripts as his entire file has been returned to him. That does not diminish Movant's concern that Mr. Duchardt is going beyond his obligation to file a limited, factual affidavit, responding only to the allegations that pertain to his representation. Such is the subject of the matter before the Court of Appeals and Mrs. Montgomery is not waiving her right to challenge the Court's failure to sustain her written objections and enter a protective order.

## III. RESPONSE TO GOVERNMENT FILING (DOC 110)

Mrs. Montgomery has no objection to the unsealing of the April 21, 2006, April 25, 2006, and May 3, 2006 transcripts **AFTER** Mr. Duchardt and Mr. O'Connor file their affidavits. It should be noted that attorney David Owen, who is the subject of allegations of ineffective assistance to which these transcripts specifically relate, did not request the transcripts be unsealed and apparently did not need to review them before providing his affidavit to the Government. Again, while Mrs. Montgomery objects to the filing of affidavits rather than the witnesses being deposed, the only facts conceivably relevant and admissible in this proceeding are each witness' own, unadulterated memory of the relevant facts. Ms. Montgomery objects to any procedure by which anything more than Mr. Duchardt's independent memory of events is introduced into the record through his sworn affidavit; because of this objection, Movant sought and received a stay of the Court's order and is now seeking appellate review.

## IV. MRS. MONTOGMERY'S REQUEST THAT ALL FUTURECOMMUNICATIONS WITH THE COURT REGARDING THIS CASE BE PLACED ON THE RECORD THROUGH A PROPER CM/ECF FILING AND ONLY BY PARTIES IN THE CASE; FURTHER REQUEST THAT ALL ACITIVITY IN THE CASE BE NOTED ON THE DOCKET; FURTHER REQUEST THAT MRS. MONTGOMERY BE PROVIDED THE FULL TIME ALLOTED BY LOCAL COURT RULES TO RESPOND TO MOTIONS FILED.

In a capital case, nothing should be more important that ensuring that the condemned's due process rights are protected. In capital cases, the condemned is entitled to heightened due process. Woodson v. North Carolina, 428 U.S. 280 (1976). Because the punishment of death is irreversible and because the very nature of the act of the Government in taking the life of a citizen is so grave, capital cases receive greater scrutiny and attention. The public's faith in judicial system is undermined when case-related activities are not transparent. As such, Mrs. Montgomery requests that henceforth all matters in this case be conducted on the record, that filings be properly made through CM/ECF, that only parties in the case be allowed access to CM/ECF unless prior approval from the Court has been obtained following proper notice to all counsel of record. Matters that need to be conducted *ex parte* and/or under seal should nevertheless be noted on the public docket by an entry which simply notes, "Sealed Document."

Finally, in this capital case, undersigned counsel respectfully requests sufficient notice and opportunity to respond to motions filed by opposing counsel (or in this case, should the above not be granted, by any non-party). The Local Rules anticipate that litigants before the court require time to reflect on the legal positions of their adversaries, to take time to research, to review the record, and to formulate a cogent, coherent, and lawyerly response to the matters before the Court. These time limits exist for good reason, but sometimes, rarely, need to be shortened to accommodate unforeseen circumstances. Here, Mr. Duchardt has known about his obligation to prepare an affidavit since December 10, 2013; and exigency in determining what materials should or should not be provided to him is of his own making.

In the future, the process will be enhanced by permitting counsel sufficient time in which to respond.

WHEREFORE, the Court should deny Mr. Duchardt's discovery requests as improper. Further, the Court should order that all future communications regarding this case be made by proper filing through CM/ECF. Further, if any ex parte activity in the case is conducted, the docket sheet should reflect that activity. Finally, absent exigent circumstances, the Court should allow Mrs. Montgomery sufficient time to respond to motions filed with the Court as provided in the local court rules.

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2014, the above-captioned document was served electronically on Roseann Ketchmark, Assistant United States Attorney representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Kelley J. Henry*