**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | **)** | |
| | **)** | |
| **Movant,** | **)** | |
| | **)** | |
| **vs.** | **)** | **Case No. 12-8001-CV-W-GAF** |
| | **)** | |
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Respondent.** | **)** | |

**ORDER**

In Movant's "Court-Ordered" Response to Discovery Requests "Made By A Non-Party" (Doc. #111), Movant challenges trial counsel Mr. Duchardt's standing to make requests for access to court files, documents and permission to speak with other members of his trial team in an effort to respond to the allegations against him by Movant. Movant argues that Mr. Duchardt is not a party to her Motion to Set Aside or Correct the Judgment Under 28 U.S.C. § 2255 (Doc. #71) and has no standing to request access to files, documents or speak to other members of Movant's trial team.

In her § 2255 motion, Mr. Duchardt is challenged not only as being ineffective in numerous aspects throughout his representation, but also of making false and misleading statements to the court regarding his contacts with mental health experts, their diagnosis and their ability to produce expert reports within the time frame that Mr. Duchardt represented to the court. All of the matters alleged by Movant are to be taken seriously. However, beyond the merits of ineffective representation allegations, Movant's allegations of false or misleading statements expose Mr. Duchardt to the potential of serious personal consequences. It is one

thing to exercise poor judgment or make error in good faith in the representation of a client, but a wholly different matter to lie to the court.

Not only is Mr. Duchardt's reputation as a competent attorney challenged herein, but his integrity and ethical conduct is challenged as well clearly exposing him to potential serious personal and professional consequences. It is in the interest of all parties to seek the truth and allowing Mr. Duchardt access to the matters requested is deemed by the court to be in furtherance of that objective.

Wherefore, as to the requests at issues not implicated by the Stay Order presently in effect which requests are set forth in the Court's Order for Parties to Respond to Discovery Requests (Doc. #109), it is ordered as follows:

1. All parties are in agreement that there is no transcript of the interview of Judge Maughmer.
2. The hearing on May 6, 2013 is a matter of public record and accessible to Mr. Duchardt. The Government is to provide a copy of the May 26, 2013 hearing transcript to Mr. Duchardt as an accommodation if so requested.
3. The hearing on April 21, 2006, and conferences with defense counsel on April 25, 2006 and May 3, 2006, were ordered sealed by the court because they related to personnel issues, issues of conflict within the defense team, and issues of the management of Movant's defense and defense team by the court. Those concerns no longer require the record on these matters be sealed. The record on these matters is ordered unsealed and the Government is to provide Mr. Duchardt a copy of the transcript of the April 25, and May 3, 2006 hearings.

4. Movant is to file a copy of the transcript of the April 21, 2006 hearing with the court and provide a copy to the Government and Mr. Duchardt immediately.

Furthermore, Movant's requests in her Response (Doc. #111) to direct the court's control of her Motion and disputes between counsel herein are denied.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 26, 2014