IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| *Defendant/Movant,* | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-8001-SJ-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff/Respondent.* | ) | |

RENEWED MOTION FOR PROTECTIVE ORDER

COMES NOW, Movant Lisa Montgomery, by counsel, and hereby renews her Motions for Protective Order (Doc. 76, p. 5; Doc. 80, p. 2; Doc. 83, p. 4; Doc. 99, p. 12) in part, based on the Government's stated position in its pleading filed with the United States Court of Appeals for the Eighth Circuit. In support of her motion, Movant states the following:

1. Over Movant's objections, trial counsel has been ordered to prepare affidavits responsive to specified allegations of ineffective assistance of counsel. The scope and manner of the preparation of the affidavits has been vigorously litigated. Among the relief requested by Movant has been the request that her counsel be permitted the opportunity to review the affidavits of trial counsel prior to their publication to the Government or the Court so as to be in a position to interpose objections and/or seek redactions. Mrs. Montgomery has made that request in four separate pleadings (Doc. 76, p. 5; Doc. 80, p. 2; Doc. 83, p. 4; Doc. 99, p. 12). The Government did not oppose or agree with this proposed course of action. The Court overruled all requests for Protective Order either implicitly (by summary disposition) or explicitly (Doc. 77, Doc. 84, Doc. 100).

2. The first and only time that the Government has taken a position on Movant's request that counsel be permitted to first review trial counsel's affidavits prior to publication was in their "Response in Opposition to Petitioner's Petition for Writ of Mandamus/Prohibition." In that document, the Government successfully argued to the Court of Appeals that Movant had alternative remedies to protect her rights available to her in the district court. Specifically, the Government advised the Court of Appeals:

> Montgomery has several other alternative means for relief, and therefore such an extraordinary remedy as a writ of mandamus or prohibition should not be granted. Alternative remedies include redacting trial counsel's affidavits and/or allowing a full cross-examination of trial counsel at an evidentiary hearing.

Response at 2. The Government repeated this suggestion at pp. 9 and 12.[1]

3. The Court of Appeals relied on the representation by the Government that these remedies remained available to Movant in denying Movant's Petition for Writ of Mandamus/Prohibition.

4. Accordingly, Movant requests that this Court enter a Protective Order directing Trial Counsel to provide their affidavits to counsel for Movant prior to their presentment to the Government. Movant further requests that her counsel be permitted fourteen days to review the affidavits for possible objection or request for redaction prior to their disclosure to the Government. The affidavits of trial counsel Duchardt and O'Connor's are currently due August 29, 2014. Should the Court grant Movant's request, she respectfully suggests that the deadline be modified so as to make the affidavits due to presentment to Movant's current counsel by August 29, 2014 and that Movant's counsel's objections to the affidavits, if any, be made within fourteen

[1] The Government added the suggestion that the affidavits be reviewed *in camera* prior to submission. *In camera* review does not sufficiently protect Movant's rights as it puts the burden first on the Court to determine whether the affidavits are beyond the scope of the limited waiver without according Movant the chance to interpose her objections.

days. It is also respectfully suggested that the Government's Answer be postponed to thirty days after publication of trial counsel's affidavits to the Government.

5. By making this request, Movant does not waive any of her objections as previously articulated in pleadings before this Court and the Court of Appeals. However, Movant would be remiss if she did not avail herself of remedies which the Government represents are available to her.

WHEREFORE, the motion should be granted.

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849,
Tn. Bar No. 021113
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2014, the above-captioned document was served electronically on Roseann Ketchmark, Assistant United States Attorney representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Kelley J. Henry*