IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| LISA M. MONTGOMERY, | ) | |
| | ) | |
| *Defendant/Movant,* | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-8001-SJ-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff/Respondent.* | ) | |

MOTION TO STAY COURT'S JUNE 30, 2014 ORDER

COMES NOW Lisa Montgomery, by counsel, Christine M. Blegen, Lisa Nouri, and Kelley Henry, pursuant to Fed. R. App. P. 8, and moves this Court to stay the effect of its June 30, 2014 Order directing counsel Christine M. Blegen to involuntarily file a notice of withdrawal no later than July 28, 2014 (Doc. #114) so that undersigned counsel may seek a writ of mandamus in the United States Court of Appeals for the Eighth Circuit.[1] Respectfully, undersigned counsel Christine M. Blegen, does not believe that she can ethically comply with the Court's order. In support of this Motion, Movant states the following:

## I. Factual Background

Lisa Nouri and Christine M. Blegen were appointed to represent Mrs. Montgomery on April 17, 2012 (Case No. 05-06002-CR-GAF, Doc. #430). On April 25, 2012, the Court issued an Order Regarding Billing Procedures, Setting of Compensation, and Authorization to Make Interim Payments (Case No. 05-06002-CR-GAF, Doc. #433). An offer by lead counsel Lisa

[1] Orders removing counsel are reviewable under the All Writs Act. 28 U.S.C. Sec. 1651. *Cole v. U.S. Dist. Court for Dist. Of Idaho*, 366 F.3d 813,816 (9th Cir. 2004).

Nouri to submit a case budget was declined. Thereafter, all of Ms. Nouri's and all of Ms. Blegen's CJA vouchers were paid in full through March of 2013.

In September of 2012, Ms. Nouri and Ms. Blegen did submit a detailed proposed budget and request with regard to investigative expenses and expert witness funds (Doc. #11).[2] In the motion for funds, Ms. Nouri and Ms. Blegen proposed the alternative of appointing the Federal Public Defender's Office for the Middle District of Tennessee to provide the resources needed to investigate and prove Mrs. Montgomery's claims (Doc. #11). This Court approved the appointment of the Federal Public Defender's Office for the Middle District of Tennessee (Doc. #13) and Kelley Henry entered her appearance on November 1, 2012 (Doc. #20).

On March 19, 2013, the legal team comprised of Ms. Nouri, Ms. Blegen, and Ms. Henry filed Mrs. Montgomery's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Case No. 12-CV-8001-GAF, Doc. #32). Mrs. Montgomery's attorneys also sought to have the §2255 motion assigned to a different judge, believing Your Honor to be a witness with regard to certain claims in the §2255 motion (Doc. #41). Following a hearing on May 6, 2013 (Doc. #51), the motion was denied on June 25, 2013 (Doc. #59).

Three days later, on June 28, 2013, the Court sent out a Notice Concerning Budget and CJA Representation for Movant (Doc. #60), scheduling a meeting with counsel of record for Lisa Montgomery on July 12, 2013. During the meeting, the Court's initial suggestion was to remove both CJA attorneys, Ms. Nouri and Ms. Blegen (Tr. 7/12/13, p. 4). The Court's alternative suggestion was to remove one CJA attorney (Tr. 7/12/13, p. 4). Ms. Nouri explained that each attorney was extremely important to the case and that each attorney was taking on different responsibilities in the 2255 litigation (Tr. 7/12/13, p. 7). Ms. Nouri noted that the removal of any

[2] All document citations from this point forward refer to the docket sheet for Case No. 12-CV-8001-GAF).

of the attorneys would have a detrimental impact on Lisa Montgomery's case and urged the Court to leave Mrs. Montgomery's legal team in place (Tr. 7/12/13, p. 6-7, 8). The Court responded, "I just really don't see how I can do that, Lisa. I just really don't." (Tr. 7/12/13, p. 7). Ms. Henry explained that her office is a small office and that she has a full caseload in addition to her work on Mrs. Montgomery's case (Tr. 7/12/13, p. 10). She expressed that it was never her intent to be lead counsel in this case (Tr. 7/12/13, p. 10). Ms. Nouri specifically informed this Court that Ms. Blegen is "the premier writer" and that "it would be devastating to lose her from the case." (Tr. 7/12/13, p. 18).

At the conclusion of the meeting, and upon our request, counsel for Mrs. Montgomery were afforded an opportunity to submit a written response and budget proposal (Doc. #62). In that response, counsel referred the Court to 18 U.S.C. §3599(e) which states:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, ***each attorney so appointed <u>shall</u> represent the defendant throughout every subsequent stage of available judicial proceedings,*** including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and ***all available post-conviction process***, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

(Emphasis added). As no attorney had moved to withdraw and Mrs. Montgomery had not moved to have any of her attorneys removed,[4] counsel suggested that Section 3599(e) does not permit *sua sponte* removal of one or more of Mrs. Montgomery's attorneys due to budgetary concerns.[5] Counsel provided the Court with additional authority from the United States Supreme Court. *Martel v. Clair*, 132 S.Ct. 1276 (2011).

[4] In fact, Mrs. Montgomery asked the Court, via declaration, to leave her legal team intact.
[5] Counsel did not, and does not, challenge the Court's authority to approve fee vouchers. This is not a voucher fee dispute.

Counsel further directed the Court's attention to *Stearnes v. Clinton,* 780 S.W.2d 216 (Tx. Ct. App. 1989) as authority that prevented the Court from removing any of Mrs. Montgomery's attorneys. In *Stearnes*, the Court held that "the power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove counsel at his discretionary whim. As noted, to hold otherwise would be to discriminate between retained and appointed counsel without a semblance of rationality." *Id*. at 223. *Stearnes* expressly acknowledges that while "an indigent defendant does not have the right to the appointment of a particular attorney," "once an attorney is serving under a valid appointment by the court and an attorney-client relationship has been established, the court may not arbitrarily remove the attorney over the objections of both the defendant and his counsel." *Id*. at 221 (citing *Malcom v. State*, 628 S.W.2d 790 (Tex.Cr.App. 1982) and *Harling v. United States*, 387 A.2d 1101, 1102 (D.C. Cir. 1978)).

In response to counsel's submission, the Court issued an Order on July 18, 2013 (Doc. #60). The Court described the response submitted by counsel for Mrs. Montgomery as a "less than conciliatory challenge to any cost control measures by the Court" and as "inappropriately and unnecessarily argumentative" (Doc. #60). The Order advised CJA counsel representing Mrs. Montgomery "that 25% will be withheld from all CJA vouchers as a cost control mechanism until the case is concluded before the District Court." (Doc. #60). In addition, the Court capped the total CJA fees in the case (Doc. #60). Neither Ms. Nouri nor Ms. Blegen have challenged or questioned that Order. As of the date of this filing, CJA counsel's fees are well below the cap set by the Court.

Moreover, undersigned counsel Christine M. Blegen has not submitted a CJA voucher since December of 2013. This is because minimal work was performed on Mrs. Montgomery's case

between January of 2013 and May 30, 2014 as the Government has been waiting on affidavits from two of Mrs. Montgomery's trial attorneys prior to filing the Government's Response to the pending Amended §2255 Motion. In June of 2014, there was litigation over certain requests made by trial counsel Fred Duchardt in connection with the affidavit he has been ordered by this Court to file (*See* Docs. #87-100, 104). This litigation led to the filing of a Motion for Writs of Mandamus and Prohibition with the United States Court of Appeals on Friday, June 27, 2014 at approximately 4:00 p.m. (*See* United States Court of Appeals for the Eighth Circuit Case No. 14-2437).

The following Monday morning, June 30, 2014, at 9:07 a.m., the Court, without notice or a hearing, *sua sponte* issued an Order directing undersigned counsel Christine Blegen to "file a notice of withdrawal no later than July 28, 2014."[6] With all due respect to this Court, Ms. Blegen cannot ethically comply with this Order. Ms. Blegen does not want to defy a court order. However, Ms. Blegen's client explicitly objects to the involuntary withdrawal of her lawyer. Ms. Montgomery states that, "The idea of losing Christine as my lawyer is devastating. I don't understand why the Judge wants to keep taking away my attorneys." (Attachment A, Declaration of Lisa Marie Montgomery, p. 1). Mrs. Montgomery does not want any member of her team removed (Attachment A, p. 2). Ms. Blegen has thus been placed in an impossible position where she is asked to choose between her own interest in not being found in contempt of Court and the interests of her client. Ms. Blegen is prioritizing the needs of her client. Therefore, counsel seeks an order staying the effect of the Court's June 30, 2014 order where counsel believes that the

[6] An Ex Parte Motion to Vacate this Order was filed on June 28, 2014 (Doc. #115). The Motion was denied on July 15, 2014 (Doc. #118).

directive is in violation of federal law, the Missouri Rules of Professional Responsibility,and Movants Sixth Amendment right to counsel.[7]

## II. Discussion

The Rules of Appellate Procedure require Movant to first seek a stay from this Court before seeking a stay in the Court of Appeals. Further, Ms. Blegen is seeking a stay of this Court's Order prior to July 28, 2014 as she cannot ethically comply and cannot withdraw on that date.

Courts use a five part test which balances the equities when considering whether to grant a stay. The five factors are not equal and one factor can outweigh the other four. Here, all factors favor a stay.

A. REASONABLE LIKELIHOOD OF SUCCESS ON THE MERITS

It is reasonably likely that the Court of Appeals will entertain this matter via the All Writs Act. *See Cole v. U.S. Dist. Court for Dist. Of Idaho*, supra. "The rule is that a writ of mandamus may be used to review the disqualification of counsel." Id. 366 F.3d, p. 816 (citing *Christensen v. United States Dist. Court*, 844 F.2d 694, 697 & n.5 (9th Cir. 1988)). "The reason is because the harm of such disqualification cannot be corrected with an ordinary appeal." Id.

Ms. Blegen has been representing Lisa Montgomery for over two years and has invested over 750 hours learning the case, meeting with Mrs. Montgomery, conducting legal research, and drafting pleadings. On March 19, 2013, Mrs. Montgomery's legal team filed a comprehensive, detailed, and well-supported Section 2255 motion (Doc. #32). An amended motion was filed on October 1, 2013 (Doc. #72). Several claims in Mrs. Montgomery's Section 2255 motion relate to the removal of attorneys from her case without her consent and the failure of her ultimate trial

[7] The Court's Order directing Ms. Blegen to withdraw is interpreted as an Order removing her. Undersigned assumes that if Ms. Blegen does not withdraw then the Court will enter a further explicit Order of removal.

attorneys to work as a team (Doc. #72). As a result, it is all the more troubling to Mrs. Montgomery (*See* Attachment A), as well as to her 2255 legal team, that this Court continues to try to remove one or more attorneys from her current team.[8] The Court's Order has exacerbated Mrs. Montgomery's already serious mental illness (*See* Attachment A). Movant's current mental state is extremely fragile and in the aftermath of the Court's order mental health professionals at Carswell have stepped up her monitoring. (*See* Attachment A).[9]

Both Ms. Nouri and Ms. Blegen accepted the Court's cost containment measures issued last summer. No new resources have been sought from the Court. Ms. Nouri has not submitted a CJA voucher since February of 2014 and Ms. Blegen has not submitted a voucher since December of 2013. The total combined vouchers submitted by Ms. Nouri and undersigned counsel to date, including withheld funds, are still well below the cap set by this Court. Counsel have been making every effort to avoid duplication of effort and to work efficiently in this matter. It is somewhat baffling to counsel that at a point in time where no vouchers are pending and CJA counsel are well below the cap set by this Court, a directive has been issued for Ms.

---

[8] While the Court cites to control of public funded representation and case management as the basis for the Order, the record shows that CJA counsel are below the cap set by the Court. Removal of Ms. Blegen wastes the investment already made as she is the most familiar with the 2255 Amended Motion. In addition, her removal will force other counsel to have to shift over to legal research and writing tasks. Placing that burden on out of district federal public defenders is no less a burden on public funds. Further, given the timing of the Court's order, and the Court's pattern of removing counsel in this case over movant's objections, the record suggests that the most recent Order is an attempt to control and/or manage the litigation of Mrs. Montgomery's 2255 motion. The removal of the primary author in the case appears to be a sanction for the filing of a successful motion to stay a previous court order and the filing of a subsequent writ in the United States Court of Appeals for the Eighth Circuit. Undersigned counsel have not impeded the progress of this case on the Court's docket. Rather, counsel have responded to the actions taken by Mrs. Montgomery's trial attorneys in a good faith effort to protect Mrs. Montgomery's claims for proper review.

[9] Movant has a history of suicidal behavior including a near successful suicide attempt in June of 2012. Undersigned counsel are profoundly concerned about her current mental condition.

Blegen to involuntarily remove herself from this case. As the directive came on the first business day following the filing of a writ with the Eighth Circuit, it suggests that the removal of counsel is again being used as a sanction.

With all due respect to this Court, Ms. Blegen cannot ethically withdraw from her representation of Mrs. Montgomery. Ms. Blegen is invested in this case and has developed an attorney-client relationship with Mrs. Montgomery. Undersigned counsel has been to visit Mrs. Montgomery and to discuss her case numerous times, beginning in May of 2012 and continuing throughout the case. For the two most recent visits, undersigned counsel has covered her own expenses, billing only for the time spent meeting with the client and driving time to and from airports.[10]

More importantly, undersigned counsel has both a statutory and ethical duty to continue to represent Mrs. Montgomery. Pursuant to 18 U.S.C. §3599(e):

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, ***each attorney so appointed <u>shall</u> represent the defendant throughout every subsequent stage of available judicial proceedings,*** including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and ***all available post-conviction process***, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

(Emphasis added). Attached to this Response is a declaration from Mrs. Montgomery stating that she wants undersigned counsel to remain as one of her attorneys (Attachment A). Mrs. Montgomery has certainly not filed a motion asking that undersigned counsel be removed or replaced. Ms. Blegen has not sought to withdraw from the case.

---

[10] Undersigned counsel views this as no different than billing for travel time as if Mrs. Montgomery were being held at CCA or one of the other detention centers used by the Court.

In addition, Missouri Rule of Professional Conduct 1.16 governs termination of representation of a client and provides that:

> (b) Except as stated in Rule 4-1.16(c), a lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

None of these conditions exist in the present case. In fact, as there would be a material adverse effect on the interests of Mrs. Montgomery if Ms. Blegen were to withdraw, Ms. Blegen would be violating Rule 1.16(1) if she complied with the Court's Order. Therefore, Ms. Blegen does not believe that she may ethically withdraw from this case in light of Mrs. Montgomery's desire for her to remain on this case.

Undersigned counsel also believe that Mrs. Montgomery's Sixth Amendment rights would be violated if Ms. Blegen complied with the Court's Order.

Undersigned counsel believe that given all of the facts and authorities set forth above, there is a reasonable likelihood of success on the merits.

B. IRREPARABLE HARM

"Absent mandamus relief, a counsel's wrongful disqualification, which cannot be immediately appealed, can cause great harm to a litigant." *Cole*, *supra*, 366 F.3d at 817. While Mrs. Montgomery did not have the right to select a particular attorney when the Court was appointing CJA counsel, she now has an established attorney-client relationship with Ms. Nouri and Ms. Blegen as well as with the attorneys from the Federal Public Defender's Office for the Middle District of Tennessee. (*See* Attachment A). The Court should not interfere with that attorney-client relationship.

Furthermore, Mrs. Montgomery's current attorneys function as a team with each attorney taking on distinct responsibilities. Ms. Blegen's unique role is that of the primary legal research and writing attorney. Ms. Blegen spent over two years in the criminal appellate division of the Missouri Attorney General's Office and ten years as a career law clerk. She specializes in legal research and writing. Mrs. Montgomery will suffer irreparable harm if Ms. Blegen is removed from her 2255 legal team.

The importance of having a skilled legal research and writing attorney in a 2255 case is underscored by the fact that the Government has recently added Phil Koppe, an experienced legal research and writing attorney who worked with Ms. Blegen in the Missouri Attorney General's Office, to the Government's 2255 legal team (Doc. #102, Entry of Appearance by Phil Koppe, 6/16/14).

C. HARM TO OTHERS

This Court should not set a precedent that CJA counsel may be appointed and removed at the discretion of the Court. As recognized in *Stearnes, supra*, "the power of the trial court to appoint counsel to represent indigent defendants does not carry with it the concomitant power to remove

counsel at his discretionary whim. As noted, to hold otherwise would be to discriminate between retained and appointed counsel without a semblance of rationality." Id. at 223. *Stearnes* expressly held that "once an attorney is serving under a valid appointment by the court and an attorney-client relationship has been established, the court may not arbitrarily remove the attorney over the objections of both the defendant and his counsel." *Id*. at 221 (citing *Malcom v. State*, 628 S.W.2d 790 (Tex.Cr.App. 1982) and *Harling v. United States*, 387 A.2d 1101, 1102 (D.C. Cir. 1978)). If the Court is permitted to remove Ms. Blegen, allegedly over cost containment where no vouchers are currently pending, no vouchers have been submitted in several months, and CJA counsel's total vouchers are well below the cap set by this Court, it will undermine the confidence of others in court-appointed counsel.

D. PUBLIC INTEREST

It is in the public's best interest to allow Ms. Blegen to remain a member of Mrs. Montgomery's 2255 legal team rather than waste the investment that has been made in Ms. Blegen's services to date. Ms. Blegen is very familiar with the file in this case. In addition, as the primary author of the initial an amended 2255 motions, she is very familiar with Mrs. Montgomery's claims and the materials and legal authority supporting those claims. Not only is Mrs. Montgomery's 2255 team planning to have her write the traverse in this case, her knowledge of the file and the claims will be valuable in the event of an evidentiary hearing or, in the alternative, in future appellate practice should Mrs. Montgomery's claims be denied without a hearing.

It is not the number of attorneys assigned to a case that should concern this Court, but rather the total number of hours spent on the case. Undersigned counsel have made a concerted effort to divide responsibilities and coordinate their efforts to efficiently present Mrs. Montgomery's

claims to this Court. It is in the public's interest for the team to remain intact to conclude the representation of Mrs. Montgomery before this Court.

## III. Conclusion

For the reasons stated above, Ms. Blegen finds herself statutorily, ethically, and Constitutionally unable to comply with this Court's June 30, 2014 Order directing her to remove herself from this case. To be perfectly clear, Mrs. Montgomery wants Ms. Blegen to continue as one of her attorneys and Ms. Blegen wants to continue representing Mrs. Montgomery. As Ms. Blegen does not wish to be found in contempt of this Court's Order, undersigned counsel ask the Court to stay the June 30, 2014 Order so that counsel may seek a writ of prohibition from the United States Court of Appeals for the Eighth Circuit.

Respectfully submitted,

/s/ *Christine M. Blegen*
CHRISTINE M. BLEGEN, Mo. Bar No. 43758
BLEGEN LAW FIRM, LLC
230 SW Main Street, Suite 217
Lee's Summit, MO 64063
(816) 213-0384

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849,
Tn. Bar No. 021113
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047