**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 12-08001-CV-W-GAF |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOVANT'S RENEWED MOTION FOR PROTECTIVE ORDER**

The respondent, the United States of America, appears by and through its attorneys, Tammy Dickinson, United States Attorney, and Roseann Ketchmark and Philip M. Koppe, Assistant United States Attorneys, and provides the following response in opposition to movant Lisa M. Montgomery's "Renewed Motion for Protective Order."

## I. Summary

In their most recent filing, Montgomery's attorneys have filed with this Court what they have styled a "Renewed Motion for Protective Order," requesting an order from this Court allowing them to preemptively review and screen the affidavits of Montgomery's trial attorneys, Fred Duchardt and John O'Connor, *before* they are viewed by, or submitted to, the Government. Counsel for Montgomery provides no authority for such a request, and concedes that similar requests have been explicitly denied by this Court. (Civ. D.E. 117 at 1.)

The Government vigorously opposes this request, since Montgomery's attorneys obviously have no reason or legal right to screen counsel's affidavits before they are submitted to the Government or viewed by this Court.

## II. Procedural History

A federal jury convicted Lisa Montgomery of kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), and recommended that she be sentenced to death. (Crim. D.E. 349.) This Court imposed the death sentence (Crim. D.E. 402), and Montgomery unsuccessfully appealed her conviction and sentence to the Eighth Circuit. *United States v. Montgomery*, 635 F.3d 1074 (8th Cir. 2011).

Montgomery subsequently filed an action under 28 U.S.C. § 2255, attacking her conviction and sentence on a number of grounds, including 33 allegations of ineffective assistance of counsel. (Civ. D.E. 71.) The Government filed a motion to compel defense counsel to provide affidavits setting forth their best recollections in response to these allegations. (Civ. D.E. 75.) This request was granted by this Court. (Civ. D.E. 77.)

Mr. Fred Duchardt, one of Montgomery's trial attorneys, subsequently filed a motion to reconsider this order (Civ. D.E. 78), arguing that the initial filing of the § 2255 petition did not fully effectuate a waiver of the attorney-client privilege, and that it would only amount to a waiver if and when Montgomery maintained her allegations at a hearing on the matter. (Civ. D.E. 78.) This Court denied this reconsideration request and issued an order finding that "it is well recognized among federal courts that when habeas petitions allege claims of ineffective assistance of counsel, those petitions impliedly

waive their attorney-client privilege with respect to communications with their attorneys to the extent necessary to address those allegations." (Civ. D.E. 84 at 2.)

Prior to complying with the district court's order to file an affidavit, Mr. Duchardt filed a motion seeking clarification from the district court as to the scope of the implied waiver of privilege in this matter, and also an order allowing access to witnesses he deemed necessary to adequately prepare and draft his affidavit. (Civ. D.E. 96.) In Mr. Duchardt's affidavit, he will be addressing no less than 33 allegations of ineffective assistance of counsel that Montgomery had lodged against him, including accusations that Mr. Duchardt had been unethical, foolish, irresponsible, shockingly unprofessional, reckless, unprepared, pretentious, unskilled, misleading, dishonest, and had defended Montgomery in an abysmal, slap-dash, novice, and disastrous manner. (Civ. D.E. 71.)

This Court responded with an order directing members of the Federal Public Defender's Office, and the psychological expert the defense had retained at trial, to consult with and cooperate with former trial counsel Mr. Duchardt and Mr. John O'Connor by "answering their inquiries to the best of said employee's and retained expert's ability, as well as providing any records or documentation relevant to the claims raised against trial counsel." (Civ. D.E. 100 at 1-2.)

Montgomery filed a petition with the Eighth Circuit seeking a writ of mandamus, directing this Court to set aside its previous issued orders dealing with Montgomery's trial counsel having access to documents and other members of the trial team in the preparation of their court order affidavits. Montgomery also asked the Eighth Circuit to issue a writ of prohibition to forbid witnesses in the underlying § 2255 action from

disclosing what they allege to be protected information to other witnesses or the Government other than in a judicial proceeding after a full and fair adjudication of any objection on relevance or privilege. The Eighth Circuit summarily denied Montgomery the relief she requested on July 11, 2014. *In re: Lisa Montgomery*, No. 14-2437 (July 11, 2014).

Just three days later, Montgomery filed her "Renewed Motion for Protective Order," again requesting that her attorneys be given a "sneak preview" of counsel's affidavits before they are submitted to the Government. Needless to say, the Government opposes this request.

## III. Argument and Authorities

As Montgomery concedes in her most recent motion, she has so far been engaged in an uphill and losing battle to prevent Mr. Duchardt or Mr. O'Connor from preparing and filing affidavits in response to the allegations of ineffective counsel filed by Montgomery in her § 2255 motion. In fact, as she concedes in her most recent pleading, "Among the relief requested by [Montgomery] has been the request that her counsel be permitted the opportunity to review the affidavits of trial counsel prior to their publication to the Government or the Court so as to be in a position to interpose objections and/or seek redactions." (Civ. D.E. 117 at 1.)

She goes on to state that she has made this request repeatedly, in four separate pleadings, and that this Court rejected these requests "either implicitly (by summary disposition) or explicitly." (Civ. D.E. 117 at 1, citing Civ. D.E.s 77, 84, and 100.)

Nevertheless, she has renewed that request for what is now the *fifth* time, noting that, in the Government's response in the Eighth Circuit to her most recent requests for writs of mandamus and/or prohibition, the Government observed that, in the unlikely event that former defense counsel's affidavits covered privileged or irrelevant matters, counsel could seek to have those affidavits redacted – but, obviously, *after* that had been filed with this Court – or move to have this Court review those affidavits *in camera* before they were reviewed by either party.

Although the Government observed that an *in camera* review would be a possible option, such a drastic remedy would clearly be limited to specific instances where Montgomery's attorneys could present a reasonable, objective, good-faith basis for believing that the affidavits contained privileged material, *and* that any harm could not be cured by redaction after they had been filed with this Court. Absent a colorable showing of both (1) the presence of privileged communications that had not been waived by their allegations of ineffectiveness; and (2) irreparable harm that could not be cured by subsequent redaction, *in camera* inspection by this Court would certainly not be necessary.

Here, Montgomery has offered no good-faith basis for believing that the affidavits will contain privileged material, the disclosure of which would result in irreparable harm to her case, and which could not be cured by subsequent objection and redaction. And, in fact, she is not seeking this Court's *in camera* inspection of those affidavits prior to their submission to the Government.

Instead, she is seeking an order from this Court allowing her attorneys to obtain a "sneak preview" of those affidavits, before they are viewed by either the Government or this Court. As previously emphasized, Montgomery has offered no legal basis for such an absurd request. As this Court has already recognized, claims of ineffective assistance of counsel waive the attorney-client privilege to the extent necessary to adequately and effectively respond to those allegations. *Tandy v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). To be sure, the waiver is not necessarily absolute, and applies only to the extent necessary to effectively and completely respond to the allegations of ineffectiveness. *See In re Lott*, 424 F.3d 446, 452-54 (6th Cir. 2005).

But in this case Montgomery has raised more than 30 claims of ineffectiveness against Mr. Duchardt and Mr. O'Connor, which cover the investigative and pre-trial stages of the case, the trial, the sentencing hearing, and the direct appeal. It would, in other words, be hard to envision a case where the waiver of the attorney-client privilege would be more expansive and all-encompassing.

Moreover, even assuming, for the sake of argument, that the attorneys' affidavits might somehow touch upon communications still protected by the attorney-client privilege, Montgomery has not explained why post-submission redaction would not be sufficient to prevent any harm. Nor has she articulated any basis for believing that the contents of those affidavits might somehow include communications that are still privileged, notwithstanding her broad, expansive claims of ineffectiveness of counsel.

Quite simply, there is no rational or legal basis for her request and it must be denied – again.

## IV. Conclusion

As Montgomery candidly concedes in her most recent motion, this Court, on four prior occasions, has denied her the right to pre-emptively review defense counsel's affidavits before they are submitted to the Government or viewed by this Court. This Court should summarily deny what is now her *fifth* request to do so, since there is no legal or rational basis for allowing Montgomery's attorneys to get a "sneak preview" of defense counsel's affidavits before they are submitted to the Government or considered by this Court.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By /s/ *Roseann A. Ketchmark*

ROSEANN A. KETCHMARK
Assistant United States Attorney

By /s/ *Philip M. Koppe*

PHILIP M. KOPPE
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2014, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

Lisa G. Nouri
2526 Holmes
Kansas City, Missouri 64108

Kelley J. Henry
Assistant Federal Public Defender
Federal Public Defender's Office
Capital Habeas Unit
810 Broadway, Suite 200
Nashville, Tennessee 37203

*Attorneys for Movant*

*/s/ Philip M. Koppe*
Philip M. Koppe
Assistant United States Attorney