**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 14-2437 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF MANDAMUS/PROHIBITION**

The respondent, the United States of America, appears by and through its attorneys, Tammy Dickinson, United States Attorney, and Roseann A. Ketchmark, Assistant United States Attorney, and provides the following response in opposition to the petitioner's petition for writ of mandamus/prohibition to the United States District Court, Western District of Missouri.

Montgomery's petition should be summarily denied for two separate reasons. To begin with, the issuance of a writ is an extraordinary remedy. Montgomery has failed to establish two of the three essential prerequisites to the issuance of such an extraordinary remedy. Specifically, Montgomery has failed to establish that she lacks adequate alternative means to obtain relief, and Montgomery also has failed to establish that her right to the issuances of the writ is clear and indisputable. In other words, Montgomery has other avenues for relief,

even if the district court's order could be considered an abuse of discretion (a claim the record fails to support).

Montgomery Has Other Avenues for Relief

Montgomery has several other adequate alternative means for relief, and therefore such an extraordinary remedy as a writ of mandamus or prohibition should not be granted. Alternative remedies include redacting trial counsel's affidavits and/or allowing a full cross-examination of trial counsel at an evidentiary hearing.

Judge Fenner Acted Well Within His Discretion

Montgomery does not have a clear and indisputable right to relief by the issuance of the writ because the Honorable District Court Judge Gary Fenner acted well within his discretion. When Montgomery attacked the effectiveness and representation of her trial attorneys in her § 2255 petition, Montgomery implicitly waived her attorney-client privilege as to each and every claim of ineffectiveness. In order to get to the truth of Montgomery's ineffective assistance of counsel accusations, Judge Fenner acted not only appropriately, but well within his discretion in issuing the discovery orders that now are at the root of Montgomery's complaint. Because Judge Fenner acted well within his discretion, the extraordinary remedy of a writ of mandamus or prohibition should not be granted.

## I. Summary

A federal jury convicted Lisa Montgomery of kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), and recommended that she be sentenced to death. (Crim. DCD 349.)[1] The district court, the Honorable Gary Fenner, imposed the death sentence (Crim. DCD 402), and Montgomery unsuccessfully appealed her conviction and sentence to this Court in Case No. 13-1851. *United States v. Montgomery*, 635 F.3d 1074 (8th Cir. 2011).

Montgomery subsequently filed an action under 28 U.S.C. § 2255, attacking her conviction and sentence on a number of grounds, including 33 allegations of ineffective assistance of counsel. (Civ. DCD 71.)[2] The Government filed a motion to compel the trial defense counsel to provide affidavits setting forth their best recollections in response to these allegations. (Civ. DCD 75.) This request was granted by the district court. (Civ. DCD 77.)

Mr. Fred Duchart, one of Montgomery's trial attorneys, subsequently filed a motion to reconsider this order (Civ. DCD 78), arguing that the initial filing of the § 2255 petition did not fully effectuate a waiver of the attorney-client privilege and that it would only amount to a waiver if and when Montgomery maintained her

---

[1]"Crim. DCD" refers to the district court's docket entries in Case No. 05-06002-01-CR-W-GAF.

[2]"Civ. DCD" refers to the district court's docket entries in Case No. 12-8001-CV-W-GAF.

allegations at a hearing on the matter. (Civ. DCD 78) The district court denied this reconsideration request and issued an order finding that "it is well recognized among federal courts that when habeas petitions allege claims of ineffective assistance of counsel, those petitions impliedly waive their attorney-client privilege with respect to communications with their attorneys to the extent necessary to address those allegations." (Civ. DCD 84 at 2.)

Prior to complying with the district court's order to file an affidavit, Mr. Duchart filed a motion seeking clarification from the district court as to the scope of the implied waiver of privilege in this matter, and also an order allowing access to witnesses he deems necessary to adequately prepare and draft his affidavit. (Civ. DCD 96.) In Mr. Duchardt's affidavit, he is required to respond to 33 allegations of ineffective assistance of counsel that Montgomery had lodged against him, including accusations that Mr. Duchardt had been unethical, foolish, irresponsible, shockingly unprofessional, reckless, unprepared, pretentious, unskilled, misleading, dishonest, and had defended Montgomery in an abysmal, slap-dash, novice, and disastrous manner. (Civ. DCD 71.)

The district court responded with an order directing members of the Public Defender's Office, and the psychological expert the defense had retained at trial, to consult with and cooperate with former trial counsel Mr. Duchart and Mr. John O'Connor by "answering their inquiries to the best of said employee's and retained

expert's ability, as well as providing any records or documentation relevant to the claims raised against trial counsel." (Civ. DCD 100 at 1-2)

Montgomery now has filed a petition with this Court seeking a writ of mandamus, directing Judge Fenner to set aside his previous issued orders dealing with Montgomery's trial counsel having access to documents and other members of the trial team in the preparation of their court order affidavits.

Montgomery also is petitioning this Court to issue a writ of prohibition to forbid witnesses in the underlying § 2255 action from disclosing what they allege to be protected information to other witnesses or the Government other than in a judicial proceeding after a full and fair adjudication of any objection on relevance or privilege.

These requests should be summarily denied, because Montgomery has failed to establish an essential prerequisite to the issues of such an extraordinary remedy, namely that her right to the issuances of these writs is clear and indisputable.

## II. Argument and Authorities

Montgomery seeks to overturn Judge Fenner's order that four individuals involved with Montgomery's trial (Stephanie Elliott, Troy Schnack, Ron Ninemire, and Robert Fucetola, Ph.D.) consult with and cooperate with Montgomery's trial attorneys to enable them to respond fully to the allegations made against them in Montgomery's post-conviction motion. (Civ. DCD 100.)

At times, courts must order disclosures of protected information to obtain truthful and complete facts. Protected or privileged information comes in many forms such as attorney/client communications, doctor/patient communications, work product of a litigant. Protected information is generally barred from disclosure absent a court order for disclosure.

Judge Fenner ordered three members of the Montgomery trial team (Elliott, Schnack, and Ninemire) to disclose information and confer with Montgomery's trial attorney, Fred Duchardt, to enable Mr. Duchardt to more fully refresh his memory, and to provide a more thorough, accurate, and complete affidavit in Montgomery's post-conviction proceeding. (Civ. DCD 100.)

Attorney Duchardt, over his objection, has been ordered to prepare an affidavit that responds to the post-conviction claims that he was ineffective at all stages of the trial. Additionally, because a reader of the post-conviction motion could find, as Judge Fenner, the Government, and Mr. Duchardt did, that his professional ethics, truthfulness, and integrity have been called into question in Montgomery's post-conviction motion, Mr. Duchardt also needs to respond to the personal attacks lodged against him.

The order of Judge Fenner notes that "[n]othing should be more important to a lawyer than his or her reputation for honesty and capable representation of the interests of their clients to the best of their ability. When a lawyer's representation

is challenged as being less than honest and/or less than capable based upon the lawyer's lack of integrity, ability or effort, the lawyer should not be silenced or handicapped in defending their reputation…[i]n a difficult and complex case, such as any death penalty case, it is only reasonable that a lawyer might find it necessary to consult with some or all of their defense team to fully and adequately respond to allegations against them." (Civ. DCD 100 at 1.)

Understandably, members of the Montgomery trial team do not want to do, say, or disclose anything that might weaken Montgomery's post-conviction efforts. They, like Mr. Duchardt, have a continuing duty of loyalty to Montgomery.[3]

In a similar vein, Judge Fenner ordered that Montgomery's mental health expert, Dr. Fucetola confer with Fred Duchardt to enable Mr. Duchardt to more fully and accurately complete his affidavit. (Civ. DCD 100 at 1.)

Dr. Fucetola, likewise, is unable to confer with Mr. Duchardt without a court order because of his confidentiality obligations to Montgomery as her physician.[4] (See also 45 CFR 164.512(e)).

[3]The Federal Defender of The Western District of Missouri advised Mr. Duchardt by email that the Federal Defender "will need a court order before having anyone in my office to discuss representation of a current or former client." Attachment "A" (5/31/14 7:15 am email to Mr. Duchardt.) The Federal Defender went on to advise Mr. Duchardt that it is the Federal Defender's policy "not to have anyone in my office respond to a 2255 without a court order." Attachment "B" (5/31/14 12:25 pm email to Mr. Duchardt.)

Montgomery opposes Judge Fenner's disclosure order, alleging that the information is protected; the four individuals have a legal and ethical obligations to not disclose protected information; and Montgomery has not waived her attorney-client and physician-patient privilege broadly enough to allow for such disclosure.

Because Judge Fenner correctly concluded that Montgomery implicitly waived these privileges as it relates to the issued alleged in her § 2255 petition against her former counsel, there is nothing inappropriate or improper about entering an order designed to enable trial counsel to provide an affidavit that is as complete and accurate as possible, especially for events that occurred several years ago. This action taken by Judge Fenner is well within the trial court's discretion, and therefore not improper.

### *A. Mandamus Not Appropriate Remedy*

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *see also In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986). "The use of the

---

[4]Montgomery's counsel advised Mr. Duchardt that they object to his interviewing Elliott, Schnack, Ninemire, and Dr. Fucetola. Montgomery's counsel further advised Mr. Duchardt that "[n]othing in the Court's order authorizes you to interview witnesses or conduct an independent investigation. Our position is that if [Mr. Duchardt] were to engage in such interviews it would constitute tampering with the witnesses' memory. To be clear, this applies to all witnesses, including the expert witnesses. We do not waive [Montgomery's] privilege with respect to Dr. Fucetola or any other expert witness." (Attachment "C" – 6/10/2014 email to Duchardt.)

writ of mandamus is severely limited to prevent litigants from obtaining appellate review of district court orders which otherwise could not be appealed until final judgment." *Id.* Mandamus should only be issued when a petitioner can establish "(1) she lacks 'adequate alternative means' to obtain relief, (2) her right to 'issuance of the writ is clear and indisputable,' and (3) 'the writ is appropriate under the circumstances.'" *United States v. Fast*, 709 F.3d 712, 718 (8th Cir. 2013) (quoting *Cheney v. US Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004)). Additionally, mandamus relief should be limited to "only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Lombardi*, 741 F.3d 888, 893 (8th Cir. 2014).

Montgomery fails to establish the necessary prerequisite of establishing that she has no other 'adequate alternative means' to obtain relief. Montgomery has other adequate alternative means for relief. A few possible avenues for relief include (1) an in-camera review of Mr. Duchardt's completed affidavit before being provided to the parties; (2) redacting portions of Mr. Duchardt's affidavit to omit irrelevant protected information; and (3) allowing Montgomery to cross-examine Mr. Duchardt about his affidavit in a post-conviction evidentiary hearing. Therefore a writ of mandamus is not the appropriate remedy in this case.

Montgomery also fails to establish that Judge Fenner abused his discretion in issuing the order. Montgomery therefore, fails to establish she has a clear and indisputable right to the issuance of the writ.

Preliminary issues were litigated extensively in motion practice before Judge Fenner prior to the issuance of the discovery order in dispute. The issue of whether or not a waiver of privilege exists was litigated, the issue of whether or not trial counsel were to prepare affidavits was litigated, and the scope of Montgomery's waiver was litigated.

Montgomery's assertions this Court's writ must issue to protect the attorney-client privilege in this case is simply unfounded. Montgomery's § 2255 accused Mr. Duchardt, Mr. O'Connor and various other members of the defense team with ineffectiveness and misconduct in virtually every aspect of their defense, from their trial preparation, and defense strategy and tactics during the trial, sentencing, and on appeal. Montgomery cannot make such broad, extensive allegations of ineffectiveness and malfeasance and then attempt to use the attorney-client privilege as a shield. *Tandy v. United States*, 504 F.2d 332, 336 (8th Cir. 1974).

In *Tandy*, the movant asserted that his trial attorney had been ineffective at trial, but argued on appeal from the denial of his § 2255 motion that his attorney had violated his attorney-client privilege by divulging conversations during the

§ 2255 hearing that Tandy insisted were privileged. This Court rejected that assertion in broad, sweeping language:

> We find no violation of the attorney-client privilege in the facts of this case. It has long been the law that a client may waive protection of the privilege, either expressly or impliedly. *Blackburn v. Crawfords*, 70 U.S. (3 Wall.) 175, 194, 18 L.Ed. 186 (1865). One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. Here, the confidentiality of the attorney-client relationship was breached by Tasby. Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule. When a client calls into public question the competence of his attorney, the privilege is waived. *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Sherman v. United States*, 261 F.Supp. 522, 531 (D. Haw.), *aff'd* 383 F.2d 837 (9th Cir. 1966); *see Pruitt v. Peyton*, 243 F.Supp. 907 (E.D. Va.1965); *United States v. Butler*, 167 F.Supp. 102 (E.D. Va. 1957), *aff'd* 260 F.2d 574 (4th Cir. 1958).

*Tasby*, 504 F.2d at 336.

Likewise, Montomery "is not free to make various allegations of misconduct and incompetence," and then "seal[ ] [her] attorney's lips . . . by invocation of the attorney-client privilege." *Id.* Consequently, it cannot be disputed that Montgomery has no legitimate claim that allowing Mr. Duchardt to consult with

other members of Montgomery's trial team would somehow violate her attorney-client privilege.

Nor does Montgomery have any basis for opposing the Government's use of affidavits by counsel in Montgomery's § 2255 action, on the theory that the issue of privilege must be considered by the court on a question-by-question basis. As this Court noted in *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013):

> In 1978, this court proscribed the use of affidavits as part of the files and records of the case when making credibility determinations. *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1978). However, the subsequent Rules Governing 28 U.S.C. § 2255 superceded *Lindhorst* and now permit the use of affidavits. Specifically, Rule 7 provides that "[a]ffidavits also may be submitted and considered as part of the record." 28 U.S.C. § 2255, Rule 7. In addition, Rule 8 provides that "the judge must review [the record] and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." 28 U.S.C. § 2255, Rule 8. Under these rules, trial courts now may consider affidavits as part of the files and records of the case. [Citing *Kingsberry v. United States*, 202 F.3d 1030, 1031 n. 2 (8th Cir. 2000).

*Thomas*, *id.*

As earlier noted, to the extent Montgomery is now arguing that Judge Fenner's order, if left intact, would allow privileged matters to be included in his affidavit, that consideration – however unrealistic, given the number, scope and breadth of Montgomery's claims of ineffectiveness – can be dealt with by requesting an in-camera review of the affidavits before they are submitted, or by moving to redact certain portions of the affidavits. Regarding Montgomery's

surprising contention that Mr. Duchardt would be tampering with witnesses' memories if he were to interview them, Montgomery has the ability to cross-examine Mr. Duchardt fully at an evidentiary hearing if necessary. Montgomery can, likewise, call or cross-examine any other relevant witnesses regarding the tampering of witnesses' memories. In the event that such efforts are unsuccessful, Montgomery can then raise those issues on appeal. *See Purkey v. United States*, 729 F.3d 860, 866 n. 2 (8th Cir. 2013).

By entering the narrow, reasonable discovery orders that he did in this matter, Judge Fenner is attempting to ensure that trial counsel has access to all of the resources necessary to make an informed and complete affidavit prior to any evidentiary hearing in this matter. Judge Fenner did not abuse his discretion in entering such discovery order. Therefore, a writ of mandamus is not the appropriate remedy in this case.

## IV. <u>Conclusion</u>

A writ of mandamus is not the appropriate remedy in this case. By raising her claims of ineffective assistance of counsel in her § 2255 petition, Montgomery has effectuated an implied waiver of the privileges she might have had in connection with those claims raised. There are other means of relief for Montgomery if irrelevant protected information is disclosed during her post-conviction proceedings. Judge Fenner did not abuse his discretion in issuing discovery orders to seek the truth of Montgomery's ineffective assistance of counsel accusations.

The United States of America respectfully requests that Montgomery's petition for writ of mandamus/prohibition be denied.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney

By /s/ *Roseann A. Ketchmark*

ROSEANN A. KETCHMARK
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2014, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

Christine M. Blegen
Blegen Law Firm
230 S.W. Main Street, Suite 217
Lee's Summit, Missouri 64063

Kelley J. Henry
Assistant Federal Public Defender
Federal Public Defender's Office
Capital Habeas Unit
810 Broadway, Suite 200
Nashville, Tennessee 37203

/s/ *Roseann A. Ketchmark*
Roseann A. Ketchmark
Assistant United States Attorney

are.
Thanks for your attention to these matters. Get back to me, as soon as you can, with your further thoughts.
Fred

On Saturday, May 31, 2014 7:15 AM, Laine Cardarella <Laine_Cardarella@fd.org> wrote:

Hi Fred. I will need a court order before having anyone in my office to discuss representation of a current or former client.
I am out of town until Tuesday but will ask someone to reach out to Ray and Ron and give each of them your email.

Laine Cardarella
Federal Defender
Sent from my iPhone

On May 31, 2014, at 8:03 AM, "Frederick Duchardt" <fduchardt@yahoo.com> wrote:

> Good morning Laine
> Now that the jury is deliberating on my capital case in Springfield, I can now jump into preparation of the affidavit in response to the petitioner filed in the Montgomery case which I have been ordered by Judge Fenner to provide. Since I worked with your office on the Montgomery case, I shall be needing some considerable input from those in your office, and retired from your office who participated significantly in the case at one time or another, particularly Stephanie Elliott, Ron Ninemire, Troy Schnack, Ray Conrad and Anita Burns. By the way, Anita may well wonder why her name is included, since she was involved only for a brief time at the very beginning of the case. My need for confabbing with Anita is explained when one reads the petition, and certain accusations made regarding Anita being squeezed out of Lisa's representation by Dave Owen. Anita and I talked about that situation at the time. My recollection is that, at the time, Anita was very diplomatic about the matter, but explained enough details so that, along with my personal experiences about Dave Owen, I reached certain conclusions about the tenor of the situation (i.e. that Dave did essentially squeeze Anita out, wanting to be integrally involved in the case himself, and that since Dave was second in command in the office at the time, Anita bowed to the will of the hierarchy, and that was that). I am going to need to impose upon the time of Stephanie, Anita, Troy, Ray and Ron to read the entirety of the petitions filed on Lisa's behalf, and then confer with me about information and ideas which we exchanged at the time of case preparation and trial. If you can get me Ron's and Ray's current e-mail addresses, I can contact them directly about this.

I note that my deadline for the filing is June 30, 2014, therefore, I shall need this assistance very soon. Please get back to me as soon as you can and advise about your position regarding these requests. Thanks. Fred

<Order denying motion for reconsideration and setting deadline.pdf>

**Fw: Montgomery v. United States**
Laine Cardarella to: Kelley Henry 06/03/2014 09:06 AM

History: This message has been forwarded.

Kelley,

Please see the email string below which documents a written conversation between Fred Duchardt and myself over the weekend. I understand that you currently represent my office's former client Lisa Montgomery. I thought you should be aware of the contact.

Take care

Laine

Unless someone like you cares a whole awful lot, nothing's going to get better. It's not!
-*The Lorax* by Dr. Seuss


**Laine Cardarella**
Federal Public Defender
818 Grand Blvd - Suite 300
Kansas City, MO 64106

Phone: (816) 471-8282
FAX: (816) 471-8008
Web Site: mow.fd.org



*This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail. Thank you for your cooperation.


----- Forwarded by Laine Cardarella/MOWF/08/FDO on 06/03/2014 08:59 AM -----

From: Laine Cardarella/MOWF/08/FDO
To: "Frederick Duchardt" <fduchardt@yahoo.com>
Cc: Stephanie Elliott/MOWF/08/FDO@fdo, Anita Burns/MOWF/08/FDO@fdo, Troy Schnack/MOWF/08/FDO@fdo

Date: 05/31/2014 12:25 PM
Subject: Re: Montgomery v. United States

Fred it is my policy not to have anyone in my office respond to a 2255 without a court order. The order you sent me directs you and John to respond but doesn't apply to us. Frankly I don't understand why you can't respond to the petition based on your own recollection since it will be your personal affidavit.

As I told you, I am out of town. I have asked that Ray and Ron be contacted.

Laine Cardarella
Federal Defender
Sent from my iPhone

On May 31, 2014, at 12:36 PM, "Frederick Duchardt" <fduchardt@yahoo.com> wrote:

> Good morning again Laine
>
> I respect your thoughtful concern in this regard, and I want to proceed in a way which properly addresses that concern. I would note that I had resisted preparation of the ordered affidavit, asking that I not be required to make the required sorts of revelations of strategy and confidences without an explicit waiver from Lisa. Judge Fenner refused that request, but did make a finding, consistent with a bevy of 8th Circuit and other holdings, that by filing her motion, Lisa had impliedly waived all privileges connected with the allegations of ineffectiveness which were raised on her behalf in her petition. A copy of that order is appended for your information. I believe that this order is more than broad enough to address any concerns you might have. However, that call in that regard is, of course, up to you. I ask that you look at the order, and get back to me with your thoughts. You have also mentioned desiring a Court order, and certainly I can request that if you believe that such an order can legitimately be directed to you under current circumstances. Let me know your thoughts on that as well., and I can nuke up a motion
>
> It would be well for me also to explain my reasoning behind wanting to discuss certain matters with you staff. While I am the predominant target of the claims set forth in the petition and amended petition filed on Lisa's behalf, that large target on my back consistent with my overarching role in trial and appeal in the case, no one is spared from invective, including everyone who I mentioned in my original e-mail to you. If this only involved legitimate claims, supported by legitimate facts, I would be more than happy to concede those. for Lisa's sake Unfortunately, there are host of hearsay attributions to many of the Federal Public Defender staff, hearsay attributions which are contrary to information I believe I have received from those very people. Those hearsay attributions, which I believe to be false, are then the critical foundation for claims which I believe to be specious. Those are the matters I want to address with your staff in proper manner. Basically, I want to find out if they believe my recollections are correct, and more importantly what they believe the actual facts of these matters

Re: contacts with Montgomery case team members and experts
Kelley Henry
to:
Frederick Duchardt
06/10/2014 04:41 PM
Cc:
"Christine Blegen", "Lisa Nouri", "John O'Connor"
Hide Details
From: Kelley Henry/TNMF/06/FDO
To: "Frederick Duchardt" <fduchardt@yahoo.com>,
Cc: "Christine Blegen" <christine@blegenlawfirm.com>, "Lisa Nouri" <lisanouri_atty@hotmail.com>, "John O'Connor" <joconnor@wcllp.com>

Fred,

Over our objection you and John have been ordered to produce an affidavit which is to be based on your own personal recollections of your involvement in the case. Nothing in the Court's
order authorizes you to interview witnesses or conduct an independent investigation. Our position is that if you were to engage in such interviews it would constitute tampering with the witnesses' memory. To be clear, this applies to all witnesses, including the expert witnesses. We do not waive Lisa's privilege with respect to Dr. Fucetola or any other expert witness.

I do appreciate you checking with us.

Kelley

Sent from my iPad

On Jun 10, 2014, at 4:26 PM, "Frederick Duchardt" <fduchardt@yahoo.com> wrote:

> Good afternoon to the Current Counsel for Lisa
>
> In order to properly address certain accusations made in the petition which you drafted, John and I need to have contact with former members of our defense team, particularly Ron Ninemire, Stephanie Elliott and Troy Schnack of the Federal Public Defender's Office. The position of Laine Cardarella is that these current and former staff members need either permission from you or a Court order in order for those folks to be made available to John and me for interview. Please let me know if you will permit this contact, or if I need to seek Judge Fenner's intervention upon the matter.
>
> Similarly, I need to speak with Dr. Rob Fucetola about Dr. Woods' perception of deficiencies in Fucetola's testing. Dr. Fucetola has agreed to talk with me later this week. However, I wanted to give you notice about that as well, in case you have any objections to that which might necessitate Judge Fenner's intervention as well.
>
> Please get back to me as soon as you can.
>
> Fred