IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-08001-CV-W-GAF** |
| | ) | **Case No. 05-06002-CR-W-GAF** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

Now before the Court is Movant Lisa M. Montgomery's ("Movant") Motion to strike the statement of Movant's trial counsel, Frederick A. Duchardt, Jr. (Doc. # 131). Mr. Duchardt was ordered by this Court to file an affidavit in response to the ineffective assistance of counsel claims raised by Movant in her 28 U.S.C. § 2255 Motion. (Doc. # 77). Movant objected to Mr. Duchardt being ordered to file an affidavit, arguing that doing so might lead to an inadvertent disclosure of information protected by the attorney-client privilege. (Doc. # 76, p. 3). This Court denied Movant's request for a protective order and determined that any specific objections to Mr. Duchardt's affidavit would be taken up after the affidavit was filed. (Doc. # 124).

In the present Motion, Movant raises two arguments against Mr. Duchardt's affidavit. (*See* Doc. # 131). First, Movant incorporates by reference her previous objections to the affidavit. (*Id.* ¶ 1). Though not specified, the Court will assume that this argument includes Movant's contention that Mr. Duchardt's affidavit violates attorney-client privilege. However, as this Court has previously stated, "[i]t is well recognized among federal courts that when habeas petitioners allege claims of ineffective assistance of counsel, those petitioners impliedly waive their attorney-client privilege with respect to communications with their attorneys to the

extent necessary to address those allegations." (Doc. # 84, p. 2) (citing *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Nelson v. United States*, No. 4:04-CV-8005-FJG, 2010 WL 3398791, at *1 (W.D. Mo. Aug. 24, 2010) ("'When a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications.'") (quoting *United States v. Pinson*, 584 F.3d 972, 977-78 (10th Cir. 2009)) (additional citations omitted)).

Movant has provided no arguments or examples of specific portions of Mr. Duchardt's affidavit that allegedly exceed the scope of the waiver of attorney-client privilege that occurred when Movant raised claims of ineffective assistance of counsel. (*See* Doc. # 131). Movant attached an exhibit to her Motion that specified which portions of the affidavit Movant wished to have stricken. (*See* Doc. # 131-1). Upon review of that exhibit, this Court finds that the portions objected to by Movant are not portions that include privileged information but instead are portions that Movant finds argumentative. Additionally, this Court has reviewed Mr. Duchardt's affidavit and finds that it did not exceed the scope of Movant's waiver of attorney-client privilege. Thus, this Court finds that Mr. Duchardt's affidavit does not disclose information protected by the attorney-client privilege.

Next, Movant argues that the affidavit is an "argumentative legal brief" instead of a factual averment.[1] (Doc. # 131 ¶¶ 2-3). However, an affidavit need not be stricken solely

---

[1] Movant also takes issue with the fact that Mr. Duchardt's affidavit was entitled "statement" as opposed to "affidavit." (Doc. # 131, p. 1). The Court does not find this argument persuasive. It is the contents of a document, not its title, that determines its admissibility. *See Lingo v. Hartford Fire Ins. Co.*, No. 4:10CV84MLM, 2010 WL 889879, at *1 n.1 (E.D. Mo. Mar. 8, 2010) (Where the defendant took issue with the title assigned to a document filed by the plaintiff, the court looked past its title and stated "the content of Document 9 makes it clear that [the p]laintiff intended it to be his Response").

because it is argumentative; instead the argumentative portions of the affidavit may be given less weight. *See Fromson v. W. Litho Plate & Supply Co.*, No. 82-0354C(6), 1989 WL 149268, at *1 (E.D. Mo. Dec. 6, 1989) *aff'd*, 909 F.2d 1495 (Fed. Cir. 1990) ("[T]he [c]ourt concludes that [the] defendant's request to strike the affidavits must be denied. The [c]ourt notes that portions of the affidavits are argumentative . . . the [c]ourt will accord them little or no weight in reaching its determination.); *Great N. Nekoosa Corp. v. ASEA, AB*, 657 F. Supp. 1253, 1256 (W.D. Ark. 1987) ("[The plaintiff] has asked the [c]ourt to strike certain portions of the affidavit . . . . Where the affidavit sets forth statements which are allegedly argumentative, conclusory, irrelevant or inaccurate, the Court has given it only slight weight in resolving the issues at hand. For that reason, the Court finds that the Motion to Strike should be, and it is hereby, denied."). Accordingly, the Court will give any argumentative portions of Mr. Duchardt's affidavit little to no weight. Thus, it is

**ORDERED** that Movant's Motion is DENIED.

**IT IS FURTHER ORDERED** that the Order sealing Mr. Duchardt's and Mr. O'Connor's affidavits (Doc. # 128) is set aside.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: February 6, 2015.