**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-8001-CV-W-GAF** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER**

This matter sets forth a history of lengthy delay at the request of counsel on both sides. Movant was initially appointed counsel on April 17, 2012. Movant was allowed just shy of 1.5 years to file the Amended Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence and for a New Trial (Doc. #71), consisting of 238 pages, presently before the Court. Thereafter, the government was allowed just over 1.3 years to file its response. A considerable amount of that delay, approximately 8.5 months, was attributable to trial counsel Frederick A. Duchardt, Jr. and John O'Connor's requests for additional time to file court ordered affidavits.

The Court recognizes that the government had a lengthy Amended Motion to respond to and trial counsel Duchardt and O'Connor had significant commitments at the time they were required to cooperate with the preparation of affidavits. Mr. Duchardt ultimately filed a lengthy affidavit in response to the serious allegations of ineffective assistance, dishonest and unprofessional conduct leveled against him. Whether totally necessary or not, Mr. Duchardt's affidavit represents a considerable effort and time commitment on his part. Mr. O'Connor likewise filed his affidavit although the length of delay for Mr. O'Connor did not appear on the face of his affidavit to have been necessary. Unlike counsel for the government and counsel for

movant, Mr. Duchardt and Mr. O'Connor do not represent parties in the Amended Motion and were directed by the Court to interrupt their already set schedules to prepare affidavits.

At this time, counsel for movant requests a total of 123 days to file a traverse to the government's response to the Amended Motion herein citing counsels' obligations and commitments in other matters. Counsel for movant, Ms. Nouri, accepted appointment by the Court to represent movant surely aware of the difficult task and significant time commitment that appointment would require. Thereafter, Ms. Nouri sought and Ms. Henry through her own volition asked to be allowed to join in the representation of movant. Ms. Henry, an experienced federal defender, likewise is expected to know the considerable commitment required by seeking to be allowed to represent movant herein. Three years have elapsed since Ms. Nouri was initially appointed and the pleadings herein have yet to be completed. The Court does not doubt that counsel for movant has the other commitments cited in the most recent Motion For Extension of Time To File Traverse (Doc. 144), but it is time counsel for movant fully accept their responsibility in this matter even if it requires declining representation in other matters.

Movant's counsel place the Court in a most difficult position of directing them to do what they represent is impossible or granting yet another lengthy continuance. Given the choice of the two options created by movant's counsel, the Court reluctantly grants movant's request to file her traverse on or before September 1, 2015. The Court expects this case to be given priority by counsel herein and any further requests for continuance are not likely to meet with success.

/s Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: April 21, 2015