*FREDERICK A. DUCHARDT, JR./ATTORNEY AT LAW*
*P.O. BOX 349, 110 E. 6TH STREET/KEARNEY MISSOURI 64060*
*TELEPHONE 816-628-9095 FAX 816-628-9046*

***MEMORANDUM***

TO: John O'Connor

FROM: Fred Duchardt

RE: ***United States v. Lisa Montgomery***, 05-6002, Change of Counsel Issues

DATE: July 14, 2006

Good morning John

We spoke yesterday over the phone about my phone conference, also yesterday, with Judy Clarke and Susan Hunt. Judy was very strongly urging that something be done to preserve what she perceives to be a legal issue related to her and Susan's displacement as counsel for Lisa. Judy feels that this is a situation akin to the situation in ***United States v. Gonzalez-Lopez***, 126 S.Ct. 2557 (June 26, 2006), wherein there was a reversal based upon a refusal by the Eastern District of Missouri to grant leave for pro hac vice admission of an attorney of the defendant's choice to represent defendant. To say that Susan, and particularly Judy, were crowding for action on our part on this issue would be to put it mildly. Judy just received a letter from Lisa, in which Lisa said she had previously been forbidden to write to Judy. I explained to Judy that you and I had changed that. Judy now wants to write to Lisa, and explain her side of the removal of her as counsel. I told Judy in no uncertain terms that this issue would have to wait until after I completed the Street trial, which is scheduled to begin July 24. I also asked Judy to wait her justifications letter to Lisa until that time. Judy said she does not want to create any problems for us, and will follow any and all directions with regard to communication with Judy which we say. However, she very much urges us to do whatever we need to do to preserve this issue which she perceives is here.

My decision in waiting this issue until after the Street trial has some to do with the fact that I am busy, but more to do with my notion that there simply is no real legal issue here, and that Judy's and Susan's own anger over the situation skews their

perception of the legal issue. However, I am running this all by you, not only to keep you up to speed with what I am doing, but also to let you double-check my legal reasoning on the subject. That way, if you think something more needs to be done now, you can jump in and do it. However, my bet is that you will agree with me that this can wait until after I finish the Street trial

Again, Judy feels strongly that ***Gonzalez-Lopez*** applies here. In that case, one private lawyer was retained, and another one was also retained, initially entered an appearance pro hac vice, but was then taken off the case, and was kept off the case despite his persistent efforts to get back on, and the defendant's expressed desire to have that lawyer on the case. The language of the decision is excellent with regard to having counsel of choice. Justice Scalia authors the opinion, and again confounds his critics by siding with the more liberal members of the Court on an issue of constitutional rights, much as he did in the ***Crawford*** case related to the confrontation clause. Put simply, the Court decided that the District Court erred in not permitting pro hac vice status to the counsel of choice. This is the language with which, I am sure, Judy is enamored. The problem with trying to use ***Gonzalez-Lopez*** here is that that case involved retained counsel, and heroic efforts by retained counsel to intervene, all of which were rebuffed by the court. Here, we have all appointed counsel, and no such heroic efforts. Judy had pro hac vice status via an application by Dave. When Dave withdrew his support, there was no basis for the pro hac vice status. Susan claims that, in a closed hearing before Judge Fenner, she orally moved for pro hac vice status for Judy, and that Judge Fenner denied that request. Susan did not then follow up with a written motion, or any appeal of Judge Fenner's ruling, but instead sought leave to withdraw, which was granted. Since this is not a retained counsel matter, but instead an appointed counsel matter, there likely is no counsel of client's choice issue, since there is pretty good caselaw underpinning the notion that, in the case of appointed counsel, the choice is the court's, not the defendant's. Even if there was a potential counsel of choice question, Judy and Susan did not take the similar, heroic steps taken in ***Gonzalez-Lopez*** to preserve the issue. Judy never followed up with any motion for admission pro hac vice. Though Susan indicates that she orally moved on Judy's behalf, that is probably procedurally defective because made orally, and because made by Susan for Judy. There is probably also a limitation which can be brought to bear upon what Susan could seek based upon her position as appointed rather than retained counsel. In other words, Judge Fenner had the right to approach the request by Susan as a request to appoint Judy in addition to the two lawyers he had already appointed, and to

refuse that request for additional appointed counsel resources based on the fact that two lawyers had already been appointed per the dictates of the statute. Even if I'm wrong about those notions, the bigger problem came when Susan voluntarily sought and obtained leave to withdraw rather than staying in the case, and perfecting her requests for Judy's help (i.e. making the requests in writing, getting a formal refusal of such requests, and appealing Fenner's rulings thereupon). At that point, Susan lost any position in the case whatsoever.

At this point, if there ever was an issue, which I believe is doubtful, the only way to resurrect that issue would be to essentially throw the case into chaos by having Judy attempt to reenter the case by either becoming qualified and joining the bar of the WDMO and entering an appearance, or finding voluntary, non-appointed local counsel, and move for admission pro hac vice. The practical problems of such an approach are legion. Judy says she is now "on to other things" and such an approach would be time-consuming for her. Judy may also be creating problems for herself with the AO. She is a California Federal Public Defender, and may be perceived as shopping for cases in other districts. An attempt to orchestrate all of this would also require Lisa wanting Judy badly and wanting rid of the current defense team. I do not believe that Lisa is currently so disposed. But even if she could be brought to that point, for the sake of creating this legal issue, that would essentially destroy any ability for the current team to do its job for Lisa. I simply do not see creation of all that turmoil for the sake of a marginal legal issue as anything but a bad idea.

One other thing is worth noting. In talking to Judy and Susan, it seems clear that Dave's complaints made to us, that he was restrained from working on the case, were completely true. Both Judy and Susan expressed to me their beliefs that Dave was not handling interviews with potential mitigation witnesses in a gentile enough fashion. From what I have seen of Dave, that may very well be true. However, rather than taking the time, attempting to reeducate Dave, and show him the perceived right way to approach things, Judy and Susan essentially wanted him to sit back, and let them do the work. One clear problem with that approach, from what I see of the work product I was provided, was that the work was not getting done, and trial dates were coming and going without necessary preparation being completed. Moreover, this did not take into account the desire of the local Federal PD Office to become death qualified. Put another way, Judy and Susan doing the case for Dave would not have made him death qualified. My perception is that Dave was ready and willing to be taught, but needed to be approached in a respectful

way which acknowledged his position and experience. In other words, he could not be treated like a kid, and told to sit back, with the expectation that that would go over well. Also, I believe that Judy and Susan perceive this work as rocket science, which only a few can do properly. I consistently hear this from "learned counsel" and wonder how they forget that they too, at one time, tried their first death case, and had to learn. In any event, it is now pretty easy to see how things broke down between counsel.

The way I have left things with Judy and Susan is that they are to write up and send to me their accounts of the applicable facts. There also, apparently, was a letter which Dick Burr authored about the matter which they are to get, and forward to me. I have asked Judy that, in any response to Lisa, that she not now get into details about her situation with Dave, and Judy has indicated that she will honor that request. After the Street trial, I plan on taking a fresh look at all of this, looking as well at the materials which they provide. We can then talk with Lisa about the whole counsel issue. Finally, we can brainstorm the matter, including Dave in the mix, and decide what, if anything, to do with the issue.

Feel free to contact me if you have any questions about any of this.