IN THE JUVENILE COURT OF RILEY COUNTY, KANSAS

In the Interest of:

DIANE RAY HEDBERG

A child under 16 years of age,

to-wit: 8 years old

Case No. J-1040

# PETITION

COMES NOW James W. Morrison
a reputable citizen or citizens of Riley County, Kansas, and to the Court states and avers:

That DIANE RAY HEDBERG, Apt. # 4 Taplin Trl Ct, Ogden, KS, 8-26-63
Name / Residence / Birthdate

is a dependent and neglected child under the age of 16 years;
That the names and residence of his/her parents, or legal guardian or nearest known relative are as follows:

John E. Hedberg (Father), SS3-36-1429 HHC, 14th S&S BN. APO 09165 New Yor, New York (Residence), Telephone

Joyce Hedberg (Mother), unknown (Residence), unknown (Telephone)

Mrs. Judy Hedberg (Guardian, custodian, nearest relative) (former stepmother), Apt # 4 Taplin Trl Ct Ogden,KS (Residence), Telephone

Check Applicable Grounds:
That said child is dependent and neglected by reason of one or more of the following grounds:

(x) (1) Whose parent neglects or refuses when able so to do to provide proper or necessary support and education required by law, or other care necessary for his well being;

( ) (2) Who is abandoned or mistreated by his parents, step-parent, foster parent, guardian, or other lawful custodian;

( ) (3) Whose occupation, environment or association is injurious to his welfare;

( ) (4) Who is otherwise without proper care, custody or support; or

(x) (5) Who, by reason of the neglect of his parent to provide him with proper or necessary support, education or care, is in the custody of a children's aid society or is being supported by the county or state.

SPECIFICALLY, the said child is Dependent and Neglected by reason of the following grounds:
There is no legal guardian responsible. Parents abandoned the child and the child is receiving assistance from the state and county.

all in violation of the Kansas Juvenile Code, in such case made and provided, and against the dignity of the State of Kansas.

WHEREFORE, the Petitioner (s) prays that upon the hearing of the petition said child be declared to be a dependent and neglected child, that the Court exercise the parental power of the State relative to this child.

James W. Morrison
Petitioner

James W. Morrison (signature)
Petitioner

Riley County Courthouse (Address) 776-4829 (Phone)

Address Phone

VERIFICATION

RILEY COUNTY
SS:
STATE OF KANSAS

JAMES W. MORRISON
of lawful age first being duly sworn upon oath, states and avers

That he (~~they~~) is (~~are~~) the above named petitioner (s), and has read the foregoing petition, and knows of his (~~their~~) own knowledge, that the statements therein contained are true.

James W. MOrrison
Petitioner

James W. Morrison (signature)
Petitioner

Subscribed and sworn to before me this ___ day of February, 197_, at Manhattan, Riley County, Kansas.

Judge of the Juvenile Court

CONFIDENTIAL

IN THE JUVENILE COURT OF RILEY COUNTY, KANSAS

In the Interest of
Diane Ray Hedberg
a Minor under 18 yrs.
to-wit 8

ORIGINAL

Case No. J-1040

ORDER GRANTING TEMPORARY CUSTODY

Now on this 11th day of February, 1972, comes on for hearing the oral motion of James W. Morrison, Assistant Riley County Attorney for an Order of Temproary Custody concerning the above named child. Appearances are as follows: James W. Morrison, Assistant Riley County Attorney; Mrs. Jan Waide, Social Services Supervisor; Mrs. Jerry Rapp, Social Worker; Wayne G. Kelpin, Chief Juvenile Probation Officer; Mrs. Judy Hedberg, former stepmother of said child and the child, Diane Ray Hedberg, appearing in person.

The Court, after hearing sworn testimony, after reviewing the varified petition on file herein and after being fully advised in the premises, FINDS that there is reason to believe that the natural parents of said child have abandoned the child and are not presently supporting said child. Therefore, said child should be placed in an appropriate foster home pending final hearing on this matter.

WHEREFORE, IT IS THE JUDGMENT AND ORDER OF THE COURT that the above named child, Diane Ray Hedberg be and is hereby placed in the custody of the Riley County Department of Social Welfare for proper and appropriate foster placement pending hearing on the petition on file herein, all as proveded in K.S.A. 38-819 as amended.

IT IS SO ORDERED.

JERRY L. MERSHON
Judge of the Juvenile Court

APPROVAL:

JAMES W. MORRISON
Assistant County Attorney

MEMORANDUM: The Preservation of Testimony, Mrs. Judy Hedberg, Former Step-Mother of the Above Named Minor, Diane Ray Hedberg.

Testimony taken this 28th day of March, 1972.

1. Joyce Hedberg, natural mother of Diane Ray Hedberg was divorced from John Joseph Hedberg in July, 1966, in the state of Washington.

2. Prior to and following the said divorce, the above named Diane Ray Hedberg was in the custody of her grandparents until December, 1967.

3. John Hedberg and Judy Hedberg (step-mother), were married on August 4, 1967.

4. In December, 1967, the grandparents voluntarily gave the custody of Diane Ray Hedberg to John Joseph Hedberg and Judy Hedberg.

5. From December, 1967, until December, 1970, the natural father, being in the U.S. Army, was overseas a great deal of the time and during this time the said Diane Ray Hedberg was in the custody of her step-mother, Judy Hedberg, off and on, and she was, off and on, in the custody of the Payne family, Topeka, Kansas. Said Diane Ray Hedberg, with the consent of the natural father, was in the custody of the Payne family in Topeka, Kansas, from approximately June, 1970, to July, 1971. During this period of time the Paynes received no support money from John Joseph Hedberg and the said natural father's promises to sign a consent for adoption of the said Diane Ray Hedberg never materialized.

6. John Joseph Hedberg gave support to Diane Ray Hedberg and Mrs. Judy Hedberg from December, 1967, until June, 1970. From June, 1970, until December, 1970, he gave support payments to the step-mother although none of these payments found their way to Diane Ray Hedberg, while in the custody of the Paynes. The said natural father returned to the United States from overseas in December, 1970, and he became separated from his wife Judy Hedberg. The said John Joseph Hedberg returned overseas. In July, 1971, Diane Ray Hedberg was returned from the Payne family to the custody of her step-mother, Mrs. Judy Hedberg. No financial or other support was given to either Judy Hedberg or Diane Ray Hedberg by the natural father from December, 1970, to date. Judy Hedberg obtained a divorce from John Joseph Hedberg on July 13, 1971.

7. Diane Ray Hedberg was officially turned over to the custody of the Riley County Department of Social Welfare on February 14, 1972, by Mrs. Judy Hedberg and said child has been in the custody of the Riley County Department of Social Welfare since said date.

In the Matter of Petition for Dependancy & Neglect

STATE OF KANSAS, RILEY COUNTY, ss

Printer's fee, $ 9.80

**PETITION FOR DEPENDANCY AND NEGLECT**

(First published in the Manhattan Mercury on March 8, 1972; subsequently published March 15, 1972)

IN THE JUVENILE COURT OF RILEY COUNTY, KANSAS

In the Matter of
DIANE RAY HEDBERG Case No 1940

Petition for dependancy and neglect

That the proceedings of determination of Dependancy and Neglect on behalf of Diane Ray Hedberg, against her legal parents and guardian, Joyce Hedberg and John E. Hedberg

Joyce and John E. Hedberg take notice that through this proceeding, parental rights may be permanently severed upon determination of the court. That service upon Joyce and John E. Hedberg is authorized by the Juvenile Court of Riley County, Kansas pursuant to K.S.A. 38-8-10 and the said Joyce and John E. Hedberg take notice that the hearing shall be March 28, 1972 at 10:30 a.m. and that the said Joyce and John E. Hedberg should appear on or before that date to show cause why the judgment concerning Dependancy and Neglect should not be rendered accordingly. The hearing shall be in the Juvenile Court of Riley County, Kansas.

JAMES W. MORRISON
Assistant Riley County Attorney
Riley County, Kansas

I, Ellen Gilmore being first duly sworn, depose and say: That I am bookkeeper of The Manhattan MERCURY, a daily newspaper printed in the State of Kansas, and published in and of general circulation in Riley County, Kansas, with a general paid circulation on a daily basis in Riley County, Kansas and that said newspaper is not a trade, religious or fraternal publication. Said newspaper is a daily published at least weekly 50 times a year; has been so published continuously and uninterruptedly in said county and state for a period of more than five years prior to the first publication of said notice; and has been admitted at the postoffice of Manhattan in said County as second class matter. That the attached notice is a true copy thereof and was published in the regular and entire issue of said newspaper for two consecutive insertions, the first publication thereof being made as aforesaid on the 8th day of March, 19 72 with subsequent publications being made on the following dates:

On the 15th day of March 19 72

On the ______ day of ______ 19 ___

On the ______ day of ______ 19 ___

On the ______ day of ______ 19 ___

On the ______ day of ______ 19 ___

Ellen Gilmore

Subscribed and sworn to before me this 16th day of March, 19 72

Sandra [illegible] Notary Public

My commission expires July [illegible] 19 75

IN JUVENILE COURT
RILEY COUNTY, KANSAS
March 30, 1972

IN THE JUVENILE COURT OF RILEY COUNTY, KANSAS

In the Interest of
DIANE RAY HEDBERG
A Minor under the age of 16
To-wit: 8 years

Case No. J-1040

JOURNAL ENTRY

Now this matter comes on to be heard on this 28th day of March, 1972, said case having been continued from February 25, 1972, until March 1, 1972, and the same being continued from March 1, 1972, until this date.

Said matter comes regularly on for hearing upon the petition of James W. Morrison, Assistant Riley County Attorney, alleging that the above named minor child is a dependant and neglected child as defined by the Kansas Juvenile Code Kansas Statute Annotated K.S.A. 30-802, et seq.

It should be noted that Harlan Graham, was appointed in this matter as Attorney for John E. Hedberg and Joyce Hedberg, natural parents of the above named Diane Ray Hedberg. Mr. Graham, after reviewing the files and after reviewing the Riley County Department of Social Welfare information available to him, noted that a typographical error was made on the original petition in this matter. The natural father of Diane Ray Hedberg is in truth and in fact John Joseph Hedberg, and not John E. Hedberg as alleged in the petition. Said Counsel pointed out that the publication service in this matter indicated that the natural father of Diane Ray Hedberg was John E. Hedberg. Said Counsel therefore moved to quash the publication service concerning John Joseph Hedberg, for the reason that the identity was incorrect. The Court after carefully reviewing the file and after noting that Statutory Publications Service is generally strictly construed, FINDS that Counsel's motion to quash should be sustained. THEREFORE IT IS THE FINDING, JUDGMENT AND ORDER OF THE COURT that the publication service concerning John Joseph Hedberg, the natural father of the above named minor child is defective and that oral motion to quash should be and is hereby sustained. The Court directs the Assistant Riley County Attorney that if further proceedings are to be had concerning John Joseph

Hedberg, natural father of Diane Ray Hedberg, that an amended petition should be filed and the petitioner should proceed under the appropriate statutes to effectuate proper notice of hearing and service of the same in accordance with Law.

The Court examines the file and records in this matter and notes that Wayne L. Anderson, Riley County Sheriff, has entered his affidavit of non-service indicating that after diligent effort and investigation to find Joyce Hedberg, natural mother of Diane Ray Hedberg, that all efforts failed and that the said Joyce Hedberg's whereabouts are unknown, and that it was therefore impossible to make personal service of summons upon her.

Thereupon, the Court ordered publication service on Joyce Hedberg, natural mother of the above named minor, Diane Ray Hedberg, all pursuant to K.S.A. 38-810 of the Juvenile Code of the State of Kansas. The Court, after reviewing the publication service on the said Joyce Hedberg, FINDS that concerning said natural mother, that the same is correct, in order and proper in all respects and finds that due notice as prescribed by Law has been made upon all parties in accordance with Law, excepting only the defective service concerning John Joseph Hedberg as heretofore set out.

Present in Court and making appearance is James W. Morrison, Assistant Riley County Attorney, the petitioner in the above entitled matter; also present in Court and making appearance is Diane Ray Hedberg, in person and by and through her Attorney and Guardian ad Litem, Dan Myers; Further appearances are: Harlan Graham, Attorney for Joyce Hedberg; Mrs. Judy Hedberg, former step-mother of the above named Diane Ray Hedberg; Mrs. Janice Waide, Riley County Social Services Supervisor; and Mrs. Alice Herzon, Riley County Social Worker. Joyce Hedberg does not appear and is in default.

Thereupon the matter proceeds to trial and after hearing testimony and after being fully advised in the premises, the Court makes the FOLLOWING FINDINGS AND CONCLUSIONS OF LAW, TO-WIT: that excepting only service on John Joseph Hedberg, that service was made on all other parties and in this action and in accordance with Law.

That the above named minor child is a dependant and neglected child within the meaning of the Juvenile Code of the State of Kansas, in that the said child's natural mother, Joyce Hedberg, has neglected to provide said child with

proper or necessary support, education and care; that the said Diane Ray Hedberg is presently in the custody of the Riley County Department of Social Welfare and is presently placed in an appropriate foster home and is being supported by Riley County and the State of Kansas.

More specifically, IT IS THE FURTHER FINDING OF THE COURT that Joyce Hedberg abandoned the above named minor child in July, of 1966 and that the said Joyce Hedberg has totally failed to support said child by any financial contributions whatsoever and the said Joyce Hedberg has totally failed to perform any of the duties incumbent upon her as the natural parent of Diane Ray Hedberg, whatsoever. Further that the aforesaid Joyce Hedberg's whereabouts are unknown and that there has been no communication between herself, and Diane Ray Hedberg from July, 1966, to this date.

IT IS THE FURTHER FINDING OF THE COURT that the above named minor child has been in the custody of the Riley County Department of Social Welfare since February 14, 1972.

IT IS THE FURTHER FINDING OF THE COURT that Joyce Hedberg is an unfit parent and that it would be to the best interest of Diane Ray Hedberg that the said Joyce Hedberg's parental rights be severed.

WHEREFORE, IT IS THEREFORE BY THE COURT ORDERED, AJUDGED AND DECREED that Diane Ray Hedberg is hereby found to be a dependant and neglected child for the specific reasons as heretofore set out in the Findings of the Court.

IT IS FURTHER BY THE COURT ORDERED, AJUDGED AND DECREED that Joyce Hedberg is an unfit parent and that her parental rights concerning Diane Ray Hedberg are hereby permanently severed.

IT IS FURTHER BY THE COURT ORDERED, AJUDGED AND DECREED that the above named Diane Ray Hedberg be and is hereby placed in the temporary custody of the Riley County Department of Social Welfare for proper and appropriate foster home placement pending hearing on the amended petition to be filed by the Riley County Attorney's office, with leave of this Court, as heretofore more specifically set forth in the ruling on the motion to quash.

IT IS FURTHER BY THE COURT ORDERED, AJUDGED AND DECREED that Dan Myers receive the sum of $45.00 for services performed as Attorney and Guardian ad Litem for Diane Ray Hedberg and that Harlan Graham receive the sum of $52.00 for services performed as attorney for Joyce Hedberg. The publication costs in the above entitled matter in the sum of $9.80 are hereby allowed paid to

Seaton Publications, Manhattan, Kansas, from the general fund of Riley County, Kansas.

IT IS THE FURTHER JUDGMENT AND ORDER OF THE COURT that the costs of this action are hereby assessed to Riley County, Kansas.

IT IS SO ORDERED.

JERRY L. MERSHON
Judge of the Juvenile Court
Riley County, Kansas

APPROVED:

JAMES W. MORRISON
Assistant County Attorney

DAN MYERS
Attorney and Guardian Ad Litem for Diane Ray Hedberg

HARLAN GRAHAM
Attorney for Joyce Hedberg

Riley Co. Juv. Ct.

1040

DCW-048
(Rev. 9-59)

BEFORE THE STATE BOARD OF SOCIAL WELFARE, STATE OF KANSAS

IN THE MATTER OF THE COMMITMENT OF

DIANE RAY HEDBERG to

the STATE DEPARTMENT OF SOCIAL WELFARE

ORDER OF ACCEPTANCE

WHEREAS, an Order of the Juvenile Court of Riley County, Kansas, dated May 25, 1972 committing Diane Ray Hedberg to the State Department of Social Welfare, was received on the 2nd day of June, 1972; and

WHEREAS, the Order of Commitment finds that Diane Ray Hedberg is a dependent and neglected child; and

WHEREAS, the Order of Commitment permanently deprives the child's parents of their parental rights:

NOW, THEREFORE, The State Department of Social Welfare hereby accepts the permanent custody and control of Diane Ray Hedberg as of the 25th day of May, 19 72.

Dated this 15th day of June, 19 72.

STATE DEPARTMENT OF SOCIAL WELFARE

By Dorothy M Bradley, Director
Division of Child Welfare Services

DEPENDENT AND NEGLECTED PETITION

CONFIDENTIAL

IN THE JUVENILE COURT OF RILEY COUNTY, KANSAS

ORIGINAL

In the Interest of:

DIANE RAY HEDBERG

A child under 16 years of age,

to-wit: 8 years old

Case No. 9-1040

AMENDED **PETITION** AMENDED

COMES NOW James W. Morrison
a reputable citizen or citizens of Riley County, Kansas, and to the Court states and avers:

That DIANE RAY HEDBERG, Apt. # 4 Taplin Trl Ct, 8-26-63
Name / Residence / Birthdate

is a dependent and neglected child under the age of 16 years;
That the names and residence of his/her parents, or legal guardian or nearest known relative are as follows:

| Name | Residence | Telephone |
|---|---|---|
| John J. Hedberg (Father) | SS3-36-1429 HHG 14th S&S BH New York, N.Y. | |
| Mother | | |
| Guardian, custodian, nearest relative | | |

Check Applicable Grounds:
That said child is dependent and neglected by reason of one or more of the following grounds:

(X) (1) Whose parent neglects or refuses when able so to do to provide proper or necessary support and education required by law, or other care necessary for his well being;

( ) (2) Who is abandoned or mistreated by his parents, step-parent, foster parent, guardian, or other lawful custodian;

( ) (3) Whose occupation, environment or association is injurious to his welfare;

( ) (4) Who is otherwise without proper care, custody or support; or

(X) (5) Who, by reason of the neglect of his parent to provide him with proper or necessary support, education or care, is in the custody of a children's aid society or is being supported by the county or state.

SPECIFICALLY, the said child is Dependent and Neglected by reason of the following grounds:
Failed to give support for the child and that he has had no interest in the child's care and that the child is in the custody of the State of Kansas.

all in violation of the Kansas Juvenile Code, in such case made and provided, and against the dignity of the State of Kansas.

WHEREFORE, the Petitioner (s) prays that upon the hearing of the petition said child be declared to be a dependent and neglected child, that the Court exercise the parental power of the State relative to this child.

James W. Morrison — James W. Morrison
Petitioner / Petitioner

Riley County Courthouse, 776-4[illegible] — Address / Phone

Address / Phone

## VERIFICATION

RILEY COUNTY
SS:
STATE OF KANSAS

JAMES W. MORRISON James W. Morrison
of lawful age first being duly sworn upon oath, states and avers:

That he (they) is (are) the above named petitioner (s), and has read the foregoing petition, and knows of his (their) own knowledge, that the statements therein contained are true.

James W. Morrison
Petitioner / Petitioner

Subscribed and sworn to before me this 5 day of [illegible] 19[illegible] at Manhattan, Riley County, Kansas.

[signature]
Judge of the Juvenile Court

CONFIDENTIAL

ORIGINAL

IN THE JUVENILE COURT OF RILEY COUNTY, KANSAS

In the Interest of
DIANE HEDBERG
A Minor under 16 years
To-wit: 8 years

Case No. J-1040

JOURNAL ENTRY

Now this matter comes on to be heard on this 25th day of May, 1972, upon the amended petition of James W. Morrison, Assistant Riley County Attorney,(said amended petition being filed with this Court on April 5, 1972), alleging that the above named minor child is a dependent and neglected child as defined by the Kansas Juvenile Code, K.S.A 30-802, et seq.

The Court examines the file and records in this Matter and notes that Wayne L. Anderson, Riley County Sheriff, has entered his Affidavit of Non-Service indicating that after diligent effort and investigation to find John J. Hedberg, the natural father of Diane Ray Hedberg, that all efforts failed and that the said John J. Hedberg could not be served in Riley County, Kansas.

Thereupon, the Court ordered publication service on John J. Hedberg, all pursuant to K.S.A. 38-810(c) of the Juvenile Code of the State of Kansas. The Court further ordered service on the said John J. Hedberg by mailing a copy of the Petition and all of the attached pleadings thereto, by certified mail, return receipt requested, to John J. Hedberg last known address, to-wit: SS 3-36-1429, Headquarters & Headquarters Company, 14th S&S Bn. New York, New York, APO 09165, and the Court further Ordered a copy of the Petition and all of the attached pleadings thereto mailed, certified mail, return receipt requested to the Department of the Army, Service Records and Location Department, Washington, D.C.

The Court, after reviewing the publication service on the said John J. Hedberg, finds that the same is correct, in order and proper in all respects. The Court further reviews the file and reviews the affidavit of mailing to John J. Hedberg's last military address as well as to the United States Department of the Army and the Court notes that John J. Hedberg did receive a copy of the Petition and all of the attached pleadings thereto which is indicated by his signature on the return receipt card. The Court further notes that the Department of the Army received the Petition and all of the attached pleadings

Case 4:12-cv-08001-GAF Document 154-18 Filed 09/03/15 Page 11 of 22

thereto as exhibited by the Return Receipt received from the duly authorized agent of the United States Army in Washington, D.C. Therefore, the Court after reviewing the service by certified mail on the above John J. Hedberg, finds that service has been effectuated, and the same is correct, in order in all respects and finds that due notice has been made upon the said John J. Hedberg in accordance with law.

Present in Court and making appearance is James W. Morrison, Assistant Riley County Attorney, the petitioner in the above entitled matter; also present in Court and making appearance is Diane Ray Hedberg, in person and by and through her Attorney and Guardian ad Litem, Dan Myers. Further appearances are: Donn J. Everett, Attorney and Military Attorney appointed to represent John J. Hedberg; Mrs. Janice Waide, Riley County Social Services Supervisor; Mrs. Alice Herzon, Riley County Social Worker. John J. Hedberg does not answer, does not appear and is in default.

Thereupon, the matter proceeds to trial and after hearing testimony and after being fully advised in the premises, the Court makes the following findings and conclusions of law, to-wit: that service was made on John J. Hedberg in this action in accordance with law.

That the above named minor child, Diane Ray Hedberg, is a dependent and neglected child within the meaning of the Juvenile Code of the State of Kansas in that said child's natural father, John J. Hedberg, has neglected to provide said child with proper or necessary support, education and care; that the said Diane Ray Hedberg is in the custody of the Riley County Department of Social Welfare, is presently placed in an appropriate foster home and is being supported by Riley County and the State of Kansas.

MORE SPECIFICALLY, IT IS THE FURTHER FINDING OF THE COURT that John J. Hedberg has totally failed to perform any of the duties incumbent upon him as the natural parent of Diane Ray Hedberg for many years and that the said John J. Hedberg has s[illegible]tically failed to provide any financial support for said child whatsoever since December, 1970, notwithstanding various requests on the part of the Riley County Department of Social Welfare and other parties requesting said assistance and planning for his daughter.

IT IS THE FURTHER FINDING OF THE COURT that the above named minor child has been in the custody of the Riley County Department of Social Welfare since February 14, 1972, said agency receiving no support from the natural father whatsoever, notwithstanding said agencies request for support and planning.

IT IS THE FURTHER FINDING OF THE COURT that John J. Hedberg is an unfit parent and that it would be to the best interest of Diane Ray Hedberg that the said John J. Hedberg's parental rights be permanently severed.

WHEREFORE, IT IS THEREFORE BY THE COURT ORDERED, ADJUDGED AND DECREED that Diane Rae Hedberg is hereby found to be a Dependent and Neglected child for the specific reasons as heretofore set out in the Findings of the Court.

IT IS FURTHER BY THE COURT ORDERED, ADJUDGED AND DECREED that John J. Hedberg is an unfit parent and that his parental rights concerning Diane Rae Hedberg are hereby permanently severed.

The Court notes that the parental rights of Joyce Hedberg, natural mother of Diane Ray Hedberg were severed by this Court under Journal Entry under file of March 28, 1972.

IT IS THEREFORE, FURTHER BY THE COURT ORDERED, ADJUDGED AND DECREED that Diane Ray Hedberg is hereby committed to the Kansas State Department of Social Welfare all pursuant to and under the authority of K.S.A. 38-824 (c)(4).

IT IS FURTHER BY THE COURT ORDERED, ADJUDGED AND DECREED that pursuant to K.S.A. 38-824(d) the Kansas State Department of Social Welfare shall be the guardian of the person and of the estate of said child and shall be empowered to place said child for adoption and give consent thereto along with other powers as provided by law.

IT IS FURTHER BY THE COURT ORDERED, ADJUDGED AND DECREED that Dan Myers receive the sum of $15.00 for services performed as Attorney and Guardian ad Litem for the above named minor child, Diane Ray Hedberg. And further that Donn J. Everett receive the sum of $30.00 for services performed as Attorney and Military Attorney for John J. Hedberg. The publication costs in the above entitled matter in the sum of $9.80 are hereby allowed paid to Seaton Publications, Manhattan, Kansas, from the General fund of Riley County, Kansas.

IT IS THE FURTHER JUDGMENT AND ORDER OF THE COURT that the costs of this action are hereby assessed to Riley County, Kansas.

IT IS SO ORDERED.

[signature]
JERRY L. MERSHON
Judge of the Juvenile Court
Riley County, Kansas

APPROVED:

[signature] James W. Morrison
James W. Morrison
Assistant County Attorney

[signature]
Dan Myers
Attorney and Guardian ad Litem for
Diane Rae Hedberg

Donn J. Everett
Attorney and Military Attorney for
John J. Hedberg

# In the Probate Court of Riley County, Kansas

**In the Matter of the ~~Estate of~~** Diane Ray Hedberg **Deceased**

**STATE OF KANSAS, RILEY COUNTY, ss** **Printer's fee, $** 9.80

**PETITION FOR DEPENDENCY AND NEGLECT**

First published in the Manhattan Mercury on April 14, 1972. Subsequently published on April 21, 1972

IN THE JUVENILE COURT OF
RILEY COUNTY, KANSAS

In the Matter of
DIANE RAY HEDBERG

Case No. J1040

PETITION FOR DEPENDENCY
AND NEGLECT

That the proceedings of determination of Dependency and Neglect on behalf of Diane Ray Hedberg, against her legal parent and guardian, John J. Hedberg.

John J. Hedberg take notice that through this proceeding, parental rights may be permanently severed upon determination of the court. That service upon John J. Hedberg is authorized by the Juvenile Court of Riley County, Kansas pursuant to K.S.A. 38-8-10 and the said John J. Hedberg take notice that the hearing shall be May 25, 1972, 1:30 p.m. and that the said John J. Hedberg should appear on or before that date to show cause why the judgment concerning Dependency and Neglect should not be rendered accordingly. The hearing shall be in the Juvenile Court of Riley County, Kansas

JAMES W. MORRISON
Assistant Riley County Attorney
Riley County, Kansas

I, Ellen Gilmore being first duly sworn, depose and say: That I am bookkeeper of The Manhattan MERCURY, a daily newspaper printed in the State of Kansas, and published in and of general circulation in Riley County, Kansas, with a general paid circulation on a daily basis in Riley County, Kansas and that said newspaper is not a trade, religious or fraternal publication. Said newspaper is a daily published at least weekly 50 times a year; has been so published continuously and uninterruptedly in said county and state for a period of more than five years prior to the first publication of said notice; and has been admitted at the postoffice of Manhattan in said County as second class matter. That the attached notice is a true copy thereof and was published in the regular and entire issue of said newspaper for 2 consecutive insertions, the first publication thereof being made as aforesaid on the 14 day of April, 19 72 with subsequent publications being made on the following dates:

On the 21 day of April 19 72
On the day of 19
On the day of 19
On the day of 19
On the day of 19

Ellen Gilmore

Subscribed and sworn to before me this 4 day of May, 19 72

Sandra Van Winkle Notary Public

My commission expires July 28, 19 75

IN JUVENILE COURT
RILEY COUNTY, KANSAS
[illegible]

1M-1-69

CONFIDENTIAL

IN THE JUVENILE COURT OF RILEY COUNTY, KANSAS

In the Interest of

Case No. ........................J-1040..................................

......Diane..Ray..Hedberg.........................................

A.....minor....... under .........18.......... years of age

.........to-wit: ....8.................

PROCEDURAL COURT NOTICE AND ORDER

In order to fully separate the adjudicatory and dispositional hearing phase in the Juvenile Court, the Juvenile Court of Riley County, Kansas, hereby orders and directs Law Enforcement Officers, the Riley County Attorney's Office, the Riley County Welfare Department, and the Riley County Probation Officer and staff to hold investigative and social information in their respective confidential files until the completion of the adjudicatory hearing.

Said investigative and social material is to be made available upon request to counsel for the alleged jnvenile offender.

All of the above referred to materials is to be filed in this Court's file immediately following the adjudicatory hearing.

IT IS SO ORDERED.

Juvenile Court Judge
Riley County, Kansas

ADDENDUM

This supplement to the Report to the Court filed by the Riley County Department of Social Welfare on behalf of Diane Ray Hedberg, d.o.b. 8-26-63 is submitted to apprise the Court of the following:

This Agency has received a letter from the King County Juvenile Court, Seattle, Washington in reply to an inquiry sent by Mrs. Jerrie Rapp concerning whether or not Diane was ever formally removed from the custody of her mother, Mrs. Joyce Hammond Hedberg, or if Mrs. Hedberg's parental rights have been severed.

A copy of the [illegible]ruary 29th letter from the King County Juvenile Court is enclosed. As you will note Diane was made a ward of the Court on September 3, 1965 and placed in the temporary custody of Sgt. Hedberg's parents, Mr. and Mrs. Gordon Hedberg. In addition Mrs. Hedberg has never relinquished her parental rights nor has she been deprived of them.

Since the goal for this child is adoptive placement, and in light of the above information it is our recommendation that the name of Mrs. Joyce Hammond Hedberg be included in the Dependency and Neglect complaint. Our recommendation is also based on the information in our records indicative that Mrs. Hedberg has failed to remain in contact with and/or support her child in the manner in which a concerned parent would.

(Mrs.) Alice Herzon
Social Worker I

APPROVED BY:

Pauline E. Neel, Director

AH:PEN:ic

NAME Diane Ray Hedberg
ADDRESS Apartment #4, Taplin Trailer Court,
Ogden, Kansas
EDUCATION Repeating second grade
Ogden Grade School

NATURAL PARENTS

Joyce Hedberg
Address unknown

John E. Hedberg
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
HHC, 14th S&S Battalion
APO 09165
New York, New York

INFORMANTS

John E. Hedberg
Same as above

Mrs. Judy Hedberg (former stepmother)
Apt #4, Taplin Trailer Cout
Ogden, Kansas

Mr. and Mrs. Gordon Hedberg (paternal grandparents)
3802 South 320th Street
Auburn, Washington

Mr. and Mrs. Ed Paine
Rural Route
Rossville, Kansas

Mrs. Velma Rignell (mother of Mrs. Judy Hedberg)
Leonardville, Kansas

The situation of 8-year old Diane Hedberg was first brought to the agency's attention by her stepmother, Mrs. Judy Hedberg. Mrs. Hedberg had moved to Riley County from Shawnee County. The agency was securing a statement of residence intent from Mrs. Hedberg so that her Aid to Dependent Children Public Assistance grant in behalf of her two natural children could be transferred to Riley County. She was suing her husband, John Hedberg, for divorce. She also explained at that time that she had just taken into her home her stepdaughter, Diane Hedberg, her husband's child by a former marriage. At that time Diane was added to the Aid to Dependent Children grant as a step parent had the right to make application for a step child. However, following the divorce Mrs. Hedberg was no longer eligible to receive public assistance in Diane's behalf. However, Mrs. Hedberg indicated her willingness to continue caring for the child even though the child was not eligible for public assistance and was not receiving an allotment from her natural father. The child continues to reside with Mrs. Hedberg at this time. Although Mrs. Hedberg has indicated a wish to have custody of the child because she is a non-relative of the child it would require

that she be licensed as a boarding home. It is felt that Mrs. Hedberg's housing and child care plans could not meet the licensing standards. This child has no visible means of support at this time. For the past two months she has been supported by her former stepmother who is an Aid to Dependent Children recipient in behalf of her own two natural children and who also has income from employment. Diane's natural father, John Hedberg, is stationed with the United States Army in Germany.

Diane Ray Hedberg was born August 26, 1963 in Auburn General Hospital, Auburn, Washington. The natural parents of this child are Joyce Kathryn Harmer Hedberg age 19 at time of child's birth and the natural father is John Joseph Hedberg who was age 21 at the time of the child's birth.

According to Mrs. Gordon Hedberg and Mrs. Judy Hedberg Diane was removed from the custody of her natural mother by the Child Welfare Court in Seattle, Washington, on the basis of neglect and temporary custody was given to the grandparents, Mr. and Mrs. Gordon Hedberg until Mr. Hedberg, who was stationed in Viet Nam, could return from his tour of duty and provide a permanent home for Diane. John and Joyce Hedberg were subsequently divorced and Mr. Hedberg reportedly received custody of Diane. According to Mrs. Judy Hedberg, Diane resided with her grandparents until approximately four years of age.

In approximately 1967 Mr. Hedberg was married to Judy Rignell. They were divorced in July of 1971. Two daughters were born from this marriage. Lisa M. Hedberg, born February 27, 1968 and Patty R. Hedberg, born 6-3-70. Again, according to Mrs. Gordon Hedberg and Mrs. Judy Hedberg, Diane lived sporadically between Mr. and Mrs. Hedberg and the grandparents for several years.

In June, 1970 Diane was placed independently, without any agency or legal sanction by Mrs. Judy Hedberg with Mr. and Mrs. Ed Paine and their family at Rossville, Kansas. Mrs. Hedberg wrote to Mr. Hedberg who was again stationed in Viet Nam and this placement was agreeable with him. The Paines originally planned to keep Diane only during the summer but later requested to adopt Diane. Mr. Hedberg indicated his willingness to allow them to adopt Diane, however, he never followed through. Therefore, the Paines did not wish to continue keeping Diane. In June, 1971 Mrs. Judy Hedberg removed Diane from the Paines home, at their request, and Diane has been living with Mrs. Judy Hedberg and her two half-sisters.

As stated above, John and Judy Hedberg were divorced in July, 1971. Mr. Hedberg is stationed in Germany and had been for several months preceding the divorce. Mrs. Hedberg does not have legal custody of Diane, legal custody continues to reside with the natural father. Therefore, as a former stepmother Mrs. Hedberg has no legal custody of Diane.

Mr. Hedberg has contacted by letter on November [illegible], 1971, November [illegible], 1971 and December 17, 1971 in regard to adequate care, suitable living [illegible] and

legal status for Diane. Mr. Hedberg has not authorized anyone to act in Diane's behalf in case of emergency in his absence from the United States. To the agency's knowledge he has not supported Diane since the time she began living with the Paines in 1970. The agency has also contacted Mr. Hedberg in regard to support of all three of his daughters. The Red Cross has also been contacted for their assistance but without satisfactory results.

Mr. Hedberg responded only to the agency's first letter dated November 2, 1971. In that letter he stated that he did not wish to have his daughter Diane residing with her former stepmother, that Mrs. Judy Hedberg was an unfit mother for Diane, and the arrangement was totally unsatisfactory. He also stated in that same letter that he sent $150.00 to Mrs. Judy Hedberg's mother, Mrs. Rignell for support of the children. Mrs. Judy Hedberg denied ever receiving this support money. In a personal interview Mrs. Rignell stated that she had never received money from John Hedberg for the support of the children. Copies of all pertinent correspondence and reports are attached.

The agency has made a prudent effort to assist Mr. Hedberg in planning for his daughter Diane and providing an adequate living situation, proper care and adequate medical care for this child. He has not made an adequate plan at this time and as this young child's history indicates, adequate planning for her has never been done by her natural parents. This agency recommends that a Juvenile Court hearing be held at the earliest possible time and that the Riley County Family and Community Service Agency be given temporary custody of this child so that she can be placed in an adequate foster care home, where she can receive proper care and supervision. The agency would also request the right to seek adequate medical care for this child. It is felt that this child's needs have been totally ignored by the adults who have charge of her and it is felt that she is in need of protection and that subsequent to a court hearing requesting the temporary custody of the child by the agency a Dependency and Neglect hearing should be held in behalf of this child.

(Mrs.) Jerrie S. Rapp
Social Worker

APPROVED BY:

Pauline B. Neel, Director

JSR:PBN:ic

cc: Mr. Curtis Hartenberger

**DEPARTMENT OF THE ARMY**
**HEADQUARTERS, V CORPS SUPPORT COMMAND**
**APO 09757**

20 JUN 1972

AETVSC-AG
SUBJECT: Support of Dependents -- SFC John J. Hedberg, 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

Jerry L. Mershon
Judge of the Juvenile Court of Riley County
Manhattan, Kansas 66502

Dear Mr. Mershon:

This is in reply to your inquiry concerning Sergeant First Class John J. Hedberg, 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, a member of this Command.

Sergeant First Class Hedberg has been counselled regarding the financial and moral obligations which he owes his daughter. He is now well aware of these obligations and has promised to make amends for his past lack of support.

With the help of his Commander, Sergeant First Class Hedberg has initiated a monthly allottment in the amount of $150.00 for the support of Diane Ray. As a provision for immediate relief and interim support, he has mailed a check for $150.00 to his former wife for Diane's support.

I thank you for your interest in a member of this Command. If we may provide you with further information or assistance, please feel free to contact this Headquarters.

Sincerely,

Paul L. Blackburn
PAUL L. BLACKBURN
Lieutenant Colonel, GS
Acting Chief of Staff

Youth Service Center
SUPERIOR COURT OF THE STATE [illegible] WASHINGTON
FOR KING COUNTY - JUVENILE DEPARTMENT

1211 East Alder Street
Seattle, Washington 98122
(206) 323-9500

February 29, 1972

RILEY [illegible] WELFARE
[illegible]
MAR 02 [illegible]
[illegible]
Per..........

Riley County Board of Social Welfare
Family and Community Service
500 Poyntz Avenue
Manhattan, Kansas 66502
Attn: Jerrie S. Rapp

RE: HEDBERG, Diane Ray
DOB: 8-26-63

Dear Mrs. Rapp:

The above named dependent child was first referred to this court in December, 1964 for injurious living conditions. This referral was adjusted because the child was no longer in Mrs. Hedberg's home, but in the home of the child's grandmother. In June, 1965 Diane was again referred due to an injurious living situation and at this time a petition was filed by the King County Sheriff. On September 3, 1965, Diane was made a dependent ward of the Court and placed in the temporary custody of her paternal grandparents, Marie and Gordon Hedberg. Mrs. Hedberg never relinquished her rights to this child nor was she deprived of her parental rights. Mrs. Hedberg was permanently deprived of a younger child through relinquishment.

I hope this will be of help to you in the planning for this child.

Sincerely,

Anthony J. McGuinness

Anthony J. McGuinness
Probation Officer

AJM:sm

# YOUTH SERVICE CENTER

SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY · JUVENILE DEPARTMENT
1211 EAST ALDER STREET · SEATTLE, WASHINGTON 98122 · (206) 323-9500

June 22, 1972

The Honorable Jerry L. Mershon
Judge of the Probate Court
Riley County Courthouse
Manhattan, Kansas, 66502

RE: HEDBERG, Diane Ray
DOB: 8-26-63

Dear Sir:

I am writing to you concerning the above-named dependent child. It is my understanding that at hearings on March 28, 1972, and May 25, 1972, Diane's parents were deprived of all parental rights, and custody was given to the Kansas State Department of Social Welfare for adoptive home planning.

On September 3, 1965, Diane was made a Ward of this Court and placed in the Temporary Custody of her paternal grandparents, Gordon and Marie Hedberg. The next contact we had with Diane was an inquiry from the Riley County Board of Social Welfare in February of this year advising of the court action in your state. On June 15, 1972, I was advised that the child was placed in the custody of the Department of Social Welfare.

Could you please supply me with a copy of the most recent court order on this child so that I may close our file?

Thank you for your cooperation in this matter.

Sincerely,

Anthony McGuinness
Probation Officer

AM:cl