IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER, Plaintiff,

vs No. 17,260

JACK GLEN KLEINER, Defendant.

## PETITION

Comes now the plaintiff and for her cause of action, complains and alleges:

1. That she is a resident of the State of Kansas; that she has been a resident of the State of Kansas for more than six (6) months next preceding the filing of this petition; and that her correct post office address is [redacted]. That defendant's address is [redacted]

2. That plaintiff and defendant were united in marriage on the 8th day of March, 1952, in Manhattan, Kansas; and there are three minor children of this marriage, to-wit: Timmy, age 17; Penny, age 12 and Terry, age 8, and plaintiff is a fit and proper person to have custody of the said minor children.

3. That certain real and personal property has been accumulated by the parties hereto during their marriage relation.

4. That a state of incompatibility exists in said marriage.

WHEREFORE, plaintiff prays that the bonds of matrimony now existing between the plaintiff and defendant be dissolved, set aside and held for naught; that she have custody of the minor children of said marriage; that plaintiff have reasonable child support for said minor child; that the defendant pay the costs of said action; and that she have such other and further relief as to the Court may seem fit and proper.

EVERETT & SEATON
[redacted]

EVERETT & SEATON

By

Attorneys for Plaintiff

STATE OF KANSAS )
) ss:
COUNTY OF RILEY )

Willadean Rae Kleiner , of lawful age, being first duly sworn, upon her oath, states:

That she is the above named plaintiff; that she has read the above and foregoing petition, knows and understands the contents thereof; and that the statements therein contained are true and correct.

Willadean Rae Kleiner

SUBSCRIBED and SWORN to before me this 12th day of September, 1973.

JONNIE R. McATEE NOTARY PUBLIC POTTAWATOMIE CO. KS.

Notary Public

My Commission expires: 8-18-74

FILED SEP 14 '73 AM
RUTH HOUGHTON
CLERK OF DISTRICT COURT
RILEY COUNTY KANS.

EVERETT & SEATON
ATTORNEYS AT LAW
J. C. PENNEY BLDG.
[redacted]

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER Plaintiff,

-vs- No. 17,260

JACK GLEN KLEINER Defendant

ENTRY OF APPEARANCE

Comes now the defendant, Jack Glen Kleiner, and waives the issuance of summons in the above entitled matter and voluntarily enters his appearance herein, waives time for pleading, and consents that the case may be heard without further notice to him.

Jack Glen Kleiner

STATE OF KANSAS )
) SS:
COUNTY OF RILEY )

BE IT REMEMBERED, that on this 12 day of September, 1973, before me, the undersigned, a notary public in and for the county and state aforesaid, came Jack Glen Kleiner, who is personally known to me to be the same person who executed the within instrument of writing and such person duly acknowledged the execution of the same.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my seal, the day and year first above written.

JONNIE R. MCAFEE NOTARY PUBLIC POTTAWATOMIE CO. KS.

Notary Public

My commission expires: 8-12-74

EVERETT & SEATON
ATTORNEYS AT LAW
J. C. PENNEY BLDG.

FILED SEP 14 '73 AM
RILEY COUNTY, KANSAS
...UTH HOUGHTON

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER, Plaintiff,

-vs- No. 17,260

JACK GLEN KLEINER, Defendant.

APPLICATION FOR EMERGENCY HEARING

Comes now the plaintiff in the above entitled action and applies to the Court for an order declaring an emergency and permitting the plaintiff's petition to be heard forthwith.

In support of said application, plaintiff states by having an emergency hearing, it will help bring immediate resolution to their financial difficulties.

Willadean Rae Kleiner

Willadean Rae Kleiner

STATE OF KANSAS, RILEY COUNTY, SS:

Willadean Rae Kleiner, of lawful age, being first duly sworn on oath states:

That she is the above named plaintiff; that she has read the above and foregoing Application for Emergency Hearing, knows and understands the contents thereof, and that the statements therein contained are true and correct.

Willadean Rae Kleiner

Willadean Rae Kleiner

FILED OCT 19 1973 AM

RUTH HOUGHTON
CLERK OF DISTRICT COURT

SUBSCRIBED and SWORN to before me this 19th day of October, 1973.

Jonnie R. McAtee

Notary Public

JONNIE R. McATEE NOTARY PUBLIC POTTAWATOMIE CO. KA

My Commission expires: Aug. 18, 1974

EVERETT & SEATON
ATTORNEYS AT LAW

I, Jack Kleiner, defendant in the above entitled action, do consent to an emergency hearing.

Jack Kleiner

Jack Kleiner

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER, Plaintiff,

-vs- No. 17,260

JACK GLEN KLEINER, Defendant.

ORDER

Now on this 19th day of October, 1973, the plaintiff appears and moves the Court for an order declaring the existence of an emergency in the above entitled matter. The plaintiff appears in person and by Donn J. Everett, her attorney. The Court finds that no notice of this hearing is necessary to be given.

Thereupon, the Court finds that the plaintiff has filed herein an application requesting an immediate hearing of plaintiff's petition for divorce for the reason that it will bring immediate resolution to their financial difficulties.

The Court further finds from the testimony of plaintiff that an emergency does exist and said motion should be sustained.

It Is Therefore by the Court CONSIDERED, ORDERED, ADJUDGED and DECREED that an emergency does exist in the above entitled matter and that an immediate hearing may be had by this Court of Plaintiff's petition for divorce.

Ronald J. Innes
Judge, District Court, Division II

APPROVED:

Donn J. Everett

EVERETT & SEATON
ATTORNEYS AT LAW
A. G. [illegible] BLDG.

OCT 19 73 AM

[illegible] HOUGHTON

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER, Plaintiff,

-vs- No. [illegible]

JACK GLEN KLEINER, Defendant.

SEPARATION AGREEMENT

This Agreement made on this [illegible] day of September, 1973, by and between Willadean Rae Kleiner, hereinafter referred to as the plaintiff, and Jack Glen Kleiner, hereinafter referred to as the defendant;

WHEREAS, differences have arisen between the parties hereto, and the plaintiff has instituted a suit for divorce against the defendant in the District Court of Riley County, Kansas, which suit was filed on the 14th day of September, 1973, and captioned as above set forth.

WHEREAS, the said parties are desirous of a fair, full and complete settlement of all their rights in property and obligations attached thereto, and all their mutual rights and obligations respecting the care, custody and support of the minor children of the parties.

NOW, THEREFORE, IT IS MUTUALLY AGREED BETWEEN THE PARTIES HERETO THAT:

1. That the plaintiff shall have the care and custody of the minor children born to this marriage, to-wit: Timmy, age 17; Penny, age 12 and Terry, age 7.

2. That defendant shall be entitled to visit said minor children at any reasonable time and place upon giving advance notice to the plaintiff.

3. That defendant shall pay the sum of $35.00 per week as and for child support for said minor children. The payments referred to in this paragraph shall be made to the Clerk of the District Court of Riley County, Kansas, for for [illegible] [illegible]dant shall be entitled to claim the exemption for said [illegible] as dependent for income tax purposes.

EVERETT & DEATON
ATTORNEYS AT LAW
A. G. [illegible] BLDG.

5. Plaintiff shall have as her own separate property

1965 Rambler

All personal effects, clothing and household goods now in her possession.

The real estate at 901 Pierre described as:

Lot 321 in Ward 5 in the City of Manhattan
Riley County, Kansas

Plaintiff shall assume payments, taxes and insurance on said real estate.

6. Defendant shall have as his own separate property

1965 Buick

All items of personal property now in his possession

7. It is further agreed that each of the parties will never set up any claims to the right, title or interest in any of the property herein alloted to the other party or in any after-acquired property on the part of either party, either in life or by way of inheritance, and each of the parties hereby quit-claim any interest in any of the property herein alloted to the other party. Further, neither party will at any time hereafter contract any debt or debts, charge or liability, for which the other party shall or may become liable.

8. This agreement is made subject to the approval of the Court and is intended as a fair, full and complete settlement of all rights and property owned by the parties, or either of them, and in settlement of all rights of future support or alimony for either party.

IN WITNESS WHEREOF, the parties have hereunto set their hands the day and year first above written.

EVERETT & SEATON
ATTORNEYS AT LAW
A. G. [illegible] BLDG.

Williadean Rae Kleiner
Williadean Rae Kleiner

Jack Glen Kleiner
Jack Glen Kleiner

STATE OF KANSAS )
) ss:
COUNTY OF RILEY )

BE IT REMEMBERED, that on this 13th day of September, 1973, before me, the undersigned, a Notary Public in and for the county and state aforesaid, came Willadean Rae Kleiner, who is personally known to me to be the same person who executed the above Separation Agreement and duly acknowledged the execution of the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.

JONNIE R. McCATEE NOTARY PUBLIC

Jonnie R. McAtee
Notary Public

My commission expires: 8 18 74

STATE OF KANSAS )
) ss:
COUNTY OF RILEY )

BE IT REMEMBERED, that on this 13th day of September, 1973, before me, the undersigned, a Notary Public in and for the county and state aforesaid, came Jack Glen Kleiner, who is personally known to me to be the same person who executed the above Separation Agreement and duly acknowledged the execution of the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.

JONNIE R. McCATEE NOTARY PUBLIC

Jonnie R. McAtee
Notary Public

My commission expires: 8-18-74

EVERETT & SEATON
ATTORNEYS AT LAW

SEP 13 '73 AM
F

...TH HOUGHTON

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER, Plaintiff,

-vs- No. 17,260

JACK GLEN KLEINER, Defendant

**JOURNAL ENTRY AND DECREE OF DIVORCE**

Now on this 19th day of October, 1973, this matter comes on for an emergency hearing on the petition for divorce filed herein. Plaintiff appears in person and by her attorney, Donn J. Everett of the firm of Everett and Seaton of Manhattan, Kansas. The defendant appears not, nor answers, but makes default.

Thereupon, the court having examined the papers and pleadings filed herein, and having heard the evidence, doth find:

1. That the defendant has filed his entry of appearance herein, in writing, which entry of appearance is a part of the record.

2. That the above entitled action has not been on file in this court for more than sixty days but an order for an emergency hearing was granted.

3. That the plaintiff has been a resident of the State of Kansas for more than six (6) months next preceding the filing of this petition herein, and was at the filing thereof, and is now an actual resident of the State of Kansas.

4. That the allegations contained in plaintiff's petition are true and that the plaintiff is entitled to the relief prayed for.

5. That the plaintiff and defendant were legally married on the 8th day of March, 1952, in Manhattan, Kansas, and have been since said time and are now husband and wife; that there are three minor children of this marriage, namely, Timmy, age 17; Penny, age 12 and Terry, age 7; that the plaintiff is a fit and proper person to have custody of said minor children.

EVERETT & SEATON
ATTORNEYS AT LAW
J. C. PENNEY BLDG.
[redacted]



21-234

6. That the plaintiff has performed her duties as the wife of the defendant, but the defendant disregarding his marriage vows and obligations has caused a state of incompatibility to exist in said marriage.

7. That the parties have heretofore entered into a property settlement agreement which is on file herein, which agreement provides for the support of the minor children of this marriage, and for the disposition of the property owned by the parties; that said agreement should be confirmed and approved by the court in all respects.

It is therefore by the Court ORDERED, ADJUDGED and DECREED that the plaintiff be divorced from the defendant on the proven grounds of incompatibility and that the bonds of matrimony heretofore existing between the parties be dissolved, set aside and held for naught.

It is further by the Court ORDERED, ADJUDGED and DECREED that the property settlement agreement heretofore filed herein become a part of this order and that said agreement is approved and confirmed by the court in all respects.

It is further by the Court ORDERED, ADJUDGED and DECREED that the plaintiff shall have the care and custody of the minor children of the parties hereto and the defendant shall have visitation rights as set forth in the agreement.

It is further by the Court ORDERED that the defendant shall immediately pay the delinquent temporary support in the amount of $60.00 and commencing on the 26th day of October, 1973, shall pay $35.00 per week as and for child support. Said support payment shall be made through the Clerk of the District Court.

It is by the Court further ORDERED, ADJUDGED and DECREED that the parties hereto are prohibited from contracting marriage with any other persons until sixty days after entry of judgment herein, and that if any marriage is contracted before the expiration of that period, it shall be null and void.

OCT 25 '73

EVERETT & [redacted]

[redacted]

JUDGE of the District Court

APPROVED:

Doug J. Everett

KANSAS STATE DEPARTMENT OF HEALTH

DIVISION OF VITAL STATISTICS

OCT 19 73 AM

WORK SHEET
for
Absolute Divorce or Annulment

This work sheet to be completed by the prevailing party in a divorce or annulment-of-marriage action, or by his or her legal representative in accordance with K.S.A. 65-2423. The necessary information herein recorded shall be filed with the clerk of the court on the day the divorce is granted, and shall be the foundation for completion of the official report of Divorce or Annulment of Marriage.

This work sheet form is not to be forwarded to the Division of Vital Statistics. It may be retained by the clerk of district court at the clerk's discretion.

10.1.1972

10 19 73

white

white

Judge Presiding In This Case______________________________

Above Information Submitted By______________________________
(Signature of Prevailing Party or Legal Representative)

3(?)

# Civil Appearance Docket 3

| No. | TITLE OF CAUSE | ATTORNEYS |
|---|---|---|
| 17,260 | Villadean Rae Kleiner | Everett & Denton |
| | vs | |
| Div. No. 2 | Jack Glen Kleiner | Sheets, Gilles & Hill |

| DATE | Divorce | CLERK'S COSTS | SHERIFF'S COSTS | OTHER COSTS | CREDITS |
|---|---|---|---|---|---|
| | | | | Rptr 1 50 Judge 5 00 Law Lib 1 00 | 25 00 |
| 9/14/73 | Docketing and indexing | 2 50 | | | |
| 9/14/73 | Petition filed | 50 | | | |
| 9/14/73 | Entry of Appearance filed | 50 | | | |
| 9/14/73 | Judicial Council fee | 50 | | | |
| 9/14/73 | Bar Docket fee | 50 | | | |
| 10/19/73 | Application for emergency hearing filed | 1 00 | | | |
| 10/19/73 | Order filed (21-222) | 50 | | | |
| 10/19/73 | Separation agreement filed | | | | |
| 10/19/73 | Pltf appears with Everett. Judgment for Pltf on grounds of incompatibility. Custody of minor to Pltf with reasonable visitation to Deft. Deft to pay $55.00 per week support with payments to commence Oct [illegible], 1973. Court finds that $50.00 due Pltf from Deft for temporary alimony pursuant to oral agreement of Pltf and Deft. Costs taxed to Deft. Clerk to enter judgment for Pltf on appearance docket. | 50 | | | |
| 10/19/73 | Report to Division of vital statistics filed | 2 00 | | | |
| 10/25/73 | Journal Entry and Decree of [illegible] filed ([illegible]) | 2 50 | | | |
| 10/25/73 | Certified copies of journal entry | 2 00 | | | |
| 10/25/73 | Entry of Judgment (C-122) | 1 00 | | 8 10 [illegible] | |
| 10/25/73 | Certified abstract of judgment for county [illegible] | 13 00 | | 11 00 | 25 00 |
| 9/11/74 | Motion to reduce child support filed | | | | |
| 9/20/74 | Motion to increase child support filed | | | | |
| 10/29/74 | Pltf's Exhibit #1 filed | | | | |
| 10/25/74 | Matter on for hearing. State for Deft, [illegible] for Pltf. Order per journal. | | | | |
| 12/20/74 | Journal entry filed (25-[illegible]) | | | | |
| 1/5/83 | Letter and Copy of Childs Birth certificate filed. | | | | |

160

# Civil Appearance Docket 3

| No. | TITLE OF CAUSE | ATTORNEY'S |
|---|---|---|
| 17,260 | Willadean Rae Kleiner | Everett & Seaton |
| | vs | |
| Div. No. 2 | Jack Glen Kleiner | Rogers, Stiles & Hill |

| DATE | Divorce | CLERK'S COSTS | SHERIFF'S COSTS | OTHER COSTS | CREDITS |
|---|---|---|---|---|---|
| | | | | Rptr 1 50 | |
| 9/14/73 | Docketing and Indexing | 2 50 | | Judge 2 00 | 25 00 |
| 9/14/73 | Petition filed | 50 | | Law Lib 5 00 | |
| 9/14/73 | Entry of Appearance filed | 50 | | | |
| 9/14/73 | Judicial Council fee | 50 | | | |
| 9/14/73 | Bar Docket fee | 10 | | | |
| 9/14/73 | | 50 | | | |
| 10/19/73 | Application for emergency hearing filed | 1 00 | | | |
| 10/19/73 | Order filed (21-222) | 60 | | | |
| 10/19/73 | Separation agreement filed | | | | |
| 10/19/73 | Pltf appears with Everett. Judgment for Pltf on grounds of incompatibility. Custody of minor to Pltf with reasonable visitation to Deft. Deft to pay $35.00 per week support with payments to commence Oct 26, 1973. Court finds that $50.00 due Pltf from Deft for temporary alimony pursuant to oral agreement of Pltf and Deft. Costs taxed to Pltf. Clerk to enter Judgment for Pltf on appearance docket. | | | | |
| 10/19/73 | Report to Division of vital statistics filed | 50 | | | |
| 10/25/73 | Journal Entry and Decree of Divorce filed (21-234) | 2 00 | | | |
| 10/25/73 | Certified copies of journal entry | 2 00 | | | |
| 10/25/73 | Entry of Judgment (K-122) | 2 00 | | 1 04 [illegible] | |
| 10/25/73 | Certified abstract of judgment for county clerk | 1 00 | | [illegible] | |
| | | [illegible] | | [illegible] | [illegible] |
| 9/11/74 | Motion to reduce child support filed | | | | |
| 9/20/74 | Motion to increase child support filed | | | | |
| 10/29/74 | Pltf's Exhibit #1 filed | | | | |
| 10/25/74 | Matter on for hearing. State for Deft, Scheuer for Pltf. Order per journal. | | | | |
| 12/20/74 | Journal entry filed (25-627) | | | | |
| 1/5/83 | Letter and Copy of Childs Birth certificate filed. | | | | |

17,260

Feb. 16, 1979

Clerk of the District Court.

To notify the court. One of the minor children Penny L. Kleiner has left home & is living in Owasso Oklahoma & is living on her own & is working at Wells groceries. Are we still liable in her support. That the mother Wellastian Kleiner is receiving.

Mr Mrs. Jack Kleiner

[redacted]

She is 17 now & has been in Okla since Jan 1979

LETTER WAS GIVEN TO JOHN F. STITES
AND JOHN F. STITES ANSWERED SAME.

BUREAU OF VITAL STATISTICS
CITY CLERK'S OFFICE
MANHATTAN, KANSAS

# Certificate of Birth Registration

This Is To Certify That, the birth of [illegible]

[illegible] of the Register of Vital Statistics

Date of Birth: [illegible] 1[illegible], 19[illegible]

Place of Birth: MANHATTAN, KANSAS

Registration Number: [illegible]

Father's Name: [illegible]

Mother's Maiden Name: [illegible]

Attendant: WILLIAM C. [illegible], MD

[signature] REGISTRAR

Case 4:12-cv-08001-GAF Document 155-12 Filed 09/03/15 Page 15 of 40

GRACE A. SCHROER
ATTORNEY AT LAW
[redacted]

TELEPHONE
[illegible]

January 5, 1983

FILED
Jan 5 4 26 PM '83
DIST. CT.
RILEY CO. KS.

Mr. Jack G. Kleiner
[redacted]

RE: Kleiner vs. Kleiner
Case No. 17,260

Dear Mr. Kleiner:

Villadean has told me that she received a check from you (Number 1156) dated December 19, 1982 signed by Judy Y. Kleiner for Fifteen Dollars with the words "Final Payment" in lower lefthand corner. This is not the final payment of your child support of Terry. The divorce decree dated October 19, 1973, states that Terry was age seven. The enclosed copy of Terry's certificate of birth registration shows that Terry was born December 13, 1965. Terry will not be eighteen years until December 13, 1983.

If you have any questions on this matter please contact me immediately. We expect your child support payments to continue until Terry is eighteen years of age.

Sincerely,

Grace A. Schroer

Grace A. Schroer

GAS/ca

cc: Clerk of the District Court of Riley County, Kansas ✓ delivered
Villadean Kleiner

Enclosure

**GRACE A. SCHROER**
ATTORNEY AT LAW

[redacted]

TELEPHONE
[illegible]

January 5, 1983

FILED
JAN 5 4 24 PM '83
DIST... COURT
RILEY CO., KS

Mr. Jack O. Kleiner
[redacted]

RE: Kleiner vs. Kleiner
Case No. 17,260

Dear Mr. Kleiner:

Willadean has told me that she received a check from you (Number 1154) dated December 18, 1982 signed by June K. Kleiner for Fifteen Dollars with the words "Final Payment!" in lower lefthand corner. This is not the final payment of your child support of Terry. The divorce decree dated October 19, 1973, states that Terry was age seven. The enclosed copy of Terry's certificate of birth registration shows that Terry was born December 13, 1965. Terry will not be eighteen years until December 13, 1983.

If you have any questions on this matter please contact me immediately. We expect your child support payments to continue until Terry is eighteen years of age.

Sincerely,

*Grace A. Schroer*

Grace A. Schroer

COPY

GAS/c...

cc: Clerk of the District Court of Riley County, Kansas ✓ *delivered*
Willadean Kleiner

Enclosure

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

| | | |
|---|---|---|
| WILLADEAN RAE KLEINER Plaintiff<br>vs.<br>JACK GLEN KLEINER Defendant | ) | Case No. 17,260 |

JOURNAL ENTRY

NOW on this 25th day of October, 1974, this matter comes on for hearing on defendant's motion to lower the child support as granted herein, and on plaintiff's motion to increase said child support and for a clarification of No. 4 of the separation agreement of the parties filed herein. Plaintiff appears in person and by her attorney, Grace A. Schroer. Defendant appears in person and by his attorney, John P. Stites.

THEREUPON, the court having examined the papers and pleadings filed herein and having heard the evidence does find:

1. That Timmy, a minor child of the parties at the time of the divorce in this case, is now 18 years of age and no longer a minor and that an order should be made by the court changing the child support from $35.00 per week as ordered in the divorce decree to $30.00 a week, which amount is $15.00 for each minor child and to continue until that child reaches majority. And further that the defendant shall commence on the first day of November, 1974, paying the $30.00 per week to the plaintiff through the Clerk of the District Court of Riley County, Manhattan, Kansas, and $5.00 of said $30.00 each week shall be for plaintiff's attorney fees in this matter and back child support and when this is paid the full $30.00 per week shall be for child support of the two minor children of the parties.

2. That each minor child of the parties should be allowed to visit the defendant for a minimum of 6 weeks during the sum-

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

| | | |
|---|---|---|
| WILLADEAN RAE KLEINER Plaintiff<br><br>vs.<br><br>JACK GLEN KLEINER Defendant | ) | Case No. 17,260 |

JOURNAL ENTRY

NOW on this 25th day of October, 1974, this matter comes on for hearing on defendant's motion to lower the child support as granted herein, and on plaintiff's motion to increase said child support and for a clarification of No. 4 of the separation agreement of the parties filed herein. Plaintiff appears in person and by her attorney, Grace A. Schroer. Defendant appears in person and by his attorney, John F. Stites.

THEREUPON, the court having examined the papers and pleadings filed herein and having heard the evidence does find:

1. That Timmy, a minor child of the parties at the time of the divorce in this case, is now 18 years of age and no longer a minor and that an order should be made by the court changing the child support from $35.00 per week as ordered in the divorce decree to $30.00 a week, which amount is $15.00 for each minor child and to continue until that child reaches majority. And further that the defendant shall commence on the first day of November, 1974, paying the $30.00 per week to the plaintiff through the Clerk of the District Court of Riley County, Manhattan, Kansas, and $5.00 of said $30.00 each week shall be for plaintiff's attorney fees in this matter and back child support and when this is paid the full $30.00 per week shall be for child support of the two minor children of the parties.



2. That each minor child of the parties should be allowed

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

| | | |
|---|---|---|
| WILLADEAN RAE KLEINER, Plaintiff | ) | Case No. 17,260 |
| vs. | ) | |
| JACK GLEN KLEINER, Defendant | ) | |

JOURNAL ENTRY

NOW on this 25th day of October, 1974, this matter comes on for hearing on defendant's motion to lower the child support as granted herein, and on plaintiff's motion to increase said child support and for a clarification of No. 4 of the seperation agreement of the parties filed herein. Plaintiff appears in person and by her attorney, Grace A. Schreer. Defendant appears in person and by his attorney, John F. Stites.

THEREUPON, the court having examined the papers and pleadings filed herein and having heard the evidence does find:

1. That Timmy, a minor child of the parties at the time of the divorce in this case, is now 18 years of age and no longer a minor and that an order should be made by the court changing the child support from $35.00 per week as ordered in the divorce decree to $30.00 a week, which amount is $15.00 for each minor child and to continue until that child reaches majority. And further that the defendant shall commence on the first day of November, 1974, paying the $30.00 per week to the plaintiff through the Clerk of the District Court of Riley County, Manhattan, Kansas, and $5.00 of said $30.00 each week shall be for plaintiff's attorney fees in this matter and back child support and when this is paid the full $30.00 per week shall be for child support of the two minor children of the parties.

2. That each minor child of the parties should be allowed with the defendant for a minimum of two weeks during the sum-

Case 4:12-cv-08001-GAF Document 155-12 Filed 09/03/15 Page 20 of 40

mer and during said two weeks the defendant should pay one-half the child support for said child.

3. That the meaning of No. 4 of the Separation Agreement of the parties filed herein is that the defendant claim the exemption of all minor children of the parties for income tax purposes.

4. That the court costs of this matter be taxed to defendant.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that findings numbered 1, 2, 3, and 4 are hereby made the order of this court.

District Judge -- Division 2

APPROVED:

Grace A. Schroer
[redacted]
Attorney for Plaintiff

John F. Stites
Rogers, Stites & Hill
[redacted]
Attorney for Defendant

Jack Glen Kleine

PLAINTIFF'S EXHIBIT 1

17260

| | |
|---|---|
| Rent | 120.00 |
| Interstate | 42.00 |
| Water | 10.30 |
| Electricity | 19.83 |
| Spreigels | 14.00 |
| Telephone | 28.51 |
| Gas | 12.86 |
| Child sup | 100.00 |
| Food | 200 00 |
| car Payment | 100.00 |
| Car Exspenses | 60.00 |
| Clothing | 30.00 |
| Misc Tooth paste Razor Blade | 25.00 |
| Medical | 25.00 |
| | 792.00 |

Salary $128.00 week — $512.00 Month

FILED
OCT 29 '74 AM
RILEY COUNTY KANS.
RUTH HOUGHTON
CLERK OF DISTRICT COURT

and that defendant shall be ordered to pay plaintiff's attorney fees incurred in connection with the Motion herein and defendant's Motion.

Willadean Rae Kleiner, Plaintiff

Grace A. Schroer
[redacted]

VERIFICATION

Willadean Rae Kleiner, of lawful age, being first duly sworn upon her oath, states that she is the plaintiff in the above-entitled action; that she has read the above and foregoing Motion; knows and understands the contents thereof; and that the statements therein contained are true and correct.

Willadean Rae Kleiner

Subscribed and sworn to before me this 19 day of September, 1974.

Notary Public

My commission expires: 3-27-77

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that copies of the above and foregoing Motion were delivered by me to the office of John Stites, 630 Humboldt, Manhattan, Kansas, and mailed to Jack Glen Kleiner, 507 N. Santa Fe, Tulsa, Okla, 74127, by First Class United States mail, postage prepaid, on this 19th day of September, 1974.

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

FILED
1974 SEP 20 AM 9 55

| | |
|---|---|
| WILLADEAN RAE KLEINER, Plaintiff | |
| vs. | Case No. 17,260 |
| JACK GLEN KLEINER, Defendant | |

MOTION

COMES NOW the plaintiff, Willadeen Rae Kleiner, and moves the court for an order to increase the child support paid by defendant as granted in the Divorce Decree and for an order clarifying No. 4, which reads, "Defendant shall be entitled to claim the exemption for said children as dependent for income tax purposes.", of the Separation Agreement of the Parties which was incorporated into the Decree of Divorce in this case.

As grounds for motion for increase in child support plaintiff states that expense of raising the two minor children has increased due to inflation and that they are now a year older; that it has been reported to plaintiff that defendant is making substantially more salary than at the time of the divorce; and that the child support paid by defendant for the minor children should be increased to $40.00 per week.

As grounds for the motion to clarify said No. 4 the plaintiff states that the defendant claimed three dependents on his 1973 income tax returns and plaintiff claimed none whereas plaintiff contends the meaning of No. 4 is that defendant because of paying child support is entitled to claim one dependent on his income tax return, and plaintiff would claim the rest.

WHEREFORE, plaintiff prays for an order of the court to increase said child support and an order clarifying said No. 4,

## VERIFICATION

STATE OF OKLAHOMA )
: SS.
COUNTY OF ________ )

JACK GLEN KLEINER, of lawful age, being first duly sworn upon his oath, states: That he is the defendant in the above-entitled action; that he has read the above and foregoing Motion; knows and understands the contents thereof; and that the statements therein contained are true and correct.

Jack Glen Kleiner
Jack Glen Kleiner

SUBSCRIBED AND SWORN to before me this 9 day of Sept, 1974.

Meda Duckworth
Notary Public

(My commission expires: May 8-1975)

## NOTICE OF HEARING

TO: WILLADEAN RAE KLEINER, Plaintiff:

Take notice that the above motion will be set for hearing in the District Court of Riley County, Kansas, on the ____ day of ____________, 1974, at ________ __m., or as soon thereafter as the court may hear the same.

ROGERS, STITES & HILL

By: ______________________
John F. Stites
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the above and foregoing Motion and Notice of Hearing was mailed by First Class United States mail, postage prepaid, on this 11th day of Sept, 1974, to WILLADEAN RAE KLEINER, at 901 Pierre Manhattan, Kansas 66502, plaintiff herein.

John F. Stites
John F. Stites

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLIA[illegible] KLEINER,

Plaintiff,

Case No 17,[illegible]

JACK [illegible]EINER,

Defendant.

## M O T I O N

[illegible]omes now the defendant, Jack [illegible], and moves the [illegible] for an order to lower the child support as ordered here[illegible].

[illegible]grounds therefor the defendant states that plaintiff and [illegible] were divorced on the 19th day of October, [illegible] That [illegible] time the parties hereto had three minor children, to [illegible]my, age 17; Penny, age 12 and Jerry, age 9 [illegible] the [illegible] hereto entered into an agreement in which the defe[illegible] agreed to pay to the plaintiff the sum of $35 per week for support for the three minor children. That the minor chi[illegible] is now over 18 years of age and is no longer a minor and [illegible] a result thereof the child support should be reduced by [illegible] of $11.66 per week or one-third of the sum of $35 per week.

WHEREFORE, defendant prays for an order of the court to [illegible] said child support payments.

[illegible] Defendant

RO[illegible]ITES & HILL

By [illegible]

[illegible] Stites
[illegible]s for Defendant

GRACE A. SCHROER
ATTORNEY AT LAW
[redacted]

TELEPHONE
(913) [illegible]

January 5, 1983

FILED
JAN 5 4 24 PM '83
DISTRICT COURT
RILEY CO. KS

Mr. Jack G. Kleiner
[redacted]

RE: Kleiner vs. Kleiner
Case No. 17,260

Dear Mr. Kleiner:

Willedean has told me that she received a check from you (Number 1156) dated December 18, 1982 signed by Judy K. Kleiner for Fifteen Dollars with the words "Final Payment." in lower lefthand corner. This is not the final payment of your child support of Terry. The divorce decree dated October 19, 1973, states that Terry was age seven. The enclosed copy of Terry's certificate of birth registration shows that Terry was born December 13, 1965. Terry will not be eighteen years until December 13, 1983.

If you have any questions on this matter please contact me immediately. We expect your child support payments to continue until Terry is eighteen years of age.

Sincerely,

*Grace A. Schroer*

Grace A. Schroer

GAS/cm

cc: Clerk of the District Court of Riley County, Kansas ✓ delivered
Willadean Kleiner

Enclosure

COPY

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER
Plaintiff,

vs.

Case No. 17,641

JACK GLEN KLEINER
Defendant.

FILED 1974 JUL -3 PM 3 45 RUTH HOUGHTON CLERK DISTRICT COURT RILEY COUNTY, KANSAS

P E T I T I O N

COMES NOW the plaintiff, and for her cause of action against the defendant, alleges: That she is the ex-wife of the defendant

That plaintiff is the mother and the defendant is the father of th following named dependent(s).

Penney Lee Kleiner Terry Edward Kleiner Timonty Glen Kleiner

That plaintiff and said child(ren) are entitled to support from t defendant under the provisions of the Uniform Reciprocal Enforcement of Support Act of this State (G.S. 1961 Supp. 23-419 to 23-446)

That defendant, on or about the 17th day of June, 1974, and subsequent thereto, refused and neglected to provide fair and reasor support for the plaintiff and the other dependent(s) according to hi means and earning capacity.

That defendant was present in the State of Oklahoma during the period for which support is sought.

That upon information and belief, defendant's address is:
507 N. Santa Fe Tulsa, Oklahoma

That defendant is within the jurisdiction of the following Court
14th District Court Tulsa County Tulsa, Oklahoma
which state has enacted a law substantially similar to the Uniform Reciprocal Enforcement of Support Act of this state.

WHEREFORE, plaintiff prays for such an order for support directed said defendant as shall be deemed to be fair and reasonable and for such other and further relief as the law provides.

Willadean Rae Kleiner
Plaintiff

of lawful age, being first duly sworn on her oath, states and alleges

That she has read the attached petition and knows the contents thereof, and that the same are true of her own knowledge, except as to matters stated on information and belief, and as to those matters she believes them to be true.

I do solemnly swear that the cause of action set forth in the peti hereto prefixed is just and I do further swear that by reason of my poverty I am unable to give security for costs.

Willadean Rae Kleiner
Affiant

Subscribed and Sworn to before me this 3rd day of July, 1974

Ruth Houghton
Notary Public
Clerk of District Court

My Co

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

| | | |
|---|---|---|
| WILLADEAN RAE KLEINER Petitioner ) | | |
| vs. ) | | Case No. ________ |
| JACK GLEN KLEINER Respondent ) | | |

TESTIMONY OF PETITIONER

STATE OF KANSAS)
) SS:
COUNTY OF RILEY)

Willadean Kleiner , the Petitioner herein, being duly sworn on her oath, testifies as follows:

Q. What is your full name?

A. Willadean Rae Kleiner

Q. What is your address?

A. [redacted]

Q. When and where were you married to the Respondent?

A. March 8, 1952 in Manhattan, Kansas

Q. What were the circumstances leading to the separation from your husband?

A. Incompatibility

Q. Were any children born of this marriage? If so, how many?

A. Yes. Five.

Q. Are you now pregnant?

A. No.

Q. What are the names and ages of the children now living?

A. Becky Rae (Kleiner) Peckey dob [redacted] Jacqueline Jo Kleiner dob [redacted]
Penny Lee Kleiner dob [redacted] age 12; Terry Edward Kleiner dob [redacted] age 3
Timothy Glen Kleiner dob [redacted] age 18

Q. Are they living with you?

A. Yes.

Q. When was it your husband last lived with you?

A. April 1972

Q. When and how much was his last contribution for support?

A. July 2, 1974 for $25.00 (Respondent has been dropping in support payments during last 3 weeks - court ordered $35.00 per week)

FILED
1974 JUL -? PM 4:
RUTH HO...
CLERK DISTRICT COU...
RILEY COUNTY KANS

Q. Is there a complaint or an order for support in any other Court

A. No.

Q. Are you employed? What are your earnings?

A. Yes. $2.00 an hour

Q. Have you any other source of income? If so, what is the source and what is the amount thereof?

A. No.

Q. Are you and the children in good health?

A. Yes.

Q. List any of your debts outstanding.

A. Hixson's Appliance - $58 a month; Dr. Sager - $18 balance due; Dr. McKnight - $20 balance due

Q. What do you require for the support of yourself and children?

A. $35.00 a week

Q. Do you know the present whereabouts of your husband? If so, please give his address.

A. Yes. [redacted]

Q. Do you know if and where your husband is now employed? Where?

A. Yes. Square Deal Auto Parts [redacted]

Q. What is his salary, if you know?

A. I don't know.

Q. Are you now receiving public aid; what agency and how much?

A. No.

Q. Give an accurate physical description of the Respondent.

A. age 41 5'9" 135 pounds blue eyes blond hair thin build tattoo on arm of knife light complexion white male

[signature] Petitioner

Subscribed and Sworn to before me this 3rd day of July, 1974

My Commission Expires:

[signature] Notary Public
Clerk of District Court

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

WILLADEAN RAE KLEINER
Plaintiff

vs.

No. ______

JACK GLEN KLEINER
Defendant

POVERTY AFFIDAVIT

State of Kansas )
) ss.
County of RILEY )

In the District Court of said County:

I do solemnly swear that the cause of action set forth in the petition hereto prefixed is just, and I do further swear that by reason of my poverty I am unable to give security for costs.

Willadean Rae Kleiner
Plaintiff Affiant

Subscribed and sworn to before me this 3rd day of July, 19 74.

Ruth Houghton
~~Notary Public~~
Clerk of District Court

My commission expires:

______________________________

FILED
1974 JUL -3 PM 4:15
RUTH HOUGHTON
CLERK DISTRICT COURT
RILEY COUNTY, KANSAS

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

To: Riley County Attorney
Attorney___ of Record

Re: Villadean Rae Kleiner
- vs -
Jack Glen Kleiner
Case No. 17641

**NOTICE**

You are hereby notified that the above-entitled case will be dismissed without prejudice by the Judge for lack of prosecution pursuant to K.S.A. 60-241 (a) (2) upon the expiration of thirty days from this date, unless cause be shown for not doing so.

Dated: January 20, 1975

[signature]
Clerk of the District Court

CERTIFICATE OF MAILING

I certify that a copy of the above and foregoing Notice was mailed by First Class U. S. mail, postage prepaid, on 20th day of January 1975, to Riley County Attorney Attorney for Plaintiff.

(Seal)
Dated January 20, 1975

[signature]
Clerk of District Court

FILED
1975 JAN 20 AM 8 57
RUTH HOUGHTON
CLERK DISTRICT COURT
RILEY COUNTY, KANSAS

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

Willadean Rae Kleiner

vs.

Jack Glen Kleiner

Case No. 17641

O R D E R

On this 25th day of February, 1975 pursuant to notice of the Court to dismiss for lack of prosecution mailed to all attorneys of record on January 20, 1975, the Court finds that, no cause having been shown to the contrary, that said action should be dismissed.

IT IS SO ORDERED. Costs are taxed to Plaintiff.

Ronald D. Innes
JUDGE, 21st Judicial District
Division No. ____

FILED
1975 FEB 24 AM 10 57
RUTH HOUGHTON
CLERK DISTRICT COURT
RILEY COUNTY, KANSAS

COUNTY COURT HOUSE

Manhattan, Kansas

IN THE DISTRICT COURT OF RILEY COUNTY, KANSAS

| | | |
|---|---|---|
| WILLADEAN RAE KLEINER Plaintiff | ) | |
| vs. | ) | Case No. 17,641 |
| JACK GLEN KLEINER Defendant | ) | |

CERTIFICATE

The undersigned, a Judge of the District Court of Riley County, Kansas, hereby certifies:

1.

That on 7-3-74, a petition was verified by the above named plaintiff and has been duly filed in this Court in a proceedi[ng] against the above named defendant, commenced under the provisions of the Uniform Reciprocal Enforcement of Support Act, Chapter 352, Laws of the State of Kansas, 1951, to compel the support of the dependent(s) named in that petition.

2.

That the above named defendant is believed to be residing or domiciled in 507 N. Santa Fe Tulsa, Oklahoma and the 14th District Court Tulsa County Tulsa, Oklahoma may obtain jurisdiction of the defendant or his property.

3.

That the undersigned, a Judge of the District Court of Riley Count[y] Kansas, has examined the plaintiff under oath, and she has reaffirm[ed] the allegations contained in the petition, and that according to the testimony of the plaintiff, the needs of the dependent(s) named in the petition for support from the defendant are in the sum of $140.00 per month.

4.

That in the opinion of the undersigned, Judge of the District Cour[t] of Riley County, Kansas, the defendant should be compelled to answer such petition and be dealt with according to law.

WHEREFORE, it is hereby ordered that this certificate, together with certified copies of the petition, and copies of said Act be transmitted to Clerk of the 14th District Court Tulsa County Tulsa, Oklahoma



Judge of Division II 21st
Judicial District of the State

James W. Morrison
Assistant County Attorney
[redacted]

RE: ______________________________

Your No. ________ Our case No. __________

Dear Sir:

We hereby acknowledge receipt of the Petitions filed in the above captioned matter, pursuant to the Kansas Uniform Dependency Law.

Any further correspondence should be sent to:

NAME: ______________________________

TITLE: ______________________________

ADDRESS: ______________________________

This matter is expected to be heard on or about ________ ________

______________________________

ACKNOWLEDGED BY: ________________

DATE: ________________

WILL YOU KINDLY FILL OUT THE ABOVE FORM AND RETURN TO US AT YOUR EARLIEST CONVENIENCE. THANK YOU.

Order not signed
by Judge Irons

Willadean Caekline
vs
Jack Lincoln
div 10/19/73

# STATE OF KANSAS

# Revised Uniform Reciprocal Enforcement of Support Act (1968)

## K.S.A. 1972 Supp. 23-451 *et seq.*

### Part I.—GENERAL PROVISIONS

23-451. Purposes. The purposes of this act are to improve and extend by reciprocal legislation the enforcement of duties of support.

23-452. Definitions. (*a*) "Court" means the district court of this state and when the context requires means the court of any other state as defined in a substantially similar reciprocal law.

(*b*) "Duty of support" means a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, annulment, adoption or custody and includes the duty to pay arrearages of support past due and unpaid from the date of the order of support entered in the responding state.

(*c*) "Governor" includes any person performing the functions of governor or the executive authority of any state covered by this act.

(*d*) "Initiating state" means a state in which a proceeding pursuant to this or a substantially similar reciprocal law is commenced. "Initiating court" means the court in which a proceeding is commenced.

(*e*) "Law" includes both common and statutory law.

(*f*) "Obligee" means a person including a state or political subdivision to whom a duty of support is owed or a person including a state or political subdivision that has commenced a proceeding for enforcement of an alleged duty of support or for registration of a support order. It is immaterial if the person to whom a duty of support is owed is a recipient of public assistance.

(*g*) "Obligor" means any person owing a duty of support or against whom a proceeding for the enforcement of a duty of support or registration of a support order is commenced.

(*h*) "Prosecuting attorney" means the public official in the appropriate place who has the duty to enforce criminal laws relating to the failure to provide for the support of any person.

(*i*) "Register" means to file in the registry of foreign support orders.

(*j*) "Registering court" means any court of this state in which a support order of a rendering state is registered.

(*k*) "Rendering state" means a state in which the court has issued a support order for which registration is sought or granted in the court of another state.

(*l*) "Responding state" means a state in which any responsive proceeding pursuant to the proceeding in the initiating state is commenced. "Responding court" means the court in which the responsive proceeding is commenced.

(*m*) "State" includes a state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any foreign jurisdiction in which this or a substantially similar reciprocal law is in effect.

(*n*) "Support order" means any judgment, decree, or order of support in favor of an obligee whether temporary or final, or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered.

23-453. Remedies additional to those now existing. The remedies herein provided are in addition to and not in substitution for any other remedies.

23-454. Extent of duties of support. Duties of support arising under the law of this state, when applicable under section 7 [23-457], bind the obligor present in this state regardless of the presence or residence of the obligee.

### Part II.—CRIMINAL ENFORCEMENT

23-455. Interstate rendition. The governor of this state may (1) demand of the governor of another state the surrender of a person found in that state who is charged criminally in this state with failing to provide for the support of any person; or

(2) surrender on demand by the governor of another state a person found in this state who is charged criminally in that state with failing to provide for the support of any person. Provisions for extradition of criminals not inconsistent with this act apply to the demand even if the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and has not fled therefrom. The demand, the oath, and any proceedings for extradition pursuant to this section need not state or show that the person whose surrender is demanded has fled from justice or at the time of the commission of the crime was in the demanding state.

23-456. Conditions of interstate rendition. (*a*) Before making the demand upon the governor of another state for the surrender of a person charged criminally in this state with failing to provide for the support of a person, the governor of this state may require any prosecuting attorney of this state to satisfy him that at least sixty (60) days prior thereto the obligee initiated proceedings for support under this act or that any proceeding would be of no avail.

(*b*) If, under a substantially similar act, the governor of another state makes a demand upon the governor of this state for the surrender of a person charged criminally in that state with failure to provide for the support of a person, the governor may require any prosecuting attorney to investigate the demand and to report to him whether proceedings for support have been initiated or would be effective. If it appears to the governor that a proceeding would be effective but has not been initiated he may delay honoring the demand for a reasonable time to permit the initiation of a proceeding.

(*c*) If proceedings have been initiated and the person demanded has prevailed therein the governor may decline to honor the demand. If the obligee prevailed and the person demanded is subject to a support order, the governor may decline to honor the demand if the person demanded is complying with the support order.

### Part III.—CIVIL ENFORCEMENT

23-457. Choice of Law. Duties of support applicable under this act are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

23-458. Remedies of state or political subdivision furnishing support. If a state or a political subdivision furnishes support to an individual obligee it has the same right to initiate a proceeding under this act as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support.

23-459. How duties of support enforced. All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under this act including a proceeding for civil contempt. The defense that the parties are immune to suit because of their relationship as husband and wife or parent and child is not available to the obligor.

23-460. Jurisdiction. Jurisdiction of any proceeding under this act is vested in the district court of the county in which the obligor or obligee resides.

23-461. Contents and filing of petition for support; venue. (*a*) The petition shall be verified and shall state the name and, so far as known to the obligee, the address and circumstances of the obligor and the persons for whom support is sought, and all other pertinent information. The obligee may include on or attach to the petition any information which may help in locating or identifying the obligor including a photograph of the obligor, a description of any distinguishing marks on his person, other names and aliases by which he has been or is known, the name of his employer, his fingerprints, and his social security number.

(*b*) The petition may be filed in the appropriate court of any state in which the obligee resides. The court shall not decline or refuse to accept and forward the petition on the ground that it should be filed with some other court of this or any other state where there is pending another action for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody between the same parties or where another court has already issued a support order in some other proceeding and has retained jurisdiction for its enforcement.

23-462. **Officials to represent obligee.** If this state is acting as an initiating state the prosecuting attorney upon the request of the court or the state department of social welfare shall represent the obligee in any proceeding under this act. If the prosecuting attorney neglects or refuses to represent the obligee the attorney general may order him to comply with the request of the court or may undertake the representation.

23-463. **Petition for a minor.** A petition on behalf of a minor obligee may be executed and filed by a person having legal custody of the minor without appointment as guardian *ad litem*.

23-464. **Duty of initiating court.** If the initiating court finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and that a court of the responding state may obtain jurisdiction of the obligor or his property it shall so certify and cause three copies of the petition and its certificate and one copy of this act to be sent to the responding court. Certification shall be in accordance with the requirements of the initiating state. If the name and address of the responding court is unknown and the responding state has an information agency comparable to that established in the initiating state it shall cause the copies to be sent to the state information agency or other proper official of the responding state, with a request that the agency or official forward them to the proper court and that the court of the responding state acknowledge their receipt to the initiating court.

23-465. **Costs and fees.** An initiating court shall not require payment of either a filing fee or other costs from the obligee but may request the responding court to collect fees and costs from the obligor. A responding court shall not require payment of a filing fee or other costs from the obligee but it may direct that all fees and costs requested by the initiating court and incurred in this state when acting as a responding state, including fees for filing of pleadings, service of process, seizure of property, stenographic or duplication service, or other service supplied to the obligor, be paid in whole or in part by the obligor or by the state or county. These costs or fees do not have priority over amounts due to the obligee.

23-466. **Jurisdiction by arrest.** If the court of this state believes that the obligor may flee it may

(1) as an initiating court, request in its certificate that the responding court obtain the body of the obligor by appropriate process; or

(2) as a responding court, obtain the body of the obligor by appropriate process. Thereupon it may release him upon his own recognizance or upon his giving a bond in an amount set by the court to assure his appearance at the hearing.

23-467. **State information agency.** (*a*) The state department of social welfare is designated as the state information agency under this act. It shall

(1) compile a list of the courts and their addresses in this state having jurisdiction under this act and transmit it to the state information agency of every other state which has adopted this or a substantially similar act. Upon the adjournment of each session of the legislature the agency shall distribute copies of any amendments to the act and a statement of their effective date to all other state information agencies;

(2) maintain a register of lists of courts received from other states and transmit copies thereof promptly to every court in this state having jurisdiction under this act; and

(3) forward to the court in this state which has jurisdiction over the obligor or his property petitions, certificates and copies of the act it receives from courts or information agencies of other states.

(*b*) If the state information agency does not know the location of the obligor or his property in the state and no state location service is available it shall use all means at its disposal to obtain this information, including the examination of official records in the state and other sources such as telephone directories, real property records, vital statistics records, police records, requests for the name and address from employers who are able or willing to cooperate, records of motor vehicle license offices, requests made to the tax offices both state and federal where such offices are able to cooperate, and requests made to the social security administration as permitted by the social security act as amended.

(*c*) After the deposit of three copies of the petition and certificate and one copy of the act of the initiating state with the clerk of the appropriate court, if the state information agency knows or believes that the prosecuting attorney is not prosecuting the case diligently it shall inform the attorney general, who may undertake the representation.

23-468. **Duty of the court and officials of this state as responding state.** (*a*) After the responding court receives copies of the petition, certificate and act from the initiating court the clerk of the court shall docket the case and notify the prosecuting attorney of his action.

(*b*) The prosecuting attorney shall prosecute the case diligently. He shall take all action necessary in accordance with the laws of this state to enable the court to obtain jurisdiction over the obligor or his property and shall request the court to set a time and place for a hearing and give notice thereof to the obligor in accordance with law.

(*c*) If the prosecuting attorney neglects or refuses to represent the obligee the attorney general may order him to comply with the request of the court or may undertake the representation.

23-469. **Further duties of court and officials in the responding state.** (*a*) The prosecuting attorney on his own initiative shall use all means at his disposal to locate the obligor or his property, and if because of inaccuracies in the petition or otherwise the court cannot obtain jurisdiction the prosecuting attorney shall inform the court of what he has done and request the court to continue the case pending receipt of more accurate information or an amended petition from the initiating court.

(*b*) If the obligor or his property is not found in the county, and the prosecuting attorney discovers that the obligor or his property may be found in another county of this state or in another state he shall so inform the court. Thereupon the clerk of the court shall forward the documents received from the court in the initiating state to a court in the other county or to a court in the other state or to the information agency or other proper official of the other state with a request that the documents be forwarded to the proper court. All powers and duties provided by this act apply to the recipient of the documents so forwarded. If the clerk of a court of this state forwards documents to another court he shall forthwith notify the initiating court.

(*c*) If the prosecuting attorney has no information as to the location of the obligor or his property he shall so inform the initiating court.

23-470. **Hearing and continuance.** If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the petition or offers evidence constituting a defense the court, upon request of either party, may continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken.

23-471. **Evidence of husband and wife.** Laws attaching a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this act. Husband and wife are competent witnesses to testify to any relevant matter, including marriage and parentage.

23-472. **Rules of evidence.** In any hearing for the civil enforcement of this act the court is governed by the rules of evidence applicable in a civil court action in the district court. If the action is based on a support order issued by another court a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity (section 26) [23-476] or to a defendant in an action or a proceeding to enforce a foreign money judgment. The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court.

23-473. **Order of support.** If the responding court finds a duty of support it may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to the order. Support orders made pursuant to this act shall require that payments be made to the clerk of the court of the responding state. The court and prosecuting attorney of any county in which the obligor is present or has property have the same powers and duties to enforce the order as have those of the county in which it was first issued. If enforcement is impossible or cannot be completed in the county in which the order was issued, the prosecuting attorney shall send a certified copy of the order to the prosecuting attorney of any county in which it appears that proceedings to enforce the order would be effective. The prosecuting attorney to whom the certified copy of the order is forwarded shall proceed with enforcement and report the results of the proceedings to the court first issuing the order.

23-474. **Responding court to transmit copies to initiating court.** The responding court shall cause a copy of all support orders to be sent to the initiating court.

23-475. **Additional powers of responding court.** In addition to the foregoing powers a responding court may subject

# Civil Appearance Docket 3

LOCKWOOD CO., INC. RECORDER NO. 18600B-7-72

| No. | TITLE OF CAUSE | ATTORNEY'S |
|---|---|---|
| 17,641 | Willadean Rae Kleiner | James Morrison |
| | vs | |
| Div. No. 2 | Jack Glen Kleiner | |

| DATE | Recip-out | CLERK'S COSTS | SHERIFF'S COSTS | OTHER COSTS |
|---|---|---|---|---|
| 7/3/74 | Docketing and Indexing | 35 00 | | Rptr 1 50 |
| 7/3/74 | Petition filed | | | Judge 2 00 |
| 7/3/74 | Testimony of Petitioner filed | | | Law Lib 3 00 |
| 7/3/74 | Poverty Affidavit filed | | | |
| 7/3/74 | Judicial Council fee | | | |
| 7/3/74 | Bar Docket fee | | | |
| 1/20/75 | Notice of Dismissal filed | | | |
| 2/24/75 | Order of Dismissal filed | | | |

the obligor to any terms and conditions proper to assure compliance with its orders and in particular to:

(1) require the obligor to furnish a cash deposit or a bond of a character and amount to assure payment of any amount due,

(2) require the obligor to report personally and to make payments at specified intervals to the clerk of the court, and

(3) punish under the power of contempt the obligor who violates any order of the court.

*23-476. Paternity.* If the obligor asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue. Otherwise the court may adjourn the hearing until the paternity issue has been adjudicated.

*23-477. Additional duties of responding court.* A responding court has the following duties which may be carried out through the clerk of the court:

(1) to transmit to the initiating court any payment made by the obligor pursuant to any order of the court or otherwise; and

(2) to furnish to the initiating court upon request a certified statement of all payments made by the obligor.

*23-478. Additional duty of initiating court.* An initiating court shall receive and disburse forthwith all payments made by the obligor or sent by the responding court. This duty may be carried out through the clerk of the court.

23-479. Proceedings not to be stayed. A responding court shall not stay the proceeding or refuse a hearing under this act because of any pending or prior action or proceeding for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody in this or any other state. The court shall hold a hearing and may issue a support order *pendente lite*. In aid thereof it may require the obligor to give a bond for the prompt prosecution of the pending proceeding. If the other action or proceeding is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the petition being heard the court must conform its support order to the amount allowed in the other action or proceeding. Thereafter the court shall not stay enforcement of its support order because of the retention of jurisdiction for enforcement purposes by the court in the other action or proceeding.

23-480. Application of payments. A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.

23-481. Effect of participation in proceeding. Participation in any proceeding under this act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding.

23-482. Intrastate application. This act applies if both the obligee and the obligor are in this state but in different counties. If the court of the county in which the petition is filed finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and finds that a court of another county in this state may obtain jurisdiction over the obligor or his property, the clerk of the court shall send the petition and a certification of the findings to the court of the county in which the obligor or his property is found. The clerk of the court of the county receiving these documents shall notify the prosecuting attorney of their receipt. The prosecuting attorney and the court in the county to which the copies are forwarded then shall have duties corresponding to those imposed upon them when acting for this state as a responding state.

## Part IV.—REGISTRATION OF FOREIGN SUPPORT ORDERS

23-483. Additional remedies. If the duty of support is based on a foreign support order, the obligee has the additional remedies provided in the following sections.

23-484. Registration. The obligee may register the foreign support order in a court of this state in the manner, with the effect, and for the purposes herein provided.

23-485. Registry of foreign support orders. The clerk of the court shall maintain a registry of foreign support orders in which he shall file foreign support orders.

23-486. Official to represent obligee. If this state is acting either as a rendering or a registering state the county attorney upon the request of the court or the state department of social welfare shall represent the obligee in proceedings under this part.

If the prosecuting attorney neglects or refuses to represent the obligee, the attorney general may order him to comply with the request of the court or may undertake the representation.

23-487. Registration procedure; notice. (*a*) An obligee seeking to register a foreign support order in a court of this state shall transmit to the clerk of the court (1) three certified copies of the order with all modifications thereof, (2) one copy of the reciprocal enforcement of support act of the state in which the order was made, and (3) a statement verified and signed by the obligee, showing the post-office address of the obligee, the last known place of residence and post-office address of the obligor, the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. Upon receipt of these documents the clerk of the court, without payment of a filing fee or other costs to the obligee, shall file them in the registry of foreign support orders. The filing constitutes registration under this act.

(*b*) Promptly upon registration the clerk of the court shall send by certified or registered mail to the obligor at the address given a notice of the registration with a copy of the registered support order and the post-office address of the obligee. He shall also docket the case and notify the prosecuting attorney of his action. The prosecuting attorney shall proceed diligently to enforce the order.

23-488. Effect of registration; enforcement procedure. (*a*) Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.

(*b*) The obligor has 20 days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition the registered support order is confirmed.

(*c*) At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this state may be stayed the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this state.

23-489. Uniformity of interpretation. This act shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

23-490. Short title. This act may be cited as the revised uniform reciprocal enforcement of support act (1968).

23-491. Severability. If any provision of this act or the application thereof to any person or circumstance is held invalid, the invalidity does not effect other provisions or applications of the act which can be given effect without the invalid provision or application, and to this end the provisions of this act are severable.

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETING: I, Elwill M. Shanahan, Secretary of State of the State of Kansas, do hereby certify that the above and foregoing statute is a true copy of the Kansas Revised Uniform Reciprocal Enforcement of Support Act (1968) as contained in K. S. A. 1972 Supp. 23-451 *et seq.*

IN TESTIMONY WHEREOF: I hereto set my hand and cause to be affixed my official seal. Done at the City of Topeka, this ______ day of JUN 1 1 1974

A. D. 19____

Elwill M. Shanahan

Secretary of State