# CASE NO. 0555631D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
| VS. | § | COURT NUMBER FOUR |
| JEFFREY WAYNE BATSON | § | TARRANT COUNTY, TEXAS |

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
FEB 27 2013
ATTEST
BY: DEPUTY

## JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT
## WAIVER OF JURY TRIAL

Judge Presiding : HON. JOE DRAGO III

Date of Judgment : AUGUST 16, 1996

Attorney for State District Attorney : TIM CURRY

Assistant District Attorney : PHILLIP A. SORRELLS

Attorney for Defendant : JAMES C. TEEL

Charging Instrument: INDICTMENT

| Offense Date | Convicted Offense |
|---|---|
| JULY 19, 1994 | SEXUAL ASSAULT OF A CHILD UNDER 17 YEARS OF AGE |

| Degree | Count | Plea |
|---|---|---|
| 2ND | ONE | GUILTY |

Findings on Deadly Weapon : NONE

Terms of Plea Bargain : 10 YRS PEN

Plea to Enhancement Paragraph(s) : NONE

Plea to Habitual Paragraph(s) : NONE

Findings on Enhancement/ Habitual Paragraph(s) : NONE

Date Sentence Imposed : AUGUST 16, 1996

Date to Commence : AUGUST 16, 1996

Punishment : COUNT ONE - TEN (10) YEARS

Place of Confinement : INSTITUTIONAL DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Time Credited : 707 DAYS

Court Costs : $174.50

Reparation : NONE

Restitution : NONE

On this day, set forth above, this cause came for trial and came the State of Texas by its above-named attorney, and the Defendant appeared in person and by the above-named attorney for the Defendant, or, where a Defendant is not represented by counsel, that the Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel; and announced ready for trial, the Defendant having been heretofore arraigned, or having waived arraignment in open court, and having agreed that the testimony may be stipulated in this cause and the Defendant, his counsel, and the State's attorney having agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court, and the Court having agreed to the same, the said attorney for the State read the instrument charging the offense as shown or the reading of the charging instrument having been waived by the Defendant in open court; the Defendant entered the above shown plea thereto; and it appearing to the Court that the Defendant is mentally competent and the plea is free and voluntary, and the Court having duly admonished the Defendant as to the consequences of such plea, including the range of punishment attached to the offense and the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the Court, yet the Defendant persisted in entering such plea; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed and set forth above.

And when shown above, that the charging instrument contains enhancement paragraph(s), which were not waived, and alleges Defendant to have been convicted previously of any felony or offenses for the purpose of enhancement of punishment then the Court asked Defendant if such allegations were true or false and Defendant answered True. Thereupon, the Court, after having heard all of the evidence as to such alleged prior convictions, is of the opinion and finds Defendant has been heretofore convicted as alleged in said enhancement paragraph(s) as may be shown above.

IT IS THEREFORE CONSIDERED AND ORDERED by the Court, in the presence of the Defendant, that said judgment

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

FEB 27 2013

ATTEST BY: [signature] DEPUTY

REC BOND = HOLD

0555631

CRIMINAL DISTRICT COURT NO. 4

THE STATE OF TEXAS
COUNTY OF TARRANT

'95 JAN 27 A8:43

TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of JEFFREY WAYNE BATSON and him safely keep, so that you have him before the Honorable CRIMINAL DISTRICT COURT NO. 4, in and for Tarrant County, at the Court House thereof, in the City of Fort Worth instanter, to answer the State of Texas on a charge by indictment of

SEXUAL ASSAULT -CHILD

a ~~misdemeanor~~ felony.

issued under my hand and seal of office in the City of Fort Worth, Texas

this 04TH day of NOVEMBER, 1994.

THOMAS P. HUGHES

CLERK DISTRICT COURT
TARRANT COUNTY, TEXAS

By [signature], Deputy

FORM D.C. 265-CR

CIL-0409412 ALIAS N/C

No. 0555631D

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
VS.
JEFFREY WAYNE BATSON

[redacted]

Issued the 04TH day of NOVEMBER, 1994. 2 52E

Came to hand on the 4 day of Nov, 1994 and executed on the 21 day of Jan A. D. 1995

by [signature]

[signature] Tarrant County, Texas.

By [signature], Deputy.

Arrest ........ $
Mileage ........
Miscellaneous ....
NOV 07 1994
Total ..........

2209

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

FEB 27 2013

ATTEST BY: ______ DEPUTY

REC BOND = HOLD 0555631

CRIMINAL DISTRICT COURT NO. 4

THE STATE OF TEXAS
COUNTY OF TARRANT

'95 JAN 27 A8:43

TO ANY PEACE OFFICER OF THE
STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of JEFFREY WAYNE BATSON and him safely keep, so that you have him before the Honorable CRIMINAL DISTRICT COURT NO. 4, in and for Tarrant County, at the Court House thereof, in the City of Fort Worth, instanter, to answer the State of Texas on a charge by indictment of

SEXUAL ASSAULT -CHILD

a misdemeanor felony.

issued under my hand and seal of office in the City of Fort Worth, Texas

this 12TH day of DECEMBER, 1994.

THOMAS P. HUGHES

CLERK DISTRICT COURT
TARRANT COUNTY, TEXAS

By ______, Deputy

FORM D.C. 265-CR

CID-0409412 ALIAS
AFRS

No. 0555631D

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
VS.
JEFFREY WAYNE BATSON

[redacted]

Issued the 12TH day of DECEMBER, 1994

Came to hand on the 12 day of Dec, 1994 and executed on the 25 day of Jan A. D. 1995

by ______
______ Tarrant County, Texas.

By ______, Deputy.

Arrest .......... $______
Mileage .......... ______
Miscellaneous .... ______
Total .......... ______

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

FEB 27 2013

ATTEST BY: ______ DEPUTY

NO. 0555631D

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT FOUR |
| JEFFREY WAYNE B.'TSON | § | TARRANT COUNTY, TEXAS |

## WAIVER OF JURY TRIAL

Comes now the Defendant in the above styled and numbered cause and in open Court makes known that he will enter a Plea of ______________ Guilty to the charge herein and requests the consent and approval of the Court and the Attorney for the State to waive the right to trial by a Jury herein, and the Defendant further waives the ten day period for trial after appointment of counsel.

ATTORNEY FOR THE DEFENDANT

DEFENDANT

## AGREEMENT TO STIPULATE EVIDENCE AND TESTIMONY

This day, in Open Court the defendant in the above styled and numbered cause and his counsel and the State's Attorney do hereby enter into an agreement that the Defendant waives the appearance, confrontation, and cross-examination of witnesses in this cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's Attorney; such testimony being the same as the witnesses would give if they were present in Court and were testifying under oath, and the Defendant further consents to the introduction of evidence and testimony by oral stipulation or by affidavit, written statements of witnesses, and all other documentary evidence that may be introduced by the State.

ATTORNEY FOR THE DEFENDANT

DEFENDANT

Before the said defendant enters his plea herein, each of the above requests of the Defendant herein are hereby consented to and approved by me, the Attorney representing the State herein.

TIM CURRY
CRIMINAL DISTRICT ATTORNEY

ASST. CRIM. DISTRICT ATTORNEY

The above and foregoing WAIVER OF JURY TRIAL AND AGREEMENT TO STIPULATE EVIDENCE AND TESTIMONY of the Defendant herein having been duly considered by the Court and it appearing to the Court that the Defendant is herein charged with a felony, that the Defendant is represented by counsel, and that the attorney representing the State herein has given consent and approval to same, that the Defendant has knowingly, intelligently, and voluntarily waived the rights set out herein above as well as the ten day waiting period for trial, after appointment of counsel, therefore consent and approval of the Court is hereby given to such procedure and waiver.

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

AUG 1 6 199?

Time 3:47
By ______ Deputy

JUDGE/MAGISTRATE

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
FEB 27 2013
ATTEST
BY: DEPUTY

6. If you and your attorney and the prosecutor have agreed on a punishment, the Court is not required to follow the agreement. Do you understand?

ANSWER YES or NO ANSWER: yes

7. If a punishment is recommended to the Court and the Court does not follow the recommendation, then you shall be permitted to withdraw your plea of guilty. Do you understand?

ANSWER YES or NO ANSWER: yes

8. If a punishment is recommended to the Court and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, then the Court must give its permission to you before you may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial. Do you understand?

ANSWER YES or NO ANSWER: yes

(OVER)

9. If the Court defers adjudicating your guilt and places you under community supervision, on violation of any condition you may be arrested and detained as provided by law. You are then entitled to a hearing limited to a determination by the court of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After adjudication of guilt, all proceedings including the assessment of punishment and your right to appeal continue as if adjudication of guilt had not been deferred. Do you understand?

ANSWER YES or NO ANSWER: yes

10. If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country or the denial of naturalization under federal law. Do you understand?

ANSWER YES or NO ANSWER: yes

11. Understanding all of the above admonishments, do you still want to plead guilty?

ANSWER YES or NO ANSWER: yes

JUDGE PRESIDING
Criminal District Court Number Four
Tarrant County, Texas

I, the undersigned defendant in the above-styled and numbered case and my attorney hereby state that I understand all the admonishments above and I am aware of the consequences of my plea and the answers given to the above questions were given by me freely and voluntarily.

X

DEFENDANT

ATTORNEY FOR DEFENDANT

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
FEB 27 2013
ATTEST
DEPUTY

NO. 0558114 D

THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS
AUG 16 1995
Time ___ Deputy

THE STATE OF TEXAS — IN THE CRIMINAL DISTRICT

VS. — COURT NUMBER FOUR

Jeffrey Wayne Batson — TARRANT COUNTY, TEXAS

## ADMONISHMENT OR WARNINGS TO A DEFENDANT PLEADING GUILTY

1. Are you pleading guilty because you are guilty and for no other reason?
ANSWER YES or NO ANSWER: yes

2. Has anyone threatened to harm you to force you to plead guilty?
ANSWER YES or NO ANSWER: no

3. Has anyone held out any promise of reward or hope of pardon or parole to persuade you to plead guilty?
ANSWER YES or NO ANSWER: no

4. Are you pleading guilty freely and voluntarily?
ANSWER YES or NO ANSWER: yes

5. Check the appropriate degree type:
[ ] FIRST DEGREE FELONY
[✓] SECOND DEGREE FELONY
[ ] THIRD DEGREE FELONY
Upon your plea of guilty if you are found guilty, then your punishment will be set somewhere within a range of not less than 2 years or more than 20 may be assessed. Do you understand? and in addition, a fine not to exceed $ 10,000

ANSWER YES or NO ANSWER: ___

[ ] STATE JAIL FELONY
If convicted, you face confinement in a State jail for any term of not less than 180 days or more than 2 years. You may also be assessed a fine not to exceed $10,000.

[ ] OFFENSE PRIOR TO 1-1-96
Upon conviction, the period of confinement must be suspended and you must be placed under supervision of the Court for a period of not less than 2 years or more than 5 years. The Court may also suspend all or part of any fine assessed.

- As a condition of supervision, if you have never before been convicted of a felony offense, the Court may order that you be confined for up to 30 days in the county jail or up to 60 days in a state jail.
- If you have previously been convicted of a felony, the Court may order as a condition of supervision that you be confined up to 60 days in the county jail or up to 180 days in a state jail.
- If you have previously been convicted of 2 or more felonies, or if you are convicted of delivery of less than 1 gram of Penalty Group 1 controlled substance, the Court may order as a condition of supervision that you be confined for up to 1 year in a state jail.

[ ] OFFENSE ON OR AFTER 1-1-96
Upon conviction, the period of confinement must be suspended and you must be placed under supervision of the Court for a period of not less than 2 years or more than 5 years, unless you have been previously convicted of a felony. If you have been previously convicted of a felony you may be placed on community supervision or sentenced to a State Jail Facility for a term of confinement of not less than 180 days or more than 2 years. The maximum period of community supervision may be extended to a period of not more than 10 years. The Court may also suspend all or part of any fine assessed.

If you are granted community supervision, as a condition of supervision:

- The Court may order that you be confined in a County Jail for a term of not more than 90 days
- The Court may order that you be confined in a State Jail Facility for a term of not less than 90 days or more than 180 days
- The Court may order that you be confined in a State Jail Facility for a term of not less than 90 days or more than one year if you are convicted of Manufacture, Delivery, or Possession with intent to Manufacture or Deliver a controlled substance in Penalty Group 1 or 2 of less than one gram or Delivery of Marihuana of one fourth ounce to 5 pounds.

If you violate 1 or more of the conditions imposed by the Court, your community supervision order may be revoked.
Do you understand all of the above? ANSWER YES or NO ANSWER: ___

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

FEB 27 2013

ATTEST BY: ______ DEPUTY

DA-339 GPC-0767

COURT: CDC 4 CASE NO.: 0555631

DEFENDANT: Jeffry Batson

OFFENSE: Sexual Assault

OFFENSE CODE: 110120 DEGREE: 2nd

PENALTY: 2 yrs - 20 yrs + up to $10,000

AGREED RECOMMENDATION: 10 yrs Pen

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

AUG 1 6 1995

Time ______
By ______ Deputy

______
Assistant District Attorney

The undersigned defendant and his attorney hereby agree to the above recommendation by the prosecutor and it is understood that if, upon a plea of guilty by this defendant, and the punishment assessed by the Court does not exceed the punishment recommended, an appeal may only be prosecuted with permission of the trial court. All pre-trial motions filed in this cause are waived.

______
Defendant

______
Attorney for Defendant
Bar Card No.: 19760100