IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

CARL J. BOMAN,
Plaintiff,

v.

LISA M. BOMAN,
Defendant.

Case No JFD-93-267

DISTRICT COURT WASHINGTON CO., OK
ROSALIE COWAN-COURT CLERK
FILED
JUN 22 1993
BY [signature] DEPUTY

**PETITION FOR DIVORCE**

Comes now the Plaintiff and for his cause of action against the Defendant alleges and states as follows:

1. That prior to the filing of this Petition, the Plaintiff has been a resident in good faith of Washington County and State of Oklahoma for 30 days and six months, respectively,

2 That the Plaintiff's full name and address is:
Carl J. Boman, [redacted];

3. That the Plaintiff is of legal age, having been born on [redacted],

4. That the Defendant's full name and address is
Lisa M. Boman, [redacted],

5. That the Defendant is of legal age, having been born on [redacted],

6. That the maiden name of the wife herein is:
Lisa M. Hedberg;

7 That all former legal names of the wife are.
Lisa M. Hedberg;

8. That the parties were married on or about the 21st day of August 1987, in Pawnee County, Oklahoma, and have been separated since June 1993;

9. That as grounds for divorce, the Plaintiff alleges incompatibility,

10. That the wife (~~is~~) (is not) pregnant at this time;

11. That of the marriage four child(ren) have/has been born, now minor(s) namely;

| | |
|---|---|
| Desiree N. Boman | DOB [redacted] |
| Chelsea L. Boman | DOB [redacted] |
| Carl J. Boman II | DOB [redacted] |
| Kayla D. Boman | DOB [redacted] |

12. That the custody of the above-named minor child(ren) should be granted to the Plaintiff, both permanently and during the pendency of this matter, with Defendant, to have the following visitation schedule:

1. Every other weekend, said weekend to begin at 6:00p.m. on Friday and to end at 6:00p.m. on Sunday,
2. Alternating holidays with an equal portion of the children's Christmas holiday to be divided between Plaintiff and Defendant,
3. Defendant to have children for children's summer vacation months, June, July and August,

13. That this Court has jurisdiction to determine custody of the above-named minor child(ren) pursuant to 43 O.S. § 501 et. seq., in that this state is the "home state" of the minor child(ren), and that an affidavit pursuant to 43 O.S. § 511 is attached hereto and marked Exhibit 1.

14 That neither the federal Indian Child Welfare Act, 25 U.S.C. § 1901 et. seq., nor the Oklahoma Indian Child Welfare Act, Title 10 O.S. § 40 et. seq., applies to these proceedings,

15. That the Plaintiff is regularly and profitably employed with current earnings of approximately $2,000 per month, and is well able to provide for the support and maintenance of said minor child(ren) of the parties, both permanently and during the pendency of these proceedings;

16. That the Defendant should be ordered to pay support for the minor child(ren) of the parties according to Oklahoma Child Support Guidelines

17. That during the marriage of the parties, they have acquired the following property which should be divided as set forth below

Plaintiff's personal possessions

which should be awarded to the Plaintiff, and,

Defendant's personal possessions

which should be awarded to the Defendant,

18. That during the marriage of the parties, they have incurred the following indebtedness which should be divided as set forth below

N/A

which should be paid by the Plaintiff; and,

N/A

which should be paid by the Defendant;

19. That the Plaintiff should be required to continue to provide medical insurance for the minor child(ren) of the parties, and that the medical insurance premium therefore should be allocated according to Oklahoma's Child Support Guidelines,

That it is further petitioned that Defendant is currently unemployed, but with an earning capacity of at least $748.00 per month, which is minimum wage times 40 hours per week, and should be required to pay child support according to Oklahoma Child Support Guidelines;

That it is further petitioned that N/A

That it is further petitioned that N/A

WHEREFORE, PLAINTIFF PRAYS FOR:

(a) A decree of divorce;

(b) Custody of the minor child(ren) to be granted to the Plaintiff with the Defendant to have visitation and pay chld support as set forth above,



Case 4:12-cv-08001-GAF Document 158-13 Filed 09/03/15 Page 3 of 20

(c) A fair and equitable division of the property as set forth above;

(d) Payment of the debts as set forth above;

(e) Payment of the medical expenses for the child(ren) of the marriage as set forth above,

(f) Court costs to be paid by the N/A ,

(g) That any other requests made in this petition be approved and made subject to the order of this court,

and other equitable relief the court deems proper.

Plaintiff

(Verification attached)

## VERIFICATION

STATE OF OKLAHOMA )
) SS:
COUNTY OF WASHINGTON )

I, Carl J. Boman, of lawful age, being first duly sworn upon oath, states·

That I am the Plaintiff above named, I have read the foregoing Petition and understand the same; and the facts therein set forth are true and correct.

Carl Boman
Plaintiff

Subscribed and sworn to before me this 22nd day of June, 1993.

Cindy Koater
Notary Public

My Commission Expires:
10-15-96

Presented by: Carl J. Boman
[redacted]

(UCCJA AFFIDAVIT)
43 O.S. Section 511

Exhibit 1

# AFFIDAVIT

STATE OF OKLAHOMA )
) SS.
COUNTY OF WASHINGTON )

Affiant, sworn on oath, states

1. Affiant is a party in a custody proceeding involving the following minor child(ren):

Desiree N. Boman DOB [redacted]

Chelsea L. Boman DOB [redacted]
Carl J. Boman II
Kayla D. Boman DOB [redacted]

2. The present address of said minor child(ren), the child(ren)'s addresses within the last five years, and the names and addresses of the persons with whom said child(ren) lived during that time are as follows.

Time Period June 1993 - present

Address: [redacted]

Custodian: Carl J. Boman

Custodian's Present Address: [redacted]

Time Period. August 1991 - June 1993

Address: [redacted]

Custodian: Carl J. & Lisa M. Boman

Custodian's Present Address: [redacted]



(

Time Period: November 1989 - August 1991

Address [redacted]

Custodian: Carl J. & Lisa M. Boman

Custodian's present address: [redacted],

[redacted]

Time Period: October 1987 - Novemberr 1989

Address. [redacted]

Custodian: Carl J. Boman & Lisa M. Boman

Custodian's present address [redacted],

[redacted]

3. Affiant has not participated as a party, witness, or in any other capacity, in any other litigation concerning the custody of said minor child(ren),

4. Affiant has no information of any custody proceeding concerning said minor child(ren) pending in a court of this or any other state,

5. Affiant does not know of any person not a party to these proceedings who has physical custody or visitation rights with respect to said child(ren),

6 Affiant has read the above Affidavit, is familiar with the information contained therein, and the statements therein are true to the best of this Affiant's knowledge and belief.

Dated this 22nd day of June, 1993

Carl Bowman
Affiant

Subscribed and sworn to before me this 22nd day of June, 1993.

Cindy Keaton
Notary Public

My Commission Expires
10-19-96

DISTRICT COURT WASHINGTON CO., OK
ROSALIE COWAN-COURT CLERK
FILED
AUG 2 4 1993
BY [signature] DEPUTY

IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| CARL J. BOMAN, Plaintiff, | ) | |
| vs. | ) | |
| LISA M. BOMAN, Defendant. | ) | NO. JFD-93-267 |

APPLICATION FOR
EMERGENCY EX PARTE TEMPORARY ORDER

COMES NOW the Defendant, LISA M. BOMAN, by and through her attorney, Les R. Reynolds, and respectfully requests the Court to issue an Emergency Ex Parte Temporary Order as she feels that irreparable harm will result to the minor children of the parties, DESIREE N. BOMAN; CHELSEA L. BOMAN; CARL J. BOMAN, II, and KAYLA D. BOMAN, if no order is issued before the adverse party, the Plaintiff herein, can be heard in opposition. That the Plaintiff has removed the minor children from the State of Oklahoma to the State of California and the Defendant is in California to pick up the children and this order will help maintain the Status Quo by returning the children to Oklahoma and allow the permanent custody to be decided in this Court where the Plaintiff originated this action. That the Defendant requests this emergency order on 43 O.S. ss110A(2), and all requests that a temporary hearing order be set within 10 days all as per Oklahoma statutes.

[signature]
Les R. Reynolds - OBA #10172
Attorney for Plaintiff
[redacted]

IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

DISTRICT COURT WASHINGTON CO., OK.
ROSALIE COWAN-COURT CLERK
AUG 24 1993
BY [signature] DEPUTY

CARL J. BOMAN,
Plaintiff,

vs.

LISA M. BOMAN,
Defendant.

NO. JFD-93-267

EMERGENCY EX PARTE TEMPORARY ORDER

NOW, on the Application of the Movant/Defendant, LISA M. BOMAN, for an Ex Parte Temporary Order placing temporary custody in said Movant/Defendant, of the minor children of the parties, DESIREE N. BOMAN; CHELSEA L. BOMAN; CARL J. BOMAN, II, and KAYLA D. BOMAN, this Court having considered said Application and the basis set out therein that the Plaintiff filed a petition for divorce in Washington County and that this County and State have jurisdiction to determine custody of the above-named children pursuant to 43 O.S. Sect. 501 et seq., in that this State is the "home state" of the minor children and that the Plaintiff herein attached an affidavit to his Petition for Divorce according to 43 O.S. ss511 alleging that Oklahoma and Washington County have jurisdiction over the minor children in this divorce action. That no other State or County has jurisdiction of this matter. That the Plaintiff filed his Petition for Divorce on June 22, 1993, and thereafter without a temporary order and in disregard of Defendant's visitation rights as alleged in Plaintiff's petition and without the permission of the Defendant and this Honorable Court removed the children from the jurisdiction of this Court. The Court does find that it is reasonably necessary in the continued best interests of said children that such an Ex Parte Temporary Order issue placing the temporary custody of the said minor children hereinabove referenced in the temporary custody of this Defendant to insure that the children's best interests is continued in this jurisdiction with the Defendant until a full hearing on merits or until a show cause hearing may be had.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED BY THIS COURT that the temporary custody of the minor children, DESIREE N. BOMAN; CHELSEA L. BOMAN; CARL J. BOMAN, II, and KAYLA D. BOMAN, is hereby temporarily ~~changed, modified and~~ JPD set over unto the Movant/Defendant, LISA M. BOMAN, ~~and taken away from the Respondent/Plaintiff herein, CARL J. BOMAN~~. JPD

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Respondent/Plaintiff herein, shall enjoy reasonable restricted visitation rights with the said minor children as may be agreed to by the parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that neither party shall remove the minor children from the jurisdiction of this Court during the pendency of this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Respondent/Plaintiff, CARL J. BOMAN, is further ordered and directed to perform all of the actions required in this Order, or in lieu thereof, that he personally appear before the Judge of this Court to whom this case may be designated on the 1 day of September, 1993, at 10:30 o'clock a.m., then and there to show cause, if any there be, why any part of this Order shall not be complied with. Should said Respondent/Plaintiff choose to appear and contest this temporary order, he should notify, in writing, the attorney for the Movant/Defendant, Leslie R. Reynolds, [redacted], at least three (3) full days prior to said hearing that he intends to so appear.

[signature]
Judge of the District Court

[signature]
Les R. Reynolds - OBA #10172
Attorney for Defendant
[redacted]

Case 4:12-cv-08001-GAF Document 158-13 Filed 09/03/15 Page 10 of 20

Vm 8 05 93

IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

DISTRICT COURT WASHINGTON CO OK
ROSALIE COWAN COURT CLERK
FILED
OCT 1 1993
BY [signature] DEPUTY

CARL J. BOMAN, PLAINTIFF,
VS.
LISA M. BOMAN, DEFENDANT.

CASE NO. JFD-93-267

PROPOSED
CHILD SUPPORT AND CHILD CARE COMPUTATION

CHILD SUPPORT COMPUTATION

Number of Children 4

| | | | FATHER | COMBINED | MOTHER |
|---|---|---|---|---|---|
| 1. | GROSS MONTHLY INCOME (all sources except actual monthly child support received and means tested public assistance) | 1) | $ 735 | $ 1470 | $ 735 |
| 2. | MONTHLY CHILD SUPPORT AND SUPPORT ALIMONY IN OTHER SUPPORT CASES (to the extent actually paid under court order) | 2) | $ -0- | $ -0- | $ -0- |
| 3. | ADJUSTED GROSS INCOME (subtract Line 2 from Line 1) | 3) | $ 735 | $ 1470 | $ 735 |
| 4. | DECIMAL CONTRIBUTION OF EACH PARENT (divide Line 3 for each parent by Line 3 for combined) | 4) | .50 | | .50 |
| 5. | BASE CHILD SUPPORT FROM BOTH PARENTS (See Child Support Guideline Schedule) | 5) | | $ 479 | |
| 6. | BASE CHILD SUPPORT OBLIGATION OF EACH PARENT (multiply Line 4 by Line 5 for each parent) | 6) | $239.50 | | $239.50 |
| 7. | MONTHLY MEDICAL INSURANCE PREMIUM | 7) | | $ NONE AT PRESENT | |
| 8. | MEDICAL INSURANCE OBLIGATION OF EACH PARENT (multiply Line 4 by Line 7) | 8) | $ | | $ |
| 9. | TOTAL CHILD SUPPORT OBLIGATION (add Lines 6 and 8 for each parent) | 9) | $239.50 | | $239.50 |
| 10. | TOTAL PARENTAL SUPPORT FOR CHILDREN (add Lines 5 and 7) | 10) | | $ 479 | |
| 11. | PAYOR IS: Father X Mother ___ | | | | |
| 12. | PAYOR'S TOTAL SUPPORT OBLIGATION (enter from Line 9) | 12) | | $239.50 | |
| 13. | IF PAYOR PAYS MEDICAL INSURANCE PREMIUM ENTER FIGURE IN LINE 7; IF PAYEE PAYS PREMIUM, ENTER -0- | 13) | | $ | |
| 14. | NET CHILD SUPPORT (Amount Payor Pays Payee) (Subtract Line 13 from Line 12) | 14) | | $239.50 | |



JM 10.5.93

## CHILD CARE COMPUTATION

15. ACTUAL MONTHLY EMPLOYMENT RELATED CHILD CARE EXPENSES: 15) NONE AT PRESENT $____

16. CHILD CARE EXPENSE OBLIGATION OF EACH PARENT (Multiply Line 4 by Line 15): 16) $____ $____

17. PAYOR'S SHARE OF CHILD CARE OBLIGATION (Paid to Payee) 17) $____

When child care expenses change, Payor shall pay the actual child care expense multiplied by .50 (Line 4 for Payor).

X Guidelines were followed.*

____ Guidelines were not followed and the Court makes the following specific findings of facts supporting such action:

______________________________

______________________________

______________________________

## DISCRETIONARY ADJUSTMENTS - 12 O.S. 1277.7

| TYPE | AMOUNT |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

Dated: ____________

James P. Darling
JUDGE OF THE DISTRICT COURT

APPROVED AS TO FORM:

Carl Ber
Plaintiff, pro se

~~Attorney for Defendant~~

*These guidelines are approved at request of Defendant; however, from ~~Def~~ Plaintiff's post employment and income, Plaintiff should be paying considerably more
James P. Darling

CHILDCOM



JM 10.5.93

IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

DISTRICT COURT WASHINGTON CO., OK.
ROSALIE COWAN-COURT CLERK
OCT 1 1993
BY Linda [signature] DEPUTY

CARL J. BOMAN,
Plaintiff,
vs.
LISA M. BOMAN,
Defendant.

NO. JFD-93-267

DECREE OF DIVORCE

This matter coming on for hearing before me, the undersigned Judge of the District Court, this 29 day of Sept, 1993.

I.

The Defendant appearing in person and with her attorney, Les R. Reynolds, and the Plaintiff appearing not. That the parties have reached an agreement regarding the issues in this case, and that said agreement is reasonable and equitable and should be approved as set forth hereinafter; the Court proceeds to hear the evidence of witnesses sworn and examined in open Court, and being fully advised in the premises finds:

II

1. That the Court has complete jurisdiction of the parties hereto and their jointly acquired real and personal property.

2. That the parties were legally married on the 21st day of August, 1986, in Pawnee County, Oklahoma. That four (4) children have been born as a result of said marriage whose names and ages are as follows: Desiree N. Boman, born [redacted], age six (6) years; Chelsea L. Boman, born [redacted], age five (5) years; Carl J. Boman, II, born [redacted], three (3) years, and Kayla D. Boman, born [redacted], three (3) years; and that no other children have been born, conceived or adopted.

3. That a state of mutual, actionable incompatibility exists between the parties hereto which has destroyed the legitimate aims of the marriage, whereby the Plaintiff and Defendant are entitled to a decree of divorce each and from the other on the grounds of Incompatibility.

4. That the Plaintiff and Defendant are fit and proper persons to be granted joint primary child care, custody and control of said four (4) minor children hereto pursuant to and in accordance with the agreed to and verified proposed Joint Child Custody Plan jointly submitted by the Plaintiff and Defendant hereto for the Court's consideration, the original of which is attached hereto, made part hereof and incorporated herein; subject to the reasonable custody/visitation by the Plaintiff hereto, minimally to include four weeks in the summer, alternate weekends and alternate holidays, and further that for periods of custody/visitation of 30 days or more the Plaintiff shall not be required to pay child support to the Defendant for said periods.

5. That this Court further finds that this hearing was held, and this Decree is entered, in full compliance with the terms of Title 25 U.S.C.A. 1901, et seq. (Indian Child Welfare Act of 1978), Title 10 O.S. 40 et seq. (Oklahoma Indian Child Welfare Act), and Title 10 O.S. 1601 et seq., and that the Court has jurisdiction of these parties and the children subject to this action subject to the Uniform Child Custody Jurisdiction Act.

6. Further, as required by 12 Okla. Stat. 1277.4, the Plaintiff is to make an assignment of income in favor of the Defendant sufficient to meet the child support payments, but not to exceed the statutory limits as set out in 12 Okla. Stat. 1271.2 and file the same herein within fifteen days hereof. A Notice of Income Assignment shall be served upon the payor only after full

*compliance with 12 O.S. 1177.3 or 56 Okla. Stat. 240.1.*

*7. That the Plaintiff is an able-bodied man and is to pay to the Defendant as and for child support the sum of $239.50 per month, beginning on the 1st day of ~~November~~ October, 1993, and continuing to the 1st day of each month thereafter until death, marriage or obtaining of majority by said children or until the further order of this Court. That the Plaintiff shall pay 50% of actual monthly employment related child care expenses as determined by the child care computation attached hereto.*

*8. That the Plaintiff and Defendant are able and should each be required to pay, secure and/or maintain adequate medical/ health/dental/hospitalization insurance, if available through their employment, on and for the benefit of said minor children; that the Plaintiff is able and should be required to pay 50% of all medical, dental, health, orthodontic, ear-related, eye-related and any such other health related expenses incurred for the benefit of said children which are not covered by insurance; that all of the above and foregoing support as prayed for should be provided by the Defendant until said children reach the age of eighteen (18) years, or through the age of eighteen (18) years if said children remain dependent and are regularly and continuously attending high school, or until further order of the Court.*

*8. That the parties have acquired certain real and personal property during their marriage which should be equitably divided as follows:*

*(a) To the Plaintiff: 1980 Pontiac Sunbird car and all his personal property in his possession.*

*(b) To the Defendant: 1986 Ford Escort Station Wagon, VIN #2FABP34926B124123, and all her personal property in her possession.*

*11. That of the marriage aforesaid, various debts, obligations and/or liabilities have been incurred by the parties hereto which the Plaintiff and Defendant should each assume and pay in their respective names.*

*Each party to hold the other party harmless from the enforcement of payment of said debts and indemnify the other for any payments made or expenses incurred regarding the same.*

*12. That the Plaintiff has complied with 25 U.S.C.A. 1901 et seq., 10 O.S. 40 et seq., and 10 O.S. 1601 et seq.*

*13. That any and all ordered child support, property settlement monies and suit money payments should draw interest at the rate of ten per cent (10%) per year, from the date of delinquency, in whole or part, and collectable in the same manner as payments upon which the interest accrues.*

*14. That the Plaintiff shall pay attorney fees and costs of the Defendant incurred herein in the amount of $500.*

*IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT that the Plaintiff and Defendant should be and are each hereby granted a decree of divorce from the other party on the grounds of Incompatibility and the bonds of matrimony heretofore existing between said parties are hereby dissolved, set aside and held for naught, and both parties are released from the same and restored to all of their rights and privileges of single unmarried persons, except that neither party shall remarry a third party for a period of six (6) months from the date hereof.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the Defendant be and she is hereby awarded permanent and primary care, custody and control of the minor children of the parties hereto, subject to the right of the Plaintiff's custody/visitation with said minor children as hereinabove set forth.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the parties are required to pay the reasonable medical, dental, health, orthodontic, ear-related, eye-related expenses beyond insurance as heretofore specified and further that the Plaintiff*

*and Defendant shall be required to maintain insurance on said children as hereinabove previously set forth.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that all the right, title and interest in and to the following described property, to-wit:*

*(a) To the Plaintiff: 1980 Pontiac Sunbird and all personal property in his possession not hereinafter awarded to the Defendant, be and the same is hereby assigned, transferred and conveyed to the Plaintiff free and clear of any claim on the part of the Defendant.*

*(b) To the Defendant: 1986 Ford Escort Station Wagon, VIN #2FABP34926B124123 and all personal property in her possession not hereinabove awarded to the Plaintiff, be and the same is hereby assigned, transferred and conveyed to the Defendant free and clear of any claim on the part of the Plaintiff.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that each party herein execute and deliver to the other party, deeds, titles, assignments or other instruments of conveyances necessary to tranfer and convey said party's property within five (5) days hereafter and if not so executed and delivered, this judgment shall have the full force and effect of said conveyance.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the Plaintiff and Defendant are to assume and pay the various debts, obligations and liabilities all as heretofore set forth.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the Plaintiff pay to the Defendant the sum of Two Hundred Thirty-Nine Dollars and 50/100 ($239.50) per month as and for support of said children with the first payment due on the 1st day of November, 1993, and continuing on the 1st day of each month thereafter. That said payments will continue until the further order of the Court or until the death, marriage or child obtains majority age after termination of school, in accordance with 12 Okla. Stat. Ann. ss 1277. The Plaintiff shall further pay 50% of the monthly employment related child care expenses, all as heretofore set forth.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the Defendant is entitled to a wage assignment as provided by Oklahoma law 12.O.S. ss1277.4 (Supp. 1985), a portion of Plaintiff's monthly income shall be assigned to the Defendant as and for Plaintiff's monthly child support obligation and further, that said assignment may be effectuated by the Defendant pursuant to 12.O.S. 1171.3 et seq., (Supp. 1985), should Plaintiff become delinquent in said child support in an amount equal to the amount payable for one month.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that said assignment shall be in an amount sufficient to insure payment of Plaintiff's periodic child support obligation, including any arrearages, and it shall be withheld each month from the Plaintiff's wages, salary or other sources of income.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that said assignment shall be effectuated and become binding upon the Plaintiff only after notice and opportunity for hearing.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that said assignment shall continue for so long as the Order for support remains in effect or until further Order of this Court.*

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that any and all ordered child support, property settlement monies and suit money payments should draw interest at the rate of ten per cent (10%) per year, from the date of delinquency, in whole or part, and collectable in the same manner as payments upon which the interest accrues.*



m 10-5-93

*IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the Plaintiff shall further be ordered to pay part of the attorney fees of the Defendant incurred herein in the amount of $500 and for such sum judgment is entered on behalf of the Defendant.*

JUDGE

*APPROVED AS TO FORM AND CONTENT*

Les R. Reynolds, OBA #10172
Attorney for Defendant
[redacted]

*Carl J. Boman, pro se*
*Plaintiff*

*Lisa M. Boman*
*Defendant*

*POLLOCK.DD*

JM 10.5-931

IN THE DISTRICT COURT IN AND FOR WASHINGTON COUNTY
STATE OF OKLAHOMA

DISTRICT COURT WASHINGTON CO. OK.
ROSALIE COWAN-COURT CLERK
FILED
OCT 1 1993
BY Linda Phillips DEPUTY

CARL J. BOMAN,
Plaintiff,
vs.
LISA M. BOMAN,
Defendant.

NO. JFD-93-267

JOINT CHILD CUSTODY PLAN

COMES NOW the Defendant, LISA M. BOMAN, appearing in person and with her attorney, Les R. Reynolds, and respectfully submits this Joint Child Custody Plan for the Court's consideration; that the terms and provisions of said Plan are in the best interests of the four minor children of said parties hereto, to-wit: Desiree N. Boman, born [redacted], age six (6) years; Chelsea L. Boman, born [redacted], age five (5) years; Carl J. Boman, II, born [redacted], age three (3) years, and Kayla D. Boman, born [redacted], age three (3) years; that both of said parties hereto are fit and proper persons and parents, physically and psychologically, to be granted physical and legal care, custody and control of said minor children.

1. That both parties hereto should and shall have equal rights and responsibilities to said minor children, and neither parties' rights shall be superior.

2. That both parties hereto should and shall reasonably confer with one another by the most reasonable and appropriate method, and should and shall share decision making authority as to important decisions affecting the physical, mental and moral welfare and upbringing of said minor children to arrive at decisions promoting said minor children's best interests.

3. That both parties hereto should and shall decide jointly the following matter, to-wit:

(a) Medical, dental and health care said minor children should or shall receive;

(b) Schools which said minor children attend;

(c) Summer camps and church schools and/or classes which said children should attend;

(d) Fashion and manner in which said minor children should or shall be disciplined;

(e) Extent of any travel of said minor children away from home, including purpose, duration, mode, chaperone(s), etc;

(f) Religious instruction said minor children should or shall receive; and

(g) Such other areas requiring decisions affecting the growth and development of said minor children.

4. That both parties hereto agree that in order to insure continuing association between said minor children and parents, and to best promote and foster continued parent-child companionship, physical custody of said minor children should and shall be as follows, to-wit:

(a) That said minor children should and shall reside with said Defendant/mother, subject to the right of said Plaintiff/father to have custody with said minor children during said period as hereinbelow specified, set-out and provided and at other times as can be mutually agreed by and between the parties:

(b) That during such periods as hereinbelow provided, the Plaintiff shall have the right to exercise custody with said minor children as follows, to-wit: At any and all such other reasonable times, places and circumstances as may be mutually agreed to in


JM 10.5.93

advance by and between the parties hereto.

(c) That whenever the parent in current custody must, because of employment or other demands, place the children in the care of another person, preference will be given to the non-custodial parent.

I. REGULAR CUSTODY
The Plaintiff shall have custody from 6:00 p.m. Friday until 6:00 p.m. Sunday every other weekend beginning October 1, 1993.

II. HOLIDAY CUSTODY
In odd numbered years, the Plaintiff shall have custody on the following schedule of holidays:

Easter: 6:00 p.m. Friday preceding Easter until 6:00 p.m. Sunday.
July 4: 6:00 p.m. evening preceding July 4 until 6:00 p.m. on July 4.
Thanksgiving: 6:00 p.m. Wednesday preceding Thursday until 6:00 p.m. Sunday.
Christmas: 6:00 p.m. day school is out until 12:00 Noon Christmas Day.

In even numbered years, the Plaintiff shall have custody on the following schedule of holiday:

Memorial Day: 6:00 p.m. Friday preceding Memorial Day until 6:00 p.m. Monday.
Labor Day: 6:00 p.m. Friday preceding Labor Day until 6:00 p.m. on Monday.
Christmas: 12:00 noon Christmas Day until 6:00 p.m. January 1.

The holiday custody schedule set out above is to be observed whether or not it coincides with the regular every other weekend custody schedule and is in addition thereto. However, it is intended that the holidays alternate between Plaintiff and Defendant. Therefore, on those occasions when Plaintiff's custody is ordinarily scheduled on a holiday set aside to the Defendant, the Plaintiff's custody shall not take place.

III. SUMMER CUSTODY
The Plaintiff shall have summer custody from 8:00 a.m. June 15 until 10:00 p.m. August 15.

It is important to be aware that this custody schedule is for the purpose of providing assured minimum amounts of custody between Defendant and children. Custody should exceed the number of occasions set out herein. In addition, liberal telephone communication between Plaintiff and children is encouraged and should occur.

(d) That both parties hereto agree that said Plaintiff/father should and shall have the right to exercise child visitation for Father's Day each and every year from 9:00 o'clock a.m., the day preceding said special day, to not later than 9:00 o'clock p.m., the day of said special day and further that the Defendant/Mother shall have like visitation on Mother's Day.

(e) That both parties hereto agree that they should and shall be mindful and considerate of said children's school activities, sports activities and peer activities and associations, and the wishes of said children, and in the event of conflict respecting children's visitation as hereinabove provided, both parties hereto should and shall work together reasonably in advance to arrange for alternate child custody if necessary.

7. That the Plaintiff and Defendant hereto should and shall assume, be responsible and pay for equally any and all medical, dental, orthodontic, ear-related, eye-related and such other health care expenses reasonably incurred for the benefit of said minor children which are not covered by insurance; that both parties hereto agree that the support should and shall be provided until said children reach the ageof eighteen (18) years, or through the age of eighteen (18) years if said children remain dependent and are regularly and continuously attending highschool.


SM 7/13/93

8. That both parties hereto agree that during the period each of them has physical child custody or is exercising child custody, that party-parent should and shall decide all normal, regular and routine matters concerning said children's welfare, and that each party-parent should and shall cooperate with one another in maintaining a mutually supportive arrangement regarding such normal, regular and routine matters.

9. That both parties hereto agree that the address and telephone number(s) of one another, and those places where said minor children might be temporarily staying, should and shall be known to each other at all times, and that each party-parent shall notify the other immediately of any illness, sickness or emergency that may arise while said minor children is in her or his physical custody.

10. That both parties hereto agree that if said minor children are to be beyond the boundaries of the State of Oklahoma for whatever reason, the physical custodial parent should and shall notify the other reasonably in advance; that if said minor children are to be beyond the boundaries of the State of Oklahoma for a period ofmore than seven (7) days, the consent of the other should and shall be necessary reasonably in advance.

11. That both parties hereto agree that in the event either party remarries, that party's spouse should and shall be apprised of the terms of this Plan, and that party should and shall exert every reasonable effort to insure that his or her spouse honors and respects the terms, provisions and conditions of said Plan.

12. That both parties hereto agree that in the event of the death, incapacitation or serious illness of either party hereto, legal and physical custody of said minor children should and shall vest wholly and exclusively in the other party.

WHEREFORE, said Defendant moves the Court for an order confirming and adopting the above and foregoing Joint Child Custody Plan as the Court's final Plan in the best interests of the said minor children of the parties hereto; and, for such other and further relief in law and/or equity said parties be entitled.

[signature]
Les R. Reynolds - OBA #10172
Attorney for Defendant
[redacted]

[signature]
Carl J. Boman, pro se
Plaintiff

Lisa Boman
Lisa M. Boman, Defendant

APPROVED AND ENTERED as the Custody Order of the Court this 29th day of September, 1993, by the Judge of the District Court.

[signature]
Judge of the District Court



JM 10.5 93 (

## VERIFICATION

STATE OF OKLAHOMA )
) ss
WASHINGTON COUNTY )

CARL J. BOMAN, of lawful age, being first duly sworn upon his oath, states: That he is the Plaintiff, respectively, in the above entitled cause of action; that he has read the above and foregoing Plan for Joint Child Custody, knows the contents thereof, and says the same are true and correct; that he agrees with all the terms, conditions, and provisions of the above and foregoing Plan for Joint Child Custody and shall abide by its terms.

Carl J. Boman
CARL J. BOMAN

Subscribed and sworn to before me this 29th day of Sept, 1993.

Sarah J. Ross
Notary Public

SARAH J. ROSS NOTARY PUBLIC

My commission expires:
Oct 10, 1994

STATE OF OKLAHOMA)
)SS
WASHINGTON COUNTY)

LISA M. BOMAN, of lawful age, being first duly sworn upon his oath, states: That she is the Defendant, respectively, in the above entitled cause of action; that she has read the above and foregoing Plan for Joint Child Custody, knows the contents thereof, and says the same are true and correct; that she agrees with all the terms, conditions, and provisions of the above and foregoing Plan for Joint Child Custody and shall abide by its terms.

Lisa Boman
LISA M. BOMAN

Subscribed and sworn to before me this 29th day of Sept, 1993.

Sarah J. Ross
Notary Public

SARAH J. ROSS NOTARY PUBLIC IN AND FOR STATE OF OKLAHOMA

My Commission Expires:
Oct 10, 1994



JM 10-5-93