Texas Department of Mental Health and Mental Retardation

Kerrville State Hospital
P.O. Box 1468 • Kerrville, Texas 78029-1468 • (512) 896-2211

Luther W. Ross, M.D.
Superintendent

Dennis R. Jones, M.S.W., M.B.A.
Commissioner

February 23, 1989

Hon. Stephen Ables, Judge
216th State of Texas Judicial District
Bandera County Courthouse
Bandera, Texas 78003

RE: Kenneth Dale Alexander
January 13, 1989 order for competency exam
Cause #2323

Dear Sir:

Enclosed are copies of reports of assessments done during Mr. Alexander's recent hospitalization (2-9-89/2-21-89).

Sincerely,

Bevo Morris, CSW, ACSW

BM/sb
Copies: Bruce E. Curry, Dist. Atty.
216th Judicial Dist.
Anton E. Hackebeil, Atty.
Castroville, TX



Equal Opportunity/Affirmative Action Employer

Medical Evaluation - Page 1

**Past Medical History**

Record pertinent positive and negative findings.

ALEXANDER. KENNETH D. 674
10/26/1966 W/M PROT.
06/22/85 BANDERA CO.
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 007381

**Ward 603 Unit 81A**

| | |
|---|---|
| **•Family History** Include known inheritable conditions; presence of mental illness, alcoholism, or mental retardation in parents or siblings. | Neg for mental retardation and psychiatric illness<br>Neg. for inherited metabolic defects |
| **•Developmental History** Motor and physical developmental milestones; language or learning disorder; sexual development. | Normal developmental milestones<br>Left high school in 10th grade due to personality problems. |
| **•Past Medical Conditions** Diseases; injuries; operations; radiotherapy; blood disorders; transfusions; previous diagnostic studies; History of alcoholism or substance abuse; Allergic or toxic reactions. | Broken wrist at age 6.<br>No hospitalizations, operations or serious illnesses<br>Drinks about 1-2 week - "a few beers."<br><br>No Allergies. |



5/78 PORS 4e-1

## Current Medical Status

ALEXANDER. KENNETH D. 674
10/26/1966 W/M PROT.
06/22/85 BANDERA CO.
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 007381

| | |
|---|---|
| **•Activity Level, Habits**<br>Nutrition; athletic activity; physical limitations; contraception; tobacco; alcohol, proprietary and illicit drug use; occupational or situational stress; Exposure to toxins; sleep patterns; Sexual functioning | Very athletic.<br>Smokes heavily<br>Denies proprietary & illicit drug use.<br>Very poor sleep since his wife left |
| **•Current Regimens**<br>Special diets, programmed activities, drug regimens<br>Under medical care of whom? | No current medical regimen |

**•Physical Handicaps** ☒ None

| Prosthesis | Mobility Handicap | Coordination | Visual Handicap | Hearing Loss | Speech Handicap |
|---|---|---|---|---|---|
| ☐ Hearing aid | ☐ Mildly disabled | ☐ Impaired | ☐ Mild | ☐ Mild | ☐ Mild |
| ☐ Dental | ☐ Moderately disabled | ☐ Disabled | ☐ Moderate | ☐ Moderate | ☐ Moderate |
| ☐ Glasses | ☐ Severely disabled | | ☐ Severe | ☐ Severe | ☐ Severe |
| ☐ Other | ☐ Bedfast | | | | |

Interviewer's Signature: [signature] Date 6/22/85

**Physical Exam**

Alexander Kenneth

**Ward 603 Unit 81A**

ALEXANDER,KENNETH D 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007381

**•Review of Systems**

Special senses
Neuromuscular
Cardiorespiratory
Gastrointestinal
Genitourinary
Gynecologic-Menstrual
Endocrine
Immunologic
Current Complaints

no serious illness

back injury 1987 - no residual pain/disability

**•General Physical Exam**

Height 5-4 Weight 145 Temp 99.1 Pulse 64 Resp 22 BP 118/80

Appearance & Nutrition: healthy/stern demeanor

Skin: clear

Head, Face & Scalp: normal

Eyes: PERL/

Ears: normal

Nose: normal

Mouth, Teeth & Throat: normal

Neck & Thyroid: normal

Chest: lungs clear

Breasts: normal

Heart: NSR/no murmur

Vascular system: pulses =

Lymphatic system: normal

Abdomen: soft/no organs palpable

Genitalia: normal

Anus, Rectum: deferred

Pelvic: —

Trunk & Extremities: adequate strength + ROM

**Physical Exam**

Ward 603 Unit 81A

ALEXANDER, KENNETH D 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007331

**•Neurological Exam**

Cranial Nerves: DTRs 2+

Motor System:

Coordination: no TD / EPS

Reflexes:

Sensory: Cranials normal

Special Tests:

**•Summary of Findings, Recommendations, & Comments**

- rebellious youth angry towards legal system
- needs adult figure to trust & to value advice

**•Presumptive Medical Diagnoses** ICDA Code

1. Healthy 22 yo O7
2.
3.
4.
5.
6.
7.

**•(Complete for MR Only) AAMD Classification**

Etiology

| | | | | | |
|---|---|---|---|---|---|
| 1° | ☐☐☐ | Genetic component | ☐☐ | Convulsive disorder | ☐☐ |
| 2° | ☐☐☐ | Secondary cranial anomaly | ☐☐ | Psychiatric impairment | ☐☐ |
| 3° | ☐☐☐ | Impaired special senses | ☐☐ | Motor dysfunction | ☐☐ ☐ ☐ |

Examining Physician: [signature] Date: 2.9.8

5/78 PORS 4e-2

**Social History**

Names and addresses of relatives and ... are found in the Demographic Data subsection ... History is found in the Medical Evaluation subs...

DEFENDANT'S EXHIBIT CS 1 6-6-89 #2323

ALEXANDER, KENNETH D. 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007381

Ward 603 Unit 81A

CASE #7381 Kenneth D. Alexander

Date: 2-13-89

Informants: The patient; physician's admitting notes; records of patient's previous admission here in 1985; telephone contacts with the patient's probation officer Jan Davis who is with Adult Probation in Kerrville with the 216th Judicial District, and a telephone contact with patient's court appointed attorney who is Tony Hackebeil of Castroville.

Presenting Problem: The patient was admitted to this hospital on a warrant for emergency detention on 2-9-89. He has been in the Bandera County Jail since November 3rd, being held there on charges relative to a revocation of his probation. In June, 1987 he was placed on five years probation for burglary. Apparently the patient was jailed on November 3rd after being arrested for speeding and apparently he had a number of outstanding traffic citations, and one or more other offenses that constituted violation of his probation, therefore he was jailed. I understand that the patient has had a pretrial hearing relative to his probation revocation and as a result of that hearing, apparently a court order for a mental competency exam was issued and the patient was actually scheduled to see Dr. Nathan at Kerrville Outreach Clinic on February 22nd for a forensic examination. Apparently there was some concern on the part of the sheriff and jail personnel on either February 6th or 7th, that the patient was depressed and could perhaps become suicidal in jail, so they arranged to bring the patient to Kerrville and Dr. Nathan saw him at the Outpatient Clinic on February 8th. I do not know whether Dr. Nathan prepared a formal report of his examination at that time but it is my understanding that it was Dr. Nathan's opinion that the patient should be hospitalized, and consequently the county obtained the order for Emergency Detention under which the patient was admitted to the hospital on February 9th. The concern about the patient being depressed and perhaps becoming suicidal in jail has some precedent as that was the incident that led up to the patient's admission here in 1985. He reports to me another incident of attempting to hang himself in the jail in 1986.

Course of Dysfunction: This patient who is a 22 year old anglo male was admitted to this hospital in June, 1985 as a consequence of a suicidal threat or gesture that took place in the Bandera County jail after he had been incarcerated and charged with making a "terroristic threat" toward his mother-in-law. The patient in 1985 was held in this hospital only two days for examination, and it was determined that there was no indication that he was dangerous to himself or others so he was discharged with referral to our Kerrville Outpatient Clinic for assistance with the marital problems that he was experiencing at that time. Mr. Alexander tells me that they did not follow up with a referral because when he left the hospital in 1985, things worked out okay.

It is of very significant importance to note that Mr. Alexander has had considerable contact with and been at odds with the legal authorities in Bandera County, going back, I believe, to an incident which occurred in highschool in the fall of 1984 as a result of which he was suspended from school and he ultimately dropped out of highschoo in February, 1985. This he says was when he was in the 10th grade. In June, 1985 at age 18 the patient married his wife who at that time was supposedly three months pregnant and 14 years of age. Apparently from the time of the incident when the patient was suspended from school in the fall of 1984 up through the present he has been involved in a series of efforts, including law suits to counter what he believes to

-OVER-

be actions on the part of others that have violated his civil rights, that have charged him with legal offenses unjustly, and he claims police actions which could be considered police brutality and/or cruel and unusual punishment. The patient had one lawsuit against the authorities in Bandera County which apparently he withdrew on the advice of his attorney, but he has considerable resentment about being pressured by his attorney at that time to withdraw this suit. Presently he has on file in Federal Court in San Antonio another suit involving his allegations of his mistreatment at the hands of county authorities in Bandera. Apparently for the past four or five years the patient has been involved with a circle of friends, some of whom have been involved in drug use and/or drug dealing and theft. The patient's being an accessory or an affiliate in some of the thefts by acquaintances of his, apparently led to his conviction and probationary sentence in 1987 in connection with one particular burglary.

For about four years patient has been so consumed and involved himself so deeply in countersuits to avenge his Civil rights which he feels have been violated, that he could be said to be obsessed with this action. He has an extensive file of notes and copies of legal briefs that he himself has filed on his behalf in connection with the suits that he has filed, and the charges that have been filed against him. He has some strong suspicion that he has been under surveillance on occasion by local authorities or persons acting on behalf of local law officials, and he believes that the FBI is probably monitoring the situation with respect to his charges since he has filed the suit in Federal District Court in San Antonio. With respect to the charges that the patient is currently facing, he apparently was assigned one court appointed attorney whom he asked to be removed from his case, after, according to the patient, his attorney did not contact him for ten days after his appointment and when Mr. Alexander made attempts to contact the attorney, he and the attorney had some disagreements about the adequacy of his representation. That attorney was removed from his case and in his place Mr. Hackebeil was appointed. Apparently it was at Mr. Hackebeil's motion that the court ordered the psychiatric competency exam for the patient.

Family History: The patient's parents are Marvin Alexander and Darlene Rignell, both of whom are originally from Kansas. The patient was born at Lackland AirForce Base and his father was a career NCO in the Air Force. He retired in 1982 or '83 and is now a civilian employee with the postal service in San Antonio. The patient's mother has been self employed for several years as an agent with the Fireman's Insurance company. The patient has one sibling, a sister 24 years of age who the patient reports has been diagnosed as a paranoid schizophrenic with depression. She has one hospitalization at Villa Rosa Hospital in San Antonio. She also is an R.N. and reportedly is employed at this time and doing well in terms of her psychiatric illness. The patient's family life has been relatively stable, even though there were relocations due to the father's being in the military. The patient went to elementary school and started middle school in San Antonio, but when his father was transferred to California, he attended some middle school out there, attended part of the 9th grade in Wyoming when he was sent to live with an aunt and uncle there because the parents were reportedly contemplating divorce. The parents did not go through with the divorce and the patient says he has never been able to figure out the reasons why his parents were contemplating divorce. At any rate, the patient's father retired, the family moved to Bandera and the patient began attending highschool in Bandera until he quit in the 10th grade. Patient's parents apparently had been very supportive of him, although he describes himself as always being rather rebellious even at age six or seven. His pattern was one of doing things that his parents did not want him to do. A major action being his skipping school, even beginning in the 2nd or 3rd grade. The patient reports that he borrowed $7,000 from his father to pay for the cost of the

CONTINUED ON PORSc-f-

**Continuation Form**

Dated 2-13-89

To be completed whenever a standard PORS form does not provide adequate space for the required entry.

Kenneth D. Alexander

ALEXANDER,KENNETH D 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007331

Ward 603 Unit 21A

CONTINUED FROM PORS4d-1

Family History, continued:
suit that he filed against authorities in Bandera County. The suit that he eventually dropped at the urging of his attorney.

Personal History:
Prenatal, Birth, Early Development: Patient's prenatal, birth and early development were reportedly normal. The patient does recall that he was considered to have asthma when he was one year old. At about age 7 he was hit in the back of the head with a rock which caused a scalp laceration. When he was in the 6th grade he suffered a broken arm in a fight. He had the usual childhood illnesses.
Social: The patient's overriding description of himself is that of a loner. That is to say that he apparently had some difficulty making and keeping friends, at least desirable ones. He described himself as being a "student activist" in highschool, and after he wound up on the wrong side of the law, so-to-speak, it seemed that most of the company that he kept were people who were involved in drugs and then theft by burglary. Interestingly the patient described a pattern of skipping school frequently, from as early as the 2nd grade. When he would skip school in his younger years, very often he would go out in the woods and catch animals. He very often would skip school in the company of girlfriends. Patient met his wife when he was about 15 or 16 and she was 11. Apparently she was rather rebellious too, and she became pregnant when she was 14. Patient describes being a top achiever in terms of academics and athletics when he was in school, when he "put his mind to it". He talked some about how many trophies he had won for athletics. He explains that he feels like a "loser" now because of the difficulties he's been in for the past few years.
Cultural: I don't think there are any particular cultural influences that are at play as significant factors in patient's situation. Patient has lived in some different areas of the country due to his father's career in the Air Force, but he's lived most of his life in the San Antonio area.
Financial: Patient's financial resources have been limited to his earnings but he's not had a steady work history in some time.
Education: The patient quit school in the 10th grade. reportedly did well academically when he chose to, that is to say, when he applied himself. But if he did not choose to apply himself he did rather poorly. Patient quit school in the 10th grade a few months following an incident where he was suspended from school. He apparently considered his civil rights to have been violated in the incident that resulted in his suspension. Patient gives the impression of being bright and above average intelligence. He has prepared a number of legal documents of his own volition after self study of law books that were made available to him in the Bandera County jail.
Vocation: Patient does not have an extensive work history. The most recent employment he had was working on a Budweiser advertising campaign in some capacity, apparently contributing ideas for a television commercial. He apparently has one other short period of employment with an advertising agency out of San Antonio, and other then that he has done things like construction labor and laborer and general maintenance on ranches or at private residences. Patient reported that his childhood ideal was to be a policeman but what he would like to get into now would be advertising.

-CONTINUED ON PORSc-f-

Signature

**Continuation Form**

Dated 2-13-89

To be completed whenever a standard PORS form does not provide adequate space for the required entry.

Kenneth D. Alexander

ALEXANDER,KENNETH D 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007331

Ward 603 Unit 21A

CONTINUED FROM PORSc-f

Marital History: Patient married his wife in 1985 when she was three months pregnant at the age of 14. Patient was 18 years old at the time. Patient says this was not really an unplanned or unwanted pregnancy since he and his wife actually wanted a child. Both his parents and her parents discouraged the marriage. Her parents finally wound up giving permission for the marriage. They lived with the patient's parents for a time, until the patient was working so that they could have a place of their own, but then from time to time they have lived with the patient's parents. They have been separated about three years now and apparently some consideration has been given to divorce. The patient tells me that the reason for the separation is that the patient's wife became upset and disenchanted because of the patient's consuming involvement in his lawsuits. There is a 3 year old daughter that the patient seems to think alot of, but he says that he believes his wife is now a heavy drug user, and he does not believe there is any possibility of them getting back together.

Military: Patient has no record of military service.

Legal: As noted above patient is at present facing probably revocation of probation on a conviction of burglary for which he was sentenced for five years probation.

Religion: Patient is Baptist and does attend church sometimes.

---

Social Assessment and Recommendations: This 22 year old Anglo male who is at this hospital for the second time, has been in the Bandera County Jail for approximately three months relative to charges that could result in the revocation of his five years of probation for burglary. The patient's admittance to this hospital at this time was set in motion by a recent motion from his attorney to have the patient examined as to his competency to stand trial. This was originally to have been accomplished on an outpatient basis, but the patient was brought to the hospital on February 9th, by personnel of the Bandera County Sheriff's Department, apparently because of concern on their part that the patient was depressed and might constitute a suicidal risk as there is a past history of this. The patient apparently has been inordinately involved for the past three or four years with efforts relative to filing lawsuits and countersuits with respect to situations wherein he believes his civil rights were violated; he was charged unjustly, or treated unjustly by law enforcement personnel. Much of the patient's time and effort and energies have been tied up in little other than the pursuit of his lawsuits. There is somewhat of an over-suspicious flavor in his allegations and beliefs about his unjust treatment. During the patient's first couple of days in the hospital, I felt that he appeared quite apprehensive, but a great deal of his apprehension appears to have abated. I have helped him telephone his court appointed attorney and he has expressed to his attorney that he is much relieved at being in the hospital as he had expressed some fears to me initially that he thought the law enforcement personnel of Bandera County were really out to kill him. In fact, the fear of being killed was his greatest fear, not that of having to spend some time in prison, although that may very well be the outcome for him if his probation is revoked. I would have to believe that his fear of meeting his demise at the hands or instigation of law enforcement personnel, is a very exagerated fear. I have also helped the patient phone the Federal District Court in San Antonio relative to his civil suit that he has filed to help him report his

-CONTINUED ON PORSc-f -

Signature

Page 4 of 5 pages

Continuation of PORS c-f

Core Form: Yes No

1/79

PORS-cf

**Continuation Form**

Dated 2-13-89

To be completed whenever a standard PORS form does not provide adequate space for the required entry.

Kenneth D. Alexander

ALEXANDER,KENNETH D 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007331

Ward 603 Unit [illegible]

CONTINUED FROM PORSc-f

Social Assessment and Recommendations, continued:
whereabouts to the court.

At this point there are two issues in this case as I see it; one being the patient's competency in terms of being able to stand trial, and a court order has been issued for an examination relevant to that issue. Secondly, there is a question of whether the patient has a treatable mental illness, and that will be determined during his stay in the hospital for prolonged examination and observation. The patient does not object to being in the hospital and he has some belief that he does have a mental illness, at least to the extent that he has become "obsessed" with his lawsuits, etc. and the preponderance of his energies and attention is spent in pursuing those lawsuits. Some determination of these issues will be accomplished while the patient is in the hospital.

Preliminary Plans for Release: In all likelihood the patient will be hospitalized briefly for assessment per the above description, and in all likelihood he will be returned to the custody of the Bandera County authorities, therefore, continuation of the judicial process.

Bevo Morris, CSW, ACSW

Signature Bevo Morris, CSW, ACSW
Caseworker



Continuation of PORS c-f

Case 4:12-cv-08001-GAF Document 159-3 Filed 09/03/15 Page 10 of 42

Core Form: ☐ Yes ☐ No

1/79

PORS-cf

PSYCHOLOGICAL
**Evaluation**

DEFENDANT'S EXHIBIT 2 6-6-89 #2323

ALEXANDER,KENNETH D 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007331

Reason for Referral: Evaluation is requested by the Comprehensive Treatment Team of Ward 603 to be used in staffing this patient for the purpose of determining treatment and/or disposition needs.

Signature: Jim Meyer M.D. Request Date: 2-10-89

DATE: February 14, 1989

NAME: Alexander, Kenneth

BASIS FOR EVALUATION: Clinical Interview, MSE, MMPI.

BACKGROUND:

This 22-year-old white Caucasian male was admitted to the Kerrville State Hospital following a three months stay in the Bandera County Jail. He was previously admitted to KSH in 1985 for two days. He has several arrests to his credits since 1984 and he reportedly is experiencing a "running battle" with Bandera County regarding what he described as "cruel and inhumane treatment" of himself while incarcerated. He has filed a legal law suit against Bandera and this law suit is pending at the present time. His psychological history also includes an attempt at suicide in 1987 when he tried to hang himself while in jail. However, the rope broke. His family history includes a 24-year-old sister who carries a diagnosis of paranoid schizophrenia. Regarding his previous KSH hospitalization, he indicated that he "purposely faked" that he was not mentally ill so that he could be released.

RESULTS OF MSE:

1. Appearance: Boyish demeanor. The patient looks much younger than his stated age of 22.
2. Affect/mood: Hostile, angry, and suspicious mood with blunted affect.
3. Behavioral: Countenance reflected anger, hostility. Posture

was rigid and tense. His general body movements are characterized by a sense of restlessness and being fidgety.

4. Speech: Tangential, circumstantial.
5. Perceptual: Patient denied delusions and hallucinations. However, he qualified his position by stating that he "dreams off the wall stuff," e.g., he cited his report on AIDS entitled "Project Mind Probe (Inquiry) 001-AIDS."
6. Cognitive:
   a. Intellectual Functioning: High average. (Patient refused to take a formal IQ screening device.)
      (1) Level of consciousness: Alert.
      (2) Attention span: Satisfactory with DF/DR = 5. The patient repeatedly drifted to other thoughts during the interview.
      (3) Abstract thinking: WNL.
      (4) Calculation ability: WNL.
      (5) Information fund: Satisfactory, but deficient due to limited formal education.
      (6) Social judgment: WNL. He responded appropriately to social scenarios.
   b. Orientation: O X 3.
   c. Insight: The patient mostly blames others and circumstances for his problems. However, he also acknowledges that he has "contributed to his problems by verbally retaliating... ."
   d. Judgment (Overall): The patient possesses sufficient ability to manage daily living activities; his ability to make reasonable life decisions is questionable, however.
   e. Memory: STM and LTM are sufficient.
   f. Thought content: Legalistic issues involving his lawsuit against Bandera County and his three-year-old daughter whom he reports as being improperly cared for by his estranged wife.
   g. Thought process: Paranoid, grandiose, circumstantial, and associational.
7. Vegetative functioning: Disturbed sleep, appetite, libido.
8. Suicidal/homicidal symptoms: Patient acknowledge suicidal ideation but rated his intent as low or nonexistent at this time. He did say, however, that "I don't have the strength to harm myself, yet!" While continually angry at authority figures, he denies any intent to physically harm another person.

RESULTS OF PSYCHOLOGICAL TESTING:

Mr. Alexander harbors intense feelings of inferiority and insecurity. He lacks self-confidence and self-esteem, and he feels

Continuation Form

Dated February 14, 1989

To be completed whenever a standard PORS form does not provide adequate space for the required entry.

ALEXANDER, KENNETH D 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007381

Alexander, Kenneth 7381

guilty about perceived failures. Withdrawal from daily activities and emotional apathy are common as is suicidal ideation. He fears becoming emotionally involved with people. Instead, he relates to people with anger, hostility, and aggression. He is highly suspicious and distrustful of others. He is seriously deficient in his social/interpersonal skills, and is most comfortable when he is alone or when retaliating against what he perceives to be injustices inflicted upon him. He resents demands placed upon him, and other people see him as moody, irritable, unfriendly, and negativistic. Cognitively, his thinking is somewhat tangential and circumstantial, and thought content is characterized by a fair degree of bizarreness and paranoia. Delusions of persecution and grandeur are present. He is seemingly preoccupied with abstract and theoretical matters at the expense of specific, more concrete aspects of daily living. His profile also corroborates blunted affect and rapid speech. More effective and adaptive defense mechanisms are lacking and he typically responds to stress/ pressure by withdrawal into fantasy and day dreaming.

DIAGNOSTIC IMPRESSION:

II. Decompensating Obsessive-Compulsive with Schizoid Personality features present.

SUMMARY:

Mr. Alexander's profile suggests that he is not very well put together. He is seriously maladjusted psychologically and will frequently strike out verbally with anger and hostility when stressed or frustrated. His problems are long-standing in nature, personal resources for coping with the effects of his problems are limited and the prognosis for positive change in psychotherapy is poor at this time. Mr. Alexander views his present circumstance as follows: "...I'd just like to go to jail, serve my sentence, win custody of my daughter, and pursue my lawsuit against Bandera... it does not matter whether I say here (on 603) or TDC for 90 days...I get three meals, TV, and medical attention... ." He also reports that he "wants to be assessed as having a mental illness which has caused pain and suffering to prove what the townspeople of Bandera have done to me... ."

CONCLUSION:

Affectively, Mr. Alexander's hostility, anger, and poor impulse

Signature

control would likely be problematic and interfere with his legalistic defense, i.e., alienate those with whom he would be working. Cognitively, he is able to process information, although he may tend to obsess on details at the expense of the overall picture of his defense. His thinking will probably remain highly paranoid and grandiose; his expressive functions would likely see more verbal hostility; his receptive functions will likely remain such that he will acquire, process, and classify only that information which will corroborate and confirm his beliefs system that he has been unjustly dealt with; and his memory/learning will continue to be sufficient for the purposes of his defense. Attention, concentration, conceptual tracking, level of consciousness, and mental activity rate are also sufficient for purposes of his defense. Behaviorally, he will most likely not act out overtly but, instead,he will continue to verbally assault those whom he perceives as his enemy. Despite his psychopathology, Mr. Alexander is able to anticipate the consequences of his behaviors and it is postulated that he can differentiate between right and wrong behaviors.

Norm D. Gonzales, Psy.D.

Norm D. Gonzales, Psy.D.
Clinical Neuropsychologist

NDG:rs

**Psychiatric Evaluation**

Names and addresses of relatives and other responsible persons are found in the Demographic Data subsection of the Data Base. Medical history is found in the Medical Evaluation subsection of the Data Base. Refer to Social History for historical data and to the Prior Summaries subsection of the Data Base for more extensive information on previous treatment.

ALEXANDER, KENNETH C 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007381

DEFENDANT'S EXHIBIT 3 6-6-89 #2223

**Ward 603 Unit 81A**

FEBRUARY 15, 1989

CHIEF COMPLAINT:
"I am here for a psychiatric evaluation to see if I am competent to stand trial".

INFORMANTS:
Patient, commitment papers, prior records, nursing assessment.

PRESENT ILLNESS:
This is the second state hospital admission for this 22 year old, separated, Anglo-American male from Bandera, Texas, who comes in on an Emergency Mental Illness Commitment from Bandera, Texas (Bandera County) with the chief complaint as stated above. He states that he has been in the Bandera County Jail since 11-3-88 where he was being held on many counts of alleged terrorism, harassment of the police, resisting arrest, being verbally abusive to law enforcement officers, etc. He says he thinks the reason he has been kept in jail is because he filed complaints against the Bandera County Jail and the jailers there and also the Sheriff and several police officers and he is now fearful for his life because he believes these people are not above having him gotten rid of. He says he is prepared to stay in Kerrville State Hospital as long as necessary or even in TDC as long as necessary to serve out his five-year jail sentence for burglary as long as he can get counseling about how to carry on his law suits, etc.

MENTAL STATUS EXAM:
This was a well-developed, well-nourished, 21 year old Anglo-American male with blond hair and he was clean shaven and his hair was cut short and he was not very tall, standing only 5'5". He was very cooperative to the examination and was attentive and appeared to understand every explanation of why he had been brought to the hospital. His mood was somewhat depressed and his affect was angry and suspicious. His thinking was poorly associated but he expressed no frank delusional material. He denied having anything like hallucinations and he denied any homicidal thought. He said he had considered suicide in the past and even tried it once in jail by tearing up a blanket but he said the material was cheap and the rope he made from it broke. He says now that he is not suicidal but his goal in life is to get the law suits behind him and go to the mountains of Wyoming and "Drop out of the human race". His sensorium was clear and he was oriented to time, place, person and circumstance. His memory for recent and remote events was considered to be very good. His store of general information and knowledge was estimated to be average or above. His insight and judgment were impaired.

PERTINENT MEDICAL HISTORY:
He has had no hospitalizations, operations, or serious illnesses. He broke a wrist that mended correctly at the age of six years. He says he drinks about once or twice a week consuming "a few beers". He knows of no allergies to anything. He says he is very athletic but is concerned that he smokes too many cigarettes. He denies abusing either proprietary medications or illicit drugs. He has slept very poorly since his wife left him, at about the same time he went into jail and filed his law suits. His eating habits are considered normal and he has no bowel problems or any other kind of physical problems.

PERTINENT PSYCHIATRIC HISTORY:
Patient was first in Kerrville State Hospital from 6-22-85/6-24-85 for an alleged suicide attempt which he says was a cutting of his wrists with a razor blade he was holding, that [illegible] Sheriff actually made him cut himself with and he was not trying to commit sui[illegible] [illegible] only threatening to try to get his point across that he needed to be out

Case 4:12-cv-08001-GAF Document 159-3 Filed 09/03/15 Page 15 of 42

**Psychiatric Evaluation**

Names and addresses of relatives and other responsible persons are found in the Demographic Data subsection of the Data Base. Medical history is found in the Medical Evaluation subsection of the Data Base. Refer to Social History for historical data and to the Prior Summaries subsection of the Data Base for more extensive information on previous treatment.

ALEXANDER, KENNETH D. 674
10/26/1966 W/M BAPT
02/09/89 BANDERA COUNTY
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 007331



Ward 603 Unit 81A

of jail. He was seen at Kerrville State Hospital, was found to have no serious mental disorder and was discharged. He said he wanted to be examined here and wanted to undergo therapy and counseling because he fears he may be mentally ill. He says he fears being killed by the police he has offended, but he says he is not afraid of going to jail. He fears that he will have his five-year probation for burglary revoked since he has been in jail since November, 1988. He reports that he has a 24 year old sister who is a nurse and who has been diagnosed as suffering from paranoid schizophrenia. At the present time, he was told by his parents that his sister has again been hospitalized for depression after she threatened suicide. He said he is not aware of any mental retardation or psychiatric illness in any other member of his family. He said he left high school in the 10th grade due to personality problems.

ASSETS:

Youth, very good health, average or above intelligence, supportive and loving primary family.

CASE FORMULATION:

This is the second Kerrville State Hospital admission for this 22 year old, separated, Anglo-American male who was brought into the hospital under emergency detention because it was felt by the police of Bandera, where this patient has been in jail since 11-3-88 that this patient may be severely depressed and possibly suicidal. Also, he has filed suits against the jail and the jailers, the Sheriff and several law officers in Bandera for harassment and maltreatment and as the judge who needs to make a ruling about whether or not he has broken his five-year probated sentence for burglary by being arrested this last time and he wanted him to have a physical and psychiatric evaluation to see whether he was competent to stand trial, meaning that he was aware of his surroundings and in contact with reality enough to be of help to his attorney in preparing his own defense. The federal law suit that he filed was the final result of several years of patient's "running battle" with authorities of the City of Bandera. He believes that he was mistreated at the hands of law officers in the City of Bandera and he has been concerned about this to the point of obsession so that he is unable to carry on with the rest of his life until this situation is settled. He appears to be somewhat depressed but not to a major degree and he may have a thought disorder of some type but this is not blatantly in evidence. In consideration of the difficulties he has been through together with his mental status examination, it is my opinion that this man, is indeed, quite competent to stand trial since he is aware of what is going on in his life and in contact with reality quite well enough to aid his attorney in preparing his own defense in a court of law.

DSM-III-R DIAGNOSES:

| | | |
|---|---|---|
| AXIS I: | Unspecified mental disorder (non-psychotic) | 300.90 |
| AXIS II: | No diagnosis | V71.09 |
| AXIS III: | No disease found | |
| AXIS IV: | Severity of psychosocial stressors: 4 - Severe (prolonged incarceration in jail, marital separation, unemployment, on 5-year probation for burglary). (Predominantly enduring circumstances) | |
| AXIS V: | Current GAF: 45<br>Highest GAF in the past year: 75 | |

BDBeall MD



5/78

B.D.Beall, M.D.
Staff Psychiatrist

BDB/sh

PORS 4b-1

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of Bandera, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the February Term, A. D. 1986, of the 216th Judicial District Court of said County, upon their oaths present in and to said Court, that KENNETH DALE ALEXANDER, on or about the 21st day of February, A. D. 1986, and before the presentment of this indictment, in said County and State, did then and there

intentionally and knowingly, without the effective consent of Rosemary Butts, the owner, enter a habitation owned by Rosemary Butts, with intent to commit the offense of theft

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Eddie Leibold
Foreman of the Grand Jury.

THE STATE OF TEXAS

COUNTY OF ______________ } I, ______________________

Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of indictment in Cause No. __________, of the State of Texas

vs. ______________________________________________

as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and official seal, this ______________ day of

______________________, A. D. 19____.

Clerk of the 216th District Court

By ______________________ Deputy ______________________ County, Texas

No. 2323

THE STATE OF TEXAS

vs.

KENNETH DALE ALEXANDER

INDICTMENT

OFFENSE

Burglary/habitation

E. BRUCE CURRY
District Attorney

Filed April 25 19 86

Vera King
District Clerk

By ______________ Deputy.

A TRUE BILL:

Foreman of Grand Jury.

Amount of Bail - - - - - - - - $ 5,000

WITNESSES FOR THE STATE:

Dep. Jim DeLesdernier

NO: 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | () | IN THE DISTRICT COURT |
| VS. | () | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | () | BANDERA COUNTY, TEXAS |

MOTION TO WITHDRAW AS ATTORNEY OF RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

Come now CLARENCE WILLIAMS, Attorney at Law and files this his Motion to Withdraw as Attorney of Record for Defendant and as ground therefore would respectfully show the Court as follows:

That the Defendant cannot afford to employ my services for representation on the above matter. My previous employment was through his parents who have now withdrawn their support.

WHEREFORE, PREMISES CONSIDERED, CLARENCE WILLIAMS, prays that he be permitted to withdraw as attorney of record for Defendant in the above styled and numbered cause.

Respectfully submitted,

Clarence Williams

CLARENCE WILLIAMS
State Bar No: 21519000
201 N. St. Mary's, Suite #628
San Antonio, Texas 78205
(512) 225-7291

FILED
This 27th Day of Feb. A.D., 19 87
At 1:25 O'Clock P M.
Vela King
District Clerk, Bandera County, Texas
By Bonnie Bruce Deputy

No. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

## WAIVER OF RIGHT TO PRE-SENTENCE INVESTIGATION

I am aware that I am by law entitled that a pre-sentence investigation be made before I am sentenced in this case. My attorney has fully explained to me what is meant by a pre-sentence investigation.

I hereby state to the Court that I do not desire that any pre-sentence investigation be conducted in this case.

I hereby voluntarily relinquish any and all rights to a pre-sentence investigation.

SIGNED this the ~~27th~~ 1st day of ~~March~~ JUNE, 1987.

Kenneth D Alexander
Defendant

Allen Wade
Attorney for Defendant

FILED
This 1st Day of June A.D., 19 87
At 11:01 O'Clock A M.
Glenn King
District Clerk, Bandera County, Texas
By Bonnie Bruce Deputy

[redacted]

No. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

## STIPULATION OF EVIDENCE

NOW COMES Kenneth Dale Alexander, the Defendant in the above entitled and numbered cause, in writing and in open court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of testimony by Affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional rights against self-incrimination and after having been sworn, upon oath, I ~~judicially confess to the~~ DO NOT CONTEST THE following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case: I, Kenneth Dale Alexander, DO NOT CONTEST THAT on the 21st day of February, 1986 in Bandera County, Texas, did then and there intentionally and knowingly, without the effective consent of Rosemary Butts, the owner, enter a habitation owned by Rosemary Butts, with intent to commit the offense of theft.

Kenneth D. Alexander
Defendant

Sworn to and subscribed before me, the undersigned authority, on this the ~~27th~~ 1ST day of ~~March~~ JUNE, 1987.

APPROVED:

Vera King
Clerk, 216th Judicial District
Bandera County, Texas

By: ______________________
Deputy

______________________
Attorney for Defendant

APPROVED this ~~27th~~ 1ST day of ~~March~~ JUNE, 1987.

Robert R. Barton
ROBERT R. BARTON
Judge, 216th Judicial District

No. 2323

THE STATE OF TEXAS — IN THE DISTRICT COURT

VS. — 216TH JUDICIAL DISTRICT

KENNETH DALE ALEXANDER — BANDERA COUNTY, TEXAS

**JUDGMENT ON PLEA OF GUILTY OR NOLO CONTENDERE BEFORE COURT WAIVER OF JURY TRIAL**

Judge Presiding : ROBERT R. BARTON — Date of Judgment: 3-27-87

Attorney for State : E. Bruce Curry ~~DAVID MOTLEY, Assistant~~ — Attorney for Defendant: Allen Manka

Offense Convicted of : burglary of a habitation

Degree : first — Date Offense Committed: 2-21-86

Charging Instrument: Indictment/~~Information~~ — Plea: ~~Guilty~~/Nolo Contendere Nolo Contendere

Terms of Plea Bargain (In Detail) five ~~three~~ (5) years probation ~~and $300.00 fine~~

Plea to Enhancement Paragraph (s): N/A — Findings on Enhancement: N/A

Findings on Use of Deadly Weapon: N/A

Date Sentence Imposed: N/A — Costs: $67.00

Punishment and Place of Confinement: N/A — Date to Commence: N/A

Time Credited : N/A — Total Amount of Restitution/Preparation ~~N/A~~ $355.00

Concurrent Unless Otherwise Specified

(Recitation of Judgment)

SEE ATTACHMENT

Notice of Appeal: none

Robert R. Barton

ROBERT R. BARTON

March 27, 1987

Date Signed

Case 4:12-cv-08001-GAF Document 159-3 Filed 09/03/15 Page 22 of 42

No. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

PROBATION JUDGMENT

BE IT REMEMBERED that on the 27th day of March, 1987, this cause was called for trial, and the State appeared by her District Attorney, and the Defendant, Kenneth Dale Alexander, appeared in person, together with counsel by appointment/~~employment~~, the Honorable Allan Manka, also being present, and all parties announced ready for trial, and the Defendant, in open court, in person after having been duly arraigned, pleaded ~~guilty~~ nolo contendere to the charge in the indictment; thereupon, the said defendant was admonished by the Court of the consequences of said plea, and the said Defendant persisted in pleading ~~guilty~~ nolo contendere; and it plainly appearing to the Court that the Defendant is mentally competent and that he is uninfluenced in making said plea of ~~guilty~~ nolo contendere by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea of ~~guilty~~ nolo contendere is by the Court received and here now entered upon the Minutes of the Court, and Defendant having applied to waive the right of trial by jury, and whereas such consent and approval of the duly elected and acting attorney representing the State, in writing duly signed by said attorney, was filed in the papers in this cause before the Defendant entered the plea of ~~guilty~~ nolo contendere, and it appearing that all prerequisites required by law for the waiving of this right have been performed, the Court now gives its consent and approval for the said defendant to waive the right of a trial by a jury.

WHEREUPON, the Defendant proceeded to trial before the Court, who having heard and considered the pleadings and evidence offered, is of the opinion therefrom, and so finds, that the Defendant is guilty of the offense of burglary of a habitation, which offense was committed on the 21st day of February, 19 86, in Bandera County, Texas.

It is, therefore, CONSIDERED AND ADJUDGED by the Court that the defendant, Kenneth Dale Alexander, is guilty of the offense of burglary of a habitation as charged in the indictment herein, ~~as confessed by the Defendant in the Defendant's plea of guilty herein made~~, and that the Defendant be punished by confinement in the Texas Department of Corrections for a term of ~~three~~ five (~~3~~ 5) years, ~~and that the Defendant pay a~~

~~fine of $ 300.00~~ ________________, and that the State of Texas do have and recover of said Defendant, all costs in this prosecution expended, and for which execution will issue.

The said Defendant having made application in due time and form for probation under the Adult Probation and Parole Law of this State on the Defendant's conviction herein, and the Court being of the opinion and finding from the evidence herein that the Defendant, Kenneth Dale Alexander, should be placed on probation, and that the imposition of sentence under the Judgment of the Court herein shall be and the same is hereby suspended for a period of ~~three~~ five (~~3~~ 5) years from the date hereof. Said probation and suspension of imposition of said sentence shall be conditioned that the Defendant during the entirety of the term of his probation shall:

(a) Commit no offense against the laws of this State, of any other State or of the United States;

(b) Avoid injurious or vicious habits; and neither possess nor consume any intoxicants;

(c) Avoid persons or places of disreputable or harmful character;

(d) Report to the Probation Officer at the Probation Office on the 1st day of June, 1987, ~~at~~ by 1:00 o'clock P. M., and thereafter monthly not later than the 1st day of each and every month beginning in the month next following entry of this Judgment;

(e) Report to the Probation Officer (in addition to the reporting required by (d) above), when, where, and in the manner as may hereafter be ordered by the Court through the Probation Officer;

(f) Permit the Probation Officer to visit the Probationer at Probationer's home, work, or elsewhere at any and all times;

(g) Work faithfully at suitable employment as far as possible;

(h) Remain within the State of Texas, unless Probationer shall have first secured the written consent of the Court to leave the State and filed it in the papers of this cause;

~~(i) Pay a fine of $ 300.00 ________ as follows: in monthly payments of $ ________ each, the first of such payments to be made no later than the ________ day of ________, 1987, and a like payment not later than the same day of each and every succeeding month thereafter until the entire fine has been paid in full;~~

(j) Pay Court costs in the sum of $67.00 within sixty (60) days after entry of this Judgment;

(k) Pay a probation fee of $20.00 per month every month of the probationary period, the first of such payments to be made not later than the 1st day of July 1987, and a like

payment not later than the same day of each and every succeeding month;

(l) Support Probationer's legal dependants;

(m) File with the Probation Officer at the Probation Office, between the first and tenth day of every month next following a default in any payment required of Probationer by the Judgment, a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

(n) Use no drugs or controlled substance of any nature whatsoever unless prescribed by a licensed physician as current medication;

(o) Make restitution to Bandera County, Texas, in the amount of $300.00 for the court appointed attorneys fees awarded to Allan Manka, not later than the 1st day of June, 1990.

(p) Make restitution to Rosemary Butts, Pipe Creek, Texas, in the amount of $355.00 to be paid on or before the 1st day of Januaray, 1988, in full.

By the term "Probation Officer" as used herein is meant the Bandera County Probation Officer; by the term "Probation Office" is meant the office of the Bandera County Probation Office located at the Bandera County Courthouse, Bandera Texas; by the term "Probationer" is meant the Defendant in this cause.

All payments required by Probationer by this Judgment shall be paid at the Probation Office within the time specified.

This Court reserves all rights vested in it by law to control, by its further orders, modification and termination of the provisions of the probation hereinabove set out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the conditions of said probation.

SIGNED FOR ENTRY this the ~~27th~~ 1st day of ~~March~~ June, 1987.

ROBERT R. BARTON
Judge, 216th Judicial District

cc: E. Bruce Curry
District Attorney

Sheriff's Office

Allen Manka

Chas. O. Champion

I, Kenneth Dale Alexander, defendant herein, acknowledge receipt of a copy of my Probation Judgment, on this the 27th day of March, 1987.

Defendant

Attorney for Defendant

FILED
This 1st Day of June A.D., 1987
At 11:20 O'Clock A M.
Tina King
District Clerk, Bandera County, Texas
By Bonnie Bruce Deputy

No. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

STATE'S FIRST AMENDED
MOTION TO REVOKE PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, represented herein by her District Attorney, and would respectfully make this report concerning the above named defendant.

That on the 27th day of March, 1987, the above entitled and numbered cause was reached and called for trial, and the defendant appearing in person and by attorney, pleaded to the charge of burglary of a habitation, committed on the 21st day of February, 1986 as alleged, and it was determined that he be incarcerated for a term of five (5) years; and that this Court in a proper proceeding after hearing the evidence, so ORDERED, ADJUDGED AND DECREED, that the imposition of the sentence in this cause be suspended during the good behavior of the defendant; and that he be placed on probation for said term of five (5) years and the specific provision that:

The Defendant report to the Probation Officer at the Probation Office on the 1st day of June, 1987, by 1:00 o'clock P.M., and thereafter monthly not later than the 1st day of each and every month beginning in the month next following entry of this Judgment;

Pay Court costs in the sum of $67.00 within sixty (60) days after entry of this Judgment;

Make restitution to Rosemary Butts, Pipe Creek, Texas, in the amount of $355.00 to be paid on or before the 1st day of January, 1988, in full;

Pay a probation fee of $20.00 per month every month of the probationary period, the first of such payments to be made not later than the 1st day of January, 1987, and a like payment not later than the same day of each and every succeeding month;

File with the Probation Officer at the Probation Office, between the first and tenth day of every month next following a default in any payment required of Probationer by the Judgment, a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred;

Commit no offense against the laws of this State, of any other State or of the United States.

That subsequent to the Defendant's being placed on probation, he violated the provisions of probation in that:

The Defendant did not report monthly to the Probation Officer during the months of June, July, August, September, October, November, December 1987, January, February, March, April and May 1988;

He did not pay $67.00 Court costs which were due paid in full by August 1, 1987;

He did not pay $355.00 restitution to Rosemary Butts which was due paid in full by January 1, 1988;

He did not pay $20.00 per month probation fee during the months of August, September, October, November, December 1987, January, February, March, April and May 1988;

He did not submit a financial statement following a default in any payment during the months of July, August, September, October, November, December 1987, January, February, March, April and May 1988;

On or about the 3rd day of February, 1988 in Bandera County, Texas, Kenneth Dale Alexander did then and there intentionally flee from Nolan Metz, a peace officer, to wit, a Texas Highway Patrolman, then and there in the employ of the Texas Department of Public Safety, in Bandera County, Texas, who was then and there lawfully attempting to arrest Kenneth Dale Alexander, and the said Kenneth Dale Alwxander then and there knew that Nolan Metz was a peace officer and knew that Nolan Metz was attempting to arrest him.

On or about the 3rd day of February, 1988 in Bandera County, Texas, Kenneth Dale Alexander did then and there unlawfully and knowingly possess a usable quantity of marihuana, to wit, 2 ounces or less.

On the 7th day of June, 1988 in Bandera County, Texas, Kenneth Dale Alexander did then and there intentionally and knowingly escape from the custody of Joe Rodriguez, a peace officer, to wit a deputy sheriff of Bandera County, Texas, when he the said defendant was charged with and under arrest for probation violation.

WHEREFORE, the State prays that said Motion to Revoke Probation be set at a time and place to show cause, if any he may have, why the probation heretofore granted in this cause should not be revoked and sentence imposed per letter attached hereto as EXHIBIT "A"; and the District Attorney further prays that a WARRANT issue for the arrest of the defendant herein.

FILED

This 8th Day of Dec. A.D., 19 88

At 9:45 O'Clock a M.

Vera King

District Clerk, Bandera County, Texas

By Bonnie Bruce Deputy

Respectfully submitted,

E. Bruce Curry

E. BRUCE CURRY
DISTRICT ATTORNEY
216TH JUDICIAL DISTRICT
Bandera COUNTY, TEXAS

cc: E. BRUCE CURRY

CERTIFICATE OF SERVICE

On this the 7th day of December, 1988, a true and correct of the State's First Amended Motion to Revoke Probation was mailed to Jeff Scott, the defendant's attorney of record.

CAUSE NO. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

## ORDER ON MOTION FOR PHYSICAL AND PSYCHIATRIC EXAMINATION AND APPOINTING PSYCHIATRIST TO EXAMINE DEFENDANT

IT IS ORDERED that DR. LUTHER W. ROSS, Superintendent of Kerrville State Hospital, or any qualified person under the supervision of DR. ROSS is hereby appointed to examine KENNETH DALE ALEXANDER, Defendant in the above-entitled and numbered cause for the sole purpose of determining whether the Defendant is competent to stand trial. The facts and circumstances of the offense with which the Defendant is charged are as follows:

> On the 6th day of June, 1988, the State of Texas by and through her district attorney, E. Bruce Curry, caused to be filed with this Court a motion to revoke probation of the Defendant in which the State alleges the following:
>
> The Defendant did not report monthly to the Probation Officer during the months of June, July, August, September, October, November, December 1987, January, February, March, April, and May 1988;
>
> He did not pay $67.00 Court costs which were due paid in full by August 1, 1987;
>
> He did not pay $355.00 restitution to Rosemary Butts which was due paid in full by January 1, 1988;
>
> He did not pay $20.00 per month probation fee during the months of August, September, October, November, December 1987, January, February, March, April and May 1988;
>
> He did not submit a financial statement following a default in any payment during the months of July, August, September, October, November, December 1987, January, February, March, April and May 1988;

On or about the 3rd day of February, 1988 in Bandera County, Texas, Kenneth Dale Alexander did then and there intentionally flee from Nolan Metz, a peace officer, to-wit, a Texas Highway Patrolman, then and there in the employ of the Texas Department of Public Safety, in Bandera County, Texas, who was then and there lawfully attempting to arrest Kenneth Dale Alexander, and the said Kenneth Dale Alexander then and there knew that Nolan Metz was a peace officer and knew that Nolan Metz was attempting to arrest him.

On or about the 3rd day of February, 1988, in Bandera County, Texas, Kenneth Dale Alexander did then and there unlawfully and knowingly possess a usable quantity of marijuana, to-wit, 2 ounces or less.

The meaning of competency to stand trial was whether the Defendant had sufficient present ability to consult with a defense counsel with a reasonable degree of rational understanding and whether the Defendant has a rational as well as factual understanding of the proceedings against him.

IT IS FURTHER ORDERED that the examiner appointed herein submit a written report of the examination to the Court within 45 days of the date of this Order, including a description of the procedures used in the examination, the examiner's observations and finding pertaining to Defendant's competency to stand trial, and the recommended treatment. If the examiner concludes that the Defendant is incompetent, the report must also include the examiner's observations and findings on whether there is a substantial probability that the Defendant will attain the competency to stand trial within the foreseeable future.

IT IS FURTHER ORDERED that a separate report be submitted to the Court setting forth the examiner's observations and findings concerning:

1. Whether the Defendant is mentally ill and requires observation and/or treatment or hospitalization in a mental hospital for the Defendant's own welfare and protection or for the protection of others; or

2. Whether the Defendant is a mentally retarded person as defined in the Mentally Retarded Persons Act of 1977 (Revised Civil Statutes, Article 5547-300) and requires commitment to a mental retardation facility.

IT IS FURTHER ORDERED that a Certificate of Medical Examination for Mental Illness be completed and submitted to the Court by the examiner if the examiner is a physician and concludes that the Defendant is mentally ill. If the examiner concludes that the Defendant is a mentally retarded person and the examination has been conducted at a facility of the Texas Department of Mental Health and Mental Retardation or at a diagnostic center approved the Texas Department of Mental Health and Mental Retardation, the examiner is ordered to submit to the Court an affidavit setting forth the conclusions of the diagnostic examination.

IT IS FURTHER ORDERED that a complete physical examination of the Defendant be conducted and a report of such examination be filed with the Court in conjunction with the Defendant's examination pertaining to competency to stand trial and recommended treatment.

SIGNED this 13th day of Jan., 1989.

[signature]
JUDGE PRESIDING

FILED
This 18th Day of Jan. A.D., 1989
At 9:15 O'Clock a M.
Vera King
District Clerk, Bandera County, Texas
By Bonnie Dauer Deputy

ATTORNEY:

ANTON E. HACKEBEIL
MURRAH & HACKEBEIL, P.C.
P. O. Box 1063
Castroville, Texas 78009
(512) 538-2271
State Bar No. 08667150
Appointed by the Court on December 22, 1988

Case 4:12-cv-08001-GAF Document 15-23 Filed 09/03/15 Page 31 of 42

No. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

STATE'S SECOND AMENDED

MOTION TO REVOKE PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, represented herein by her District Attorney, and would respectfully make this report concerning the above named defendant.

That on the 27th day of March, 19 87, the above entitled and numbered cause was reached and called for trial, and the defendant appearing in person and by attorney, pleaded to the charge of burglary of a habitation committed on the 21st day of February, 19 86, as alleged, and it was determined that the defendant be incarcerated for a term of years; and that this Court in a proper proceeding after hearing the evidence, so ORDERED, ADJUDGED AND DECREED, that the imposition of the sentence in this cause be suspended during the good behavior of the defendant; and that he be placed on probation for said term of five (5) years and specific terms and provisions with which the defendant was ordered to comply.

That subsequent to the defendant's being placed on probation, the defendant violated certain of the said terms and provisions of probation in that:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE PART HEREOF.

WHEREFORE, PREMISES CONSIDERED, the State prays that said Motion to Revoke Probation be set at a time and place to show cause, if any the defendant may have, why the probation heretofore granted in this cause should not be revoked and sentence imposed per letter attached hereto as EXHIBIT "B"; and the District Attorney further prays that a WARRANT issue for the arrest of the defendant herein.

Respectfully submitted,

E. BRUCE CURRY
DISTRICT ATTORNEY
216TH JUDICIAL DISTRICT

cc: E. Bruce Curry
Anton Hackebeil

CERTIFICATE OF SERVICE

On this the 28th day of April, 1989, a true and correct copy of the State's Second Amended Motion to Revoke Probation was mailed to Anton Hackebeil, the defendant's attorney of record.

<u>EXHIBIT "A"</u>

KENNETH DALE ALEXANDER
Cause 2323
Bandera County, Texas

The Defendant did not report to the Probation Officer monthly during the months of August, September and October 1988;

He did not pay $67.00 Court costs which were due paid in full by August 1, 1987;

He did not pay $355.00 restitution to Rosemary Butts which was due paid in full by January 1, 1988;

He did not pay $20.00 per month probation fee during the months of August, September, October, November, December 1987, January, February, March, April, May, June, July, August, September and October 1988;

He did not submit a financial statement following a default in any payment during the months of July, August, September, October, November, December 1987, January, February, March, April, May, June, July, August, September and October 1988;

On or about the 3rd day of February 1988 in Bandera County, Texas, Kenneth Dale Alexander did then and there intentionally flee from Nolan Metz, a peace officer, to wit, a Texas Highway Patrolman, then and there in the employ of the Texas Department of Public Safety, in Bandera County, Texas, who was then and there lawfully attempting to arrest Kenneth Dale Alexander, and the said Kenneth Dale Alexander then and there knew that Nolan Metz was a peace officer and knew that Nolan Metz was attempting to arrest him;

Abandoned by state SBA

On the 7th day of June, 1988, in Bandera County, Texas, Kenneth Dale Alexander did then and there intentionally and knowingly escape from the custody of Joe Rodriguez, a peace officer, to wit, a deputy sheriff of Bandera County, Texas, when he, the said defendant, was charged with and under the arrest for probation violation.

Abandoned by State SBA

On or about the 3rd day of February 1988, in Bandera County, Texas, Kenneth Dale Alexander did then and there unlawfully and knowingly possess a useable quantity of marihuana, to wit, 2 ounces or less.

EXHIBIT "B"

**216th JUDICIAL DISTRICT**
ADULT PROBATION DEPARTMENT

JAN DAVIS
ADULT PROBATION OFFICER
729 SIDNEY BAKER
KERRVILLE, TEXAS 78028
(512) 896-2233

HOWARD R. HOLLIMON
CHIEF ADULT PROBATION OFFICER
729 SIDNEY BAKER
KERRVILLE, TEXAS 78028
(512) 896-2233

DAVID W. CORYELL
ADULT PROBATION OFFICER
P.O. BOX 951
FREDERICKSBURG, TEXAS 78624
(512)997-3962

April 4, 1989

AMENDED

The Honorable Stephen B. Ables
District Judge
216th Judicial District Court
Bandera County Courthouse
Bandera, Texas 78003

Re: ALEXANDER, Kenneth Dale
Cause No. 2323
216th Judicial District
Bandera County, Texas

Dear Judge Ables:

The above named individual has violated the terms of his probation in the following areas:

1. Has not reported as required;
2. Has not paid court costs as ordered;
3. Has not paid restitution as ordered;
4. Has not paid probation fees as ordered;
5. Has not submitted a financial statement following a default in payment;
6. Has committed an offense against the Laws of the State of Texas.

It is, therefore, the recommendation of this office that probation be revoked on this individual.

Sincerely,

Jan Davis
Adult Probation Officer

JD/hm

copy to: The Honorable E. Bruce Curry, District Attorney

**216th JUDICIAL DISTRICT**
ADULT PROBATION DEPARTMENT

JAN DAVIS
ADULT PROBATION OFFICER
729 SIDNEY BAKER
KERRVILLE, TEXAS 78028
(512) 896-2233

HOWARD R. HOLLIMON
CHIEF ADULT PROBATION OFFICER
729 SIDNEY BAKER
KERRVILLE, TEXAS 78028
(512) 896-2233

DAVID W. CORYELL
ADULT PROBATION OFFICER
P.O. BOX 951
FREDERICKSBURG, TEXAS 78624
(512) 997-3962

Re: ALEXANDER, Kenneth Dale Cause No. 2323 Terminates: June 1, 1992

The following is a list showing non-compliance with the scheduled probation obligations:

REPORTING: Did not report in 1988 for the following months: July, August, September, October, November, and December. In 1989: January, February, and March.

COURT COSTS: $67.00 due August 1, 1987. None paid to date.

PROBATION FEES: $20.00 per month beginning July 1, 1987. Has not paid for the following months: 1987 - August, September, October, November and December; 1988 - January, February, March, April, May, June, July, August, September, October, November, and December; 1989 - January, February, March, and April, for a total due of $420.00.

RESTITUTION: $355.00 due to Rosemary Butts by January 1, 1988. None paid to date.

ATTORNEY FEES: $300.00 due June 1, 1990. None paid to date.

FINANCIAL STATEMENTS: None submitted.

COMMITTED OFFENSE: Offense Report Attached.

PAYMENTS ARE DUE ON THE: 1st of each and every month.

LAST KNOWN ADDRESS: P.O. Box 29153
San Antonio, TX 78229
(512) 535-4809

CASE NO. 2729-93

Form 670 TEXAS COUNTY PRINTING & SERVICES 1-800-792-8788

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING MONTH | DAY | YEAR |
|---|---|---|---|---|---|---|
| 2729-93 | THE STATE OF TEXAS VS. Kenneth Alexander | E. Bruce Curry<br>Philip Meyer | Delivery of Controlled Substance-Enhanced | 2 | 22 | 93 |

FEE BOOK VOL. PAGE

| DATE OF ORDERS MONTH | DAY | YEAR | ORDERS OF COURT | MINUTE BOOK VOL. | PAGE | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| 2 | 25 | 93 | D arraigned and plead NG PT set 4/1/93 @ 9 Am. SBA | | | |
| 4 | 1 | 93 | PT re-set for 4/26/93 @ 9 Am. Hearing on bond reduction. Bond reduced to $25,000 surety Bond. SBA. | | | |
| 4 | 26 | 93 | PT reset for 5/13/93 @ 9:00 a.m. | | | |
| ? | 26 | 93 | Trial set for Sept 28, 1993 @ 9:00 a.m. | | | |
| 9 | 30 | 93 | Order granting polygraph examination | 18 | 621 | |
| 2 | 18 | 94 | As per Judge, Case to be dismissed | | | |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of Bandera, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the February Term, A. D. 1993, of the 216th Judicial District Court of said County, upon their oaths present in and to said Court, that KENNETH ALEXANDER, on or about the 20th day of May, A. D. 1992, and before the presentment of this indictment, in said County and State, did then and there

unlawfully, intentionally and knowingly deliver a controlled substance, to wit, Cocaine in the amount of less than 28 grams by then and there constructively transferring said controlled substance to Jose Barreto.

And the Grand Jurors aforesaid, upon their oaths, do further present that prior to the commission of the aforesaid offense by the said Kenneth Alexander, hereinbefore alleged, the said Kenneth Alexander was previous duly and legally convicted of a felony less than capital, to wit:

On the 12th day of June, 1989, in the 216th District Court of Bandera County, Texas, in a case numbered upon the docket of said court No. 2323, and styled "The State of Texas vs. Kenneth Dale Alexander", the said Kenneth Alexander was duly and legally convicted in said last named court of a felony, to wit, Burglary of a Building; and

Said conviction in Cause No. 2323 in the 216th District Court of Bandera County, Texas, occurred, and the judgment therein became final prior to the commission of the offense hereinbefore alleged in and by this indictment, upon charging instruments then legally pending in said court, of which said court had jurisdiction, and said conviction is final; and he, the said Kenneth Alexander, was and is the same person who was convicted in said Cause No. 2323 in the 216th District Court of Bandera County, Texas

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Roger Laser

Foreman of the Grand Jury.

**WITNESSES FOR THE STATE:**

No. 2729-93

# THE STATE OF TEXAS

vs.

KENNETH ALEXANDER

# INDICTMENT

**OFFENSE**

Delivery of Controlled Substance
ENHANCED

Susan J. Patton, Asst DA
E. BRUCE CURRY
District Attorney

Filed February 22 19 93

Denise Bates
District Clerk

By ______________________ Deputy.

A TRUE BILL:

Roger Raser
Foreman of Grand Jury.

Amount of Bail . . . . . . . . $ 50,000
SBA

THE STATE OF TEXAS
COUNTY OF ______________ } I, ______________

Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of indictment in Cause No. ________, of the State of Texas vs. ______________ as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and official seal, this ________ day of ______________, A. D. 19____.

Clerk of the 216th District Court

By ______________ Deputy ______________ County, Texas

No. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

## JUDGMENT REVOKING PROBATION

| | | | |
|---|---|---|---|
| Judge Presiding: | STEPHEN B. ABLES | Date of Judgment: | 6-12-89 |
| Attorney for State: For State: | E. BRUCE CURRY | Attorney For Defendant: | Anton Hackbeil |
| Offense Convicted of: | burglary of a ~~habitation~~ building | Date Offense Committed: | 2-21-86 |
| Degree: | first | P.C. Section: | 30.02 |
| Paragraph Violated and Grounds for Revocation as set out in State's Motion to Revoke Probation | | | |
| Original Punishment Assessed: | five (5) years probation | | |
| Findings in Use of Deadly Weapon: | None | | |
| Punishment Imposed and Place of Confinement: | three (3) years confinement in TDC | Date to Commence: | N/A |
| Date of Sentence: | June 12, 1989 | Costs: | $67.50 |
| Time Credited: | 224 days | Total Amount of Restitution/Reparation | $355.00 |
| Notice of Appeal: | None | Concurrent Unless Otherwise Specified | |
| DOB: 10-26-66 | SS#: | Address: | |

## ORDER REVOKING PROBATION AND IMPOSING SENTENCE

On the 27th day of March, 1987, the above named Kenneth Dale Alexander, defendant in the above styled and numbered cause, was duly and legally convicted for the offense of burglary of a ~~habitation~~ building committed on the 21st day of February, 1986, in said cause, and punishment was assessed at confinement in the Texas Department of Corrections for a term of five (5) years, ~~and the payment of a fine in the amount of $~~xxxxxxxxxxx and the imposition of the sentence was suspended during the good behavior of the defendant, and the defendant was placed on probation for a period of five (5) years, upon, among others, the terms and conditions set forth in the State's Motion to Revoke filed herein.

The District Attorney of the 216th Judicial District heretofore filed with the Judge of said Court the State's Motion to Revoke Probation, wherein was set out the manner in which the defendant had allegedly violated said terms and conditions of probation, and that each such violation of the terms of probation occurred during the period during which the sentence in this cause was made probationary.

On the 12th day of June, 1989, the defendant appeared in open court, in person, and his attorney of record, the Honorable Anton Hackbeil, also being present, and the State appeared by her District Attorney, and after examining said petition for revocation of probation and hearing the defendant's plea of "TRUE" and the evidence offered by both the State and the defendant, the Court is of the opinion and finds that the defendant violated the above-mentioned terms and conditions of his probation as follows, to-wit:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE PART HEREOF.

It is therefore, ORDERED, ADJUDGED AND DECREED by the Court that the Order suspending the imposition of sentence and placing the defendant on probation, heretofore entered in this cause, be, and the same is hereby revoked, and on this date the State appeared by her District Attorney, and the defendant, appeared in open court, in person, the defendant's attorney, also being present, for the purpose of having sentence

No. 2323

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| KENNETH DALE ALEXANDER | § | BANDERA COUNTY, TEXAS |

JUDGMENT

The Defendant, KENNETH DALE ALEXANDER, having been placed on probation in the above entitled and numbered cause for the criminal offense of BURGLARY OF A HABITATION and a Motion to Revoke Probationbeing filed alleging violation of probation on attached EXHIBIT "A" and this day this cause being called for trial, the State appeared by her District Attorney, E. Bruce Curry , and the Defendant appeared in person, his counsel Tony Hackebeil, also being present and a written motion to try the issue of incompetency of the Defendant in advance of the trial of the cause on the merits was presented on behalf of the accused with the approval of the trial court; thereupon a jury, to-wit: Dana Carrol Nixon and eleven others, was duly selected, impaneled and sworn to try said issue, who having heard the said motion read and evidence adduced thereunder, including competent medical or psychiatric testimony, and having been charged as to the law, the jury retired in charge of the proper officer to consider of their verdict, and afterward were brought into open Court, by the proper officer, the Defendant and his counsel also being present, and the jury returned into open Court the following verdict, which was received by the Court, and is here now entered upon the minutes of the Court, to wit: " No " to Special Issue No. 1 inquiring as to whether or not the Defendant is presently incompetent to stand trial.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the said Defendant, KENNETH DALE ALEXANDER, be and he is hereby declared to be COMPETENT to stand trial by reason of the above jury verdict following trial of said issue on the 6th day of June, 1989.

Accordingly the Court has in open court set the hearing on the State's Second Amended Motion to Rovoke Probation for hearing on the merits at 9:00 a.m. on the 7th day of July, 1989, in the district courtroom of the Kerr County Courthouse, and both the defendant and his counsel in open court agreed to the hearing be conducted at such time and at such location and county.

SIGNED this 12th day of June, 1989.

[signature]
JUDGE PRESIDING

Copies to:

- District Attorney
- Defense counsel
- Bandera County Sheriff's Office

FILED
the 12 Day of June A.D., 1989
at 11:30 O'Clock P M.
[signature]

pronounced in accordance with the Judgment herein rendered and entered against the defendant; and thereupon the defendant was asked by the Court whether he had anything to say why sentence should not be pronounced against him, and the defendant answered nothing in bar thereof, whereupon the Court proceeded, in the presence of the defendant, to pronounce sentence against the defendant as follows:

It is ORDERED by the Court that the judgment in which the defendant was adjudged guilty of the offense of burglary of a ~~habitation~~ building committed on the 21st day of February, 1986, and in which punishment was assessed at confinement in the Texas Department of Corrections for a term of five (5) years, ~~and by the payment of a fine in the amount of $~~ , be, and the same is hereby MODIFIED AND REFORMED to provide that punishment be assessed at confinement in the Texas Department of Corrections for a term of three (3) years, ~~and by the payment of a fine in the amount of $~~. It is therefore ORDERED and ADJUDGED that the defendant be punished as found by the Court, and said defendant is hereby sentenced to confinement in the Texas Department of Corrections for a term of three (3) years, ~~and by the payment of a fine in the amount of $~~, and that the State of Texas do have and recover of the said Defendant the amount of said fine and all costs in this prosecution, for which execution may issue against the property of the defendant; and that the said defendant is remanded to jail to await the further orders of the Court. It is further ORDERED that, in conformance with the judgment of this Court, as modified and reformed, that the defendant be delivered by the Sheriff of this county, or the authorized agent of the State of Texas, to the Director of the Texas Department of Corrections, or other person legally authorized to receive such convicts, and that said defendant shall be confined in the manner and for the period aforesaid; and that the defendant be and is hereby remanded to jail until the directions of this sentence can be obeyed.

It is further ORDERED by the Court that as a condition of parole that the Defendant pay restitution as follows:

AMOUNT: $ 355.00
VICTIM: Rosemary Butts
ADDRESS: Rt. 2, Box 6941
Pipe Creek, Texas

It is further ORDERED by the Court ~~that the Defendant pay restitution in the amount of $ to County, Texas, for court appointed fees heretofore ordered paid for services rendered at the time the Probation judgment herein was entered; and further~~ that the Defendant pay restitution in the amount of $ 1,700.00 to Bandera County, Texas, for court appointed fees ordered paid for services rendered as to the instant revocation proceedings.

It is further ORDERED by the Court that the defendant receive 224 days jail credit.

SIGNED this 13 day of June, 1989.

[signature]
STEPHEN B. ABLES
Presiding Judge, 216th Judicial District

Copies to:

✓ E. Bruce Curry, District Attorney
✓ Defense Counsel
✓ Sheriff's Office
Probation Office

FILED
This 13th Day of June A.D., 1989
At 1:25 O'Clock P M.
Vera King
District Clerk, Bandera County, Texas
By [signature] Deputy

EXHIBIT "A"

KENNETH DALE ALEXANDER
Cause 2323
Bandera County, Texas

The Defendant did not report to the Probation Officer monthly during the months of August, September and October 1988;

He did not pay $67.00 Court costs which were due paid in full by August 1, 1987;

He did not pay $355.00 restitution to Rosemary Butts which was due paid in full by January 1, 1988;

He did not pay $20.00 per month probation fee during the months of August, September, October, November, December 1987, January, February, March, April, May, June, July, August, September and October 1988;

He did not submit a financial statement following a default in any payment during the months of July, August, September, October, November, December 1987, January, February, March, April, May, June, July, August, September and October 1988;

On or about the 3rd day of February 1988 in Bandera County, Texas, Kenneth Dale Alexander did then and there intentionally flee from Nolan Metz, a peace officer, to wit, a Texas Highway Patrolman, then and there in the employ of the Texas Department of Public Safety, in Bandera County, Texas, who was then and there lawfully attempting to arrest Kenneth Dale Alexander, and the said Kenneth Dale Alexander then and there knew that Nolan Metz was a peace officer and knew that Nolan Metz was attempting to arrest him;