No. 4767-89

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF<br><br>KENNETH D. ALEXANDER and KIMBERLY A. ALEXANDER<br><br>AND IN THE INTEREST OF ASHLEY R. ALEXANDER | ) | IN THE DISTRICT COURT<br><br>216TH JUDICIAL DISTRICT<br><br>BANDERA COUNTY, TEXAS |

**DECREE OF DIVORCE**

On the 7th day of June, 1990, trial on the merits was held in this cause.

Appearing in person and by attorney, Petitioner, KENNETH D. ALEXANDER announced ready for trial. The Respondent, KIMBERLY A. ALEXANDER was served by way of publication and did not otherwise appear.

The Court, after examining the pleadings and listening to the evidence and argument of counsel, finds that it has jurisdiction over this cause and parties and the Petitioner's Original Petition for Divorce has been on file in this Court for at least sixty (60) days.

The Court finds that at the time this suit was filed, Petitioner had been a domiciliary of this state for the preceding six (6) months and a resident of this county for the preceding ninety (90) days.

No jury having been demanded by either of the parties, all matters in controversy, including all questions of fact and of law, were submitted to the Court. The Court is of the opinion that the material allegations in Petitioner's Original Petition for Divorce are substantially correct and have been proved by

full and satisfactory evidence. The Court finds that a divorce should be granted. The making of a record of testimony was waived by the parties with the consent of the Court.

IT IS THEREFORE ORDERED that the bonds of matrimony between the Petitioner, and the Respondent, be, and are hereby dissolved, and a decree of divorce is hereby granted.

The Court finds that there were born to or adopted by the parties of this marriage the following child now under the age of eighteen (18) years: ASHLEY R. ALEXANDER, SEX: Female, BIRTHDATE: [redacted], BIRTHPLACE: San Antonio, Bexar County, Texas, PRESENT RESIDENCE: San Antonio, Bexar County, Texas.

The Court finds that the child named above is presently under the jurisdiction of Bexar County and that there is currently a child custody suit pending in the Bexar County, Texas District Court, Cause No. 89-PA-00341, between the Respondent in this action and the paternal grandparents, to determine Managing Conservatorship of the the child.

The Court finds that the parties have acquired marital property during this marriage and that it is necessary to make a just and right division of their marital estate having due regard for the rights of each party.

It is therefore ordered, adjudged and decreed by the Court that Petitioner be awarded right, title and/or interest to the following :





Case 4:12-cv-08001-GAF Document 161-12 Filed 09/03/15 Page 2 of 7

1. hereby awarded to Petitioner as his sole and separate property and estate, subject to his sole management, control and disposition.

2. hereby be freed and cleared of any claims, interests and/or demands of Respondent and all of her right, title, and/or interest in and to said property is hereby divested out of her; and

3. hereby be vested in Petitioner under such terms, conditions, orders and stipulations as stated herein; as follows:

4. any household furnishings, personal clothing, jewelry, mementos, effects and cash currently in possession of Petitioner;

5. any bank accounts, savings, credit union accounts, brokerage accounts, money market accounts or other financial institution accounts, insurance policies, pension, profit sharing or retirement plans and any other property now held in the name of Petitioner;

6. any social security account now held in the name of Petitioner. Any employer benefits arising out of Petitioner's employment including without limitation, to any current, future, or previous employment benefits.

7. any automobiles, currently in Petitioner's possession. Respondent is hereby ordered to sign any and all documents of title or other papers necessary to

transfer title to the aforesaid vehicle(s) into Petitioner's name.

It is further ordered that Petitioner shall be solely liable for any indebtedness for property remaining in his sole possession as above stated and he shall indemnify and hold Respondent harmless from any and all liability thereon.

It is further ordered, that Respondent be awarded all right, title and/or interest to the following property be:

1. hereby awarded to Respondent as her sole and separate property and estate, subject to her sole management, control and disposition;
2. hereby be freed and cleared of any claims, interests and/or demands of Petitioner and all of his right, title and/or interest in and to said property is hereby divested out of him; and
3. hereby vested in Respondent under such terms, conditions, orders and stipulations as stated in said schedule.
4. any household furnishings, personal clothing, jewelry, mementos, effects and cash currently in possession of, Respondent;
5. Any bank accounts, savings, credit union accounts, brokerage accounts, money market accounts or other financial institution accounts, insurance policies, pension, profit sharing or retirement plans and any other property now held in the name of Respondent;

6. Any social security account now held in the name of Respondent. Any employer benefits arising out of Respondent's employment including without limitation, to any current, future, or previous employment benefits.

7. Any automobiles currently in Respondent's possession. Petitioner is hereby ordered to sign any and all documents of title or other papers necessary to transfer title to the aforesaid vehicle into Respondent's name.

It is further ordered that Respondent shall be solely liable for the indebtedness on any property awarded her herein and shall hold Petitioner harmless from any and all liability thereon.

It is further ordered that unless otherwise specifically provided for herein the parties shall remain jointly liable for any debt incurred during the marriage.

It is further ordered that each of the parties shall be responsible for and pay all income tax due and owing the Federal Government as a result of income earned by him or her subsequent to the date of divorce. In the event of an audit or other similar proceeding with respect to income and income tax liability of the parties for any year of marriage, through and including 1989, and in the further event of there being assessed any penalty, deficiency, interest or other similar expense, each

party shall pay 50% percent of any and all such expenses. In the event of a refund for overpayment of taxes, for any year during the parties' marriage, each party shall be entitled to 50% percent of same, and the party receiving said refund check shall be and hereby is designated a Conservator Trustee for the benefit of the other party to the extent of said percentage stated above of the total amount of refund check within 15 days of receipt of said refund check.

It is further ordered that any credit cards now held in the name of Petitioner be returned to Petitioner and any and all credit cards now held in the name of Respondent be returned to Respondent.

It is further ordered, adjudged and decreed that each party shall be solely responsible for his or her own attorney's fees incurred as a result of legal representation in the above entitled and numbered cause.

All relief not expressly granted herein is expressly denied. All costs of Court expended in this cause are hereby taxed against the party incurring the same, and all such costs having been heretofore paid, let no execution issue.

This Decree of Divorce signed, rendered and entered in Bandera, Bandara County, Texas, this 7th day of June 1990.

Signed this 7th day of June, 1990.

[signature]

JUDGE PRESIDING

APPROVED AS TO SUBSTANCE AND FORM:

By: ______________________

[redacted]

TBN: 05067050
Attorney for Petitioner

By: ______________________
Kenneth D. Alexander
Petitioner

FILED
This 7th Day of June A.D. 19[illegible]
At 10:00 O'Clock A M.
Vera King
District Clerk, Bandera County, Texas
By Bonnie Bauer Deputy

VOL 021 PAGE 865