IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

THE STATE OF KANSAS, Plaintiff

v. Case No. 2003-CR-23

TOMMY KLEINER, Defendant
DOB: [redacted]
SSN:
ADDR:

FILED
FEB 11 2003
lw 10:00Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

COMPLAINT

Osage County Attorney Gary L. Foiles, being of lawful age and first duly sworn on oath, hereby states:

COUNT 1 - CRIMINAL THREAT

That on or about the 10th day of February, 2003, in Osage County, Kansas, TOMMY KLEINER did unlawfully and intentionally communicate to another, to-wit: Robert Stout and Ted Craig, a threat to commit violence with intent to terrorize said person or in reckless disregard of the risk of causing such terror; contrary to K.S.A. 21-3419(a)(1), a severity level 9 person felony;
[Penalty: from a minimum of 5 months to a maximum of 17 months in prison and a fine up to $100,000]

COUNT 2 - OBSTRUCTION OF OFFICIAL DUTY

That on or about the 10th day of February, 2003, in Osage County, Kansas, TOMMY KLEINER did unlawfully, willfully, knowingly and intentionally obstruct a person, to-wit: Ted Craig, authorized by law to serve process, then and there in the discharge of an official duty, to-wit: arresting the offender for criminal threat as described in Count 1 of this Complaint; contrary to K.S.A. 21-3808, a severity level 9 person felony; [Penalty: from a minimum of 5 months to a maximum of 17 months in prison and a fine up to $100,000]

COUNT 3 - CRIMINAL DAMAGE TO PROPERTY

That on or about the 10th day of February, 2003, in Osage County, Kansas, TOMMY KLEINER did unlawfully and intentionally, by means other than by fire or explosive, to-wit: by kicking, damage property, to-wit: a patrol car window, in which another,

to-wit: the City of Lyndon, has an interest without the consent of such other person, said damage being to the extent of at least $500 but less than $25,000; contrary to K.S.A. 21-3720(a)(1), a severity level 9 nonperson felony;
[Penalty: from a minimum of 5 months to a maximum of 17 months in prison and a fine of up to a $100,000]

WITNESSES: Ted Craig; Robert Stout; Josh Shepard; Bryan Johnson; Casey's Clerk; Jeremiah Tull; Rep. of the City of Lyndon

Gary L. Foiles, No. 16842
Osage County Attorney
[redacted]
Attorney for Plaintiff

SUBSCRIBED and sworn to before me this 11th day of February, 2003.

DEBBIE LONG
Notary Public - State of Kansas
My Appt. Expires 5-17-2004

Notary Public

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

**STATE OF KANSAS,**
Plaintiff,

**Vs.** **Case No. 2003-CR-000023**

**Tommy Kleiner,**
Defendant.

**ORDER APPOINTING PRIVATE COUNSEL**

Having been charged with the commission of a felony, to wit: **Criminal threat,** in violation of **K.S.A. 21.3419, Felony Level 09** and having been determined an indigent in accordance with K.S.A. 22-4501 et seq., the person named above is entitled to appointment of counsel.

**IT IS THEREFORE ORDERED** that Sue DeVoe, attorney, a member of the panel for indigents' defense, is hereby appointed to represent the above person as follows:

FILED
FEB 11 2003
4:05:00pm
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

X During the prosecution and trial of said felony defendant including sentencing
___ Probation Revocation/Modification/Sentence Conversion/Show Cause
___ Appeal (Specify type):
___ **K.S.A.** 60-1507
___ Habeas Corpus pursuant to **K.S.A.** 22-2710
___ Habeas Corpus pursuant to **K.S.A.** 22-3428
___ Habeas Corpus pursuant to **K.S.A.** 59-2917
___ Other (please specify and attach copy of complaint): ______________________________

______________________________________________________________

**THIS ORDER** supersedes any previous order appointing counsel and , previously appointed, is hereby relieved as counsel for said person. He/She will ____, will not ____, file a claim for services he/she has performed.

**BY ORDER OF THE COURT** this 11th day of February, 2003.

[signature]
JUDGE OF THE DISTRICT COURT

Copies to: County Attorney
Court Apponted Counsel

IN THE DISTRICT COURT OF OSAGE COUNTY,KANSAS

STATE OF KANSAS
Plaintiff,

VS

Case No #. 2003CR23

FILED
FEB 14 2003
9:30 AM
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

KLEINER, TOMMY LEE
Defendant,

APPEARANCE BOND
_____. Cash, XXX Surety, _____ Signature,

We. The undersigned, jointly and severally obligate ourselves to owe and be indebted to the State of KANSAS, OSAGE COUNTY in the sum of ONE THOUSAND DOLLARS AND NO CENTS. $1,000.00 upon the condition that the defendant will personally appear in the DISTRICT COURT of OSAGE COUNTY, KANSAS, on the 26TH day of FEBUARY, 2003 At 2:00 O'clock, P.M., and from time to time thereafter as the court may order to the completion of the trial, and if adjudged guilty, to the time of sentencing thereof.

Additionally, as conditions of this bond, the defendant agrees to the following:

1. The defendant will have no contact with the victim or witnesses in this case;
2. The defendant will not commit or cause to be committed, on the defendant's behalf, the intimidation of the victim or witnesses in this case.
3. The defendant shall not violate the laws of the State of Kansas or any other state or municipality thereof.
4. NO CONTACT WITH CASEY'S EMPLOYEES OR IN THE STORE THAT IS LOCATED IN LYNDON KANSAS

---

Dated This 13TH day of FEBUARY, 2003

Principal
(Defendant): Tommy Kleiner [signature]
Address: [redacted]

Surety: [signature] Viking DBA Bonds
Address: [redacted]

Surety: ____________
Address: ____________

APPROVED: JONES
Judge/Bonding Schedule

DATE:02/13/03

JAILER/DEPUTY: [signature] 972

2-14-03
1700

ORIGINAL

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

STATE OF KANSAS, Plaintiff,

vs No. 2003-CR-23

TOMMY KLEINER, Defendant,

FILED
FEB 18 2003
9:30 AM
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

SUBPOENA

TO: Bryan Johnson
Osage County Sheriff's Department, Agency Case No. 03-0145

**YOU ARE HEREBY COMMANDED** to be and appear in your proper person before the District Court of said County of Osage, Kansas, in the City of Lyndon, on **Wednesday**, the **26th** day of **February**, **2003**, at **2:00** o'clock **p.m.**, then and there to testify on behalf of the Plaintiff, State of Kansas, in the above-captioned case.

**AND HEREOF FAIL NOT,** Under the penalty of the law.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at my office, in Lyndon, Kansas, this 14 day of February, 2003.

SEAL

Clerk of the District Court

RETURN OF SERVICE PERSONAL SERVICE

I hereby certify that I have served this subpoena:

X by delivering a copy to the witness personally.

____ by leaving a copy at the witness's address above with ____________ a person of suitable age and discretion residing therein.

____ by serving ____________ a copy of this subpoena, by mailing the same to the witness at the address listed above by certified mail, return receipt requested, showing to whom delivered, date of delivery, and address where delivered (but without restrictions requiring delivery to addressee only.

____ I was unable to serve this subpoena because ____________

Feb 15 2003
DATE

Suzanne Neck
DEPUTY

2-14-03
1700

ORIGINAL

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

STATE OF KANSAS, Plaintiff,

vs No. 2003-CR-23

TOMMY KLEINER, Defendant,

FILED
FEB 18 2003
[illegible] 9:30Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

SUBPOENA

TO: Ted Craig
Osage County Sheriff's Department, Agency Case No. 03-0145

**YOU ARE HEREBY COMMANDED** to be and appear in your proper person before the District Court of said County of Osage, Kansas, in the City of Lyndon, on **Wednesday**, the **26th** day of **February**, **2003**, at **2:00** o'clock **p.m.**, then and there to testify on behalf of the Plaintiff, State of Kansas, in the above-captioned case.

**AND HEREOF FAIL NOT,** Under the penalty of the law.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at my office, in Lyndon, Kansas, this 14 day of February, 2003.

SEAL
CLERK OF

[signature]
Clerk of the District Court

RETURN OF SERVICE PERSONAL SERVICE

I hereby certify that I have served this subpoena:

✓ by delivering a copy to the witness personally.

___ by leaving a copy at the witness's address above with ________ a person of suitable age and discretion residing therein.

___ by serving ________ a copy of this subpoena, by mailing the same to the witness at the address listed above by certified mail, return receipt requested, showing to whom delivered, date of delivery, and address where delivered (but without restrictions requiring delivery to addressee only.

___ I was unable to serve this subpoena because ________

02-16-2003
DATE

[signature] 922
DEPUTY

2-14-03
1700

ORIGINAL

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

STATE OF KANSAS, Plaintiff,

vs No. 2003-CR-23

TOMMY KLEINER, Defendant,

FILED
FEB 18 2003
9:30 Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

SUBPOENA

TO: Robert Stout
Lyndon Police Department, Agency Case No. 03-0145

**YOU ARE HEREBY COMMANDED** to be and appear in your proper person before the District Court of said County of Osage, Kansas, in the City of Lyndon, on **Wednesday**, the **26th** day of **February**, **2003**, at **2:00** o'clock **p.m.**, then and there to testify on behalf of the Plaintiff, State of Kansas, in the above-captioned case.

**AND HEREOF FAIL NOT,** Under the penalty of the law.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at my office, in Lyndon, Kansas, this 14 day of February, 2003.

SEAL
CLERK OF THE ...

Clerk of the District Court

**RETURN OF SERVICE** **PERSONAL SERVICE**

I hereby certify that I have served this subpoena:

X by delivering a copy to the witness personally.

____ by leaving a copy at the witness's address above with ________ a person of suitable age and discretion residing therein.

____ by serving ________ a copy of this subpoena, by mailing the same to the witness at the address listed above by certified mail, return receipt requested, showing to whom delivered, date of delivery, and address where delivered (but without restrictions requiring delivery to addressee only.

____ I was unable to serve this subpoena because ________

2-17-03
DATE

DEPUTY

Sue DeVoe, 13314
DeVoe & Neff, Lawyers, LLC
[redacted]
Defendant's Lawyer

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

STATE OF KANSAS
v.
TOMMY KLEINER

Case No. 03 CR 23

**MOTION FOR CONTINUANCE**

COMES NOW, the defendant, through counsel, Sue DeVoe, and moves the Court for a continuance of the above case set for preliminary hearing on February 26, 2003. In support, counsel states that the defendant needs more time to prepare for preliminary hearing and that the State suffers no prejudice because of this request.

WHEREFORE, petitioner requests the court continue the preliminary hearing until early April, 2003.

Sue DeVoe, 13314
DeVoe & Neff, Lawyers, LLC

Certificate of Service

DeVoe & Neff, Lawyers, LLC, state that on February 24, 2003, they faxed a copy of the above to: Gary Foiles, Osage County Attorney, [redacted]

DeVoe & Neff, Lawyers, LLC

Sue DeVoe, 13314
DeVoe & Neff, Lawyers, LLC
[redacted]
Defendant's Lawyer

FILED
FEB 2 4 2003
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

STATE OF KANSAS
v.
TOMMY KLEINER

Case No. 03 CR 23

ORDER CONTINUING PRELIMINARY HEARING

On February 24, 2003, the above comes before the Court for hearing. After consideration of the evidence and review of the file, the Court continues the defendant's preliminary hearing until April 16, 2003, at 1:30 p.m.

IT IS SO ORDERED.

JUDGE

Prepared by:

Sue DeVoe, 13314
Defendant's Lawyer

3-10-03
1700

ORIGINAL

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

FILED
MAR 11 2003
SW 11:30 AM
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

STATE OF KANSAS, Plaintiff,

vs No. 2003-CR-23

TOMMY KLEINER, Defendant,

SUBPOENA

TO: Robert Stout
Lyndon Police Department, Agency Case No. 03-0145

**YOU ARE HEREBY COMMANDED** to be and appear in your proper person before the District Court of said County of Osage, Kansas, in the City of Lyndon, on **Wednesday**, the **16th** day of **April, 2003**, at **1:30** o'clock **p.m.**, then and there to testify on behalf of the Plaintiff, State of Kansas, in the above-captioned case.

**AND HEREOF FAIL NOT,** Under the penalty of the law.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at my office, in Lyndon, Kansas, this 9 day of March, 2003.

SEAL

Clerk of the District Court

**RETURN OF SERVICE** **PERSONAL SERVICE**

I hereby certify that I have served this subpoena:

✓ by delivering a copy to the witness personally.

_____ by leaving a copy at the witness's address above with ________________ a person of suitable age and discretion residing therein.

_____ by serving ________________ a copy of this subpoena, by mailing the same to the witness at the address listed above by certified mail, return receipt requested, showing to whom delivered, date of delivery, and address where delivered (but without restrictions requiring delivery to addressee only.

_____ I was unable to serve this subpoena because ________________

3-10-03
DATE

DEPUTY

3-10-03
1700

ORIGINAL

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

FILED
MAR 11 2003
SW 11:30 Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

STATE OF KANSAS, Plaintiff,

vs No. 2003-CR-23

TOMMY KLEINER, Defendant,

SUBPOENA

TO: Bryan Johnson
Osage County Sheriff's Department, Agency Case No. 03-0145

**YOU ARE HEREBY COMMANDED** to be and appear in your proper person before the District Court of said County of Osage, Kansas, in the City of Lyndon, on **Wednesday**, the **16th** day of **April**, **2003**, at **1:30** o'clock **p.m.**, then and there to testify on behalf of the Plaintiff, State of Kansas, in the above-captioned case.

**AND HEREOF FAIL NOT,** Under the penalty of the law.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at my office, in Lyndon, Kansas, this 9 day of March, 2003.

SEAL

[signature]
Clerk of the District Court

---

RETURN OF SERVICE PERSONAL SERVICE

I hereby certify that I have served this subpoena:

✓ by delivering a copy to the witness personally.

_____ by leaving a copy at the witness's address above with ____________ a person of suitable age and discretion residing therein.

_____ by serving ____________ a copy of this subpoena, by mailing the same to the witness at the address listed above by certified mail, return receipt requested, showing to whom delivered, date of delivery, and address where delivered (but without restrictions requiring delivery to addressee only.

_____ I was unable to serve this subpoena because ____________

3-10-03
DATE

[signature: Nicky Stout]
DEPUTY

3-10-03
1700

ORIGINAL

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

STATE OF KANSAS, Plaintiff,

vs No. 2003-CR-23

TOMMY KLEINER, Defendant,

FILED
MAR 17 2003
lw 1:00p
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

SUBPOENA

TO: Ted Craig
Osage County Sheriff's Department, Agency Case No. 03-0145

**YOU ARE HEREBY COMMANDED** to be and appear in your proper person before the District Court of said County of Osage, Kansas, in the City of Lyndon, on **Wednesday**, the **16th** day of **April**, **2003**, at **1:30** o'clock **p.m.**, then and there to testify on behalf of the Plaintiff, State of Kansas, in the above-captioned case.

**AND HEREOF FAIL NOT,** Under the penalty of the law.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Court at my office, in Lyndon, Kansas, this 9 day of March, 2003.

CLERK OF THE DISTRICT COURT SEAL

Clerk of the District Court

RETURN OF SERVICE PERSONAL SERVICE

I hereby certify that I have served this subpoena:

X by delivering a copy to the witness personally.

___ by leaving a copy at the witness's address above with __________ a person of suitable age and discretion residing therein.

___ by serving __________ a copy of this subpoena, by mailing the same to the witness at the address listed above by certified mail, return receipt requested, showing to whom delivered, date of delivery, and address where delivered (but without restrictions requiring delivery to addressee only.

___ I was unable to serve this subpoena because __________.

3-11-03
DATE

DEPUTY

FILED

APR 16 2003

lw 2:00p

CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

THE STATE OF KANSAS, Plaintiff

v. Case No. 2003-CR-23

TOMMY KLEINER, Defendant
DOB: [redacted]
SSN:
ADDR:

AMENDED COMPLAINT

Osage County Attorney Gary L. Foiles, being of lawful age and first duly sworn on oath, hereby states:

COUNT 1 - OBSTRUCTION OF OFFICIAL DUTY

That on or about the 10th day of February, 2003, in Osage County, Kansas, TOMMY KLEINER did unlawfully, willfully, knowingly and intentionally obstruct a person, to-wit: Ted Craig, authorized by law to serve process, then and there in the discharge of an official duty, to-wit: arresting the offender for the misdemeanor of disorderly conduct; contrary to K.S.A. 21-3808, a class A nonperson misdemeanor;
[Penalty: up to one year in county jail and a fine up to $2500]

COUNT 2 - CRIMINAL DAMAGE TO PROPERTY

That on or about the 10th day of February, 2003, in Osage County, Kansas, TOMMY KLEINER did unlawfully and intentionally, by means other than by fire or explosive, to-wit: by kicking, damage property, to-wit: a patrol car window, in which another, to-wit: the City of Lyndon, has an interest without the consent of such other person, said damage being to the extent of less than $500; contrary to K.S.A. 21-3720(a)(1), a class B nonperson misdemeanor;
[Penalty: up to six months in county jail and a fine up to $1000]

WITNESSES: Ted Craig; Robert Stout; Josh Shepard; Bryan Johnson; Casey's Clerk; Jeremiah Tull; Rep. of the City of Lyndon

Gary L. Foiles, No. 16842
Osage County Attorney
[redacted]

SUBSCRIBED and sworn to before me this 16th day of April, 2003.

DEBBIE LONG
Notary Public - State of Kansas
My Appt. Expires 5-17-2004

Notary Public

## AI OINTED COUNSEL CLAIM F RM

PLEASE ALLOW 3 WEEKS FOR PROCESSING
INCOMPLETE VOUCHERS MAY BE RETURNED

FOR INSTRUCTIONS, POLICIES & PROCEDURES
OR SEE OUR WEBSITE http://www.sbids.org/

FEIN/SSN 481058816 00 ELEC DEPOSIT ☐

FIRM DEVOE & NEFF LAWYERS LLC

ATTY NAME SUE DEVOE

MAILING ADDRESS [redacted]

CITY, STATE, ZIP [redacted]

PHONE [redacted] FAX [redacted]

ADDRESS CHANGE ☐ CONTRACT CASE ☐

MAIL ORIGINAL CLAIM FORM, TIMESHEET & OAC TO:

BD OF INDIGENTS' DEFENSE SERVICES
714 SW JACKSON STE 200
TOPEKA KS 66603-3714

PHONE (785) 296-4505 FAX (785) 291-3082

AGENCY USE

PAYEE NO. 18190

OFFENSE CODE

OPEN DATE: 2-11-03

CLOSE DATE: 4-18-03

DIST COURT CASE NO. 03CR23 APPELLATE CASE NO

NAME OF INDIGENT PERSON Tommy Kleiner

AKA

SSN OF INDIGENT [redacted]

COUNTY (OSAGE) FRANKLIN

DID THE JUDGE ORDER THE DEFENDANT TO REPAY ATTORNEY FEES AND EXPENSE ☐No ☒Yes $ Ree JE

ADMINISTRATION FEE: $ 35.00 ☐No ☒Yes

CURRENT CASE/SERVICE INFROMATION (CHECK ONE)

| | |
|---|---|
| CIVIL/60-1507/HABEAUS CORPUS | 1 ☐ |
| CRIMINAL/TRAFFIC FELONY | 2 ☒ |
| PV/PROBATION/POST SENTENCING | 3 ☐ |
| APPEAL-CIVIL/CRIMINAL | 4 ☐ |

NAME OF HIGHEST ORIGINAL FELONY CHARGE OR NATURE OF CURRENT SERVICES Cr Threat

| HIGHEST KSA. STATUTE "ONE ONLY" | SEV LEVEL OF HIGHEST FELONY CHARGED (00, 1-10, u) | TOTAL NO OF FELLONIES CHARGED |
|---|---|---|
| 21-3419(a)(1) | 9 P | ~~2~~ 3 |

DISPOSITION OF ORIGINAL CASE (CHECK ONE)

| | |
|---|---|
| NON TRIED/PLEAD/DIVERSION | 1 ☒ |
| JURY OR BENCH TRIAL | 2 ☐ |
| DISMISSED | 3 ☐ |
| FTA/BOND FORFEITURE/WARRANT | 4 ☐ |
| ATTORNEY WITHDREW | 5 ☐ |
| DEFT RETAINED COUNSEL | 6 ☐ |

CHECK "E" IF EXCEPTIONAL CLAIM – ATTACH ORDER SIGNED BY JUDGE
ORDER SHOULD LIST ELEMENTS THAT ESTABLISH CASE AS EXCEPTIONAL ☐ E
ALL EXCEPTIONAL CLAIMS ARE SUBJECT TO APPROVAL BY BOARD

| | TENTHS/HRS | $AMOUNT |
|---|---|---|
| TOTAL PREPARATION @ 50/HR (NATURE OR ACTIVITY SPECIFIED ON ATTACHED TIMESHEET) | 4.4 | 220.00 |
| TOTAL IN COURT @ 50/HR (NATURE OF COURT APPEARANCE SPECIFIED ON ATTACHED TIMESHEET) | 1.5 | 75.00 |
| TOTAL TRAVEL TIME (ITEMIZED ON ATTACHED TIMESHEET – OUT OF COUNTY TRAVEL ONLY) | | |

REIMBURSABLE EXPENSES SUMMARY(ITEMIZED PER DAY ON TIMESHEET)

| | | | | | |
|---|---|---|---|---|---|
| 90 | TOTAL MILES @ STATE RATE | 0.330 | 7/1/2001 – 6/30/2002 | 29.70 | |
| | TOTAL MILES @ STATE RATE | 0.325 | 7/15/2000 - 6/30/2001 | | 29.70 |

ITEMIZEE/DATE ON TIMESHEET, ATTACH RECEIPTS OTHER EXPENSES SUMMARY

LESS AMOUNTS COLLECTED FROM DEFENDANT OR OTHERS

GRAND TOTAL AMOUNT OF CLAIM 324.70

| I HEREBY CERTIFY THE ABOVE CHARGES TO BE JUST, CORRECT, UNPAID AND DUE BY LAW | TIMESHEET REVIEWED AND APPROVED: THE ABOVE NAMED PERSON HAS BEEN DETERMINED TO BE INDIGENT IN ACCORDANCE WITH K.S.A. 22-4501 AND WAS ENTITLED TO COUNSEL | AGENCY USE ONLY |
|---|---|---|
| [signature] 4-18-03 | [signature] 4/21/03 | |
| SIGNATURE OF CLAIMANT DATE | SIGNATURE OF DISTRICT JUDGE DATE | AUDITED/APPROVED |

RETAIN 1 COPY FOR YOUR RECORDS TO BE RETURNED WITH YOUR CHECK

Case 4:12-cv-08001-GAF Document 164-12 Filed 09/03/15 Page 15 of 42

FILED
APR 29 2003
lw 2:00p
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

THE STATE OF KANSAS, Plaintiff

v. Case No. 2003-CR-23

TOMMY KLEINER, Defendant

JOURNAL ENTRY

Now on this 16th day of April, 2003, the above case comes on for plea hearing before the Honorable Jon Stephen Jones, District Magistrate. The State appears by and through Osage County Attorney Gary L. Foiles. The Defendant appears in person and by counsel Sue DeVoe.

THEREUPON, the parties announce that they have reached a plea agreement whereby the Defendant will plead nolo contendere to the amended charges of Obstruction of Official Duty, contrary to K.S.A. 21-3808, a class A nonperson misdemeanor, and Criminal Damage to Property, contrary to K.S.A. 21-3720, a class B nonperson misdemeanor.

THEREUPON, the Court informs the Defendant of the possible consequences of the proposed plea, i.e. up to eighteen months total in county jail and fines up to $3500 total. The Court addresses the Defendant personally and determines that the plea is made voluntarily and with an understanding of the consequences of the plea. The Defendant pleads nolo contendere as indicated above. The Court is satisfied that there is a factual basis for the plea. The Court accepts the Defendant's plea and adjudges

the Defendant to be guilty.

THEREUPON, at the request of the parties, the court proceeds to immediate sentencing. The defendant is given an opportunity for allocution.

THEREUPON, for his conviction for Obstruction of Official Duty as described above, and in accordance with the joint recommendation of the parties, the defendant is by the court sentenced to 90 days in county jail.

THEREUPON, for his conviction for Criminal Damage to Property as described above, and in accordance with the joint recommendation of the parties, the defendant is by the court sentenced to 90 days in county jail served concurrently with the sentence described in the preceding paragraph.

THEREUPON, the court stays the execution of the jail sentence imposed and places the defendant on six months' probation supervised by Court Services under the standard conditions and the following special conditions: (1) the defendant shall continue with his anger management treatment and follow the recommendations of his counselor, (2) the defendant shall follow the recommendations of the mental health evaluation he is obtaining in May, and (3) the defendant shall make regular monthly payments as directed by his Court Services supervisor toward the following imposed costs and fees:

| | |
|---|---|
| Court Costs | $ ~~59.00~~ 116.00 |
| BIDS Administration Fee | 35.00 |
| Fingerprint fee | 35.00 |
| Probation fee | 25.00 |
| Attorney fees | 324.70 |
| Restitution (City of Lyndon) | 205.39 |
| | -------- |
| Total | $ 684.09 |

IT IS SO ORDERED.

Hon. Jon Stephen Jones
District Magistrate

SUBMITTED AND APPROVED:

Gary L. Foiles, No. 16842
Osage County Attorney
[redacted]
Attorney for Plaintiff

Sue DeVoe
Attorney at Law
[redacted]
Attorney for Defendant

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

| | | |
|---|---|---|
| STATE OF KANSAS<br>Plaintiff,<br>vs<br><br>TOMMY KLEINER,<br>Defendant, | ) | Case No. 2003-CR-23 |

FILED
APR 29 2003
2:00 p
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

RESTITUTION ORDER

Now on this 16th day of April, 2003, IT IS ORDERED that the above named defendant pay restitution in the total amount of $205.39 through the office of the Clerk of the District Court to be paid to the person(s) and in the amount(s) and manner stated below.

| NAME | ADDRESS | AMOUNTS |
|---|---|---|
| Lyndon Police Dept. | [redacted] | $205.39 |
| | | |
| | | |

[signature]
JUDGE

[signature]
GARY FOILES
Osage County Attorney

[signature]
SUE DEVOE
Attorney for the Defendant

FILED
MAY 12 2003
lw 9:50p
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

**IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS**

STATE OF KANSAS, Plaintiff

vs. Case No.:**2003-CR-000023**

**Tommy Kleiner**, Defendant

**ORDER OF PROBATION** Jon Stephen Jones

In accordance with the authority conferred by the laws of Kansas (KSA 21-4603 and 21-4610), you have been placed on probation this date **April 16, 2003** for a period of **6 months** by the **Honorable ~~Phillip M Fromme~~** Judge of the District Court from a sentence of **90 days Jail (each count)** for the conviction(s) of **Obstruction of Official Duty and Criminal Damage to Property**. Keep in mind that Probation is a privilege that has been granted in lieu of serving your sentence. It is the order of the Court that you shall comply with the following general and special conditions of probation:

TK 1. Obey all of the laws of the United States, the state of Kansas and any other jurisdiction to the laws of which you may be subject. If detained, questioned by a Law Enforcement Officer, or arrested for any reason, you shall notify your supervising officer within 48 hours.

TK 2. Report to your supervising officer as directed. Complete required paperwork at all appointments or visits. If you fail to report, you shall contact and speak directly to your supervising officer within 48 hours to reschedule the missed appointment.

TK 3. Provide your supervising officer with full and truthful information at all times and in all matters.

TK 4. Obtain and work faithfully at suitable employment, in so far as possible, and support your dependants, if any. You are responsible for notifying your employer of the current conviction, offense, and length of probation.

TK 5. Provide proof of address and/or employment when required to do so. Obtain your supervising officer's advice and guidance before changing address or place of employment. Notify your supervising officer within 48 hours if you lose your job and report progress in seeking a new job.

TK 6. Do not engage in physical violence or threats of violence of any sort; avoid persons and/or places of disreputable or harmful character. Do not associate with anyone who is under the jurisdiction (on probation or parole) of the Federal Court or any State or Municipal Court for a criminal offense, unless prior approval is obtained from your supervising officer.

TK 7. Permit your supervising officer and/or the surveillance officer to visit you at your home or elsewhere.

TK 8. Remain within the area specified by your supervising officer. You shall not leave the State of Kansas without first receiving permission and/or a written travel permit from your supervising officer.

TK 9. Do not possess, use or traffic in any controlled substance, narcotic or other drugs as defined by law, except as prescribed by a licensed medical practitioner. Do not possess or consume any alcohol or cereal malt beverage and do not enter into any establishment where alcohol is sold and/or consumed as a primary commodity.

TK 10. Submit to breath, blood, saliva, or urine testing at the request of your supervising officer, the surveillance officer or any Law Enforcement Officer, at your own expense. Allow the results of any urinalysis saliva analysis or breath analysis tests conducted by your supervising officer or any Law Enforcement Officer to be entered into court as evidence, without the testimony of laboratory personnel.

TK 11. Do not own or possess a firearm if subject to Kansas and/or Federal laws that forbid you from having a firearm.

TK 12. Do not become involved as an informant for any Law Enforcement Agency.

TK 13. All financial obligations and treatment, counseling and educational programs required, must be completed one month prior to the termination date of your probation.

TK 14. Comply with all treatment, counseling and educational programs deemed necessary by your supervising officer and provide documentation of compliance.

TK 15. Allow probation to be transferred to the county and/or state of residence and abide by any additional conditions imposed by the supervising agency.

## SPECIAL CONDITONS

[initialed] 1. Pay the following costs to: **Clerk of the District Court, PO Box 549, Lyndon, Kansas 66451.**

| | | | |
|---|---|---|---|
| Court costs | $ 116.00 | Restitution | $205.39 |
| Supervision fee | $ 25.00 | ADSAP fee | $ |
| Fingerprinting fee | $ 35.00 | Fine | $ |
| BIDS (administrative fee) | $ 35.00 | BIDS (attorney fees) | $324.70 |
| KBI Lab fee | $ | **Total** | **$741.09** |

**All costs ordered are to be paid at a rate of $** 186.00 **per month, with the first payment due on** June 13, 2003 , **or appear in Court for a Show Cause Hearing every 2nd Friday of the month if total monthly payment due to District Court has not been paid. Failure to pay the amount due by the Show Cause Hearing date and/or your failure to appear as ordered may result in the issuance of a BENCH WARRANT for your arrest.** If you fail to make your scheduled payments, you may be required to complete the Budgeting/Financial Skills Class.

TK 2. Continue with anger management treatment and follow the recommendations of the counselor.

TK 3. Follow the recommendations of the mental health evaluation to be obtained May.

The Court may at any time revoke your probation for cause, modify the conditions of probation, and reduce or extend the period of probation, as provided by law. The Court may issue a warrant for your arrest, or your supervising officer may arrest you without a warrant, for violation of any of the conditions of probation.

I have read or have had explained to me and I understand the foregoing conditions and I will abide by them.

5-9-03
Date

[signature]
Erin Garman, Supervising Officer

[signature]
Tommy Kleiner, Probationer

[signature]
~~Phillip M Fromme~~, Judge of the District Court

## WAIVER OF EXTRADITION

I, Tommy Kleiner, do hereby waive extradition to the State of Kansas from any state of the United States and also agree that I will not contest any effort by any state to return me to the State of Kansas.

[signature]
Tommy Kleiner, Probationer

[signature]
Erin Garman, Supervising Officer

## COMMUNITY CORRECTIONS' CONDITIONS

You are hereby placed on probation to be supervised by Community Corrections until you shall have successfully completed the requirements of that program, at which time you will be transferred to the supervision of the Court Services office for the duration of your probationary period. This transfer will be made without the further order of the Court. It is the order of the Court that you shall comply with the following additional conditions while being supervised by Community Corrections:

[crossed out] 1. Perform community service work hours at a work site designated by your supervising officer.

____2. Do not accept employment where you will be required to handle alcoholic beverages.

____3. Observe a curfew as directed by your supervising officer.

____4. Reporting requirements: During the first 30 days on Community Corrections, you will be required to report to your supervising officer three times each week. Within the first 30 days, your supervising officer will complete an assessment, which will determine the frequency of reporting afterward.

Signature of Probationer

Community Corrections Officer

STATE OF KANSAS
COURT SERVICES
INFORMATION PERTAINING TO
EXPUNGEMENT OF CONVICTION
K.S.A. 21-4619

Any person convicted in the State of Kansas of a traffic infraction, cigarette or tobacco infraction, misdemeanor, Class D or E felony or, for crimes committed on or after July 1, 1993, nondrug crimes ranked in severity levels 6 through 10 or any drug crime ranked in severity level 4, may petition the convicting court for the expungement of such conviction or related arrest records if three or more years have elapsed since the person satisfied the sentence imposed or was discharged from probation, a community correctional services program, parole, conditional release or a suspended sentence. Any person who has fulfilled the terms of a diversion agreement may petition the district court for the expungement of such agreement and related arrest records, if three or more years have elapsed since completing the diversion.

A person convicted of a Class A, B, or C felony or, for crimes committed on or after July 1, 1993, if convicted of an off-grid crime or any nondrug crime ranked in severity levels 1 through 5 or any drug crime ranked in severity levels 1 through 3;or (1) vehicular homicide, (2) driving while under the influence of intoxicating liquor or drugs, (3) driving while suspended, (4) perjury resulting from a violation of KSA 8-261a, (5) violating the provisions relating to fraudulent applications, (6) any crime punishable as a felony wherein a motor vehicle was used in the perpetration of such crime, (7) failing to stop at the scene of an accident and perform duties required, (8) violating the provisions relating to motor vehicle liability coverage, or (9) vehicle battery, may petition for expungement if 5 or more years have elapsed, since the person satisfied the terms of a diversion agreement or was discharged from probation, a community correctional services program, parole, conditional release or a suspended sentence.

There shall be no expungement of convictions for the following offenses or attempted offenses and amendments thereto: (1) rape, (2) indecent liberties with a child, (3) aggravated indecent liberties with a child, (4) criminal sodomy, (5) aggravated criminal sodomy, (6) indecent solicitation of a child, (7) aggravated indecent solicitation of a child, (8) sexual exploitation of a child, (9) aggravated incest, (10) endangering a child, (11) abuse of a child, or (12) capitol murder, (13) first degree murder, (14) second degree murder, (15) voluntary manslaughter, (16) involuntary manslaughter, (17) involuntary manslaughter while driving under the influence of alcohol or drugs, (18) sexual battery, (19)aggravated sexual battery, or (20) any conviction for any offense in effect at any time before July 1, 1993, that is comparable to any offense in this paragraph.

At the hearing on the expungement petition, the court shall order the petitioner's arrest record, conviction, or diversion expunged if the court finds that: (1) the petitioner has not been convicted of a felony in the past two years and no proceeding involving any felony is now pending or being instituted against the petitioner, (2) the circumstances and behavior of the petitioner warrant the expungement, and (3) the expungement is consistent with the public welfare.

After the order of expungement is entered, the petitioner shall be treated as not having been arrested, convicted, or diverted of the crime except that: (1) upon conviction for any subsequent crime, the conviction expunged may be considered as a prior conviction in determining sentence to be imposed; (2) the petitioner shall disclose that the conviction occurred if asked about previous arrests, convictions or diversions: (A) in any application for employment with a private detective agency, as

security personnel with a private patrol operator, or with an institution of the department of social and rehabilitation services, (B) in any application for admission, or for order of reinstatement, to the practice of law in this state, (C) to aid in determining petitioner's qualifications for sensitive positions in the Kansas lottery; (D) to aid in determining petitioner's qualifications for employment with the Kansas racing commission; (E) upon application for a commercial driver's license; (F) to aid in determining petitioner's qualifications for employment with the state gaming agency; (G) to aid in determining petitioner's qualification for employment with a tribal gaming commission or to hold a license issued pursuant to a tribal-state gaming compact; or (H) in any application for registration as a broker-dealer, agent, investment adviser or investment adviser representative; (I) in any application for a commercial guide permit or associate guide permit; (3) the court, in the order of expungement, may specify other circumstances under which the conviction is to be disclosed; (4) the conviction may be disclosed in a subsequent prosecution for an offense which requires as an element of such offense a prior conviction of the type expunged, and (5) upon commitment to the custody of the secretary of corrections any previously expunged record in the possession of the secretary of corrections may be reinstated and the expungement disregarded, and the record continued for the purpose of the new commitment.

In any application for employment, license or other civil right or privilege, or any appearance as a witness, a person whose arrest records, conviction, or diversion of a crime has been expunged under this statute may state that such person has never been arrested, convicted, or diverted of such a crime. **The expungement of a felony conviction does not relieve an individual of complying with any state or federal law relating to the use or possession of firearms by persons convicted of a felony.** Whenever the record of any arrest, conviction, or diversion has been expunged under this statute, the custodian of records of such arrest, conviction, diversion, and incarceration shall not disclose the existence of such records except as provided in the K.S.A. 21-4619.

Consult your attorney for any question regarding expungement of conviction.

I have been provided a copy of this expungement notification form.

[signature] 5-9-03

Tommy Kleiner Date
2003-CR-000023

[signature]

Erin Garman
Court Services Officer

# FIREARM RESTRICTION

As a result of your conviction of a crime in the State of Kansas, you may be subject to certain Kansas and/or federal laws that restrict you from having a firearm. Because these laws are complex and subject to change, consult a lawyer for specific questions regarding such limitation.

## LAWS THAT APPLY

Kansas Law: Kansas Statutes Annotated 21-4204, and amendments thereto.
Federal Law: 18 United States Code 922(g), and amendments thereto.

- Permanent restriction from having a firearm:
- A person convicted (or juvenile adjudicated) of a person felony, and in possession of a firearm at the time of the commission of the offense.
- A person convicted (or juvenile adjudicated) of a misdemeanor or felony drug offense, and in possession of a firearm at the time of the commission of the offense.
- Ten year restriction from having a firearm:
- A person convicted (or juvenile adjudicated) or certain crimes, including, but not limited to: 1st Degree Murder, 2nd Degree Murder, Involuntary or Voluntary Manslaughter, Kidnapping, Aggravated Kidnapping, Aggravated Assault, Aggravated Assault of a Law Enforcement Officer, Aggravated Battery, Aggravated Battery of a Law Enforcement Officer, Criminal / Terroristic Threat, Aggravated Robbery, Aggravated Criminal Sodomy, Aggravated Burglary, Rape, Aggravated Sexual Battery, Involuntary Manslaughter while driving under the influence. Violation of certain provisions of the uniform controlled substances act as defined in KSA 65-4160 through 65-4164.
- Five year restriction from having a firearm:
- A person convicted (or juvenile adjudicated) of any felony other than those applicable to the above ten year restriction.
- Under Federal Law, if you have been convicted of any felony, you may not be allowed to possess, ship, transport, or receive any firearm or ammunition. If you have been convicted of a misdemeanor crime of domestic violence or are subject to a court order that prohibits you from harassing, stalking or threatening an intimate partner or that person's child you may be prohibited from possessing a firearm.
- In certain circumstances, it may be possible to apply for relief from a firearm restriction. Please consult a lawyer for specific questions regarding firearm restrictions.

I have read or had this form read to me and understand what is says about my criminal liability for possession of a firearm.

[signature] 5-9-03 [signature]

Tommy Kleiner — Date — Erin Garman
2003-CR-000023 — Court Services Officer

## FOURTH JUDICIAL DISTRICT
## ADMINISTRATIVE INCENTIVES AND SANCTIONS PROGRAM

**Client Information Form**

The following program has been developed for the Fourth Judicial District to address probationers' exceptional performance, technical violations and/or new misdemeanor convictions which may occur during the term of Court ordered supervision. Exceptional performance is defined as any achievement, which exceeds the minimum requirements, set by the Court. The Supervising Officer has the authority and is encouraged to recognize exceptional performance while on probation. Technical violations are defined as violations of Court ordered supervision conditions, which do not result in a new misdemeanor law violation. The Supervising Officer has the option to file a revocation instead of utilizing administrative sanctions if prior sanctions have not been successfully completed at the time new violations occur or if extenuating circumstances would not be in the best interest of the client, public or probation office.

Placement with Community Corrections is viewed as the probationer's "last chance" because revocation from their program would result in imposition of sentence. It is therefore not considered an administrative sanction. If a probationer is found to be inappropriate for Court Services' level of supervision, a revocation hearing will be requested.

**Incentives:** The following incentives are available to all Supervising Officers as directed by the Administrative Judge:

1. Reduction in reporting requirements or request for unsupervised probation.
2. Waive cost of urinalysis testing laboratory fee.
3. Less restrictive travel requirements.
4. Extended hours of curfew.
5. Recommendation for early termination of probation.
6. Other incentives deemed appropriate at the Supervising Officer's discretion. Prior approval will be obtained before enforcing any incentive not specifically listed above.

**Sanctions:** The following sanctions are available to all Supervising Officers as directed by the Administrative Judge:

1. Complete evaluations with directives to follow any and all recommendations for treatment. Evaluations may include but are not limited to Alcohol/Drug, Psychological and/or Mental Health Status Assessment. The cost of the evaluation and any treatment recommended will be the responsibility of the probationer.
2. Assignment and completion of programs/counseling offering specialized services, i.e. anger control counseling, financial counseling, parenting classes or programs, check writing class, Budgeting/Financial Skills Class, other programs offered within the district, etc. The cost of the program will be the responsibility of the probationer.
3. Assignment of curfew or reduced hours of curfew.
4. Increase in reporting requirements.
5. Assignment of up to 30 hours of community service work for each violation. This sanction will be subject to the officer's ability to supervise, if no program is available.
6. Extension of probation or denial of request for an extension of probation.
7. Up to 60 days of incarceration in the County jail (up to 28 days in the Fourth Judicial District Sanction House for juvenile probationers) but not exceeding 60 days during entire probationary period. This sanction will be subject to availability of jail space. Prior to placing a client in the County jail, the supervising officer must obtain approval from their immediate supervisor. Court Services will assign no more than 30 days.
8. Up to 90 days of electronic monitoring for each violation. The cost of the monitoring will be the responsibility of the probationer. If this sanction cannot be enforced due to an inability to pay; placement in the County jail may be substituted, not to exceed 30 days.
9. Other sanctions as deemed appropriate at the Supervising Officer's discretion. Prior approval will be obtained before enforcing any sanction not specifically listed above.

Sanctions may be imposed with the consent of the client at the discretion of the Supervising Officer. The sanction will be tailored to fit the seriousness of the alleged violation, taking into consideration any previous sanctions imposed. Failure to participate in the Program may result in an affidavit being filed with the County Attorney's office for any alleged violation(s) of probation. However, refusal to participate in the Program will not be considered by the Court as a basis for revoking probation. Multiple sanctions may be imposed when appropriate. **The cost of any and all sanctions imposed will be the responsibility of the probationer.**

The Supervising Officer shall notify the County Attorney's office of any alleged violation, which would constitute a **felony** by filing an affidavit requesting revocation of the probation. Sanctions are not considered appropriate for dealing with new felony violations. If the new conviction is for a misdemeanor or the probationer has failed to complete a previously imposed sanction; the Supervising Officer has the option of imposing an additional sanction or notifying the County Attorney's Office by filing an affidavit requesting revocation of the probation.

If the alleged violation is for any Court ordered obligation to a victim; (material failure to pay restitution, contact with the victim when ordered otherwise, making an apology to the victim, etc.) **no** sanctions will be available. The Supervising Officer shall notify the County Attorney's office by filing an affidavit requesting revocation of the probation.

I have read and understand the above information regarding the Fourth Judicial District Administrative Incentives and Sanctions Program and understand the same may be applied to my probation.

[signature] 5-9-03

Tommy Kleiner, Probationer/Date

[signature] 5/9/03

Erin Garman, Supervising Officer/Date

For Juvenile Cases:

Parent or Legal Guardian/Date

Date: 6/6/2003
Time: 09:47 am

**Osage County District Court**

**Receipt**

NO. 0004396

Received of: Kleiner, Tommy $ 100.00

[redacted]

One Hundred and 00/100 Dollars

Case: 2003-CR-000023

Defendant: Kleiner, Tommy

| | | |
|---|---|---|
| Fine: | | Current balance due court: $648.59 |
| Fees: | 100.00 | Next due date: 7/7/2003 |
| Restitution: | | |

Payment Method: Cash

Amount Tendered: 100.00

By: ____________________

Clerk / Deputy Clerk

FILED
JUN 3 2003
lw 10:00Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

**Fourth Judicial District of Kansas**
**Court Services**

**Statement for Services**
**Urinalysis Testing**

[ ] Anderson County
[ ] Franklin County
[ ] Coffey County
[✓] Osage County
[ ] Acct: 03UA00001

Name: Tommy Kleiner

Case No.: 03CR23

On June 3, 2003 the following ~~urinalysis~~ saliva testing procedure was performed for the above named individual.

| | |
|---|---|
| [✓] #1 Profile A | $7.50 |
| [ ] #2 Profile B | $7.50 |
| [ ] #3 Profile C + one drug | $7.50 |
| [ ] GC/MS Confirmation Test | $16.50 |
| [ ] Other | $______ |
| **Total Due** | $ 7.50 |

Instructions to Pay:

I, Tommy understand the Court has ordered me to pay for the cost of the services rendered above. This amount will be added to the court costs due in my case. I further understand payment in full must be made to the Clerk of the District Court. When paying, I will provide my case number to the clerk.

[signature] 6/3/03
Court Services Officer Date

[signature] 6-3-03
Signature Date

Original: Clerk Copies: CSO and Client

C:\My Documents\UACost modified: 01-10-2003

Date: 7/8/2003 **Osage County District Court** NO. 0005029
Time: 09:41 am **Receipt**

Received of: Kleiner, Tommy $ 190.00

[redacted]

One Hundred Ninety and 00/100 Dollars

Case: 2003-CR-000023 Defendant: Kleiner, Tommy
Fine: Current balance due court: $458.59
Fees: 190.00 Next due date: 8/8/2003
Restitution:

Payment Method: Cash
Amount Tendered: 190.00

By: ______________________

Clerk / Deputy Clerk

Duplicate

Date: 8/1/2003
Time: 12:05 PM

**Osage County District Court**
**Receipt**

NO. 0005616

Received of: Kleiner, Tommy $ 105.00

[redacted]

One Hundred Five and 00/100 Dollars

Case: 2003-CR-000023

Defendant: Kleiner, Tommy
Current balance due court: $353.59
Next due date: 9/1/2003

Fine:
Fees: 105.00
Restitution:

Payment Method: Cash
Amount Tendered: 105.00

By: ______________________
Clerk / Deputy Clerk

Date: 8/28/2003

Time: 11:12 am

**Osage County District Court**

**Receipt**

NO. 0006200

Received of: Adrienne Von Behren for Kleiner, Tommy $ 100.00

One Hundred and 00/100 Dollars

Case: 2003-CR-000023

Defendant: Kleiner, Tommy

| | | |
|---|---|---|
| Fine: | | Current balance due court: $253.59 |
| Fees: | 100.00 | Next due date: 10/10/2003 |
| Restitution: | | |

Payment Method: Cash

Amount Tendered: 100.00

By: ______________________

Clerk / Deputy Clerk

Duplicate

**IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS**

**EXTENSION REQUEST**

NAME: Tommy Kleiner    Case No.: 2003-CR-000023

Probation Began: April 16, 2003    Termination Date: October 16, 2003

The defendant continues to owe $253.54 as of this writing. He has continued to make regular payments while on probation. He was involved in individual therapy, but stopped attending due to financial reasons. The defendant needs additional time to pay the case in full and to enter into therapy again.

Therefore, I am requesting the probation be extended for 6 months to allow additional time to pay the balance due and complete individual therapy.

This extension of probation is requested for the above stated reason.

Respectfully requested,

[signature] 9/25/03

Erin Garman, Court Services Officer/Date

FILED
OCT 2 2003
lw 2:00p
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

**IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS**

State of Kansas, Plaintiff

vs. Case No.: 2003-CR-000023

Tommy Kleiner, Defendant

FILED
OCT 2 2003
lw 2:00p
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

**DEFENDANT'S ACKNOWLEDGMENT**

On this 25 day of September 2003, I have been advised by the Court Services Officer that a request has been submitted to the Court to extend my probation in case number 2003-CR-000023 for 6 months. I understand this extension is requested to allow additional time to complete the following condition(s) of probation:

1. Complete individual counseling and provide documentation of compliance
2. Pay the case in full

I understand this extension will not change the conditions of my probation. I will be bound by the conditions previously established. I understand by signing below, I am consenting to a 6 months extension of my probation. I understand I may discuss this matter with my attorney before signing.

Tommy Kleiner, Probationer

Erin Garman
Court Services Officer

**IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS**

STATE OF KANSAS, Plaintiff

vs. Case No. 2003-CR-000023

Tommy Kleiner, Defendant

**ORDER CONTINUING PROBATION**

Now on this 7th day of October 2003, the Court after being fully advised in the premises, orders that the defendant's probation in case number 2003-CR-000023 be extended for a period of 6 months for the purpose of allowing the defendant more time to comply with the conditions of probation.

Jon Stephen Jones, Judge of the District Court

Notice of the above Order acknowledged:

Erin Garman
Court Services Officer

Osage County Attorney

Approved:

Ruth Wheeler
Chief Court Services Officer

FILED
OCT 7 2003
6:05 P
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

11/26/03
1549

ORIGINAL

## In the District Court Of Osage County

State of Kansas , Plaintiff,

VS. Case No: 2003-CR-000023

**Tommy Kleiner,** Defendant.

[redacted]

**DOB:** [redacted] **SSN:** [redacted]

**Race:** DefendantRace **Sex:** M

**DL#:** **Height:** **Weight:**

**State:**

FILED
DEC 01 2003 ncl
9:30 am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

# BENCH WARRANT

**STATE OF KANSAS:** To the Sheriff of Osage County, **GREETINGS:**

**WHEREAS,** a Complaint has been presented and filed in this Court against **Tommy Kleiner,** charging him/her with the commission of the offense(s) of:

**Obstructing legal process or official duty / FE9**
**Criminal damage to property <$500 / MDU**
**Attempted criminal damage to property >$25,000 / FE9**

**AND WHEREAS,** said defendant has failed, neglected and refused to make payments or appear in this Court to show cause why as ordered at sentencing:

**YOU ARE HEREBY COMMANDED** forthwith to arrest said person and bring him/her before the Judge of the District of Osage, Kansas to answer the State of Kansas on said charge for said offense:

And make due return of this Writ.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed the seal of said Court, at my office in Lyndon, in said County, this **25th** day of **November, 2003.**

[X] **Bond:** $ 150 cash only

[ ] **No Bond, Must Appear**

Judge of the District Court

## RETURN OF SERVICE

I received this warrant on NOVEMBER 26, 2003, and I declare under penalty of perjury that I executed it by PERSONAL service upon Tommy Kleiner, on NOVEMBER 26, 2003 at 4:45 (AM / PM).

Officer Serving for

LYNDON POLICE DEPARTMENT
Department

IN THE DISTRICT COURT OF OSAGE COUNTY,KANSAS

STATE OF KANSAS
Plaintiff,

VS

Case No #. 2003-CR-000023

FILED
DEC 01 2003 ml
9:30 am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

KLEINER, TOMMY
Defendant,

APPEARANCE BOND

XXX. Cash, ______Surety, ____ Signature,

We. The undersigned, jointly and severally obligate ourselves to owe and be indebted to the State of KANSAS, OSAGE COUNTY in the sum of ONE HUNDRED-FIFTY DOLLARS & NO CENTS. $150.00 upon the condition that the defendant will personally appear in the DISTRICT COURT of OSAGE COUNTY, KANSAS, on the 11TH day of DECEMBER, 2003 At 10:00 O'clock A.M. and from time to time thereafter as the court may order to the completion of the trial, and if adjudged guilty, to the time of sentencing thereof.

Additionally, as conditions of this bond, the defendant agrees to the following:

1. The defendant will have no contact with the victim or witnesses in this case;
2. The defendant will not commit or cause to be committed, on the defendant's behalf, the intimidation of the victim or witnesses in this case.
3. The defendant shall not violate the laws of the State of Kansas or any other state or municipality thereof.
4. Any defendant charged with a felony violation, entitled to an attorney pursuant to K.S.A. 22-4503, is required to pay a $50 board of indigents defense services application fee, unless the fee is waived by the court. The fee is to be paid to the clerk of the district court on or before the above court date.

Failure to pay this fee may be considered a violation of the conditions of your release and your bond may be revoked for failure to pay said application fee.

5.

Dated This the 26TH day of NOVEMBER, 2003

Principal
(Defendant): X [signature] Tommy Kleiner
Address: [redacted]

Surety: X Judy Shaughnessy
Address: [redacted]

Surety: ______________________
Address: ______________________

APPROVED:BONDING SCHEDULE
Judge/Bonding Schedule

DATE: 11-26-2003

JAILER/DEPUTY: C. VAWTER #974 Charlene Vawter.

Date: 12/1/2003
Time: 11:49 am

Osage County District Court
Receipt

NO. 0008121

Received of: Judy Shaughnessy $ 150.00

[redacted]

One Hundred Fifty and 00/100 Dollars

Case: 2003-CR-000023 Defendant: Kleiner, Tommy

Cash bond: 150.00

Payment Method: Cash
Amount Tendered: 150.00

By: ____________________

Clerk / Deputy Clerk

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

State of Kansas
Plaintiff

vs.

Case No. 2003 CR 23

Tommy Kheiner
Defendant

FILED
DEC 11 2003
ew 10:15A
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

## APPLICATION OF BOND PROCEEDS

I, being advised by the Court of the claim against the above-named defendant, and having posted a cash bond in the amount of $ 150.00, do hereby request the sum of $ 103.59 be applied to the payment of the claim in the above named case.

Judy Shaughnessy
Signature of Surety

Judy Shaughnessy
Printed Name of Surety

Dated: 12-11-03

SHUNGA CREEK MENTAL HEALTH SERVICES

[redacted]

2003CR23

FILED
JAN 1 4 2004
SW 10:10 Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

January 7, 2004

Sue DeVoe
Attorney at Law
[redacted]

Re: Tommy Kleiner

Tommy Kleiner has completed one course of anger management at this agency and recently asked if he can come back for more therapy due to another incident with another agency for which he needs to go to court.

On this date I sent a fax to Erin Gorman advising her that he had completed anger management therapy and was back of his own choosing seeking more help. I have agreed to have him back again.

He has indicated that seeing me has been helpful. When I first met him he was reacting negatively to almost every interaction he had with authority figures. I'm afraid he still has problems with them but, at least now, he is more apt to take a time out and cool off rather than respond in a negative way and be arrested. It seems to me that this is progress.

I like him. He is very open with his feelings and I have the feeling that I can confront him openly and can challenge him to respond in ways that aren't going to get him into further trouble.

My series of sessions takes 12 weeks. He has attended three (3) times. I will expect him to attend nine (9) more time before we discuss termination.

If you have questions or if I can provide more information, don't hesitate to contact me.

Respectfully,

Fred Eiesland
Group Leader

FE/rb



03CR23

# CITIZENS STATE BANK

[redacted]

2003CR23

FILED
JAN 14 2004
SW 10:10 Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

BRANCHES:

[redacted]

12/15/03

TO WHOM THIS MAY CONCERN

RE: TOMMY KLEINER

TOMMY, ALONG WITH JEREMIAH TULL, CAME IN TO OUR BANK SATURDAY MORNING 12/13/03 TO DO BANKING BUSINESS. DURING THIS TIME, LISA MONTGOMERY CAME IN TO ATTEND TO BANKING BUSINESS. TOMMY IN NO WAY HAD ANY WORDS OR ANY PROBLENS WITH LISA WHILE IN THE BANK OR WHILE EXITING THE BANK.

(JEREMIAH HAD DRIVEN TOMMY TO THE BANK.)

RESPECTFULLY,

Carolyn Hamman

CAROLYN HAMMAN
CITIZENS STATE BANK

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

# EARLY TERMINATION REQUEST

Name: Tommy Kleiner

Case No.: 2003-CR-000023

Date Probation Began: April 16, 2003

Termination Date: April 16, 2004

Comments:

Probation in this case was extended for 6 months in October, 2003, to give Tommy Kleiner additional time to complete all of the conditions of his probation. He has now paid off his case in full. He has reported as scheduled. He has successfully completed his anger management program. He resides at [redacted] He is currently on probation in Franklin County his termination date in that case is September 10, 2004. I recommend his probation be terminated at this time.

A Termination Order is attached.

1/15/04

Erin Garman/Court Services Officer/Date

FILED
JAN 2 2 2004
9:30Am
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

IN THE DISTRICT COURT OF OSAGE COUNTY, KANSAS

State of Kansas, Plaintiff

vs. Case No.: 2003-CR-000023

Tommy Kleiner, Defendant

## ORDER TERMINATING PROBATION EARLY

Now on this _____ day of January, 2004, this case comes before this Court for an order terminating probation, and the Court being duly advised finds that such an order should be entered, and that the defendant should be discharged from probation on **January 15, 2004**, provided all conditions have been met.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the probation heretofore granted the defendant be and is hereby terminated and that the defendant be and is hereby discharged from probation and from further obligation or restraint in the above entitled action.

Jon Stephen Jones, Judge of the District Court

FILED
JAN 28 2004
9:15 AM
CLERK OF THE DISTRICT COURT
OSAGE COUNTY, KANSAS

Notice of the above Order acknowledged:

Osage County Attorney

Erin Garman
Court Services Officer

Ruth A. Wheeler
Chief Court Services Officer

cc: Sue DeVoe, Defense Attorney
file