**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **LISA M. MONTGOMERY,** | ) | |
| | ) | |
| ***Movant,*** | ) | |
| | ) | |
| | ) | **Case No. 4:12-cv-08001-GAF** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| ***Respondent.*** | ) | |

**REPLY TO GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO MOVANT'S MOTION FOR DISCOVERY**

MOVANT, by counsel, hereby replies to the Government's Suggestions in Opposition to Movant's Motion for Discovery, Doc. 171, as follows.

A. LEGAL STANDARD FOR GOOD CAUSE

Respondent writes that Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts does not define "good cause" and suggests that the case law does not either. Doc. 171, p. 2. Respondent insinuates that "good cause" is established only when the discovery "tend[s] to undermine" allegations in the petition. *Id*. Respondent suggests that, because Movant seeks to discover evidence which supports her entitlement to relief, she fails to establish good cause. *Id.* Respondent misunderstands the law.

Case law provides the "good cause" standard:

> In *Harris*, we stated that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [s]he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S., at 300, 89 S.Ct., at 1091. Habeas Corpus Rule 6 is meant to be "consistent" with *Harris*. Advisory Committee's Note on Habeas Corpus Rule 6, 28 U.S.C., p. 479.

*Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286 (1969)). The Court has long made clear that the "good cause" standard is not onerous. The standard as expressed in the court's opinion is relaxed. Movant need only show that the facts "may" entitle her to relief if fully developed. The Supreme Court reaffirmed this standard in *Wellons v. Hall*, 558 U.S. 220 (2010).

Here, Movant's limited and modest motion for discovery meets the *Harris/Bracy/Wellons* standard.

B. MOVANT'S MOTION IS TIMELY

The habeas rules do not set any particular schedule for the filing of discovery motions. The rules suggest that discovery motions are filed after the reply, given that Rule 6 sequentially follows Rule 5 (Answer and Reply) and precedes Rule 8 (Evidentiary Hearing). Movant's motion was filed after she reviewed the Government's Answer and prepared her Traverse.[1] Proceeding in such a way is orderly as it allows the Court to review the pleadings on file, including Movant's Traverse, to determine which factual issues are in dispute.[2]

C. THE GOVERNMENT'S SPECIFIC RESPONSES TO MOVANT'S REQUEST ARE ERRONEOUS

The Government misunderstands the importance of Movant's allegations in regards to Dr. McCandless. Dr. McCandless' testimony was ultimately not favorable because of Mr. Duchardt's failure to properly prepare her for cross-examination, in particular about jail phone calls -- a point reinforced by Dr. Logan and seemingly acknowledged by the Government. Doc. 171, p. 3.

[1] Movant's counsel requested additional time to file her Traverse, which the Government did not oppose, but the Court declined the request.

[2] The Government suggests that Movant be "flagged for delay of game." Doc. 171, p.6. First, this is not a game. Second, Movant has not delayed and does not seek delay. The Government sought and received multiple extensions of time and ultimately filed their Answer to the Motion for Collateral Relief on February 2, 2015 – sixteen months after the Motion was filed and five months after Mr. Duchardt finally provided his statement.

At trial, the Government questioned the use of Dr. McCandless as a violation of discovery. There are a number of unresolved questions about how and when Dr. McCandless came to be called as a witness. The facts as currently known suggest that Mr. Duchardt was not forthcoming with the Court or the Government at trial. The facts as currently known suggest that Mr. Duchardt did not fully prepare Dr. McCandless and as a result she was not a favorable witness. Dr. McCandless can also shed light on Mr. Duchardt's overall handling of the defense. The motion for discovery must be read in the context of the Motion for Collateral Relief as a whole. The mishandling of Dr. McCandless is part of a broader picture of deficient performance which must be considered in its entirety, not piecemeal.

As to Movant's request to depose trial counsel, the Government's opposition is unavailing. The Government describes Mr. Duchardt's statement as "particularly detailed." Doc. 171, p. 4. Movant disagrees. The statement is long, but it is not detailed. The statement was obtained over objection and was to answer a number of questions posed by the Government's attorney. Yet, as set forth fully in Movant's discovery motion, the statement does not answer those questions. Despite this, Mr. Duchardt took several months to prepare his statement. It would be a waste of time and energy for Movant to request a supplemental declaration to answer questions which Mr. Duchardt already refused to answer. It is in fact more time efficient to order a deposition and allow Mr. Duchardt and Mr. O'Connor to be questioned. This will allow all counsel to further narrow the factual disputes and aid the Court in a final resolution of this case.

The same arguments hold true with respect to Movant's request to depose the other members of the trial team. These witnesses have information which is relevant to all of the claims in the Motion and it would serve the Court and all counsel for Movant to take their depositions to further define the facts.

Movant's request is quite modest and sensible and will not unnecessarily result in delay. The Government's suggestion otherwise invites error.[3]

D. GOVERNMENT'S MOTION MAKES THE CASE FOR AN EVIDENTIARY HEARING

The Government took the opportunity to respond to Movant's request for an evidentiary hearing here. First, the Government did not request leave of court to file such and the filing is improper. Second, the Government's clear back pedaling on the issue underscores the merit of Movant's request for an evidentiary hearing in this capital case.

Respectfully, Movant disputes the limited "facts" in Mr. Duchardt and Mr. O'Connor's statements. The facts regarding the multiple claims of error regarding Judy Clarke's removal are not fully developed, despite Movant's efforts. It is true that, with respect to a limited number of those claims, the Government has alleged procedural default. Yet the allegation of default only underscores the need for discovery. Movant has alleged that Mr. Duchardt's constitutionally ineffective assistance of counsel provides cause for any procedural default. Movant is, at the very least, entitled to develop the record for appellate review.

The Government's suggestions regarding Mr. Owen's affidavit highlights one of many factual disputes between Mr. Owen and Mr. Duchardt and Mr. O'Connor. Mr. Owen swore under oath that the entire defense team believed that Mrs. Montgomery was incompetent to stand trial because she was incapable of assisting counsel. Duchardt and O'Connor deny this claim. This is a classic fact dispute which requires a hearing. There are many more examples that are

[3] Movant would also note two items of significance in the Government's suggestions. First the Government writes that John O'Connor was not lead counsel. Doc. 171, p. 6. Mr. Duchardt says that O'Connor was lead counsel. So does O'Connor. The Government's Freudian slip acknowledges that while O'Connor was the appointed lead counsel, he abdicated to Mr. Duchardt. Further the Government admits that Mr. Duchardt, "declined" to use a mitigation expert in this case. Doc. 171, p. 11. An attorney cannot simply "decline" to follow prevailing professional norms. This is, for all practical purposes, an admission by the Government of deficient performance.

apparent when one compares Mr. Owen's affidavit with the statements of Mr. Duchardt and Mr. O'Connor.

WHEREFORE, in light of these filings and the entire record in this case, Movant respectfully requests this Court grant her request for discovery and schedule a full and fair evidentiary hearing.

Respectfully submitted,

/s/ *Lisa G. Nouri*
LISA G. NOURI, Mo. Bar No. 32800
2526 Holmes
Kansas City, MO 64108
(816) 471-1000

/s/ *Kelley J. Henry*
KELLEY J. HENRY, Mo. Bar No. 38849
OFFICE OF THE FEDERAL PUBLIC DEFENDER
810 Broadway Street, Suite 200
Nashville, TN 37203
(615) 736-5047

*Attorneys for Movant Lisa Montgomery*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2015, the above-captioned document was served electronically on Phil Koppe and David Ketchmark, Assistant United States Attorneys representing the government in this matter, through the Court's CM/ECF filing system.

/s/ *Lisa G. Nouri*