IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LISA M. MONTGOMERY | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 12-08001-CV-W-GAF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PROTECTIVE ORDER DIRECTING RELEASE OF COURT SERVICES OFFICER FILES PURSUANT TO KANSAS SUPREME COURT RULE 106(c)**

This matter comes before the court upon the request of plaintiff, through her attorney, Kelley J. Henry, Supervisory Assistant Public Defender (Plaintiff's Counsel), for an order requiring the Kansas Fourth Judicial District Court Services Office to disclose the contents of the file maintained in Osage County, Kansas, regarding Tommy Lee Kleiner.

Plaintiff's Counsel asks the court to rule that court services officer records for Tommy Kleiner be released pursuant to Kansas Supreme Court Rule 106(c)(2015 Kan. Ct. R. Annot. 200). Under Rule 106(c), these files are confidential and not subject to subpoena or other process unless ordered disclosed by the court to "a person legally entitled to receive the disclosure."

The Court, having considered arguments presented by counsel, finds that this request is properly before it under 28 U.S.C § 1651 and that Kansas Supreme Court Rule 106 requires such order for this information and documents.

IT IS ORDERED that the Kansas Fourth Judicial District Court Services Office disclose the contents of the court services officer file maintained in Osage County, Kansas, regarding Tommy Lee Kleiner.

IT IS FURTHER ORDERED that the following provisions apply to this file:

1. The Court finds that documents and records prepared, kept and/or maintained in this court services officer file are necessary and crucial for the conduct of this proceeding, including any appeals.

2. Documents produced pursuant to this Order are confidential and shall be maintained as confidential for the purposes of this Order. A party that intends to present or that anticipates that another party may present confidential information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the confidential information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

3. Documents subject to this Order may be delivered to the Court for review and redaction, if ordered, of any information that is not appropriate for disclosure for this proceeding.

4. Documents subject to this Order may be disclosed only to the parties to this proceeding; licensed attorneys for any party to this proceeding as well as employees and agents of those attorneys; and the court and court personnel. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing confidential information pursuant to the terms of this particular protective order.

5. Copies of documents subject to this order shall be treated as though they are original with respect to these restrictions.

6. The protections afforded by this Order may not be waived by failure to take any action to enforce the Order or by failure to object.

7. Documents subject to this order shall be retained by Counsel at the conclusion of this case pending any appeals and post-conviction litigation. Following completion of any appeal or post-conviction proceeding, documents provided pursuant to this Order shall be destroyed by deleting or shredding all documents provided either at the conclusion of all appeals or post-conviction proceeding or, if no appeal or post-conviction proceeding is taken, at the end of the time period during which an appeal or post-conviction proceeding may be filed. Alternatively, documents provided pursuant to this Order may be returned to the Records Custodian of the Kansas Fourth Judicial District.

8. Documents produced pursuant to this Order may only be used for preparation and litigation of this case, including appeals and post-conviction proceedings. Parties may have no other access to these records except as ordered by this Court. Failure to comply with confidentiality requirements of this order may result in contempt proceedings.

9. The Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may from time to time deem appropriate either on motion of the parties or on its own motion.

IT IS SO ORDERED.

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 31, 2016